# United States Court of Appeals

*for the*

# Third Circuit

---

Case No. 16-2896

JOAN MULLIN, Administratrix of the Estate of Robert Mullin, deceased
and Joan Mullin, individually

– v. –

ADMINISTRATOR KAREN BALICKI; ROBERT PATERSON; DIRECTOR
MARIE DUNLAP-PRYCE; JANE BYRD, LPN; ERIN MARUSKY, R.N.;
OFFICER DIMLER; NURSE BEATRICE TEEL; KINTOCK GROUP;
COUNTY OF MERCER; JOHN DOES 4-10, (as yet identified and unknown
governmental, county, or state officials, supervisors, agents or employees);
ABC ENTITIES 1-10, (as yet identified and unknown governmental, county,
or state officials, supervisors, agents or employees)

Joan Mullin,

*Appellant*

---

ON APPEAL FROM ORDERS ENTERED IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF NEW JERSEY, TRENTON AT NO. 3:11-CV-00247
THE HONORABLE MARY L. COOPER, U.S.D.J.

## JOINT APPENDIX
## VOLUME II OF IV (A101-A507)

GREGORY R. BUENO, ESQ.
OFFICE OF THE ATTORNEY GENERAL
   OF NEW JERSEY
DIVISION OF LAW EMPLOYMENT
   LITIGATION SECTION
Richard J. Hughes Complex
25 Market Street
P.O. Box 112
Trenton, New Jersey 08625
(609) 633-8687

*Attorneys for Appellee
   Officer Dimler*

SHELLEY L. STANGLER, ESQ.
LAW OFFICES OF SHELLEY L. STANGLER, P.C.
155 Morris Avenue, Suite 202
Springfield, New Jersey 07081
(973) 379-2500

*Attorneys for Appellant Joan Mullin*

# APPENDIX

## TABLE OF CONTENTS

**Page**

**Volume II:**

Docket Entries for case 3:11-cv-00247- MLC-LHG…………………….    A101

Complaint filed January 14, 2011        …………………………    A168

Stipulation of Dismissal as to Mercer County March 22, 2011 ………    A195

April 19, 2011 Motion to Dismiss by State Defendants Karen Balicki,
        Jane Byrd LPN, CRAF, Southwood State Prison, the DOT
        and the State of NJ………………………………….……………    A197

May 19, 2011 Motion to Dismiss by defendant Trenton Psychiatric
        Hospital (Duplicate)……………………………………..…………    A199, 201
.
May 23, 2011 Cross-Motion to Amend and to Compel Discovery…….    A203

Certification in Support of Cross-Motion to Amend and to Compel
        Discovery………………………………………………………...    A208

        Exhibit A – January 4, 2010 Affidavit of Plaintiff……………….    A210

        Exhibit B – February 16, 2010 Affidavit of Plaintiff…………….    .A212

        Exhibit C – March 28, 2011 letter regarding service with
                attempts to serve……………………….……………..    .A215

        Exhibit D – Complaint
                Omitted Here But Reproduced at………………….. …    A168

        Exhibit E – Proposed Amended Complaint……………………..    A223

May 23, 2011 Plaintiff's brief in support of Cross-Motion
        to show presentation of discovery issues, pp. 11-14 ……………    A252

**Page**

June 20, 2011 Certification in Support of Cross-Motion to amend
and to compel discovery…………………………………………    A256

    Exhibit A – proposed Second Amended Complaint……………    A262

June 20, 2011 Plaintiff's brief in support of Cross-Motion to
show presentation of discovery issues, pp. 13,14……………………..  A287

June 21, 2011 Plaintiff's Notice of Cross Motion to Amend the Complaint
and to compel discovery as to defendant Trenton Psychiatric
Hospital…………………………………………………………….  A290

September 21, 2011 Order referring cross-motions to Magistrate…………..  A292

November 28, 2011 Order granting in part and denying in part Plaintiff's
Requests to Amend the Complaint; denying amendment as to Dimler..  A295

December 1, 2011 Plaintiff files Second Amended Complaint in
accordance with November 28, 2012 order …………………………..  A297

December 9, 2011 Plaintiff's Notice of Motion for Reconsideration………..  A327

December 9, 2011 Plaintiff's Certification in Support of Motion for
Reconsideration………………………………………………………..  A330

    Exhibit A -  June 20, 2011 proposed Second Amended
Complaint. Omitted Here but Reproduced at………………………...  A262

December 13, 2011 Jane Byrd's Answer to the Amended Complaint………  A335

December 16, 2011 Notice of Motion by State Defendants to Dismiss the
Second Amended Complaint………………………………………….  A353

January 9, 2012 Order denying without prejudice the motions to dismiss…..  A355

February 10, 2012 letter Plaintiff to court regarding discovery………………  A357

February 21, 2012 letter Attorney General to court in opposition....................  A359

**Page**

February 21, 2012 letter Plaintiff to court regarding discovery……………… A362

February 21, 2012 letter Plaintiff to court regarding discovery #2………….. A364

February 10, 2012 letter Plaintiff to Counsel……………………………….. A366

February 23, 2012 docket entry of the court regarding status conference and
    filing late notice of claim motion as to defendant Byrd……………… . A368

February 24, 2012 docket entry of the court with letter order permitting
    filing of Motion to file a late notice of tort claim and
    requesting letter on docket entries………………………………… . A369

March 5, 2012 letter plaintiff counsel to court……………………………… A370

March 9, 2012 Plaintiff's Notice of Motion to file a late notice of claim…... A373

March 9, 2012 letter plaintiff to Court filed March 13, 2012………………… A376

April 2, 2012 Defendant Byrd's Notice of Cross-Motion to Dismiss the
    Complaint and in opposition to leave to file a late notice of claim… A380

April 5, 2012 Order denying Byrd's motion to dismiss without prejudice… A383

June 19, 2012 Order granting Plaintiff's Motion to Reconsider
    the November 28, 2011 Order but denying amendment as to Dimler A386

July 3, 2012 Plaintiff's Notice of Motion objecting to and Appeal
    of Magistrate Order of June 19, 2012 and to Amend Complaint
    based on new discovery received July 2, 2012……………….. … A403

July 3, 2012 Plaintiff's Certification in support of Motion to Appeal
    Magistrate Order of June 19, 2012 and to amend…………………… A409

    Exhibit A – Kintock Records, Confidential and Filed Under Seal…… A914

    Exhibit B – Second Amended Complaint, improperly designated
        as a Fourth Amended Complaint………………………… A415

**Page**

Exhibit C- February 10, 2012 letter regarding discovery……………    A448

February 27, 2012 letter regarding discovery……………    A450

June 20, 2012 letter regarding discovery…………………    A452

July 9, 2012 Order referring motion to amend to Magistrate………………    A453

July 16, 2012 Plaintiff's refiled Notice of Motion objecting to and
Appeal of Magistrate Order of June 19, 2012 ……………………… .    A457

July 16, 2012 Plaintiff's Certification in support of Appeal……………..…….    A463

July 16, 2012 Plaintiff's refiled Notice of Motion to Amend
the Complaint based on new discovery received July 2, 2012………    A467

July 16, 2012 Plaintiff's Certification in support of Motion to Amend……....    A473

Exhibit A – Second Amended Complaint, improperly designated
as a Fourth Amended Complaint. Omitted Here but
Reproduced at…………………………………………... . A415

Exhibit B – February 10, 2012 letter regarding discovery.
Omitted Here but Reproduced at………………………….. A488

February 27, 2012 letter regarding discovery
Omitted Here but Reproduced at………………………….A450

June 20, 2012 letter regarding discovery
Omitted Here but Reproduced at………………………….A452

July 17, 2012 Plaintiff's Appeal Objecting to Magistrate Order
of June 19, 2012………………………………………………….    A479

July 17, 2012 Plaintiff's Certification in support of Motion to Appeal
Magistrate Order of June 19, 2012………………………………..    A484

August 2, 2012 Opinion affirming Magistrate Order of June 19, 201……    A488

iv

**Page**

August 2, 2012 Order affirming Magistrate Order of June 19, 2012………. A493

August 23, 2012 Order granting Plaintiff's Motion to Seal………………… A494

August 30, 2012 Order & Opinion granting Plaintiff leave
      to serve late notice of claim…………………………………………….. A496

## Volume III

September 14, 2012 Order granting Plaintiff's Motion to amend
      to implead  Dimler…………………………………………………. A508

September 21, 2012 Second Amended Complaint improperly
      Designated  Fourth Amended Complaint. Omitted Here
        but Reproduced at…..…………………………………………… A415

November 25, 2012 State Defendants' Notice of Motion to Dismiss……… A518

November 27, 2012 Pretrial Scheduling Order………………………...…… A520

November 29, 2012 Nurse Byrd's Notice of Motion to Dismiss…… A524

January 22, 2013 Plaintiff opposition brief cover letter…………………… A526

January 28, 2013 Letter Order Denying Plaintiffs request for
      leave to amend ……………………………………………………. A527

March 8, 2013 Plaintiff's letter submitting a Sur-Reply…………………… A529

April 5, 2013 Amended Pretrial Scheduling Order………………………… A530

April 9, 2013 Answer to the Second Amended Complaint by Dimler……… A532

April 9, 2013 Letter from Attorney General requesting to add
      Dimler on Motions to Dismiss………………………………… A559

April 10, 2013 Letter from Plaintiff counsel regarding
      the addition of Dimler…………………………………… A561

**Page**

April 18, 2013 Motion for a Protective Order by State Defendant……….    A562

April 22, 2013 Consent Protective Order signed………………………….    A564

May 3, 2013 Order that claims asserted against Dimler may proceed…….    A586

May 10, 2013 Motion for Joinder by State Defendants……………………    A589

May 10, 2013 Declaration of Attorney General…………………………...    A591

May 14, 2013 Order denying without prejudice State Defendants' and
    Jane Byrd's Motions to Dismiss permitting refiling by June 7, 2013…  A594

May 20, 2013 Motion to Dismiss Second Amended Complaint by
    Jane Byrd…………………………………………………………….    A598

June 6, 2013 Motion to Dismiss Second Amended Complaint by
    State Defendants………………………………………….............    A600

June 6, 2013 Motion to Dismiss Second Amended Complaint by
    State Defendants #2…………….…………………………..........  .A602

June 17, 2013 Plaintiff cover letter with Brief in Opposition………........    A604

June 21, 2013 Court Docket Entry on Pretrial Scheduling Order and to
    resolve discovery issues………………………………………    A605

November 13, 2013 Plaintiff's Motion for Reconsideration of
    the November 1, 2013 Order and to amend Complaint……….    A607

    Exhibit A – Proposed Third Amended Complaint……………………    A610

November 13, 2013 Plaintiff's Motion to Seal……………………………    A645
.
November 15, 2013 Order regarding transfer of Motion to Amend
    to Magistrate for disposition………………………………….    A654

**Page**

November 25, 2013 Plaintiff's refiled Notice of Motion for
     Reconsideration of November 1, 2013
        Order dismissing Complaint………………………………….    A657

November 25, 2013 Plaintiff's Certification in support of Reconsideration,
     redacted…………………………………………………………………    A660

November 25, 2013 Plaintiff's Certification in support Reconsideration,
     unredacted.  Confidential and Filed Under Seal……………………….. A931

        Exhibit A – Policy MED 013.015 & Mullin Housing Unit
            Confidential Under Seal Appendix ……..… ………..    A938, 939

        Exhibit B – Autopsy Report two (2) pages…………………..    A667

        Exhibit C – November 13, 2013 Third Amended Complaint
            Omitted Here but Reproduced at …………………    A610

        Exhibit D – February 19, 2010 Order permitting
            filing of late notice of claim………………………..    A670

              Notice of Claim…………………………………..    A672

        Exhibit E – January 4, 2010 Affidavit of Plaintiff (Petitioner)….    A679

December 23, 2013 Motion to Seal……………………………………….    A681

January 2, 2014 Plaintiff Supplemental Certification in Reply on
     Motion for Reconsideration of November 1, 2013 Order……………….. A684

     Exhibit A – June 18, 2013 email plaintiff to defense counsel…………    A689

           June 27, 2013 emails plaintiff to defense counsel…………. A690, 691

     Exhibit B – April 19, 2013 discovery response with
            Karen Balicki Phillips' Answers to Interrogatories
            Confidential Filed Under Seal Appendix…………………    A1100

Page

May 2, 2013 discovery response with Marie Dunlop-Prices'
Answers to Interrogtories
Confidential Filed Under Seal Appendix………………… A1120

Robert Patterson's Answers to Interrogatories
Confidential Filed Under Seal Appendix………………… A1135

Exhibit C – Officer Dimler's Answers to Interrogatories
Confidential Filed Under Seal Appendix………………… A1150

Exhibit D - Plaintiff's Notice to Produce February 18, 2013………….. A694

Exhibit E - July 17, 2013 discovery letter……………………………… A708

Exhibit F-    September 24 and September 26, 2013 emails
between counsel……………………………………… A710

February 10, 2014 Order granting motion to seal………………………….. A713

February 10, 2014 Order #2 granting motion to seal…………………………. A715

February 10, 2014 Order #3 granting motion to seal…………………………. A716

March 4, 2014 letter from plaintiff counsel regarding
Missing Disc discovery……...……………………………………… A719

March 4, 2014 letter from Attorney General regarding
Missing Disc discovery…………………………………………….. A722

March 31, 2014 Order permitting leave to refile Motion……………………. A725

April 24, 2014 Plaintiff's refiling of Reconsideration Motion ……………… A728

April 24, 2014 Plaintiff's Certification in Support of Reconsideration,
redacted………………………………………………………… A731

April 24, 2014 Plaintiff Certification in Support of Reconsideration,
unredacted.  Confidential Filed Under Seal………………………….. A951

**Page**

Exhibit A – Progress Report showing transfer of Mullin................    A739

Exhibit B – Housing unit notation for Mullin on chart..................    A740

Exhibit C – Policy MED 013-105: Suicide Prevention
          Program.  Confidential Filed Under Seal…...................    A939

Exhibit D – Duty Roster – Dimler
          Confidential Filed Under Seal…....................................    A959

Exhibit E –  Policy MED 013.016: Management of Potentially
          Suicidal Inmates. Confidential Filed Under Seal…….........    A961

Exhibit F –  Observation Reports. Confidential Filed Under Seal...........    A970

Exhibit G –  Policy SMI010.001. Placement in Temporary
          Close Custody.  Confidential Filed Under Seal…………    A973

Exhibit H –  March 4, 2014 letter plaintiff counsel to defense counsel
          Regarding discovery…………………………………    A746

          March 11, 2014 letter defense counsel to plaintiff counsel..  A749

Exhibit I -    Special Investigations Division investigation
          Confidential Filed Under Seal…………………………    A981

Exhibit J -    CRAF Daily Activity Report
          Confidential Filed Under Seal…………………………..    A1010

Exhibit K -   Mullin Special Needs Classification
          Confidential Filed Under Seal…………………………    A1012

Exhibit L –  Policy MED 013-023: Special Needs Inmates
          Confidential Filed Under Seal…………………………    A1014

Exhibit M – Policy MED 013.037: Mental Health Reception
          Confidential Filed Under Seal……………………….. A1023

**Page**

Exhibit N- Policy: SWSP.MED.MHS.002.009:
        Management of Potentially Suicidal Inmates
        Confidential Filed Under Seal……………………………..  A1031

Exhibit O – Policy: MED 013.038: Emergency Mental Health
        Services. Confidential Filed Under Seal…………………..  A1040

Exhibit P – Proposed Third Amended Complaint dated
        April 25, 2014. Confidential Filed Under Seal…………  A1053

Exhibit Q – Plaintiff's Affidavit
        Omitted Here But Reproduced at……………………….  A210, 212

Exhibit R – Autopsy Report two (2) pages
        Omitted Here But Reproduced at……...........................  A667

Exhibit S – Notice of Claim
        Omitted Here but Reproduced at…………………………  A672

May 5, 2014 Motion to Seal…………………………………………  A763

May 6, 2014 Motion to Seal…………………………………………  A769

May 7, 2014 Motion to Seal…………………………………………  A777

August 22, 2014 Motion to Seal……………………………………  A780

August 22, 2014 Plaintiff Motion to Amend the Complaint……………….  A788

August 22, 2014 Plaintiff Certification in support of Motion to amend…….  A793

Exhibit A – the March 4, 2014 letter regarding the Missing Disc
        discovery.  Omitted Here but Reproduced at……………  A719

Exhibit B – Proposed Third Amended Complaint dated
        August 22, 2014 highlighted to match
        allegations to discovery. Redacted………………………  A797

x

**Page**

        Proposed Third Amended Complaint
        dated August 22, 2014 highlighted to
        match allegations to discovery.
        Confidential Filed Under Seal……………………. …… A1167

Exhibit C -  Pages from Mullin Chart showing Special Needs
        Transfer information Southwoods to CRAF
        Confidential Filed Under Seal………………………….. A1214

September 2, 2014 State's opposition to Motion to Amend, Declaration of
        defense counsel…………………………………………... A844

        Exhibit 1 – July 29, 2014 email Attorney General to Plaintiff…. A848

        Exhibit 2 – October 24, 2013 discovery letter redacted……….. A850

        Exhibit 3 – January 6, 2014 email Attorney General to Plaintiff... A856

September 8, 2014 Plaintiff's Certification in Reply to State's opposition
        to Motion to Amend……………………………….……… A857

        Exhibit A – emails of June 18, 2013 and September 24, 2013
        Omitted Here but Reproduced at……………………………… A689, 710

December 1, 2014 Order granting Motion to Seal…………………………. A861

December 5, 2014 Order granting Motion to Seal…………………………. A864

December 5, 2014 Order granting Motion to Seal # 2……………………... A867

December 5, 2014 Order granting Motion to Seal #3..……………..……... A869

December 22, 2014 Plaintiff's Motion Objecting to and Appeal
        of the December 8, 2014 Magistrate Order denying amendment
        of the Complaint…………………………………………… A871

**Page**

December 22, 2014 Plaintiff's Certification in support of Appeal………….. A878

    Exhibit A -  Emails of June 18, 2013 and September 24, 2013
               Omitted Here but Reproduced at……………………… A689, 710

    Exhibit B – October 24, 2013 discovery letter
               Confidential and Filed Under Seal……………………… A1219

    Exhibit C –  Proposed Third Amended Complaint with
               Balicki, Dunlap Price and Patterson removed
               Confidential and Filed Under Seal……………………… A1225

    Exhibit D -  Death Certificate-showing Trenton Psychiatric, then
               CRAF as place of death……………………………….. A885, 886

    Exhibit E – The April 19, 2013 and July 13, 2013 discovery
               cover letters…………………………………….......... A887, 889

December 22, 2014 Plaintiff's Motion to Seal……………………………… A891

March 26, 2015    Order granting Motion to Seal………………………….. A894

September 17, 2015 Byrd's Motion for Summary Judgment……………… A896

October 21, 2015 Cover letter filing opposition by plaintiff……………….... A898

October 21, 2015 Plaintiff's Motion to Seal…………………………………… A899

December 15, 2015 Order on Motion to Seal……………………….…… A901

January 29, 2016 Declaration of Attorney General on
        Motion to Seal…………………………………………………. A904

March 14, 2016 Letter Order on Motion to Seal………………………….. A912

# APPENDIX UNDER SEAL

## TABLE OF CONTENTS

**Page**

July 5, 2012 Exhibit "A" to Plaintiff's Motion Appealing Magistrate
Order of June 19, 2012 and to amend the Complaint, Kintock
Records……………………………………………………..……   A914

November 25, 2013 Certification in Support of Motion
For Reconsideration of the November 1, 2013 Order
Dismissing Complaint as to Dimler, unredacted……………………   A931

Exhibit A – Housing Unit placement and notation regarding death...   A938

Policy MED 013.015 – Suicide Prevention Program….   A939, 953

Policy MED 013.016 – Close Watch/ Consent………..   A944, 961

April 24, 2014 refiled Certification in Support of Motion for
Reconsideration of the November 1, 2013 Order, unredacted………   A951a

April 24, 2014 Exhibits to Motion for Reconsideration after receipt of the
Missing Disc discovery:

Exhibit C-  Policy MED 013.015: Suicide Prevention Program……..   A939, 953
(duplicate)

Exhibit D – Duty Roster Dimler…………………………………….   A959

Exhibit E – Policy MED 013.016: Management of Potentially
Suicidal Inmates…………………………………………   A944, 961
(duplicate)

Exhibit F – Observation Reports…………………………………..   A970

Exhibit G – Policy SMI 101.001 – Placement in Temporary
Close Custody………………………………………………   A973

**Page**

Exhibit I -  Special Investigations Division Investigation……………  A981

Exhibit J – CRAF Daily Activity Report…………………………..  A1010

Exhibit K –  Special Needs Roster classification
and transfer record……………………………………  A1012

Exhibit L –  Policy MED 013.023: Special Needs Inmates…………  A1014

Exhibit M – Policy MED 013.037: Mental Health Reception………  A1023

Exhibit N –  Policy SWSP.MED.MHS.002.009 – Management
of Potentially Suicidal Inmates…………………………  A1031

Exhibit O – Policy MED 013.038: Emergency
Mental Health Services…………………………………  A1040

Exhibit P –  Proposed Third Amended Complaint
dated April 25, 2014……………………………………  A1053

January 2, 2014 Exhibits to Plaintiff's Supplemental Certification in Support of
Motion for Reconsideration of the November 1, 2013 Order

Exhibit B – April 19, 2013 discovery cover letter……………………  A1098

Defendant Karen Balicki Phillips' answers to
Interrogatories…………………………………………..  A1100

Defendant Marie Dunlap-Pryce's answers to
Interrogatories…………………………………………..  A1120

Defendant Robert Patterson's answers to
Interrogatories…………………………………………..  A1135

Exhibit C – May 29, 2013 Defendant Dimler's answers to
Interrogatories…………………………………………..  A1150

**Page**

August 24, 2014 Exhibits to Plaintiff's Certification in support of
     Motion to Amend

     Exhibit B – Third Amended Complaint, highlighted to identify
                    source of allegation in discovery…………………………   A1167

     Exhibit C -  Special Needs/Mental Health pages from electronic
                    Chart…………………………...........................................   A1214

December 22, 2014 Exhibits to Plaintiff's Certification in support of
     Appeal of Magistrate Order of December 8, 2014 denying amendment

     Exhibit B – October 24, 2013 discovery letter unredacted………….   A1219

     Exhibit C – Proposed Third Amended Complaint with Balicki,
                    Dunlap-Price and Patterson removed……………………   A1225

# U.S. District Court
# District of New Jersey [LIVE] (Trenton)
# CIVIL DOCKET FOR CASE #: 3:11-cv-00247-MLC-LHG

MULLIN v. THE STATE OF NEW JERSEY et al
Assigned to: Judge Mary L. Cooper
Referred to: Magistrate Judge Lois H. Goodman
Case in other court: Third Circuit, 16-02896
Cause: 42:1983 Civil Rights Act

Date Filed: 01/14/2011
Date Terminated: 05/25/2016
Jury Demand: Both
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

## Plaintiff

**JOAN MULLIN**
*Administratrix of The Estate of Robert
Mullin, deceased and Joan Mullin,
individually*

represented by **SHELLEY LYNN STANGLER**
155 MORRIS AVENUE
SPRINGFIELD, NJ 07081-1224
(973) 379-2500
Email: shelley@stanglerlaw.com
*ATTORNEY TO BE NOTICED*

V.

## Defendant

**THE STATE OF NEW JERSEY**

represented by **CHRISTINE KIM NEEMAN**
OFFICE OF THE ATTORNEY GENERAL
STATE OF NEW JERSEY
25 MARKET STREET
P.O. BOX 080
TRENTON, NJ 08625
609-341-3228
Email: christine.neeman@lps.state.nj.us
*TERMINATED: 05/14/2013*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**SUSAN MARIE SCOTT**
OFFICE OF THE NJ ATTORNEY
GENERAL
RJ HUGHES JUSTICE COMPLEX
PO BOX 112
TRENTON, NJ 08625
(609) 777-3410
Fax: (609) 943-4853
Email: susan.scott@dol.lps.state.nj.us
*TERMINATED: 03/20/2012*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**JOSEPH M. MICHELETTI**
OFFICE OF THE NJ ATTORNEY
GENERAL

**A101**

DIVISION OF LAW
PO BOX 112
TRENTON, NJ 08625-0112
(609) 633 3985
Email: joseph.micheletti@dol.lps.state.nj.us
*TERMINATED: 10/08/2012*
*ATTORNEY TO BE NOTICED*

**Defendant**

**THE DEPARTMENT OF CORRECTIONS OF THE STATE OF NEW JERSEY**

represented by **CHRISTINE KIM NEEMAN**
(See above for address)
*TERMINATED: 05/14/2013*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**SUSAN MARIE SCOTT**
(See above for address)
*TERMINATED: 03/20/2012*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**JOSEPH M. MICHELETTI**
(See above for address)
*TERMINATED: 10/08/2012*
*ATTORNEY TO BE NOTICED*

**Defendant**

**SOUTH WOODS STATE PRISON**

represented by **CHRISTINE KIM NEEMAN**
(See above for address)
*TERMINATED: 05/14/2013*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**SUSAN MARIE SCOTT**
(See above for address)
*TERMINATED: 03/20/2012*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**JOSEPH M. MICHELETTI**
(See above for address)
*TERMINATED: 10/08/2012*
*ATTORNEY TO BE NOTICED*

**Defendant**

**ADMINISTRATOR KAREN BALICKI**
*TERMINATED: 11/01/2013*

represented by **CHRISTINE KIM NEEMAN**
(See above for address)
*TERMINATED: 05/14/2013*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**DANIEL MICHAEL VANNELLA**
OFFICE OF THE NJ ATTORNEY

**A102**

GENERAL
R.J. HUGHES JUSTICE COMPLEX
25 MARKET STREET
P.O. BOX 116
TRENTON, NJ 08625
609-292-8141
Fax: 609-633-8702
Email: daniel.vannella@dol.lps.state.nj.us
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**JOSEPH M. MICHELETTI**
(See above for address)
*TERMINATED: 10/08/2012*
*ATTORNEY TO BE NOTICED*

**SUSAN MARIE SCOTT**
(See above for address)
*TERMINATED: 03/20/2012*
*ATTORNEY TO BE NOTICED*

**RANDY MILLER**
STATE OF NEW JERSEY
*TERMINATED: 12/23/2013*
*ATTORNEY TO BE NOTICED*

**Defendant**

**CENTRAL RECEPTION &
ASSIGNMENT FACILITY (C.R.A.F.)**
*TERMINATED: 11/01/2013*

represented by **CHRISTINE KIM NEEMAN**
(See above for address)
*TERMINATED: 05/14/2013*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**SUSAN MARIE SCOTT**
(See above for address)
*TERMINATED: 03/20/2012*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**JOSEPH M. MICHELETTI**
(See above for address)
*TERMINATED: 10/08/2012*
*ATTORNEY TO BE NOTICED*

**Defendant**

**DIRECTOR ROBERT PATERSON**
*TERMINATED: 11/01/2013*

represented by **CHRISTINE KIM NEEMAN**
(See above for address)
*TERMINATED: 05/14/2013*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**DANIEL MICHAEL VANNELLA**
(See above for address)
*LEAD ATTORNEY*

**A103**

*ATTORNEY TO BE NOTICED*

**SUSAN MARIE SCOTT**
(See above for address)
*TERMINATED: 03/20/2012*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**JOSEPH M. MICHELETTI**
(See above for address)
*TERMINATED: 10/08/2012*
*ATTORNEY TO BE NOTICED*

**RANDY MILLER**
(See above for address)
*TERMINATED: 12/23/2013*
*ATTORNEY TO BE NOTICED*

**Defendant**

**DIRECTOR MARIE DUNLAP-PRYCE**
*TERMINATED: 11/01/2013*

represented by **CHRISTINE KIM NEEMAN**
(See above for address)
*TERMINATED: 05/14/2013*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**DANIEL MICHAEL VANNELLA**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**SUSAN MARIE SCOTT**
(See above for address)
*TERMINATED: 03/20/2012*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**JOSEPH M. MICHELETTI**
(See above for address)
*TERMINATED: 10/08/2012*
*ATTORNEY TO BE NOTICED*

**RANDY MILLER**
(See above for address)
*TERMINATED: 12/23/2013*
*ATTORNEY TO BE NOTICED*

**Defendant**

**JANE BYRD, LPN**

represented by **CHRISTINE KIM NEEMAN**
(See above for address)
*TERMINATED: 05/14/2013*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**A104**

**DANIEL MICHAEL VANNELLA**
(See above for address)
*TERMINATED: 02/25/2014*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**DAVID C. DONOHUE**
FARKAS & DONOHUE, LLC
25A HANOVER ROAD
SUITE 320
FLORHAM PARK, NJ 07932
(973) 443-9400
Fax: 973-443-4330
Email: ddonohue@farkasanddonohue.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**RANDY MILLER**
STATE OF NEW JERSEY
DEPARTMENT OF LAW & PUBLIC
SAFETY
25 MARKET STREET
P.O. BOX 112
TRENTON, NJ 08625
609-633-3985
Email: randy.miller@dol.lps.state.nj.us
*TERMINATED: 12/23/2013*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**SUSAN MARIE SCOTT**
(See above for address)
*TERMINATED: 03/20/2012*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**JOSEPH M. MICHELETTI**
(See above for address)
*TERMINATED: 10/08/2012*
*ATTORNEY TO BE NOTICED*

**Defendant**

**ERIN MARUSKY, R.N.**
*TERMINATED: 05/03/2013*

**Defendant**

**TRENTON PSYCHIATRIC HOSPITAL**

represented by **KAREN LEE JORDAN**
OFFICE OF NJ ATTORNEY GENERAL
DIVISION OF LAW
R.J. HUGHES JUSTICE COMPLEX
PO BOX 116
TRENTON, NJ 08625-0116
(609) 984-2924
Email: karen.jordan@dol.lps.state.nj.us

**A105**

*TERMINATED: 12/12/2011*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**KIRA F. SPAMAN**
OFFICE OF COUNTY COUNSEL
COURTHOUSE, 14TH FLOOR
520 MARKET STREET
CAMDEN, NJ 08102
Email: kspaman@camdencounty.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**KEVIN ALBERT TERHUNE**
STATE OF NEW JERSEY
DEPARTMENT OF LAW & PUBLIC
SAFETY
DIVISION OF LAW
R.J. HUGHES JUSTICE COMPLEX
P.O. BOX 116
TRENTON, NJ 08625
609-633-2242
Email: kevin.terhune@dol.lps.state.nj.us
*ATTORNEY TO BE NOTICED*

**Defendant**

**KINTOCK GROUP**                      represented by **JOHN JOSEPH WELCH**
2329 STATE HIGHWAY 34
SUITE 103
MANASQUAN, NJ 08736-1442
(732) 292-1733
Email: john.welchlaw@verizon.net
*ATTORNEY TO BE NOTICED*

**Defendant**

**MERCER COUNTY**                      represented by **SARAH G. CROWLEY**
*TERMINATED: 03/23/2011*                OFFICE OF THE MERCER COUNTY
COUNSEL
MCDADE ADMINISTRATION
BUILDING
640 SOUTH BROAD STREET
PO BOX 8068
TRENTON, NJ 08650-0068
(609) 989-6511
Email: scrowley@mercercounty.org
*TERMINATED: 06/06/2011*
*ATTORNEY TO BE NOTICED*

**Defendant**

**JOHN DOES 1-10**
*(as yet unidentified and unknown*
*governmental, county, or state officials,*
*supervisors, agents or employees)*          **A106**

**Defendant**

**ABC ENTITIES 1-10**
*(as yet identified and unknown*
*governmental entities, agencies, units or*
*subdivisions.)*

**Defendant**

**Officer Dimler**                        represented by **DANIEL MICHAEL VANNELLA**
*TERMINATED: 11/01/2013*                   (See above for address)
                                          *LEAD ATTORNEY*
                                          *ATTORNEY TO BE NOTICED*

                                          **CHRISTINE KIM NEEMAN**
                                          (See above for address)
                                          *TERMINATED: 05/14/2013*
                                          *ATTORNEY TO BE NOTICED*

                                          **RANDY MILLER**
                                          (See above for address)
                                          *TERMINATED: 12/23/2013*
                                          *ATTORNEY TO BE NOTICED*

**Defendant**

**Nurse Beatrice Teel**                   represented by **RANDY MILLER**
*TERMINATED: 11/01/2013*                   (See above for address)
                                          *TERMINATED: 12/23/2013*
                                          *ATTORNEY TO BE NOTICED*

**Defendant**

**RANDY MILLER**                          represented by **RANDY MILLER**
*TERMINATED: 05/14/2013*                   STATE OF NEW JERSEY
                                          25 MARKET STREET
                                          P.O. BOX 112
                                          TRENTON, NJ 08625
                                          609-633-3985
                                          Email: randy.miller@dol.lps.state.nj.us
                                          *LEAD ATTORNEY*
                                          *ATTORNEY TO BE NOTICED*

**Cross Claimant**

**KINTOCK GROUP**                         represented by **JOHN JOSEPH WELCH**
                                          (See above for address)
                                          *ATTORNEY TO BE NOTICED*

V.

**Cross Defendant**

**KINTOCK GROUP**                         represented by **JOHN JOSEPH WELCH**
                                          (See above for address)
                                          *ATTORNEY TO BE NOTICED*

**Cross Defendant**

A107

**ABC ENTITIES 1-10**
*(as yet identified and unknown*
*governmental entities, agencies, units or*
*subdivisions.)*

**Cross Defendant**

**ADMINISTRATOR KAREN BALICKI**          represented by **CHRISTINE KIM NEEMAN**
                                                      (See above for address)
                                                      *TERMINATED: 05/14/2013*
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

                                                      **DANIEL MICHAEL VANNELLA**
                                                      (See above for address)
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

                                                      **JOSEPH M. MICHELETTI**
                                                      (See above for address)
                                                      *TERMINATED: 10/08/2012*
                                                      *ATTORNEY TO BE NOTICED*

                                                      **LUCY ELIZABETH FRITZ**
                                                      OFFICE OF THE ATTORNEY GENERAL
                                                      STATE OF NEW JERSEY
                                                      DEPARTMENT OF LAW & PUBLIC
                                                      SAFETY
                                                      25 MARKET STREET
                                                      TRENTON, NJ 08625
                                                      609-633-7786
                                                      *TERMINATED: 08/27/2014*
                                                      *ATTORNEY TO BE NOTICED*

                                                      **SUSAN MARIE SCOTT**
                                                      (See above for address)
                                                      *TERMINATED: 03/20/2012*
                                                      *ATTORNEY TO BE NOTICED*

                                                      **RANDY MILLER**
                                                      (See above for address)
                                                      *TERMINATED: 12/23/2013*
                                                      *ATTORNEY TO BE NOTICED*

**Cross Defendant**

**JANE BYRD, LPN**                        represented by **CHRISTINE KIM NEEMAN**
                                                      (See above for address)
                                                      *TERMINATED: 05/14/2013*
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

                                                      **DANIEL MICHAEL VANNELLA**
                                                      (See above for address)
                                                      *TERMINATED: 02/25/2014*
                                                      *LEAD ATTORNEY*

**A108**

*ATTORNEY TO BE NOTICED*

**SUSAN MARIE SCOTT**
(See above for address)
*TERMINATED: 03/20/2012*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**JOSEPH M. MICHELETTI**
(See above for address)
*TERMINATED: 10/08/2012*
*ATTORNEY TO BE NOTICED*

**DAVID C. DONOHUE**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>Cross Defendant</u>

**CENTRAL RECEPTION &**
**ASSIGNMENT FACILITY (C.R.A.F.)**

represented by **CHRISTINE KIM NEEMAN**
(See above for address)
*TERMINATED: 05/14/2013*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**SUSAN MARIE SCOTT**
(See above for address)
*TERMINATED: 03/20/2012*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**JOSEPH M. MICHELETTI**
(See above for address)
*TERMINATED: 10/08/2012*
*ATTORNEY TO BE NOTICED*

<u>Cross Defendant</u>

**DIRECTOR MARIE DUNLAP-PRYCE**

represented by **CHRISTINE KIM NEEMAN**
(See above for address)
*TERMINATED: 05/14/2013*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**DANIEL MICHAEL VANNELLA**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**SUSAN MARIE SCOTT**
(See above for address)
*TERMINATED: 03/20/2012*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**A109**

**JOSEPH M. MICHELETTI**

(See above for address)
*TERMINATED: 10/08/2012*
*ATTORNEY TO BE NOTICED*

**LUCY ELIZABETH FRITZ**
(See above for address)
*TERMINATED: 08/27/2014*
*ATTORNEY TO BE NOTICED*

**RANDY MILLER**
(See above for address)
*TERMINATED: 12/23/2013*
*ATTORNEY TO BE NOTICED*

**Cross Defendant**

**DIRECTOR ROBERT PATERSON**          represented by **CHRISTINE KIM NEEMAN**

(See above for address)
*TERMINATED: 05/14/2013*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**DANIEL MICHAEL VANNELLA**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**GREGORY R. BUENO**
OFFICE OF THE ATTORNEY GENERAL
STATE OF NEW JERSEY
25 MARKET STREET
P.O. BOX 112
TRENTON, NJ 08625
609-633-1971
Email: gregory.bueno@dol.lps.state.nj.us
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**SUSAN MARIE SCOTT**
(See above for address)
*TERMINATED: 03/20/2012*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**JOSEPH M. MICHELETTI**
(See above for address)
*TERMINATED: 10/08/2012*
*ATTORNEY TO BE NOTICED*

**LUCY ELIZABETH FRITZ**
(See above for address)
*TERMINATED: 08/27/2014*
*ATTORNEY TO BE NOTICED*

**A110**          **RANDY MILLER**

(See above for address)
*TERMINATED: 12/23/2013*
*ATTORNEY TO BE NOTICED*

**Cross Defendant**

**JOHN DOES 1-10**
*(as yet unidentified and unknown*
*governmental, county, or state officials,*
*supervisors, agents or employees)*

**Cross Defendant**

**ERIN MARUSKY, R.N.**

**Cross Defendant**

**MERCER COUNTY**
*TERMINATED: 03/23/2011*

represented by **SARAH G. CROWLEY**
(See above for address)
*TERMINATED: 06/06/2011*
*ATTORNEY TO BE NOTICED*

**Cross Defendant**

**SOUTH WOODS STATE PRISON**

represented by **CHRISTINE KIM NEEMAN**
(See above for address)
*TERMINATED: 05/14/2013*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**SUSAN MARIE SCOTT**
(See above for address)
*TERMINATED: 03/20/2012*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**JOSEPH M. MICHELETTI**
(See above for address)
*TERMINATED: 10/08/2012*
*ATTORNEY TO BE NOTICED*

**Cross Defendant**

**THE DEPARTMENT OF**
**CORRECTIONS OF THE STATE OF**
**NEW JERSEY**

represented by **CHRISTINE KIM NEEMAN**
(See above for address)
*TERMINATED: 05/14/2013*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**SUSAN MARIE SCOTT**
(See above for address)
*TERMINATED: 03/20/2012*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**JOSEPH M. MICHELETTI**
(See above for address)

**A111**

*TERMINATED: 10/08/2012*
*ATTORNEY TO BE NOTICED*

**Cross Defendant**

**THE STATE OF NEW JERSEY**    represented by **CHRISTINE KIM NEEMAN**
(See above for address)
*TERMINATED: 05/14/2013*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**SUSAN MARIE SCOTT**
(See above for address)
*TERMINATED: 03/20/2012*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**JOSEPH M. MICHELETTI**
(See above for address)
*TERMINATED: 10/08/2012*
*ATTORNEY TO BE NOTICED*

**Cross Defendant**

**TRENTON PSYCHIATRIC HOSPITAL**    represented by **KAREN LEE JORDAN**
(See above for address)
*TERMINATED: 12/12/2011*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**KEVIN ALBERT TERHUNE**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Cross Claimant**

**JANE BYRD, LPN**    represented by **CHRISTINE KIM NEEMAN**
(See above for address)
*TERMINATED: 05/14/2013*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**DANIEL MICHAEL VANNELLA**
(See above for address)
*TERMINATED: 02/25/2014*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**DAVID C. DONOHUE**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**SUSAN MARIE SCOTT**
(See above for address)
*TERMINATED: 03/20/2012*

A112

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**JOSEPH M. MICHELETTI**
(See above for address)
*TERMINATED: 10/08/2012*
*ATTORNEY TO BE NOTICED*

V.

**Cross Defendant**

**JANE BYRD, LPN**

represented by **CHRISTINE KIM NEEMAN**
(See above for address)
*TERMINATED: 05/14/2013*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**DANIEL MICHAEL VANNELLA**
(See above for address)
*TERMINATED: 02/25/2014*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**DAVID C. DONOHUE**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**SUSAN MARIE SCOTT**
(See above for address)
*TERMINATED: 03/20/2012*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**JOSEPH M. MICHELETTI**
(See above for address)
*TERMINATED: 10/08/2012*
*ATTORNEY TO BE NOTICED*

**Cross Defendant**

**ABC ENTITIES 1-10**
*(as yet identified and unknown*
*governmental entities, agencies, units or*
*subdivisions.)*

**Cross Defendant**

**ADMINISTRATOR KAREN BALICKI**

represented by **CHRISTINE KIM NEEMAN**
(See above for address)
*TERMINATED: 05/14/2013*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

A113      **DANIEL MICHAEL VANNELLA**

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**GREGORY R. BUENO**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**LUCY ELIZABETH FRITZ**
(See above for address)
*TERMINATED: 08/27/2014*
*ATTORNEY TO BE NOTICED*

**SUSAN MARIE SCOTT**
(See above for address)
*TERMINATED: 03/20/2012*
*ATTORNEY TO BE NOTICED*

**RANDY MILLER**
(See above for address)
*TERMINATED: 12/23/2013*
*ATTORNEY TO BE NOTICED*

**Cross Defendant**

**CENTRAL RECEPTION &
ASSIGNMENT FACILITY (C.R.A.F.)**

represented by **CHRISTINE KIM NEEMAN**
(See above for address)
*TERMINATED: 05/14/2013*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**SUSAN MARIE SCOTT**
(See above for address)
*TERMINATED: 03/20/2012*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**JOSEPH M. MICHELETTI**
(See above for address)
*TERMINATED: 10/08/2012*
*ATTORNEY TO BE NOTICED*

**Cross Defendant**

**DIRECTOR MARIE DUNLAP-PRYCE**

represented by **CHRISTINE KIM NEEMAN**
(See above for address)
*TERMINATED: 05/14/2013*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**DANIEL MICHAEL VANNELLA**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

A114

**SUSAN MARIE SCOTT**
(See above for address)
*TERMINATED: 03/20/2012*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**JOSEPH M. MICHELETTI**
(See above for address)
*TERMINATED: 10/08/2012*
*ATTORNEY TO BE NOTICED*

**LUCY ELIZABETH FRITZ**
(See above for address)
*TERMINATED: 08/27/2014*
*ATTORNEY TO BE NOTICED*

**RANDY MILLER**
(See above for address)
*TERMINATED: 12/23/2013*
*ATTORNEY TO BE NOTICED*

**Cross Defendant**

**DIRECTOR ROBERT PATERSON**                represented by **CHRISTINE KIM NEEMAN**
(See above for address)
*TERMINATED: 05/14/2013*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**DANIEL MICHAEL VANNELLA**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**SUSAN MARIE SCOTT**
(See above for address)
*TERMINATED: 03/20/2012*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**JOSEPH M. MICHELETTI**
(See above for address)
*TERMINATED: 10/08/2012*
*ATTORNEY TO BE NOTICED*

**LUCY ELIZABETH FRITZ**
(See above for address)
*TERMINATED: 08/27/2014*
*ATTORNEY TO BE NOTICED*

**RANDY MILLER**
(See above for address)
*TERMINATED: 12/23/2013*
*ATTORNEY TO BE NOTICED*

A115

**Cross Defendant**

**JOHN DOES 1-10**
*(as yet unidentified and unknown*
*governmental, county, or state officials,*
*supervisors, agents or employees)*

**Cross Defendant**

**KINTOCK GROUP**                    represented by **JOHN JOSEPH WELCH**
                                                     (See above for address)
                                                     *ATTORNEY TO BE NOTICED*

**Cross Defendant**

**ERIN MARUSKY, R.N.**

**Cross Defendant**

**SOUTH WOODS STATE PRISON**         represented by **CHRISTINE KIM NEEMAN**
                                                     (See above for address)
                                                     *TERMINATED: 05/14/2013*
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

                                                     **SUSAN MARIE SCOTT**
                                                     (See above for address)
                                                     *TERMINATED: 03/20/2012*
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

                                                     **JOSEPH M. MICHELETTI**
                                                     (See above for address)
                                                     *TERMINATED: 10/08/2012*
                                                     *ATTORNEY TO BE NOTICED*

**Cross Defendant**

**THE DEPARTMENT OF**                represented by **CHRISTINE KIM NEEMAN**
**CORRECTIONS OF THE STATE OF**                      (See above for address)
**NEW JERSEY**                                       *TERMINATED: 05/14/2013*
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

                                                     **SUSAN MARIE SCOTT**
                                                     (See above for address)
                                                     *TERMINATED: 03/20/2012*
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

                                                     **JOSEPH M. MICHELETTI**
                                                     (See above for address)
                                                     *TERMINATED: 10/08/2012*
                                                     *ATTORNEY TO BE NOTICED*

**Cross Defendant**

**THE STATE OF NEW JERSEY**          represented by **CHRISTINE KIM NEEMAN**
                                              **A116**  (See above for address)

*TERMINATED: 05/14/2013*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**SUSAN MARIE SCOTT**
(See above for address)
*TERMINATED: 03/20/2012*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**JOSEPH M. MICHELETTI**
(See above for address)
*TERMINATED: 10/08/2012*
*ATTORNEY TO BE NOTICED*

**Cross Defendant**
**TRENTON PSYCHIATRIC HOSPITAL**    represented by **KAREN LEE JORDAN**
(See above for address)
*TERMINATED: 12/12/2011*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**KIRA F. SPAMAN**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**KEVIN ALBERT TERHUNE**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Cross Claimant**
**KINTOCK GROUP**    represented by **JOHN JOSEPH WELCH**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Cross Defendant**
**KINTOCK GROUP**    represented by **JOHN JOSEPH WELCH**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Cross Defendant**
**ABC ENTITIES 1-10**
*(as yet identified and unknown*
*governmental entities, agencies, units or*
*subdivisions.)*

**Cross Defendant**
**ADMINISTRATOR KAREN BALICKI**    represented by **CHRISTINE KIM NEEMAN**
(See above for address)
**A117**    *TERMINATED: 05/14/2013*

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**DANIEL MICHAEL VANNELLA**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**JOSEPH M. MICHELETTI**
(See above for address)
*TERMINATED: 10/08/2012*
*ATTORNEY TO BE NOTICED*

**LUCY ELIZABETH FRITZ**
(See above for address)
*TERMINATED: 08/27/2014*
*ATTORNEY TO BE NOTICED*

**SUSAN MARIE SCOTT**
(See above for address)
*TERMINATED: 03/20/2012*
*ATTORNEY TO BE NOTICED*

**RANDY MILLER**
(See above for address)
*TERMINATED: 12/23/2013*
*ATTORNEY TO BE NOTICED*

**Cross Defendant**

**JANE BYRD, LPN**                    represented by **CHRISTINE KIM NEEMAN**
(See above for address)
*TERMINATED: 05/14/2013*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**DANIEL MICHAEL VANNELLA**
(See above for address)
*TERMINATED: 02/25/2014*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**DAVID C. DONOHUE**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**SUSAN MARIE SCOTT**
(See above for address)
*TERMINATED: 03/20/2012*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**JOSEPH M. MICHELETTI**
(See above for address)

A118

*TERMINATED: 10/08/2012*
*ATTORNEY TO BE NOTICED*

**Cross Defendant**

**CENTRAL RECEPTION &**                    represented by **CHRISTINE KIM NEEMAN**
**ASSIGNMENT FACILITY (C.R.A.F.)**                    (See above for address)
                                                      *TERMINATED: 05/14/2013*
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

                                                      **SUSAN MARIE SCOTT**
                                                      (See above for address)
                                                      *TERMINATED: 03/20/2012*
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

                                                      **JOSEPH M. MICHELETTI**
                                                      (See above for address)
                                                      *TERMINATED: 10/08/2012*
                                                      *ATTORNEY TO BE NOTICED*

**Cross Defendant**

**DIRECTOR MARIE DUNLAP-PRYCE**            represented by **CHRISTINE KIM NEEMAN**
                                                      (See above for address)
                                                      *TERMINATED: 05/14/2013*
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

                                                      **DANIEL MICHAEL VANNELLA**
                                                      (See above for address)
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

                                                      **SUSAN MARIE SCOTT**
                                                      (See above for address)
                                                      *TERMINATED: 03/20/2012*
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

                                                      **JOSEPH M. MICHELETTI**
                                                      (See above for address)
                                                      *TERMINATED: 10/08/2012*
                                                      *ATTORNEY TO BE NOTICED*

                                                      **LUCY ELIZABETH FRITZ**
                                                      (See above for address)
                                                      *TERMINATED: 08/27/2014*
                                                      *ATTORNEY TO BE NOTICED*

                                                      **RANDY MILLER**
                                                      (See above for address)
                                                      *TERMINATED: 12/23/2013*
                                                      *ATTORNEY TO BE NOTICED*

**A119**

**Cross Defendant**

**DIRECTOR ROBERT PATERSON**                    represented by **CHRISTINE KIM NEEMAN**
(See above for address)
*TERMINATED: 05/14/2013*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**DANIEL MICHAEL VANNELLA**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**SUSAN MARIE SCOTT**
(See above for address)
*TERMINATED: 03/20/2012*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**JOSEPH M. MICHELETTI**
(See above for address)
*TERMINATED: 10/08/2012*
*ATTORNEY TO BE NOTICED*

**LUCY ELIZABETH FRITZ**
(See above for address)
*TERMINATED: 08/27/2014*
*ATTORNEY TO BE NOTICED*

**RANDY MILLER**
(See above for address)
*TERMINATED: 12/23/2013*
*ATTORNEY TO BE NOTICED*

**Cross Defendant**

**JOHN DOES 1-10**
*(as yet unidentified and unknown*
*governmental, county, or state officials,*
*supervisors, agents or employees)*

**Cross Defendant**

**ERIN MARUSKY, R.N.**

**Cross Defendant**

**SOUTH WOODS STATE PRISON**                    represented by **CHRISTINE KIM NEEMAN**
(See above for address)
*TERMINATED: 05/14/2013*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**SUSAN MARIE SCOTT**
(See above for address)
*TERMINATED: 03/20/2012*
**A120**     *LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**JOSEPH M. MICHELETTI**
(See above for address)
*TERMINATED: 10/08/2012*
*ATTORNEY TO BE NOTICED*

**Cross Defendant**

**THE DEPARTMENT OF
CORRECTIONS OF THE STATE OF
NEW JERSEY**

represented by **CHRISTINE KIM NEEMAN**
(See above for address)
*TERMINATED: 05/14/2013*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**SUSAN MARIE SCOTT**
(See above for address)
*TERMINATED: 03/20/2012*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**JOSEPH M. MICHELETTI**
(See above for address)
*TERMINATED: 10/08/2012*
*ATTORNEY TO BE NOTICED*

**Cross Defendant**

**THE STATE OF NEW JERSEY**

represented by **CHRISTINE KIM NEEMAN**
(See above for address)
*TERMINATED: 05/14/2013*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**SUSAN MARIE SCOTT**
(See above for address)
*TERMINATED: 03/20/2012*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**JOSEPH M. MICHELETTI**
(See above for address)
*TERMINATED: 10/08/2012*
*ATTORNEY TO BE NOTICED*

**Cross Defendant**

**TRENTON PSYCHIATRIC HOSPITAL**

represented by **KAREN LEE JORDAN**
(See above for address)
*TERMINATED: 12/12/2011*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**KIRA F. SPAMAN**
(See above for address)
*LEAD ATTORNEY*

**A121**

*ATTORNEY TO BE NOTICED*

**KEVIN ALBERT TERHUNE**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Cross Claimant**
**KINTOCK GROUP**                    represented by **JOHN JOSEPH WELCH**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Cross Defendant**
**KINTOCK GROUP**                    represented by **JOHN JOSEPH WELCH**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Cross Defendant**
**ABC ENTITIES 1-10**
*(as yet identified and unknown*
*governmental entities, agencies, units or*
*subdivisions.)*

**Cross Defendant**
**ADMINISTRATOR KAREN BALICKI**      represented by **CHRISTINE KIM NEEMAN**
(See above for address)
*TERMINATED: 05/14/2013*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**DANIEL MICHAEL VANNELLA**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**JOSEPH M. MICHELETTI**
(See above for address)
*TERMINATED: 10/08/2012*
*ATTORNEY TO BE NOTICED*

**LUCY ELIZABETH FRITZ**
(See above for address)
*TERMINATED: 08/27/2014*
*ATTORNEY TO BE NOTICED*

**SUSAN MARIE SCOTT**
(See above for address)
*TERMINATED: 03/20/2012*
*ATTORNEY TO BE NOTICED*

**RANDY MILLER**
**A122**      (See above for address)

*TERMINATED: 12/23/2013*
*ATTORNEY TO BE NOTICED*

**Cross Defendant**

**JANE BYRD, LPN**

represented by **CHRISTINE KIM NEEMAN**
(See above for address)
*TERMINATED: 05/14/2013*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**DANIEL MICHAEL VANNELLA**
(See above for address)
*TERMINATED: 02/25/2014*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**DAVID C. DONOHUE**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**SUSAN MARIE SCOTT**
(See above for address)
*TERMINATED: 03/20/2012*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**JOSEPH M. MICHELETTI**
(See above for address)
*TERMINATED: 10/08/2012*
*ATTORNEY TO BE NOTICED*

**Cross Defendant**

**CENTRAL RECEPTION &**
**ASSIGNMENT FACILITY (C.R.A.F.)**

represented by **CHRISTINE KIM NEEMAN**
(See above for address)
*TERMINATED: 05/14/2013*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**SUSAN MARIE SCOTT**
(See above for address)
*TERMINATED: 03/20/2012*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**JOSEPH M. MICHELETTI**
(See above for address)
*TERMINATED: 10/08/2012*
*ATTORNEY TO BE NOTICED*

**Cross Defendant**

**DIRECTOR MARIE DUNLAP-PRYCE**

represented by **CHRISTINE KIM NEEMAN**
(See above for address)

**A123**

*TERMINATED: 05/14/2013*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**DANIEL MICHAEL VANNELLA**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**SUSAN MARIE SCOTT**
(See above for address)
*TERMINATED: 03/20/2012*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**JOSEPH M. MICHELETTI**
(See above for address)
*TERMINATED: 10/08/2012*
*ATTORNEY TO BE NOTICED*

**LUCY ELIZABETH FRITZ**
(See above for address)
*TERMINATED: 08/27/2014*
*ATTORNEY TO BE NOTICED*

**RANDY MILLER**
(See above for address)
*TERMINATED: 12/23/2013*
*ATTORNEY TO BE NOTICED*

**Cross Defendant**
**DIRECTOR ROBERT PATERSON**                    represented by **CHRISTINE KIM NEEMAN**
(See above for address)
*TERMINATED: 05/14/2013*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**DANIEL MICHAEL VANNELLA**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**SUSAN MARIE SCOTT**
(See above for address)
*TERMINATED: 03/20/2012*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**JOSEPH M. MICHELETTI**
(See above for address)
*TERMINATED: 10/08/2012*
*ATTORNEY TO BE NOTICED*

**A124**                    **LUCY ELIZABETH FRITZ**

(See above for address)
*TERMINATED: 08/27/2014*
*ATTORNEY TO BE NOTICED*

**RANDY MILLER**
(See above for address)
*TERMINATED: 12/23/2013*
*ATTORNEY TO BE NOTICED*

**Cross Defendant**

**JOHN DOES 1-10**
*(as yet unidentified and unknown
governmental, county, or state officials,
supervisors, agents or employees)*

**Cross Defendant**

**ERIN MARUSKY, R.N.**

**Cross Defendant**

**SOUTH WOODS STATE PRISON**          represented by **CHRISTINE KIM NEEMAN**
(See above for address)
*TERMINATED: 05/14/2013*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**SUSAN MARIE SCOTT**
(See above for address)
*TERMINATED: 03/20/2012*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**JOSEPH M. MICHELETTI**
(See above for address)
*TERMINATED: 10/08/2012*
*ATTORNEY TO BE NOTICED*

**Cross Defendant**

**THE DEPARTMENT OF
CORRECTIONS OF THE STATE OF
NEW JERSEY**          represented by **CHRISTINE KIM NEEMAN**
(See above for address)
*TERMINATED: 05/14/2013*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**SUSAN MARIE SCOTT**
(See above for address)
*TERMINATED: 03/20/2012*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**JOSEPH M. MICHELETTI**
(See above for address)
*TERMINATED: 10/08/2012*
*ATTORNEY TO BE NOTICED*

A125

<u>Cross Defendant</u>

**THE STATE OF NEW JERSEY**                    represented by **CHRISTINE KIM NEEMAN**
(See above for address)
*TERMINATED: 05/14/2013*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**SUSAN MARIE SCOTT**
(See above for address)
*TERMINATED: 03/20/2012*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**JOSEPH M. MICHELETTI**
(See above for address)
*TERMINATED: 10/08/2012*
*ATTORNEY TO BE NOTICED*

<u>Cross Defendant</u>

**TRENTON PSYCHIATRIC HOSPITAL**            represented by **KAREN LEE JORDAN**
(See above for address)
*TERMINATED: 12/12/2011*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**KIRA F. SPAMAN**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**KEVIN ALBERT TERHUNE**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>Cross Claimant</u>

**KINTOCK GROUP**                             represented by **JOHN JOSEPH WELCH**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

<u>Cross Defendant</u>

**ABC ENTITIES 1-10**
*(as yet identified and unknown*
*governmental entities, agencies, units or*
*subdivisions.)*

<u>Cross Defendant</u>

**ADMINISTRATOR KAREN BALICKI**            represented by **CHRISTINE KIM NEEMAN**
(See above for address)
*TERMINATED: 05/14/2013*
**A126**                *LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**DANIEL MICHAEL VANNELLA**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**JOSEPH M. MICHELETTI**
(See above for address)
*TERMINATED: 10/08/2012*
*ATTORNEY TO BE NOTICED*

**LUCY ELIZABETH FRITZ**
(See above for address)
*TERMINATED: 08/27/2014*
*ATTORNEY TO BE NOTICED*

**SUSAN MARIE SCOTT**
(See above for address)
*TERMINATED: 03/20/2012*
*ATTORNEY TO BE NOTICED*

**RANDY MILLER**
(See above for address)
*TERMINATED: 12/23/2013*
*ATTORNEY TO BE NOTICED*

**Cross Defendant**

**JANE BYRD, LPN**                    represented by **CHRISTINE KIM NEEMAN**
(See above for address)
*TERMINATED: 05/14/2013*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**DANIEL MICHAEL VANNELLA**
(See above for address)
*TERMINATED: 02/25/2014*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**DAVID C. DONOHUE**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**SUSAN MARIE SCOTT**
(See above for address)
*TERMINATED: 03/20/2012*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**JOSEPH M. MICHELETTI**
(See above for address)

**A127**

*TERMINATED: 10/08/2012*
*ATTORNEY TO BE NOTICED*

**Cross Defendant**

**CENTRAL RECEPTION &**
**ASSIGNMENT FACILITY (C.R.A.F.)**

represented by **CHRISTINE KIM NEEMAN**
(See above for address)
*TERMINATED: 05/14/2013*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**SUSAN MARIE SCOTT**
(See above for address)
*TERMINATED: 03/20/2012*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**JOSEPH M. MICHELETTI**
(See above for address)
*TERMINATED: 10/08/2012*
*ATTORNEY TO BE NOTICED*

**Cross Defendant**

**DIRECTOR MARIE DUNLAP-PRYCE**

represented by **CHRISTINE KIM NEEMAN**
(See above for address)
*TERMINATED: 05/14/2013*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**DANIEL MICHAEL VANNELLA**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**GREGORY R. BUENO**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**SUSAN MARIE SCOTT**
(See above for address)
*TERMINATED: 03/20/2012*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**JOSEPH M. MICHELETTI**
(See above for address)
*TERMINATED: 10/08/2012*
*ATTORNEY TO BE NOTICED*

**LUCY ELIZABETH FRITZ**
(See above for address)
*TERMINATED: 08/27/2014*
*ATTORNEY TO BE NOTICED*

**A128**

**RANDY MILLER**
(See above for address)
*TERMINATED: 12/23/2013*
*ATTORNEY TO BE NOTICED*

**Cross Defendant**

**DIRECTOR ROBERT PATERSON**     represented by **CHRISTINE KIM NEEMAN**
(See above for address)
*TERMINATED: 05/14/2013*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**DANIEL MICHAEL VANNELLA**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**SUSAN MARIE SCOTT**
(See above for address)
*TERMINATED: 03/20/2012*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**JOSEPH M. MICHELETTI**
(See above for address)
*TERMINATED: 10/08/2012*
*ATTORNEY TO BE NOTICED*

**LUCY ELIZABETH FRITZ**
(See above for address)
*TERMINATED: 08/27/2014*
*ATTORNEY TO BE NOTICED*

**RANDY MILLER**
(See above for address)
*TERMINATED: 12/23/2013*
*ATTORNEY TO BE NOTICED*

**Cross Defendant**

**Officer Dimler**     represented by **DANIEL MICHAEL VANNELLA**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**LUCY ELIZABETH FRITZ**
(See above for address)
*TERMINATED: 08/27/2014*
*ATTORNEY TO BE NOTICED*

**CHRISTINE KIM NEEMAN**
(See above for address)
*TERMINATED: 05/14/2013*
*ATTORNEY TO BE NOTICED*

**A129**

**RANDY MILLER**
(See above for address)
*TERMINATED: 12/23/2013*
*ATTORNEY TO BE NOTICED*

<u>Cross Defendant</u>

**JOHN DOES 1-10**
*(as yet unidentified and unknown*
*governmental, county, or state officials,*
*supervisors, agents or employees)*

<u>Cross Defendant</u>

**KINTOCK GROUP**                  represented by **JOHN JOSEPH WELCH**
                                                  (See above for address)
                                                  *ATTORNEY TO BE NOTICED*

<u>Cross Defendant</u>

**ERIN MARUSKY, R.N.**

<u>Cross Defendant</u>

**SOUTH WOODS STATE PRISON**      represented by **CHRISTINE KIM NEEMAN**
                                                  (See above for address)
                                                  *TERMINATED: 05/14/2013*
                                                  *LEAD ATTORNEY*
                                                  *ATTORNEY TO BE NOTICED*

                                                  **SUSAN MARIE SCOTT**
                                                  (See above for address)
                                                  *TERMINATED: 03/20/2012*
                                                  *LEAD ATTORNEY*
                                                  *ATTORNEY TO BE NOTICED*

                                                  **JOSEPH M. MICHELETTI**
                                                  (See above for address)
                                                  *TERMINATED: 10/08/2012*
                                                  *ATTORNEY TO BE NOTICED*

<u>Cross Defendant</u>

**THE DEPARTMENT OF**             represented by **CHRISTINE KIM NEEMAN**
**CORRECTIONS OF THE STATE OF**                   (See above for address)
**NEW JERSEY**                                    *TERMINATED: 05/14/2013*
                                                  *LEAD ATTORNEY*
                                                  *ATTORNEY TO BE NOTICED*

                                                  **SUSAN MARIE SCOTT**
                                                  (See above for address)
                                                  *TERMINATED: 03/20/2012*
                                                  *LEAD ATTORNEY*
                                                  *ATTORNEY TO BE NOTICED*

                                                  **JOSEPH M. MICHELETTI**
                                 **A130**         (See above for address)

*TERMINATED: 10/08/2012*
*ATTORNEY TO BE NOTICED*

**Cross Defendant**

**THE STATE OF NEW JERSEY**          represented by **CHRISTINE KIM NEEMAN**
(See above for address)
*TERMINATED: 05/14/2013*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**SUSAN MARIE SCOTT**
(See above for address)
*TERMINATED: 03/20/2012*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**JOSEPH M. MICHELETTI**
(See above for address)
*TERMINATED: 10/08/2012*
*ATTORNEY TO BE NOTICED*

**Cross Defendant**

**TRENTON PSYCHIATRIC HOSPITAL**          represented by **KAREN LEE JORDAN**
(See above for address)
*TERMINATED: 12/12/2011*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**KIRA F. SPAMAN**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**KEVIN ALBERT TERHUNE**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Cross Defendant**

**Nurse Beatrice Teel**          represented by **DANIEL MICHAEL VANNELLA**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**RANDY MILLER**
(See above for address)
*TERMINATED: 12/23/2013*
*ATTORNEY TO BE NOTICED*

**Cross Claimant**

**JANE BYRD, LPN**          represented by **CHRISTINE KIM NEEMAN**
(See above for address)
*TERMINATED: 05/14/2013*
**A131**          *LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**DANIEL MICHAEL VANNELLA**
(See above for address)
*TERMINATED: 02/25/2014*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**DAVID C. DONOHUE**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**SUSAN MARIE SCOTT**
(See above for address)
*TERMINATED: 03/20/2012*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**JOSEPH M. MICHELETTI**
(See above for address)
*TERMINATED: 10/08/2012*
*ATTORNEY TO BE NOTICED*

**RANDY MILLER**
(See above for address)
*TERMINATED: 12/23/2013*
*ATTORNEY TO BE NOTICED*

V.

**Cross Defendant**

**JANE BYRD, LPN**                    represented by **CHRISTINE KIM NEEMAN**
(See above for address)
*TERMINATED: 05/14/2013*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**DANIEL MICHAEL VANNELLA**
(See above for address)
*TERMINATED: 02/25/2014*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**DAVID C. DONOHUE**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**SUSAN MARIE SCOTT**
(See above for address)
*TERMINATED: 03/20/2012*
*LEAD ATTORNEY*

**A132**

*ATTORNEY TO BE NOTICED*

**JOSEPH M. MICHELETTI**
(See above for address)
*TERMINATED: 10/08/2012*
*ATTORNEY TO BE NOTICED*

**Cross Defendant**

**ABC ENTITIES 1-10**
*(as yet identified and unknown*
*governmental entities, agencies, units or*
*subdivisions.)*

**Cross Defendant**

**ADMINISTRATOR KAREN BALICKI**                    represented by **CHRISTINE KIM NEEMAN**
(See above for address)
*TERMINATED: 05/14/2013*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**DANIEL MICHAEL VANNELLA**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**JOSEPH M. MICHELETTI**
(See above for address)
*TERMINATED: 10/08/2012*
*ATTORNEY TO BE NOTICED*

**LUCY ELIZABETH FRITZ**
(See above for address)
*TERMINATED: 08/27/2014*
*ATTORNEY TO BE NOTICED*

**SUSAN MARIE SCOTT**
(See above for address)
*TERMINATED: 03/20/2012*
*ATTORNEY TO BE NOTICED*

**RANDY MILLER**
(See above for address)
*TERMINATED: 12/23/2013*
*ATTORNEY TO BE NOTICED*

**Cross Defendant**

**CENTRAL RECEPTION &**                    represented by **CHRISTINE KIM NEEMAN**
**ASSIGNMENT FACILITY (C.R.A.F.)**                    (See above for address)
*TERMINATED: 05/14/2013*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**A133**          **SUSAN MARIE SCOTT**

(See above for address)
*TERMINATED: 03/20/2012*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**JOSEPH M. MICHELETTI**
(See above for address)
*TERMINATED: 10/08/2012*
*ATTORNEY TO BE NOTICED*

## Cross Defendant
### DIRECTOR MARIE DUNLAP-PRYCE

represented by **CHRISTINE KIM NEEMAN**
(See above for address)
*TERMINATED: 05/14/2013*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**DANIEL MICHAEL VANNELLA**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**SUSAN MARIE SCOTT**
(See above for address)
*TERMINATED: 03/20/2012*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**JOSEPH M. MICHELETTI**
(See above for address)
*TERMINATED: 10/08/2012*
*ATTORNEY TO BE NOTICED*

**LUCY ELIZABETH FRITZ**
(See above for address)
*TERMINATED: 08/27/2014*
*ATTORNEY TO BE NOTICED*

**RANDY MILLER**
(See above for address)
*TERMINATED: 12/23/2013*
*ATTORNEY TO BE NOTICED*

## Cross Defendant
### DIRECTOR ROBERT PATERSON

represented by **CHRISTINE KIM NEEMAN**
(See above for address)
*TERMINATED: 05/14/2013*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**DANIEL MICHAEL VANNELLA**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**A134**

**SUSAN MARIE SCOTT**
(See above for address)
*TERMINATED: 03/20/2012*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**JOSEPH M. MICHELETTI**
(See above for address)
*TERMINATED: 10/08/2012*
*ATTORNEY TO BE NOTICED*

**LUCY ELIZABETH FRITZ**
(See above for address)
*TERMINATED: 08/27/2014*
*ATTORNEY TO BE NOTICED*

**RANDY MILLER**
(See above for address)
*TERMINATED: 12/23/2013*
*ATTORNEY TO BE NOTICED*

**Cross Defendant**

**Officer Dimler**                    represented by **DANIEL MICHAEL VANNELLA**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**GREGORY R. BUENO**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**LUCY ELIZABETH FRITZ**
(See above for address)
*TERMINATED: 08/27/2014*
*ATTORNEY TO BE NOTICED*

**CHRISTINE KIM NEEMAN**
(See above for address)
*TERMINATED: 05/14/2013*
*ATTORNEY TO BE NOTICED*

**RANDY MILLER**
(See above for address)
*TERMINATED: 12/23/2013*
*ATTORNEY TO BE NOTICED*

**Cross Defendant**

**JOHN DOES 1-10**
*(as yet unidentified and unknown*
*governmental, county, or state officials,*
*supervisors, agents or employees)*

**A135**

**Cross Defendant**

**KINTOCK GROUP**                                    represented by **JOHN JOSEPH WELCH**
                                                                  (See above for address)
                                                                  *ATTORNEY TO BE NOTICED*

**Cross Defendant**
**ERIN MARUSKY, R.N.**

**Cross Defendant**
**SOUTH WOODS STATE PRISON**                         represented by **CHRISTINE KIM NEEMAN**
                                                                  (See above for address)
                                                                  *TERMINATED: 05/14/2013*
                                                                  *LEAD ATTORNEY*
                                                                  *ATTORNEY TO BE NOTICED*

                                                                  **SUSAN MARIE SCOTT**
                                                                  (See above for address)
                                                                  *TERMINATED: 03/20/2012*
                                                                  *LEAD ATTORNEY*
                                                                  *ATTORNEY TO BE NOTICED*

                                                                  **JOSEPH M. MICHELETTI**
                                                                  (See above for address)
                                                                  *TERMINATED: 10/08/2012*
                                                                  *ATTORNEY TO BE NOTICED*

**Cross Defendant**

**THE DEPARTMENT OF**                                represented by **CHRISTINE KIM NEEMAN**
**CORRECTIONS OF THE STATE OF**                                   (See above for address)
**NEW JERSEY**                                                    *TERMINATED: 05/14/2013*
                                                                  *LEAD ATTORNEY*
                                                                  *ATTORNEY TO BE NOTICED*

                                                                  **SUSAN MARIE SCOTT**
                                                                  (See above for address)
                                                                  *TERMINATED: 03/20/2012*
                                                                  *LEAD ATTORNEY*
                                                                  *ATTORNEY TO BE NOTICED*

                                                                  **JOSEPH M. MICHELETTI**
                                                                  (See above for address)
                                                                  *TERMINATED: 10/08/2012*
                                                                  *ATTORNEY TO BE NOTICED*

**Cross Defendant**

**THE STATE OF NEW JERSEY**                          represented by **CHRISTINE KIM NEEMAN**
                                                                  (See above for address)
                                                                  *TERMINATED: 05/14/2013*
                                                                  *LEAD ATTORNEY*
                                                                  *ATTORNEY TO BE NOTICED*

                                                                  **SUSAN MARIE SCOTT**
                                         A136                      (See above for address)

*TERMINATED: 03/20/2012*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**JOSEPH M. MICHELETTI**
(See above for address)
*TERMINATED: 10/08/2012*
*ATTORNEY TO BE NOTICED*

**Cross Defendant**
**TRENTON PSYCHIATRIC HOSPITAL**          represented by **KAREN LEE JORDAN**
(See above for address)
*TERMINATED: 12/12/2011*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**KIRA F. SPAMAN**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**KEVIN ALBERT TERHUNE**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Cross Defendant**
**Nurse Beatrice Teel**          represented by **DANIEL MICHAEL VANNELLA**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**RANDY MILLER**
(See above for address)
*TERMINATED: 12/23/2013*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 01/14/2011 | 1 | COMPLAINT against ABC ENTITIES 1-10, ADMINISTRATOR KAREN BALICKI, JANE BYRD, LPN, CENTRAL RECEPTION & ASSIGNMENT FACILITY (C.R.A.F.), DIRECTOR MARIE DUNLAP-PRYCE, DIRECTOR ROBERT PATERSON, JOHN DOES 1-10, KINTOCK GROUP, ERIN MARUSKY, RN, MERCER COUNTY, SOUTH WOODS STATE PRISON, THE DEPARTMENT OF CORRECTIONS OF THE STATE OF NEW JERSEY, THE STATE OF NEW JERSEY, TRENTON PSYCHIATRIC HOSPITAL ( Filing fee $ 350 receipt number 3514044.) NONE., filed by JOAN MULLIN. (Attachments: # 1 COMPLAINT PART II, # 2 COVER LETTER)(jjc) (Entered: 01/18/2011) |
| 01/18/2011 | 2 | SUMMONS ISSUED as to ABC ENTITIES 1-10, ADMINISTRATOR KAREN BALICKI, JANE BYRD, LPN, CENTRAL RECEPTION & ASSIGNMENT FACILITY (C.R.A.F.), DIRECTOR MARIE DUNLAP-PRYCE, DIRECTOR ROBERT PATERSON, JOHN DOES 1-10, KINTOCK GROUP, ERIN MARUSKY, RN, MERCER COUNTY, SOUTH WOODS STATE PRISON, THE DEPARTMENT OF |

|  |  | CORRECTIONS OF THE STATE OF NEW JERSEY, THE STATE OF NEW JERSEY, TRENTON PSYCHIATRIC HOSPITAL Attached is the official court Summons, please fill out Defendant and Plaintiffs attorney information and serve. Issued By *JAWEIA CAMPBELL* (jjc) (Entered: 01/18/2011) |
|---|---|---|
| 01/18/2011 | 3 | Corporate Disclosure Statement by JOAN MULLIN identifying NONE as Corporate Parent. (jjc) (Entered: 01/18/2011) |
| 02/16/2011 | 4 | Application and Proposed Order for Clerk's Order to extend time to answer Attorney SUSAN MARIE SCOTT for ADMINISTRATOR KAREN BALICKI added. (Attachments: # 1 Certificate of Service)(SCOTT, SUSAN) (Entered: 02/16/2011) |
| 02/17/2011 |  | Granting 4 Application and Clerk's text only Order to extend time to answer as to ADMINISTRATOR KAREN BALICKI answer due 3/11/2011. (lk) (Entered: 02/17/2011) |
| 02/22/2011 | 5 | Application and Proposed Order for Clerk's Order to extend time to answer as to Defendant Mercer County. Attorney SARAH G. CROWLEY for MERCER COUNTY added. (Attachments: # 1 Certificate of Service)(CROWLEY, SARAH) (Entered: 02/22/2011) |
| 02/23/2011 |  | Granting 5 Application and Clerk's text only Order to extend time to answer as to MERCER COUNTY answer due 3/9/2011. (lk) (Entered: 02/23/2011) |
| 02/24/2011 | 6 | Application and Proposed Order for Clerk's Order to extend time to answer. (WELCH, JOHN) (Entered: 02/24/2011) |
| 02/25/2011 |  | Granting 6 Application and Clerk's text only Order to extend time to answer as to KINTOCK GROUP, answer due 3/11/2011. (eaj) (Entered: 02/25/2011) |
| 03/09/2011 | 7 | MOTION to Dismiss *with Prejudice Pursuant to Fed.R.Civ.P. 12(b)(6)* by MERCER COUNTY. Responses due by 3/28/2011 (Attachments: # 1 Brief, # 2 Certification of Sarah G. Crowley, # 3 Text of Proposed Order, # 4 Certificate of Service)(CROWLEY, SARAH) (Entered: 03/09/2011) |
| 03/09/2011 |  | Set Deadlines as to 7 MOTION to Dismiss *with Prejudice Pursuant to Fed.R.Civ.P. 12(b)(6)* MOTION to Dismiss *with Prejudice Pursuant to Fed.R.Civ.P. 12(b)(6)*. Motion set for 4/4/2011 before Judge Mary L. Cooper. The motion will be decided on the papers. No appearances required unless notified by the court. (eaj) (Entered: 03/09/2011) |
| 03/11/2011 | 8 | ANSWER to Complaint with Jury Demand, CROSSCLAIM against All Defendants by KINTOCK GROUP.(WELCH, JOHN) (Entered: 03/11/2011) |
| 03/11/2011 | 9 | MOTION for Extension of Time to File Answer re 1 Complaint,, *Move or Otherwise Reply* by ADMINISTRATOR KAREN BALICKI, CENTRAL RECEPTION & ASSIGNMENT FACILITY (C.R.A.F.), SOUTH WOODS STATE PRISON, THE DEPARTMENT OF CORRECTIONS OF THE STATE OF NEW JERSEY, THE STATE OF NEW JERSEY. (Attachments: # 1 Statement that no brief is necessary, # 2 Declaration of Susan M. Scott, # 3 Text of Proposed Order, # 4 Certificate of Service) (SCOTT, SUSAN) (Entered: 03/11/2011) |
| 03/14/2011 |  | Set Deadlines as to 9 MOTION for Extension of Time to File Answer re 1 Complaint,, *Move or Otherwise Reply* MOTION for Extension of Time to File Answer re 1 Complaint,, *Move or Otherwise Reply*. Motion set for 4/4/2011 before Magistrate Judge Lois H. Goodman. The motion will be decided on the papers. No appearances required unless notified by the court. (eaj) (Entered: 03/14/2011) |
| 03/18/2011 | 10 | Letter from Shelley L. Stangler, Esq.. (Attachments: # 1 Certificate of Service, # 2 Certificate of Service, # 3 Certificate of Service, # 4 Certificate of Service, # 5 Certificate |

| | | |
|---|---|---|
| | | of Service, # 6 Certificate of Service, # 7 Certificate of Service, # 8 Certificate of Service, # 9 Certificate of Service)(STANGLER, SHELLEY) (Entered: 03/18/2011) |
| 03/18/2011 | | CLERK'S QUALITY CONTROL MESSAGE - The Summons Returned Executed 10 filed by Shelley Stanger on 3/18/2011 was submitted incorrectly as a Letter. PLEASE RESUBMIT THE Summons' USING SUMMONS RETURNED EXECUTED. This submission will remain on the docket unless otherwise ordered by the court. (eaj) (Entered: 03/18/2011) |
| 03/21/2011 | 11 | CERTIFICATION in Opposition re 7 MOTION to Dismiss *with Prejudice Pursuant to Fed.R.Civ.P. 12(b)(6)* MOTION to Dismiss *with Prejudice Pursuant to Fed.R.Civ.P. 12(b)(6)* filed by JOAN MULLIN. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit) (STANGLER, SHELLEY) (Entered: 03/21/2011) |
| 03/21/2011 | 12 | BRIEF in Opposition re 7 MOTION to Dismiss *with Prejudice Pursuant to Fed.R.Civ.P. 12(b)(6)* MOTION to Dismiss *with Prejudice Pursuant to Fed.R.Civ.P. 12(b)(6)* filed by JOAN MULLIN. (STANGLER, SHELLEY) (Entered: 03/21/2011) |
| 03/21/2011 | 13 | Letter from plaintiff counsel re 7 MOTION to Dismiss *with Prejudice Pursuant to Fed.R.Civ.P. 12(b)(6)* MOTION to Dismiss *with Prejudice Pursuant to Fed.R.Civ.P. 12(b)(6)*. (Attachments: # 1 Text of Proposed Order)(STANGLER, SHELLEY) (Entered: 03/21/2011) |
| 03/22/2011 | 14 | LETTER ORDER granting Defendants request for leave to answer, move or otherwise reply to Plaintiff's Complaint within 30 days from the date of this order. Signed by Magistrate Judge Lois H. Goodman on 3/21/2011. (eaj) (Entered: 03/22/2011) |
| 03/22/2011 | 15 | STIPULATION of Dismissal *as to Defendant Mercer County* by MERCER COUNTY. (CROWLEY, SARAH) (Entered: 03/22/2011) |
| 03/22/2011 | 16 | Letter from Sarah G. Crowley re 15 Stipulation of Dismissal. (CROWLEY, SARAH) (Entered: 03/22/2011) |
| 03/22/2011 | 17 | MOTION for Extension of Time to File Answer re 1 Complaint,, by JANE BYRD, LPN. (Attachments: # 1 Statement that no brief is necessary, # 2 Declaration of Susan M. Scott, # 3 Text of Proposed Order, # 4 Certificate of Service)(SCOTT, SUSAN) (Entered: 03/22/2011) |
| 03/23/2011 | | Set Deadlines as to 17 MOTION for Extension of Time to File Answer re 1 Complaint,, MOTION for Extension of Time to File Answer re 1 Complaint,,. Motion set for 4/18/2011 before Magistrate Judge Lois H. Goodman. The motion will be decided on the papers. No appearances required unless notified by the court. (eaj) (Entered: 03/23/2011) |
| 03/23/2011 | 18 | *Notice of Appearance* ANSWER to Complaint by JANE BYRD, LPN.(DONOHUE, DAVID) (Entered: 03/23/2011) |
| 03/23/2011 | | CLERK'S QUALITY CONTROL MESSAGE - The Notice of Appearance 18 filed by David Donohue on 3/23/2011 was submitted incorrectly as a Answer. PLEASE RESUBMIT THE Notice of Appearance USING Notice of Appearance which can be found under Other Filings - Notices. This submission will remain on the docket unless otherwise ordered by the court. (eaj) (Entered: 03/23/2011) |
| 03/23/2011 | 19 | NOTICE of Appearance by DAVID C. DONOHUE on behalf of JANE BYRD, LPN (DONOHUE, DAVID) (Entered: 03/23/2011) |
| 03/24/2011 | 20 | BRIEF in Partial Opposition to the Motion to Dismiss 7 filed by JOAN MULLIN. (Attachments: # 1 Certification, # 2 Text of Proposed Order, # 3 Cover Letter)(eaj) (Entered: 03/24/2011) |

**A139**

| 03/28/2011 | 21 | ORDER SCHEDULING CONFERENCE: Scheduling Conference set for 6/10/2011 at 10:30 AM in Trenton - Courtroom 7E before Magistrate Judge Lois H. Goodman. Signed by Magistrate Judge Lois H. Goodman on 3/25/2011. (eaj) (Entered: 03/28/2011) |
|---|---|---|
| 03/31/2011 | 22 | MOTION for Extension of Time to File Answer by TRENTON PSYCHIATRIC HOSPITAL. (Attachments: # 1 Declaration of Counsel, # 2 Text of Proposed Order, # 3 Certificate of Service)(SPAMAN, KIRA) (Entered: 03/31/2011) |
| 04/01/2011 | | Set Deadlines as to 22 MOTION for Extension of Time to File Answer. Motion set for 5/2/2011 before Magistrate Judge Lois H. Goodman. The motion will be decided on the papers. No appearances required unless notified by the court. (eaj) (Entered: 04/01/2011) |
| 04/04/2011 | 23 | ORDER granting 17 Defendant Jane Byrd's Motion for Extension of Time to Answer, Move or Otherwise reply to Plaintiff's Complaint within 30 days of this Order. Signed by Magistrate Judge Lois H. Goodman on 4/4/2011. (eaj) (Entered: 04/04/2011) |
| 04/11/2011 | 24 | ORDER granting 22 Motion for Extension of Time to Answer; Defendant Trenton Psychiatric Hospital shall file an answer or otherwise respond to Plaintiff's complaint within 30 days of this Order. Signed by Magistrate Judge Lois H. Goodman on 4/11/2011. (mmh) Modified on 4/13/2011 (dd). (Entered: 04/11/2011) |
| 04/19/2011 | 25 | MOTION to Dismiss by ADMINISTRATOR KAREN BALICKI, JANE BYRD, LPN, CENTRAL RECEPTION & ASSIGNMENT FACILITY (C.R.A.F.), SOUTH WOODS STATE PRISON, THE DEPARTMENT OF CORRECTIONS OF THE STATE OF NEW JERSEY, THE STATE OF NEW JERSEY. (Attachments: # 1 Brief, # 2 Text of Proposed Order, # 3 Certificate of Service)(SCOTT, SUSAN) (Entered: 04/19/2011) |
| 04/20/2011 | | Set Deadlines as to 25 MOTION to Dismiss. Motion set for 5/16/2011 before Judge Mary L. Cooper. The motion will be decided on the papers. No appearances required unless notified by the court. (jjc) (Entered: 04/20/2011) |
| 04/25/2011 | 26 | Letter from Shelley L. Stangler, Esq.. (STANGLER, SHELLEY) (Entered: 04/25/2011) |
| 04/25/2011 | | Reset Deadlines as to 25 MOTION to Dismiss. Motion Reset for 6/6/2011 before Judge Mary L. Cooper. The motion will be decided on the papers. No appearances required unless notified by the court. (eaj) (Entered: 04/25/2011) |
| 05/19/2011 | 27 | MOTION to Dismiss *in Lieu of Answer under Fed. R. Civ. P. 12(b)(6)* by TRENTON PSYCHIATRIC HOSPITAL. Responses due by 6/20/2011 (Attachments: # 1 Brief, # 2 Certificate of Service)(JORDAN, KAREN) (Entered: 05/19/2011) |
| 05/20/2011 | | Set Deadlines as to 27 MOTION to Dismiss *in Lieu of Answer under Fed. R. Civ. P. 12(b)(6)*. Motion set for 6/20/2011 before Judge Mary L. Cooper. The motion will be decided on the papers. No appearances required unless notified by the court. (eaj) (Entered: 05/20/2011) |
| 05/20/2011 | 28 | Letter from Shelley L. Stangler, Esq.. (STANGLER, SHELLEY) (Entered: 05/20/2011) |
| 05/20/2011 | 29 | Letter from Shelley L. Stangler, Esq.. (STANGLER, SHELLEY) (Entered: 05/20/2011) |
| 05/23/2011 | | CLERK'S QUALITY CONTROL MESSAGE - The Rule 7.1 Letter 29 filed by Shelley Stanger on 5/20/2011 was submitted incorrectly as a Letter. PLEASE RESUBMIT THE Letter Rule 7.1 USING Letter Rule 7.1 which can be found under Civil Events - Other DocumentsThis submission will remain on the docket unless otherwise ordered by the court. (eaj) (Entered: 05/23/2011) |
| 05/23/2011 | 30 | Rule 7.1(d)(5) Letter for an automatic extension of the return date of a dispositive motion re 27 MOTION to Dismiss *in Lieu of Answer under Fed. R. Civ. P. 12(b)(6)*. (STANGLER, SHELLEY) (Entered: 05/23/2011) |

**A140**

| | | |
|---|---|---|
| 05/23/2011 | 31 | Cross MOTION to Amend/Correct *COMPLAINT AND COMPEL DISCOVERY* by JOAN MULLIN. (Attachments: # 1 Cover Letter, # 2 Certificate of Service, # 3 Certification, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit, # 9 Brief, # 10 Brief, # 11 Text of Proposed Order)(STANGLER, SHELLEY) (Entered: 05/23/2011) |
| 05/23/2011 | | Reset Deadlines as to 27 MOTION to Dismiss *in Lieu of Answer under Fed. R. Civ. P. 12(b)(6)*. Motion Reset for 7/5/2011 before Judge Mary L. Cooper. The motion will be decided on the papers. No appearances required unless notified by the court. (eaj) (Entered: 05/23/2011) |
| 05/24/2011 | | Set Deadlines as to 31 Cross MOTION to Amend/Correct *COMPLAINT AND COMPEL DISCOVERY*. Motion set for 6/6/2011 before Judge Mary L. Cooper. The motion will be decided on the papers. No appearances required unless notified by the court. (eaj) (Entered: 05/24/2011) |
| 05/26/2011 | | ATTENTION COUNSEL: The Initial Conference scheduled for May 10, 2011 has been ADJOURNED pending decision on the pending motions. (ij, ) (Entered: 05/26/2011) |
| 06/03/2011 | 32 | REPLY to Response to Motion re 25 MOTION to Dismiss *and in Opposition to Plaintiff's Cross-Motions to Amend the Complaint and Compel Discovery* filed by ADMINISTRATOR KAREN BALICKI, JANE BYRD, LPN, CENTRAL RECEPTION & ASSIGNMENT FACILITY (C.R.A.F.), SOUTH WOODS STATE PRISON, THE DEPARTMENT OF CORRECTIONS OF THE STATE OF NEW JERSEY, THE STATE OF NEW JERSEY. (SCOTT, SUSAN) (Entered: 06/03/2011) |
| 06/06/2011 | 33 | Notice to be terminated and withdraw from Notices of Electronic filing as to case. Attorney SARAH G. CROWLEY terminated. (CROWLEY, SARAH) (Entered: 06/06/2011) |
| 06/20/2011 | 34 | RESPONSE in Opposition re 27 MOTION to Dismiss *in Lieu of Answer under Fed. R. Civ. P. 12(b)(6)* filed by JOAN MULLIN. (Attachments: # 1 Civil Cover Sheet, # 2 Certificate of Service, # 3 Certification, # 4 Exhibit, # 5 Exhibit, # 6 Brief, # 7 Brief, # 8 Text of Proposed Order)(STANGLER, SHELLEY) (Entered: 06/20/2011) |
| 06/21/2011 | | CLERK'S QUALITY CONTROL MESSAGE - The Response in Opposition to Motion 34 submitted by Thomas Hagner on 6/20/2011 contains a Cross-Motion. PLEASE RESUBMIT THE CROSS-MOTION USING THE CORRECT EVENT MOTION in order to have the Motion placed on the Court's calendar. Counsel is only to re-file the Motion and may refer to the supporting documents as being filed on the docket in entry 34. This submission will remain on the docket unless otherwise ordered by the court. (eaj) (Entered: 06/21/2011) |
| 06/21/2011 | 35 | Cross MOTION to Amend/Correct *Complaint* by JOAN MULLIN. (STANGLER, SHELLEY) (Entered: 06/21/2011) |
| 06/21/2011 | | Set Deadlines as to 35 Cross MOTION to Amend/Correct *Complaint*. Motion set for 7/5/2011 before Judge Mary L. Cooper. The motion will be decided on the papers. No appearances required unless notified by the court. (eaj) (Entered: 06/21/2011) |
| 06/22/2011 | 36 | SUMMONS Returned Executed by JOAN MULLIN. All Plaintiffs. (Attachments: # 1 Summons, # 2 Summons, # 3 Summons, # 4 Summons, # 5 Summons, # 6 Summons, # 7 Summons, # 8 Summons, # 9 Summons)(STANGLER, SHELLEY) (Entered: 06/22/2011) |
| 06/28/2011 | 37 | REPLY BRIEF to Opposition to Motion re 35 Cross MOTION to Amend/Correct *Complaint*, 27 MOTION to Dismiss *in Lieu of Answer under Fed. R. Civ. P. 12(b)(6)* filed by TRENTON PSYCHIATRIC HOSPITAL. (JORDAN, KAREN) (Entered: 06/28/2011) |

A141

| 06/28/2011 | 38 | Letter from Shelley L. Stangler, Esq.. (STANGLER, SHELLEY) (Entered: 06/28/2011) |
|---|---|---|
| 06/30/2011 | 39 | REPLY BRIEF to Opposition to Motion re 27 MOTION to Dismiss *in Lieu of Answer under Fed. R. Civ. P. 12(b)(6) Reply to defendant Trenton Psychiatric Hospitals opposition to plaintiffs cross-motion to amend the Complaint* filed by JOAN MULLIN. (STANGLER, SHELLEY) (Entered: 06/30/2011) |
| 09/21/2011 | 40 | ORDER referring the separate cross motions 31 and 35 to the Magistrate Judge; denying without prejudice 25 Defendants Motion to Dismiss ; denying without prejudice 27 Defendant Trenton Psychiatric Hospitals separate Motion to Dismiss. Signed by Judge Mary L. Cooper on 9/21/2011. (eaj) (Entered: 09/21/2011) |
| 09/21/2011 | | Reset Deadlines as to 35 Cross MOTION to Amend/Correct *Complaint*, 31 Cross MOTION to Amend/Correct *COMPLAINT AND COMPEL DISCOVERY*. Motion Reset for 10/17/2011 before Magistrate Judge Lois H. Goodman. The motion will be decided on the papers. No appearances required unless notified by the court. (eaj) (Entered: 09/21/2011) |
| 10/14/2011 | 41 | Letter from Deputy Attorney General Susan M. Scott on behalf of Defendants State of New Jersey, New Jersey Department of Corrections, South Woods State Prison, Central Reception and Assignment Facility, Karen Balicki and Jane Byrd in lieu of a motion for an extension of time to answer, move or otherwise reply until the Court has disposed of Plaintiff's motion to amend/correct the complaint and to compel discovery re 40 Order on Motion to Dismiss,,,. (SCOTT, SUSAN) (Entered: 10/14/2011) |
| 10/20/2011 | 42 | LETTER ORDER granting Defendants an extension of time to answer, move or otherwise reply to Plaintiffs complaint until the Court has disposed of Plaintiffs cross-motions. Signed by Magistrate Judge Lois H. Goodman on 10/20/2011. (eaj) (Entered: 10/20/2011) |
| 11/28/2011 | 43 | ORDER granting in part and denying in part Pltf's Cross-Motions for leave to amend the Complaint (Docket Entry Nos. 31 and 35 ); denying Pltf's request to amend the Complaint to add Defts Beatrice Teel, R.N. and Officer Dimler; granting Pltf's request to amend the Complaint to dismiss the State of New Jersey, the Department of Corrections of the State of New Jersey, South Woods State Prison, and C.R.A.F. and to add certain facts; that Pltf is to file her Amended Complaint within 5 days, and Defts shall answer, move or otherwise respond within 21 days thereafter; denying without prejudice Pltf's request for discovery. Signed by Magistrate Judge Lois H. Goodman on 11/28/2011. (gxh) (Entered: 11/28/2011) |
| 12/01/2011 | 44 | Letter from Shelley Stangler PC. (Attachments: # 1 2nd Amended Complaint Part 1of 2, # 2 2nd Amended Complaint Part 2 of 2)(STANGLER, SHELLEY) (Entered: 12/01/2011) |
| 12/01/2011 | | CLERK'S QUALITY CONTROL MESSAGE - The Second Amended Complaint 44 filed as an attachment to the Letter by Shelley Stangler on 12/1/2011 was submitted incorrectly as an attachment to the Letter. PLEASE RESUBMIT THE Second Amended Complaint USING Amended Complaint. This submission will remain on the docket unless otherwise ordered by the court. (eaj) (Entered: 12/01/2011) |
| 12/01/2011 | 45 | AMENDED COMPLAINT *Second Amended Complaint - JOAN MULLIN, ADMINISTRATRIX OF THE ESTATE OF ROBERT MULLIN, deceased and JOAN MULLIN, individually vs- ADMINISTRATOR KAREN BALICKI, in her personal, individual and professional capacities representing the State of New Jersey, the Department of Corrections of the State of New Jersey, South Woods State Prison, and Central Reception & Assignment Facility (C.R.A.F), DIRECTOR ROBERT PATTERSON, in his personal, individual and professional capacities, representing the State of New* |

A142

*Jersey, the Department of Corrections of the State of New Jersey, South Woods State Prison, and Central Reception & Assignment Facility (C.R.A.F.) DIRECTOR MARIE DUNLAP-PRYCE, in her personal, individual and professional capacities, representing the State of New Jersey, the Department of Corrections of the State of New Jersey, South Woods State Prison, and Central Reception & Assignment Facility (C.R.A.F.), JANE BYRD, L.P.N., in her personal, individual and professional capacities, ERIN MARUSKY, R.N., in her personal, individual and professional capacities, CHIEF EXECUTIVE OFFICER TERESA MCQUAIDE, RN, APRN-BC, in her personal, individual and professional capacities representing the Trenton Psychiatric Hospital; KINTOCK GROUP, MERCER COUNTY, JOHN DOES 2-10 (as yet unidentified and unknown governmental, county, or state officials, supervisors, agents or employees) in their personal, individual and professional capacities, ABC ENTITIES 1-10 (as yet unidentified and unknown governmental entities, agencies, units or subdivisions.* against All Defendants All Defendants., filed by JOAN MULLIN. (Attachments: # 1 Second Amended Complaint (Part II), # 2 Civil Cover Sheet)(STANGLER, SHELLEY) (Entered: 12/01/2011)

| 12/09/2011 | 46 | MOTION for Reconsideration by JOAN MULLIN. (Attachments: # 1 Civil Cover Sheet, # 2 Certificate of Service, # 3 Certification, # 4 Exhibit Pages 1-15, # 5 Exhibit Pages 16-29, # 6 Brief, # 7 Text of Proposed Order)(STANGLER, SHELLEY) (Entered: 12/09/2011) |
|---|---|---|
| 12/12/2011 | | Set Deadlines as to 46 MOTION for Reconsideration. Motion set for 1/3/2011 before Judge Mary L. Cooper. The motion will be decided on the papers. No appearances required unless notified by the court. (eaj) (Entered: 12/12/2011) |
| 12/12/2011 | 47 | Substitution of Attorney - Attorney KAREN LEE JORDAN terminated. Attorney KEVIN ALBERT TERHUNE for TRENTON PSYCHIATRIC HOSPITAL,KEVIN ALBERT TERHUNE for TRENTON PSYCHIATRIC HOSPITAL added.. (TERHUNE, KEVIN) (Entered: 12/12/2011) |
| 12/12/2011 | | CLERK'S QUALITY CONTROL MESSAGE - Kevin Terhune has restricted access to the Substitution of Attorney 47 filed on 12/12/2011 without an order or clarification as to why access was restricted. Please submit a certification stating that this document is to be marked Confidential Material or that this document's access was restricted in error. Please be advised, pursuant to Local Civil Rule 5.3, you must file a motion for leave to have a document sealed. (eaj) (Entered: 12/12/2011) |
| 12/13/2011 | 48 | NOTICE of Change of Address by DAVID C. DONOHUE (DONOHUE, DAVID) (Entered: 12/13/2011) |
| 12/13/2011 | 49 | Certification on behalf of TRENTON PSYCHIATRIC HOSPITAL Re QC - Seal - Restricted Document (non-restricted), QC - Seal - Restricted Document (non-restricted). (Attachments: # 1 Substitution of Attorney)(TERHUNE, KEVIN) (Entered: 12/13/2011) |
| 12/13/2011 | | CLERK'S QUALITY CONTROL MESSAGE - The Notice of Address Change 48 submitted by David Donahue on 12/13/2011 appears to have address information that was not updated on ECF. Please refer to the Courts website at www.njd.uscourts.gov for information and instructions on maintaining your account. (eaj) (Entered: 12/13/2011) |
| 12/13/2011 | 50 | ANSWER to Amended Complaint, CROSSCLAIM against All Defendants by JANE BYRD, LPN.(DONOHUE, DAVID) (Entered: 12/13/2011) |
| 12/16/2011 | 51 | MOTION to Dismiss *Plaintiffs' Second Amended Complaint* by ADMINISTRATOR KAREN BALICKI, DIRECTOR MARIE DUNLAP-PRYCE, DIRECTOR ROBERT PATERSON. (Attachments: # 1 Brief, # 2 Text of Proposed Order, # 3 Certificate of Service)(SCOTT, SUSAN) (Entered: 12/16/2011) |

| 12/16/2011 | | Set Deadlines as to 51 MOTION to Dismiss *Plaintiffs' Second Amended Complaint*. Motion set for 1/17/2012 before Judge Mary L. Cooper. The motion will be decided on the papers. No appearances required unless notified by the court. (eaj) (Entered: 12/16/2011) |
| --- | --- | --- |
| 12/20/2011 | 52 | ANSWER to Crossclaim, CROSSCLAIM against All Defendants by KINTOCK GROUP.(WELCH, JOHN) (Entered: 12/20/2011) |
| 12/20/2011 | 53 | ANSWER to Amended Complaint *Second Amended*, CROSSCLAIM against All Defendants by KINTOCK GROUP.(WELCH, JOHN) (Entered: 12/20/2011) |
| 12/20/2011 | 54 | Letter from Shelley Stangler, Esq.. (STANGLER, SHELLEY) (Entered: 12/20/2011) |
| 12/20/2011 | | CLERK'S QUALITY CONTROL MESSAGE - The Letter Rule 7.1 54 filed by Shelley Stanger on 12/20/2011 was submitted incorrectly as a Letter. PLEASE RESUBMIT THE Letter Rule 7.1 USING Letter Rule 7.1. This submission will remain on the docket unless otherwise ordered by the court. (eaj) (Entered: 12/20/2011) |
| 12/21/2011 | 55 | Rule 7.1(d)(5) Letter for an automatic extension of the return date of a dispositive motion re 46 MOTION for Reconsideration. (STANGLER, SHELLEY) (Entered: 12/21/2011) |
| 12/22/2011 | | Reset Deadlines as to 51 MOTION to Dismiss *Plaintiffs' Second Amended Complaint*. Motion Reset for 2/6/2012 before Judge Mary L. Cooper. The motion will be decided on the papers. No appearances required unless notified by the court. (eaj) (Entered: 12/22/2011) |
| 12/22/2011 | 56 | Letter. (STANGLER, SHELLEY) (Entered: 12/22/2011) |
| 01/09/2012 | 57 | ORDER denying without prejudice 51 Defts Marie Dunlap-Pryce and Robert Paterson's Motion to Dismiss. Signed by Judge Mary L. Cooper on 1/9/2012. (gxh) (Entered: 01/09/2012) |
| 02/07/2012 | 58 | CONSENT ORDER that Plaintiff shall have the 60 day period within which to file her affidavit of Merit on or before 4/12/2012. Signed by Magistrate Judge Lois H. Goodman on 2/7/2012. (eaj) (Entered: 02/07/2012) |
| 02/07/2012 | 59 | Letter from David C. Donohue, Esq.. (Attachments: # 1 Rule 26 Disclosure Statement) (DONOHUE, DAVID) (Entered: 02/07/2012) |
| 02/07/2012 | | CLERK'S QUALITY CONTROL MESSAGE - Please be advised that Rule 26 Disclosure Statement attached to the Letter 59 submitted by David Donohue on 2/7/2012 is not filed pursuant to the Local Rules of this Court. This submission will remain on the docket unless otherwise ordered by the Court. This message is for informational purposes only. (eaj) (Entered: 02/07/2012) |
| 02/10/2012 | 60 | Letter from Shelley L. Stangler. (STANGLER, SHELLEY) (Entered: 02/10/2012) |
| 02/21/2012 | 61 | Letter from John J. Welch, Esq.. (Attachments: # 1 Supplement supporting letter) (WELCH, JOHN) (Entered: 02/21/2012) |
| 02/21/2012 | 62 | Letter from David C. Donohue, Esq.. (DONOHUE, DAVID) (Entered: 02/21/2012) |
| 02/21/2012 | 63 | Letter from Deputy Attorney General Susan M. Scott on behalf of Defendants Byrd, Balicki, Dunlap-Pryce and Paterson re 60 Letter. (SCOTT, SUSAN) (Entered: 02/21/2012) |
| 02/21/2012 | | ATTENTION COUNSEL: Telephone Conference set for February 23, 2012 at 3:00 p.m. with Magistrate Judge Lois H. Goodman. Plaintiff's counsel to initiate the call at that time. (ij, ) (Entered: 02/21/2012) |

**A144**

| 02/21/2012 | 64 | Letter from Shelley L. Stangler, Esq.. (STANGLER, SHELLEY) (Entered: 02/21/2012) |
| 02/22/2012 | 65 | Letter from Shelley L. Stangler. (Attachments: # 1 Exhibit)(STANGLER, SHELLEY) (Entered: 02/22/2012) |
| 02/23/2012 | 67 | Minute Entry for proceedings held before Magistrate Judge Lois H. Goodman: Telephone Conference held on 2/23/2012 re: discovery, affidavit of merit, tort claims act and 64 Motion for reconsideration. Plaintiff's counsel to submit letter re: amended complaint and 64 Motion for reconsideration by March 2, 2012. Plaintiff is to file a motion with regard to the request for leave to serve a late tort claim notice by no later than March 9, 2012 to be returnable April 2, 2012. Order to be submitted. (Court Reporter/Recorder Digitally.) (ij, ) (Entered: 02/24/2012) |
| 02/24/2012 | 66 | LETTER ORDER instructing Plaintiff to file a motion with regard to the request for leave to serve a late tort claim notice by 3/9/2012, to be returnable 4/2/2012; Plaintiff is also to submit a letter to the Court setting forth the documents which Plaintiff contends comprise the record in the Motions to Amend and Motion for Reconsideration. Signed by Magistrate Judge Lois H. Goodman on 2/24/2012. (eaj) (Entered: 02/24/2012) |
| 03/05/2012 | 68 | Letter from Shelley L. Stangler, Esq. re 66 Order,. (STANGLER, SHELLEY) (Entered: 03/05/2012) |
| 03/09/2012 | 69 | MOTION for Leave to File *Late Notice of Claim* by JOAN MULLIN. (Attachments: # 1 Certification, # 2 Exhibit A-1, # 3 Exhibit A-2, # 4 Exhibit B, # 5 Exhibit C, # 6 Exhibit D, # 7 Exhibit E, # 8 Exhibit F, # 9 Exhibit G, # 10 Certificate of Service, # 11 Brief, # 12 Text of Proposed Order)(STANGLER, SHELLEY) (Entered: 03/09/2012) |
| 03/09/2012 | | Set Deadlines as to 69 MOTION for Leave to File *Late Notice of Claim.* Motion set for 4/2/2012 before Magistrate Judge Lois H. Goodman. The motion will be decided on the papers. No appearances required unless notified by the court. (eaj) (Entered: 03/09/2012) |
| 03/13/2012 | 70 | Letter from SHELLEY L. STANGLER, ESQ. (STANGLER, SHELLEY) (Entered: 03/13/2012) |
| 03/14/2012 | 71 | MOTION to Continue by JANE BYRD, LPN. (DONOHUE, DAVID) (Entered: 03/14/2012) |
| 03/14/2012 | | CLERK'S QUALITY CONTROL MESSAGE - The Rule 7.1 Letter 71 filed by David Donohue on 3/14/2012 was submitted incorrectly as a Motion to Continue. PLEASE RESUBMIT THE Rule 7.1 Letter USING The Correct Event. This submission will remain on the docket unless otherwise ordered by the court. (eaj) (Entered: 03/14/2012) |
| 03/14/2012 | 72 | Rule 7.1(d)(5) Letter for an automatic extension of the return date of a dispositive motion re 69 MOTION for Leave to File *Late Notice of Claim.* (DONOHUE, DAVID) (Entered: 03/14/2012) |
| 03/14/2012 | | RESET Deadlines as to 69 MOTION for Leave to File *Late Notice of Claim.* Motion Reset for 4/16/2012 before Judge Mary L. Cooper. The motion will be decided on the papers. No appearances required unless notified by the court. (eaj) (Entered: 03/14/2012) |
| 03/20/2012 | 73 | SUBSTITUTION OF ATTORNEY. (Attachments: # 1 Certificate of Service) (MICHELETTI, JOSEPH) (Entered: 03/20/2012) |
| 03/20/2012 | | CLERK'S QUALITY CONTROL MESSAGE - This message is in reference to the Substitution of Attorney 73 filed by Joseph M. Micheletti on 3/20/2012. Please be sure to add the substituting attorney as well as removing the outgoing attorney. The Clerk's office has added attorney Joseph M. Micheletti. (eaj) (Entered: 03/20/2012) |
| 04/02/2012 | 74 | Cross MOTION to Dismiss *plaintiffs' complaint and opposition to plaintiffs motion for* |

| | | |
|---|---|---|
| | | *leave to file late notice of claim* by JANE BYRD, LPN. Responses due by 4/16/2012 (Attachments: # 1 Brief, # 2 Certification with exhibits 1-2, # 3 Exhibit remaining exhibits 3-6)(DONOHUE, DAVID) (Entered: 04/02/2012) |
| 04/02/2012 | | Set Deadlines as to 74 Cross MOTION to Dismiss *plaintiffs' complaint and opposition to plaintiffs motion for leave to file late notice of claim.* Motion set for 4/16/2012 before Judge Mary L. Cooper. The motion will be decided on the papers. No appearances required unless notified by the court. (eaj) (Entered: 04/02/2012) |
| 04/04/2012 | 75 | Letter from SHELLEY L. STANGLER. (STANGLER, SHELLEY) (Entered: 04/04/2012) |
| 04/04/2012 | | CLERK'S QUALITY CONTROL MESSAGE - The Rule 7.1 Letter 75 filed by Shelley L. Stanger on 4/4/2012 was submitted incorrectly as a Letter. IN THE FUTURE, PLEASE SUBMIT THE Rule 7.1 Letter USING the Correct event Letter Rule 7.1 which can be found under Civil Events - Other Documents. This submission will remain on the docket unless otherwise ordered by the court. (eaj) (Entered: 04/04/2012) |
| 04/04/2012 | | RESET Deadlines as to 74 Cross MOTION to Dismiss *plaintiffs' complaint and opposition to plaintiffs motion for leave to file late notice of claim.* Motion Reset for 5/7/2012 before Judge Mary L. Cooper. The motion will be decided on the papers. No appearances required unless notified by the court. (eaj) (Entered: 04/04/2012) |
| 04/05/2012 | 76 | RESPONSE in Opposition filed by ADMINISTRATOR KAREN BALICKI, DIRECTOR MARIE DUNLAP-PRYCE, DIRECTOR ROBERT PATERSON re 69 MOTION for Leave to File *Late Notice of Claim* (Attachments: # 1 Certificate of Service) (MICHELETTI, JOSEPH) (Entered: 04/05/2012) |
| 04/05/2012 | 77 | ORDER denying 74 Defendant Jane Byrd's Motion to Dismiss; further Ordering that Byrd may again move for the relief sought in the cross motion once the Magistrate Judge resolves the Motion for Leave to File Late Notice of Claim. Signed by Judge Mary L. Cooper on 4/5/2012. (eaj) (Entered: 04/05/2012) |
| 04/30/2012 | 78 | REPLY BRIEF to Opposition to Motion filed by JOAN MULLIN re 69 MOTION for Leave to File *Late Notice of Claim against UMDNJ and defendant Jane Byrd LPN ("Byrd")* (Attachments: # 1 letter, # 2 Certification, # 3 Certificate of Service) (STANGLER, SHELLEY) (Entered: 04/30/2012) |
| 06/15/2012 | 79 | ORDER To Seal Ordering that Exhibits C and G to Plaintiffs Motion for Late Notice of Tort Claim be and hereby are temporarily sealed and the Clerks Office is directed to place Docket Entry Nos. 69-5 and 69-9 under seal; further Ordering that Plaintiff shall file a motion to seal and for leave to file redacted versions within 5 days of entry of this Order. Signed by Magistrate Judge Lois H. Goodman on 6/14/2012. (eaj) (Entered: 06/15/2012) |
| 06/19/2012 | 80 | ORDER granting 46 Plaintiff's Motion for Reconsideration; Ordering that Plaintiff's request for leave to amend the Complaint to add claims against Officer Dimler, Nurse Teel, and Teresa McQuaide are DENIED; further Ordering that Plaintiff is granted leave to file a Fourth Amended Complaint in compliance with the Court's 11/28/2011 order, within 10 days of entry of this Order. Signed by Magistrate Judge Lois H. Goodman on 6/19/2012. (eaj) Modified on 6/22/2012 (eaj, ). (Entered: 06/19/2012) |
| 06/20/2012 | 81 | MOTION to Seal *CERTAIN EXHIBITS ELECTRONICALLY FILED AND FOR LEAVE TO FILE REDACTED VERSION OF EXHIBITS,* MOTION to Seal Document by JOAN MULLIN. (Attachments: # 1 Civil Cover Sheet, # 2 Certificate of Service, # 3 Certification, # 4 Text of Proposed Order)(STANGLER, SHELLEY) (Entered: 06/20/2012) |
| 06/20/2012 | 82 | BRIEF *SUPPLEMENTAL BRIEFING ON THE APPLICABILITY OF N.J.S.A. TITLE* |

| | | |
|---|---|---|
| | | *59:8-8 (B) TO PLAINTIFFS MOTION TO FILE A LATE NOTICE OF CLAIM* (STANGLER, SHELLEY) (Entered: 06/20/2012) |
| 06/21/2012 | | Set Deadlines as to <u>81</u> MOTION to Seal *CERTAIN EXHIBITS ELECTRONICALLY FILED AND FOR LEAVE TO FILE REDACTED VERSION OF EXHIBITS* MOTION to Seal Document . Motion set for 7/16/2012 before Magistrate Judge Lois H. Goodman. The motion will be decided on the papers. No appearances required unless notified by the court. (jjc) (Entered: 06/21/2012) |
| 06/21/2012 | 83 | MEMORANDUM in Opposition filed by JANE BYRD, LPN re <u>69</u> MOTION for Leave to File *Late Notice of Claim* (DONOHUE, DAVID) (Entered: 06/21/2012) |
| 06/22/2012 | 84 | REPLY to Response to Motion filed by JOAN MULLIN re <u>69</u> MOTION for Leave to File *Late Notice of Claim REPLY TO THE JUNE 21, 2012 OPPOSITION SUBMITTED BY DEFENDANT NURSE BYRD TO PLAINTIFFS SUPPLEMENTAL BRIEFING* (STANGLER, SHELLEY) (Entered: 06/22/2012) |
| 07/03/2012 | 85 | MOTION to Amend/Correct *NOTICE OF MOTION OBJECTING TO and APPEAL OF MAGISTRATE ORDER OF JUNE 19, 2012 AND TO AMEND THE COMPLAINT BASED ON NEW INFORMATION RECEIVED JULY 2, 2012* by JOAN MULLIN. (Attachments: # <u>1</u> Civil Cover Sheet, # <u>2</u> Certificate of Service, # <u>3</u> Certification, # <u>4</u> Exhibit, # <u>5</u> Exhibit Exhibit B - Part I, # <u>6</u> Exhibit Exhibit B - Part II, # <u>7</u> Exhibit, # <u>8</u> Brief Brief - Part I, # <u>9</u> Brief Brief - Part II, # <u>10</u> Text of Proposed Order)(STANGLER, SHELLEY) (Entered: 07/03/2012) |
| 07/05/2012 | | Set Deadlines as to <u>85</u> MOTION to Amend/Correct *NOTICE OF MOTION OBJECTING TO and APPEAL OF MAGISTRATE ORDER OF JUNE 19, 2012 AND TO AMEND THE COMPLAINT BASED ON NEW INFORMATION RECEIVED JULY 2, 2012*. Motion set for 8/6/2012 before Judge Mary L. Cooper. The motion will be decided on the papers. No appearances required unless notified by the court. (eaj) (Entered: 07/05/2012) |
| 07/06/2012 | 86 | RESPONSE in Opposition filed by ADMINISTRATOR KAREN BALICKI, CENTRAL RECEPTION & ASSIGNMENT FACILITY (C.R.A.F.), DIRECTOR MARIE DUNLAP-PRYCE, DIRECTOR ROBERT PATERSON, SOUTH WOODS STATE PRISON, THE DEPARTMENT OF CORRECTIONS OF THE STATE OF NEW JERSEY, THE STATE OF NEW JERSEY re <u>85</u> MOTION to Amend/Correct *NOTICE OF MOTION OBJECTING TO and APPEAL OF MAGISTRATE ORDER OF JUNE 19, 2012 AND TO AMEND THE COMPLAINT BASED ON NEW INFORMATION RECEIVED JULY 2, 2012* (Attachments: # <u>1</u> Certificate of Service)(MICHELETTI, JOSEPH) (Entered: 07/06/2012) |
| 07/06/2012 | 87 | Letter from John J Welch. (WELCH, JOHN) (Entered: 07/06/2012) |
| 07/06/2012 | | CLERK'S QUALITY CONTROL MESSAGE - The Letter Rule 7.1 <u>87</u> filed by John Welch on 7/6/2012 was submitted incorrectly as a Letter. PLEASE RESUBMIT THE Letter Rule 7.1 USING the correct event Letter Rule 7.1. This submission will remain on the docket unless otherwise ordered by the court. (eaj) (Entered: 07/06/2012) |
| 07/06/2012 | 88 | Rule 7.1(d)(5) Letter for an automatic extension of the return date of a dispositive motion re <u>85</u> MOTION to Amend/Correct *NOTICE OF MOTION OBJECTING TO and APPEAL OF MAGISTRATE ORDER OF JUNE 19, 2012 AND TO AMEND THE COMPLAINT BASED ON NEW INFORMATION RECEIVED JULY 2, 2012* . (WELCH, JOHN) (Entered: 07/06/2012) |
| 07/06/2012 | | RESET Deadlines as to <u>85</u> MOTION to Amend/Correct *NOTICE OF MOTION OBJECTING TO and APPEAL OF MAGISTRATE ORDER OF JUNE 19, 2012 AND TO AMEND THE COMPLAINT BASED ON NEW INFORMATION RECEIVED JULY 2, 2012*. Motion Reset for 8/20/2012 before Judge Mary L. Cooper. The motion will be |

| | | |
|---|---|---|
| | | decided on the papers. No appearances required unless notified by the court. (Per Chambers) (eaj) (Entered: 07/06/2012) |
| 07/09/2012 | 89 | ORDER dismissing without Prejudice 85 Plaintiff's Motion to the extent that it purports to appeal from the Order of the Magistrate Judge, entered 6/19/2012; Denying without Prejudice the Motion 85 to the extent that it seeks leave to assert new claims based on newly-acquired information; further Ordering that the Plaintiff is Granted leave to file a separate notice of appeal from the Order of the Magistrate Judge by 7/17/2012 and granted leave to separately move for leave to assert new claims based on newly-acquired information by 7/17/2012. Signed by Judge Mary L. Cooper on 7/9/2012. (eaj) (Entered: 07/09/2012) |
| 07/16/2012 | 90 | MOTION to Amend/Correct *NOTICE OF APPEAL OBJECTING TO MAGISTRATE ORDER OF JUNE 19, 2012 DENYING AMENDMENT OF THE COMPLAINT* by JOAN MULLIN. (Attachments: # 1 Civil Cover Sheet, # 2 Certificate of Service, # 3 Certification, # 4 Brief, # 5 Brief, # 6 Text of Proposed Order)(STANGLER, SHELLEY) (Entered: 07/16/2012) |
| 07/16/2012 | 91 | MOTION to Amend/Correct *NOTICE OF MOTION TO AMEND THE COMPLAINT BASED ON NEW INFORMATION RECEIVED JULY 2, 2012* by JOAN MULLIN. (Attachments: # 1 Civil Cover Sheet, # 2 Certificate of Service, # 3 Certification, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Brief, # 8 Brief, # 9 Brief)(STANGLER, SHELLEY) (Entered: 07/16/2012) |
| 07/17/2012 | | CLERK'S QUALITY CONTROL MESSAGE - The Appeal of Magistrate Decision to The District Court 90 filed by Shelley Stanger on 7/16/2012 was submitted incorrectly as a Motion to Amend/Correct. PLEASE RESUBMIT The Appeal of Magistrate Decision to District Court USING the Correct event Appeal of Magistrate Decision to District Court, which can be found under Appeal Documents. The Calendar event created by this incorrect filing has been terminated. This submission will remain on the docket unless otherwise ordered by the court. (eaj) (Entered: 07/17/2012) |
| 07/17/2012 | | Set Deadlines as to 91 MOTION to Amend/Correct *NOTICE OF MOTION TO AMEND THE COMPLAINT BASED ON NEW INFORMATION RECEIVED JULY 2, 2012*. Motion set for 8/20/2012 before Magistrate Judge Lois H. Goodman. The motion will be decided on the papers. No appearances required unless notified by the court. (eaj) (Entered: 07/17/2012) |
| 07/17/2012 | 92 | APPEAL OF MAGISTRATE JUDGE DECISION to District Court by JOAN MULLIN (Attachments: # 1 Civil Cover Sheet, # 2 Certificate of Service, # 3 Certification, # 4 Brief, # 5 Brief, # 6 Text of Proposed Order)(STANGLER, SHELLEY) (Entered: 07/17/2012) |
| 07/17/2012 | | Set Deadlines as to 92 APPEAL OF MAGISTRATE JUDGE DECISION to District Court by JOAN MULLIN. Motion set for 8/20/2012 before Judge Mary L. Cooper. The motion will be decided on the papers. No appearances required unless notified by the court. (eaj) (Entered: 07/17/2012) |
| 07/18/2012 | 93 | RESPONSE in Opposition filed by ADMINISTRATOR KAREN BALICKI, DIRECTOR MARIE DUNLAP-PRYCE, DIRECTOR ROBERT PATERSON re 91 MOTION to Amend/Correct *NOTICE OF MOTION TO AMEND THE COMPLAINT BASED ON NEW INFORMATION RECEIVED JULY 2, 2012* (Attachments: # 1 Certificate of Service)(MICHELETTI, JOSEPH) (Entered: 07/18/2012) |
| 08/02/2012 | 94 | OPINION filed. Signed by Judge Mary L. Cooper on 8/2/2012. (eaj) (Entered: 08/02/2012) |
| 08/02/2012 | 95 | ORDER that the Magistrate Judge's Order entered 6/29/2012 80 is Affirmed; terminating |

| | | |
|---|---|---|
| | | <u>92</u> Appeal Magistrate Judge Decision to District Court. Signed by Judge Mary L. Cooper on 8/2/2012. (eaj) ). (Entered: 08/02/2012) |
| 08/06/2012 | <u>96</u> | RESPONSE in Opposition filed by KINTOCK GROUP re <u>91</u> MOTION to Amend/Correct *NOTICE OF MOTION TO AMEND THE COMPLAINT BASED ON NEW INFORMATION RECEIVED JULY 2, 2012* (Attachments: # <u>1</u> Certificate of Service)(WELCH, JOHN) (Entered: 08/06/2012) |
| 08/15/2012 | <u>97</u> | RESPONSE in Opposition filed by JOAN MULLIN re <u>91</u> MOTION to Amend/Correct *NOTICE OF MOTION TO AMEND THE COMPLAINT BASED ON NEW INFORMATION RECEIVED JULY 2, 2012 Reply to the opposition filed by defendant Kintock Group on August 6, 2012 to plaintiffs motion to amend the complaint, returnable August 20, 2012.* (STANGLER, SHELLEY) (Entered: 08/15/2012) |
| 08/23/2012 | <u>98</u> | ORDER granting <u>81</u> Plaintiff's Motion to Seal; Ordering that Exhibits C and G to the notice of motion to file a late notice of claim, Docket Entry Numbers 69-5 and 69-9, respectively, be are and hereby sealed; further Ordering that plaintiff shall file redacted versions of the Exhibits within 5 days of entry of this Order. Signed by Magistrate Judge Lois H. Goodman on 8/23/2012. (eaj) (Entered: 08/23/2012) |
| 08/30/2012 | <u>99</u> | ORDER granting <u>69</u> Plaintiff's Motion for Leave to serve a late notice of tort claim; further Ordering that Plaintiff shall serve the notice within 10 days of the entry of this Order. Signed by Magistrate Judge Lois H. Goodman on 8/30/2012. (eaj) Modified on 9/10/2012 (eaj, ). (Entered: 08/30/2012) |
| 09/11/2012 | 100 | TEXT ORDER - This shall confirm that the initial rule 16 has been reset for 10/24/12 at 2:00 p.m. before Magistrate Judge Lois H. Goodman. The joint discovery plan, as well as any disputes regarding it, be submitted to the undersigned no later than five days prior to the above conference (see L.Civ.R. 26.1(b)); the joint discovery plan should NOT be electronically filed, but may be submitted to Chambers via regular mail, facsimile [(609) 989-2193], or e-mail [lhg_orders@njd.uscourts.gov] Kindly mark your calendar accordingly. Ordered by Magistrate Judge Lois H. Goodman on 9/11/12. (ij, ) (Entered: 09/11/2012) |
| 09/11/2012 | | ATTENTION COUNSEL: The Initial Conference previously set for 10/24/12 with Magistrate Judge Lois H. Goodman has been RESCHEDULED to 10/26/12 at 2:30 p.m. (ij, ) (Entered: 09/11/2012) |
| 09/14/2012 | <u>101</u> | ORDER granting <u>91</u> Plaintiff's Motion to Amend; further Ordering the Plaintiff is granted leave to file the Fourth Amended Complaint within 10 days of entry of this Order. Signed by Magistrate Judge Lois H. Goodman on 9/14/2012. (eaj) (Entered: 09/14/2012) |
| 09/21/2012 | <u>102</u> | AMENDED COMPLAINT *Fourth Amended Complaint* against ABC ENTITIES 1-10, ADMINISTRATOR KAREN BALICKI, JANE BYRD, LPN, CENTRAL RECEPTION & ASSIGNMENT FACILITY (C.R.A.F.), DIRECTOR MARIE DUNLAP-PRYCE, DIRECTOR ROBERT PATERSON, JOHN DOES 1-10((as yet unidentified and unknown governmental, county, or state officials, supervisors, agents or employees)), KINTOCK GROUP, ERIN MARUSKY, RN, MERCER COUNTY, SOUTH WOODS STATE PRISON, THE DEPARTMENT OF CORRECTIONS OF THE STATE OF NEW JERSEY, THE STATE OF NEW JERSEY, TRENTON PSYCHIATRIC HOSPITAL, Officer Dimler, Beatrice Teel, filed by JOAN MULLIN. (Attachments: # <u>1</u> Complaint - pages 16-33, # <u>2</u> Civil Cover Sheet)(STANGLER, SHELLEY) (Entered: 09/21/2012) |
| 09/21/2012 | <u>103</u> | Corporate Disclosure Statement by JOAN MULLIN. (STANGLER, SHELLEY) (Entered: 09/21/2012) |
| 10/05/2012 | <u>104</u> | ANSWER to Amended Complaint, CROSSCLAIM against All Defendants by |

A149

| | | |
|---|---|---|
| | | KINTOCK GROUP.(WELCH, JOHN) (Entered: 10/05/2012) |
| 10/08/2012 | 105 | Substitution of Attorney - Attorney JOSEPH M. MICHELETTI terminated. Attorney CHRISTINE H. KIM for ADMINISTRATOR KAREN BALICKI,CHRISTINE H. KIM for ADMINISTRATOR KAREN BALICKI,CHRISTINE H. KIM for ADMINISTRATOR KAREN BALICKI,CHRISTINE H. KIM for ADMINISTRATOR KAREN BALICKI,CHRISTINE H. KIM for ADMINISTRATOR KAREN BALICKI,CHRISTINE H. KIM for ADMINISTRATOR KAREN BALICKI,CHRISTINE H. KIM for JANE BYRD, LPN,CHRISTINE H. KIM for JANE BYRD, LPN,CHRISTINE H. KIM for JANE BYRD, LPN,CHRISTINE H. KIM for JANE BYRD, LPN,CHRISTINE H. KIM for JANE BYRD, LPN,CHRISTINE H. KIM for JANE BYRD, LPN,CHRISTINE H. KIM for JANE BYRD, LPN,CHRISTINE H. KIM for CENTRAL RECEPTION & ASSIGNMENT FACILITY (C.R.A.F.),CHRISTINE H. KIM for CENTRAL RECEPTION & ASSIGNMENT FACILITY (C.R.A.F.),CHRISTINE H. KIM for CENTRAL RECEPTION & ASSIGNMENT FACILITY (C.R.A.F.),CHRISTINE H. KIM for CENTRAL RECEPTION & ASSIGNMENT FACILITY (C.R.A.F.),CHRISTINE H. KIM for CENTRAL RECEPTION & ASSIGNMENT FACILITY (C.R.A.F.),CHRISTINE H. KIM for CENTRAL RECEPTION & ASSIGNMENT FACILITY (C.R.A.F.),CHRISTINE H. KIM for DIRECTOR MARIE DUNLAP-PRYCE,CHRISTINE H. KIM for DIRECTOR MARIE DUNLAP-PRYCE,CHRISTINE H. KIM for DIRECTOR MARIE DUNLAP-PRYCE,CHRISTINE H. KIM for DIRECTOR MARIE DUNLAP-PRYCE,CHRISTINE H. KIM for DIRECTOR MARIE DUNLAP-PRYCE,CHRISTINE H. KIM for DIRECTOR MARIE DUNLAP-PRYCE,CHRISTINE H. KIM for DIRECTOR ROBERT PATERSON,CHRISTINE H. KIM for DIRECTOR ROBERT PATERSON,CHRISTINE H. KIM for DIRECTOR ROBERT PATERSON,CHRISTINE H. KIM for DIRECTOR ROBERT PATERSON,CHRISTINE H. KIM for DIRECTOR ROBERT PATERSON,CHRISTINE H. KIM for DIRECTOR ROBERT PATERSON,CHRISTINE H. KIM for SOUTH WOODS STATE PRISON,CHRISTINE H. KIM for SOUTH WOODS STATE PRISON,CHRISTINE H. KIM for SOUTH WOODS STATE PRISON,CHRISTINE H. KIM for SOUTH WOODS STATE PRISON,CHRISTINE H. KIM for SOUTH WOODS STATE PRISON,CHRISTINE H. KIM for SOUTH WOODS STATE PRISON,CHRISTINE H. KIM for THE DEPARTMENT OF CORRECTIONS OF THE STATE OF NEW JERSEY,CHRISTINE H. KIM for THE DEPARTMENT OF CORRECTIONS OF THE STATE OF NEW JERSEY,CHRISTINE H. KIM for THE DEPARTMENT OF CORRECTIONS OF THE STATE OF NEW JERSEY,CHRISTINE H. KIM for THE DEPARTMENT OF CORRECTIONS OF THE STATE OF NEW JERSEY,CHRISTINE H. KIM for THE DEPARTMENT OF CORRECTIONS OF THE STATE OF NEW JERSEY,CHRISTINE H. KIM for THE DEPARTMENT OF CORRECTIONS OF THE STATE OF NEW JERSEY,CHRISTINE H. KIM for THE STATE OF NEW JERSEY,CHRISTINE H. KIM for THE STATE OF NEW JERSEY,CHRISTINE H. KIM for THE STATE OF NEW JERSEY,CHRISTINE H. KIM for THE STATE OF NEW JERSEY,CHRISTINE H. KIM for THE STATE OF NEW JERSEY,CHRISTINE H. KIM for THE STATE OF NEW JERSEY added.. (Attachments: # 1 Certificate of Service)(KIM, CHRISTINE) (Entered: 10/08/2012) |
| 10/24/2012 | 106 | Joint Discovery Plan by ADMINISTRATOR KAREN BALICKI. (Attachments: # 1 Civil Cover Sheet)(STANGLER, SHELLEY) (Entered: 10/24/2012) |
| 10/24/2012 | | ATTENTION COUNSEL: The Initial Conference scheduled for 10/26/12 with Magistrate Judge Lois H. Goodman has been RESCHEDULED to 10/31/12 at 10:30 a.m. (ij, ) (Entered: 10/24/2012) |
| 10/24/2012 | 107 | Joint Discovery Plan by JOAN MULLIN. (Attachments: # 1 Civil Cover Sheet) |

A150

| | | (STANGLER, SHELLEY) (Entered: 10/24/2012) |
|---|---|---|
| 10/24/2012 | 108 | *Defendant Jane Byrd, LPN* ANSWER to Amended Complaint *Fourth Amended,* CROSSCLAIM against All Defendants by JANE BYRD, LPN.(DONOHUE, DAVID) (Entered: 10/24/2012) |
| 10/25/2012 | | CLERK'S QUALITY CONTROL MESSAGE - Please be advised that Joint Discovery Plan 106 submitted by Shelley Stangler on 10/24/2012 is not filed pursuant to the Local Rules of this Court. This submission will remain on the docket unless otherwise ordered by the Court. This message is for informational purposes only. (eaj) (Entered: 10/25/2012) |
| 10/25/2012 | | CLERK'S QUALITY CONTROL MESSAGE - Please be advised that Joint Discovery Plan 107 submitted by Shelley Stangler on 10/24/2012 is not filed pursuant to the Local Rules of this Court. This submission will remain on the docket unless otherwise ordered by the Court. This message is for informational purposes only. (eaj) (Entered: 10/25/2012) |
| 10/25/2012 | 109 | Joint Discovery Plan by JOAN MULLIN. (Attachments: # 1 Civil Cover Sheet) (STANGLER, SHELLEY) (Entered: 10/25/2012) |
| 10/25/2012 | | CLERK'S QUALITY CONTROL MESSAGE - Please be advised that Joint Discovery Plan 109 submitted by Shelley Stangler on 10/25/2012 is not filed pursuant to the Local Rules of this Court. This submission will remain on the docket unless otherwise ordered by the Court. This message is for informational purposes only. (eaj) (Entered: 10/25/2012) (eaj) (Entered: 10/25/2012) |
| 11/08/2012 | 110 | TEXT ORDER rescheduling the Initial Conference before Magistrate Judge Lois H. Goodman to 11/26/12 at 9:30 a.m. Ordered by Magistrate Judge Lois H. Goodman on 11/8/12. (ij, ) (Entered: 11/08/2012) |
| 11/25/2012 | 111 | MOTION to Dismiss *Plaintiffs' Fourth Amended Complaint* by ADMINISTRATOR KAREN BALICKI, DIRECTOR MARIE DUNLAP-PRYCE, DIRECTOR ROBERT PATERSON. (Attachments: # 1 Brief, # 2 Text of Proposed Order, # 3 Certificate of Service)(KIM, CHRISTINE) (Entered: 11/25/2012) |
| 11/26/2012 | | Set Deadlines as to 111 MOTION to Dismiss *Plaintiffs' Fourth Amended Complaint*. Motion set for 1/7/2013 before Judge Mary L. Cooper. The motion will be decided on the papers. No appearances required unless notified by the court. (eaj) (Entered: 11/26/2012) |
| 11/26/2012 | 112 | Rule 7.1(d)(5) Letter for an automatic extension of the return date of a dispositive motion re 111 MOTION to Dismiss *Plaintiffs' Fourth Amended Complaint* . (STANGLER, SHELLEY) (Entered: 11/26/2012) |
| 11/26/2012 | | RESET Deadlines as to 111 MOTION to Dismiss *Plaintiffs' Fourth Amended Complaint*. Motion set for 1/22/2013 before Judge Mary L. Cooper. The motion will be decided on the papers. No appearances required unless notified by the court. (eaj) (Entered: 11/26/2012) |
| 11/26/2012 | | Text Minute Entry for proceedings held before Magistrate Judge Lois H. Goodman: Initial Pretrial Conference held on 11/26/2012. (ij, ) (Entered: 11/29/2012) |
| 11/27/2012 | 113 | PRETRIAL SCHEDULING ORDER: Settlement Conference set for 1/31/2013 at 10:00 AM in Trenton - Courtroom 7E before Magistrate Judge Lois H. Goodman; Any Motions to Amend the Pleadings or Join New Parties due by 1/25/2013; Fact Discovery due by 5/7/2013; Dispositive Motions due by 9/27/2013.. Signed by Magistrate Judge Lois H. Goodman on 11/27/2012. (eaj) (Entered: 11/27/2012) |
| 11/29/2012 | 114 | MOTION to Dismiss *Complaint with prejudice* by JANE BYRD, LPN. Responses due |

| | | |
|---|---|---|
| | | by 1/4/2013 (DONOHUE, DAVID) (Entered: 11/29/2012) |
| 11/30/2012 | | Set Deadlines as to 114 MOTION to Dismiss *Complaint with prejudice*. Motion set for 1/7/2013 before Judge Mary L. Cooper. The motion will be decided on the papers. No appearances required unless notified by the court. (eaj) (Entered: 11/30/2012) |
| 12/03/2012 | 115 | Rule 7.1(d)(5) Letter for an automatic extension of the return date of a dispositive motion filed by JOAN MULLIN re 114 MOTION to Dismiss *Complaint with prejudice* (STANGLER, SHELLEY) (Entered: 12/03/2012) |
| 12/03/2012 | 116 | MOTION to Dismiss *Plaintiffs' Complaint* by JANE BYRD, LPN. (DONOHUE, DAVID) (Entered: 12/03/2012) |
| 12/04/2012 | | CLERK'S QUALITY CONTROL MESSAGE - The Motions to Dismiss the Complaint 114 & 116 submitted by David Donohue on 11/29/2012 and 12/3/2012 appear to be duplicates. These submissions will remain on the docket unless otherwise ordered by the court. The Calendar event created by the second filing has been terminated. This message is for informational purposes only. (eaj) (Entered: 12/04/2012) |
| 12/04/2012 | | RESET Deadlines as to 114 MOTION to Dismiss *Complaint with prejudice*. Motion set for 1/22/2013 before Judge Mary L. Cooper. The motion will be decided on the papers. No appearances required unless notified by the court. (eaj) (Entered: 12/04/2012) |
| 01/07/2013 | 117 | Letter from SHELLEY L. STANGLER, ESQ.. (STANGLER, SHELLEY) (Entered: 01/07/2013) |
| 01/22/2013 | 118 | BRIEF in Opposition filed by JOAN MULLIN re 111 MOTION to Dismiss *Plaintiffs' Fourth Amended Complaint*, 114 MOTION to Dismiss *Complaint with prejudice Plaintiffs briefs as follows in opposition to the State Defendants motion to dismiss and in opposition to defendant Jane Byrd RNs motion to dismiss* (Attachments: # 1 Brief Brief - Part I, # 2 Brief Bief - Part II, # 3 Brief, # 4 Unpublished Case - Package I, # 5 Unpublished Case - Package II, # 6 Unpublished Case - Package III, # 7 Unpublished Case - Package IV, # 8 Unpublished Case - Package V, # 9 Unpublished Case - Package VI, # 10 Unpublished Case - Package VII, # 11 Unpublished Case - Package VIII, # 12 Unpublished Case - Package IX)(STANGLER, SHELLEY) (Entered: 01/22/2013) |
| 01/28/2013 | 119 | LETTER ORDER Denying Plaintiffs request for leave to Amend, if and when Plaintiff believes an amendment is appropriate, Plaintiff can seek leave but must show that any such request is based on information that was not and could not have been known by Plaintiffs before the date set out in the Scheduling Order expired. Signed by Magistrate Judge Lois H. Goodman on 1/28/2013. (eaj) (Entered: 01/28/2013) |
| 01/28/2013 | 120 | TEXT ORDER rescheduling the Settlement Conference with Magistrate Judge Lois H. Goodman to 3/26/13 at 2:30 p.m. Ordered by Magistrate Judge Lois H. Goodman on 1/28/13. (ij, ) (Entered: 01/28/2013) |
| 01/28/2013 | | ATTENTION COUNSEL: The Settlement Conference scheduled for 3/26/13 has been RESCHEDULED to 3/28/13 at 10:00 a.m. with Magistrate Judge Lois H. Goodman. (ij, ) (Entered: 01/28/2013) |
| 01/30/2013 | 121 | Letter from Christine Kim requesting an extension of time to file a Reply Brief re 111 MOTION to Dismiss *Plaintiffs' Fourth Amended Complaint*, 118 Brief in Opposition to Motion,,,. (KIM, CHRISTINE) (Entered: 01/30/2013) |
| 01/31/2013 | 122 | ORDER adjourning the return date for the 111 MOTION to Dismiss *Plaintiffs' Fourth Amended Complaint* until 2/19/2013. Signed by Magistrate Judge Lois H. Goodman on 1/31/2013. (eaj) (Entered: 01/31/2013) |
| 01/31/2013 | | RESET Deadlines as to 111 MOTION to Dismiss *Plaintiffs' Fourth Amended Complaint*. |

| | | |
|---|---|---|
| | | Motion set for 2/19/2013 before Judge Mary L. Cooper. The motion will be decided on the papers. No appearances required unless notified by the court. (eaj) (Entered: 01/31/2013) |
| 01/31/2013 | 123 | REPLY BRIEF to Opposition to Motion filed by JANE BYRD, LPN re 114 MOTION to Dismiss *Complaint with prejudice* (Attachments: # 1 Brief)(DONOHUE, DAVID) (Entered: 01/31/2013) |
| 02/01/2013 | 124 | Letter from David Donohue, Esq.. (DONOHUE, DAVID) (Entered: 02/01/2013) |
| 02/04/2013 | 125 | LETTER ORDER granting Counsels request for a brief extension to file a reply brief in further support of the motion to dismiss 114 . Signed by Magistrate Judge Lois H. Goodman on 2/4/2013. (eaj) (Entered: 02/04/2013) |
| 02/13/2013 | 126 | REPLY BRIEF to Opposition to Motion filed by ADMINISTRATOR KAREN BALICKI, DIRECTOR MARIE DUNLAP-PRYCE, DIRECTOR ROBERT PATERSON re 111 MOTION to Dismiss *Plaintiffs' Fourth Amended Complaint* (KIM, CHRISTINE) (Entered: 02/13/2013) |
| 02/26/2013 | 127 | Letter from SHELLEY L STANGLER. (STANGLER, SHELLEY) (Entered: 02/26/2013) |
| 02/26/2013 | | CLERK'S NOTE: 127 letter request by plaintiff to file a sur-reply is granted. Plaintiff's sur-reply is due by 3/8/13. (eh, ) (Entered: 02/26/2013) |
| 03/08/2013 | 128 | Letter from SHELLEY L STANGLER. (Attachments: # 1 Brief including Exhibit A) (STANGLER, SHELLEY) (Entered: 03/08/2013) |
| 03/08/2013 | 129 | ORDER that the Second Amended Complaint insofar as it is asserted against the Defts ERIN MARUSKY, R.N., OFFICER DIMLER, and BEATRICE TEEL, R.N. will be dismissed on 3/22/2013, without further notice to Pltf, unless before that date, the Pltf responds to this Order; that the motion by the Defts listed as Administrator Karen Balicki, Director Marie Dunlap-Pryce, and Director Robert Paterson to dismiss the Second Amended Complaint insofar as it is asserted against them (Docket Entry No. 111 ) is ADMINISTRATIVELY TERMINATED, and will be determined on the merits simultaneously with the separate motion filed under Docket Entry No. 114 . Signed by Judge Mary L. Cooper on 3/8/2013. (gxh) (Entered: 03/08/2013) |
| 03/19/2013 | 130 | BRIEF *In Response to Court's Notice of Dismissal Docket Entry No. 129* (Attachments: # 1 Statement, # 2 Certification, # 3 Exhibit, # 4 Exhibit)(STANGLER, SHELLEY) (Entered: 03/19/2013) |
| 03/25/2013 | 131 | TEXT ORDER converting the Settlement Conference scheduled for 3/28/13 with Magistrate Judge Lois H. Goodman into a Telephone Conference. Ms. Christine Kim to initiate the call at that time. Ordered by Magistrate Judge Lois H. Goodman on 3/25/13. (ij, ) (Entered: 03/25/2013) |
| 03/26/2013 | 132 | Application and Proposed Order for Clerk's Order to extend time to answer as to Officer Dimler. Attorney CHRISTINE H. KIM for Officer Dimler, CHRISTINE H. KIM for Officer Dimler, CHRISTINE H. KIM for Officer Dimler, CHRISTINE H. KIM for Officer Dimler, CHRISTINE H. KIM for Officer Dimler, CHRISTINE H. KIM for Officer Dimler, added. (Attachments: # 1 Certificate of Service)(KIM, CHRISTINE) (Entered: 03/26/2013) |
| 03/27/2013 | | Clerk`s Text Order - The document 132 Application for Clerk's Order to Ext Answer/Proposed Order, submitted by Officer Dimler has been GRANTED. The answer due date has been set for 4/9/2013. (eaj) (Entered: 03/27/2013) |
| 03/28/2013 | | Text Minute Entry for proceedings held before Magistrate Judge Lois H. Goodman: Telephone Conference held on 3/28/2013. (ij, ) (Entered: 04/03/2013) |

| 04/05/2013 | 133 | AMENDED PRETRIAL SCHEDULING ORDER: Telephone Conference set for 6/18/2013 at 10:00 AM before Magistrate Judge Lois H. Goodman, Mr. Welch is to initiate the call; Fact Discovery due by 7/31/2013; Dispositive Motions due by 11/22/2013. Signed by Magistrate Judge Lois H. Goodman on 4/5/2013. (eaj) (Entered: 04/05/2013) |
|---|---|---|
| 04/09/2013 | 134 | ANSWER to Amended Complaint by Officer Dimler. (Attachments: # 1 Certificate of Service)(KIM, CHRISTINE) (Entered: 04/09/2013) |
| 04/09/2013 | 135 | Letter from Christine H. Kim to add Defendant Officer Dimler to DOC Defendants' Motion to Dismiss re Set/Reset Motion and R&R Deadlines/Hearings,. (Attachments: # 1 Text of Proposed Order)(KIM, CHRISTINE) (Entered: 04/09/2013) |
| 04/10/2013 | 136 | Letter from SHELLEY L. STANGLER IN RESPONSE TO THE APRIL 9, 2013 LETTER BY THE ATTORNEY GENRAL SEEKING TO "ADD" OFFICER DIMLER TO MOTION TO DISMISS.. (STANGLER, SHELLEY) (Entered: 04/10/2013) |
| 04/18/2013 | 137 | MOTION for Protective Order by ADMINISTRATOR KAREN BALICKI, JANE BYRD, LPN, DIRECTOR MARIE DUNLAP-PRYCE, DIRECTOR ROBERT PATERSON, Officer Dimler. (Attachments: # 1 Text of Proposed Order, # 2 Certification of Christine H. Kim, # 3 Statement that No Brief is Necessary, # 4 Certificate of Service) (KIM, CHRISTINE) (Entered: 04/18/2013) |
| 04/18/2013 | | Set Deadlines as to 137 MOTION for Protective Order . Motion set for 5/20/2013 before Magistrate Judge Lois H. Goodman. The motion will be decided on the papers. No appearances required unless notified by the court. (jjc) (Entered: 04/18/2013) |
| 04/22/2013 | 138 | CONSENT PROTECTIVE Order. Signed by Magistrate Judge Lois H. Goodman on 4/22/2013. (eaj) (Entered: 04/22/2013) |
| 05/03/2013 | 139 | ORDER that the claims asserted against the defendants Officer Dimler and Beatrice Teel, R.N., may proceed; Dismissing the claims asserted against defendant Erin Marusky, R.N.. Signed by Judge Mary L. Cooper on 5/2/2013. (eaj) (Entered: 05/03/2013) |
| 05/10/2013 | 140 | MOTION for Joinder by RANDY MILLER. (Attachments: # 1 Text of Proposed Order, # 2 Declaration, # 3 Certificate of Service, # 4 Statement)(MILLER, RANDY) (Entered: 05/10/2013) |
| 05/13/2013 | | Set Deadlines as to 140 MOTION for Joinder . Motion set for 6/3/2013 before Magistrate Judge Lois H. Goodman. The motion will be decided on the papers. No appearances required unless notified by the court. (eaj) (Entered: 05/13/2013) |
| 05/13/2013 | 141 | Rule 7.1(d)(5) Letter for an automatic extension of the return date of a dispositive motion re 140 MOTION for Joinder . (STANGLER, SHELLEY) (Entered: 05/13/2013) |
| 05/14/2013 | 142 | Substitution of Attorney - Attorney CHRISTINE H. KIM terminated. Attorney RANDY MILLER for ADMINISTRATOR KAREN BALICKI, RANDY MILLER for JANE BYRD, RANDY MILLER for DIRECTOR MARIE DUNLAP-PRYCE, RANDY MILLER for Officer Dimler, RANDY MILLER for Beatrice Teel, added.. (Attachments: # 1 Certification)(MILLER, RANDY) (Entered: 05/14/2013) |
| 05/14/2013 | | CLERK'S QUALITY CONTROL MESSAGE - The Clerk's office is unable to grant the Rule 7.1 Letter request 141 filed by Shelley Stangler on 5/13/2013 because it is not a dispositive motion. If you require more time to respond to the motion, you must request that extension from Chambers. This message is for informational purposes only. (eaj,) (Entered: 05/14/2013) |
| 05/14/2013 | 143 | ORDER denying without prejudice Defendants, Karen Balicki, Robert Paterson, and Marie Dunlap-Pryce, Motion to Dismiss 111 ; denying without prejudice Defendant Jane |

| | | |
|---|---|---|
| | | Byrd's 114 Motion to Dismiss; denying as moot 140 Motion for Joinder; further Ordering that any Defendants wishing to move for dismissal of the Second Amended Complaint shall file such a motion by 6/7/2013. Signed by Judge Mary L. Cooper on 5/13/2013. (eaj) Modified on 5/14/2013 (eaj, ). (Entered: 05/14/2013) |
| 05/14/2013 | | CLERK'S QUALITY CONTROL MESSAGE - Please be advised, when entering a Substitution of Attorney in a case, counsel should add their name when prompted. The Clerks office has added Randy Miller as representing ADMINISTRATOR KAREN BALICKI, DIRECTOR MARIE DUNLAP-PRYCE, DIRECTOR ROBERT PATERSON, Officer Dimler, AND Beatrice Teel in this case. This submission will remain on the docket unless otherwise ordered by the court. This message is for informational purposes only. (eaj) (Entered: 05/14/2013) |
| 05/20/2013 | 144 | First MOTION to Dismiss *Second Amended Complaint* by JANE BYRD, LPN. Responses due by 7/1/2013 (DONOHUE, DAVID) (Entered: 05/20/2013) |
| 05/20/2013 | | Set Deadlines as to 144 First MOTION to Dismiss *Second Amended Complaint*. Motion set for 6/17/2013 before Judge Mary L. Cooper. The motion will be decided on the papers. No appearances required unless notified by the court. (eaj) (Entered: 05/20/2013) |
| 05/20/2013 | | RESET Deadlines as to 144 First MOTION to Dismiss *Second Amended Complaint*. Motion set for 7/1/2013 before Judge Mary L. Cooper. The motion will be decided on the papers. No appearances required unless notified by the court. (eaj) (Entered: 05/20/2013) |
| 06/06/2013 | 145 | MOTION to Dismiss *Complaint* by ADMINISTRATOR KAREN BALICKI. Responses due by 7/1/2013 (Attachments: # 1 Brief, # 2 Certificate of Service, # 3 Text of Proposed Order)(MILLER, RANDY) (Entered: 06/06/2013) |
| 06/06/2013 | 146 | MOTION to Dismiss *Complaint* by RANDY MILLER. Responses due by 7/1/2013 (Attachments: # 1 Brief, # 2 Certificate of Service, # 3 Text of Proposed Order) (MILLER, RANDY) (Entered: 06/06/2013) |
| 06/07/2013 | | Set Deadlines as to 145 MOTION to Dismiss *Complaint*. Motion set for 7/1/2013 before Judge Mary L. Cooper. The motion will be decided on the papers. No appearances required unless notified by the court. (eaj) (Entered: 06/07/2013) |
| 06/07/2013 | | Set Deadlines as to 146 MOTION to Dismiss *Complaint*. Motion set for 7/1/2013 before Judge Mary L. Cooper. The motion will be decided on the papers. No appearances required unless notified by the court. (eaj) (Entered: 06/07/2013) |
| 06/17/2013 | 147 | BRIEF in Opposition filed by JOAN MULLIN re 145 MOTION to Dismiss *Complaint*, 146 MOTION to Dismiss *Complaint* (Attachments: # 1 BRIEF PART 2, # 2 BRIEF PART 3, # 3 Letter to Judge Cooper, # 4 Order)(STANGLER, SHELLEY) (Entered: 06/17/2013) |
| 06/17/2013 | 148 | BRIEF in Opposition filed by JOAN MULLIN re 144 First MOTION to Dismiss *Second Amended Complaint* (Attachments: # 1 Letter to Judge Cooper, # 2 Order)(STANGLER, SHELLEY) Modified filing party on 6/17/2013 (mmh). (Entered: 06/17/2013) |
| 06/18/2013 | | Text Minute Entry for proceedings held before Magistrate Judge Lois H. Goodman: Telephone Conference held on 6/18/2013. (ij, ) (Entered: 06/19/2013) |
| 06/21/2013 | 149 | PRETRIAL SCHEDULING ORDER: Telephone Status Conference set for 9/24/2013 at 09:30 AM before Magistrate Judge Lois H. Goodman, Plaintiff is to initiate the call; Ordering that if the parties cannot resolve the remaining discovery issues, the parties shall file a joint submission by 7/12/2013. Signed by Magistrate Judge Lois H. Goodman on 6/21/2013. (eaj) (Entered: 06/21/2013) |
| 06/26/2013 | 150 | BRIEF in Support filed by JANE BYRD, LPN re 144 First MOTION to Dismiss *Second |

| | | |
|---|---|---|
| | | *Amended Complaint* (DONOHUE, DAVID) (Entered: 06/26/2013) |
| 08/12/2013 | 151 | Substitution of Attorney - Attorney DAVID C. DONOHUE terminated.. (DONOHUE, DAVID) (Entered: 08/12/2013) |
| 09/24/2013 | | Text Minute Entry for proceedings held before Magistrate Judge Lois H. Goodman: Telephone Conference held on 9/24/2013. (ij, ) (Entered: 09/25/2013) |
| 09/26/2013 | 152 | TEXT ORDER setting a Telephone Conference for 11/18/13 at 9:30 a.m. Mr. John Welch to initiate the call at that time. Ordered by Magistrate Judge Lois H. Goodman on 9/26/13. (ij, ) (Entered: 09/26/2013) |
| 11/01/2013 | 153 | OPINION filed. Signed by Judge Mary L. Cooper on 11/1/2013. (eaj) (Entered: 11/01/2013) |
| 11/01/2013 | 154 | ORDER granting in part and denying in part 144 Motion to Dismiss; Granting as to the claims against Jane Byrd, L.P.N. in her official capacity and as to the state common-law claims; Denying as to the Constitutional claims under 42 U.S.C. § 1983 and N.J.S.A. 10:6-1 et seq. against Jane Byrd, L.P.N., in her individual or personal capacity; granting 145 Motion to Dismiss by Defendants Administrator Karen Balicki, Director Robert Patterson, Director Marie Dunlap-Pryce, Officer Dimler, and Beatrice Teel, R.N.,; Administratively terminating 146 Motion to Dismiss. Signed by Judge Mary L. Cooper on 11/1/2013. (eaj) (Entered: 11/01/2013) |
| 11/13/2013 | 155 | First MOTION for Reconsideration *& to Amend the Complaint* by JOAN MULLIN. (Attachments: # 1 Certification Redacted, # 2 Brief Redacted, # 3 Amended Complaint Redacted, # 4 Amended Complaint Redacted, # 5 Text of Proposed Order, # 6 Exhibit Unpublished Cases Part 1, # 7 Exhibit Unpublished Cases Part 2)(STANGLER, SHELLEY) (Entered: 11/13/2013) |
| 11/13/2013 | 156 | First MOTION to Seal Document *Pursuant to Local Rule 5.3* by JOAN MULLIN. (Attachments: # 1 Certification, # 2 Text of Proposed Order)(STANGLER, SHELLEY) (Entered: 11/13/2013) |
| 11/13/2013 | 157 | BRIEF in Support filed by JOAN MULLIN re 155 First MOTION for Reconsideration *& to Amend the Complaint*, 156 First MOTION to Seal Document *Pursuant to Local Rule 5.3* (Attachments: # 1 Certification Unredacted, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C-Unredacted Amended Complaint Part 1, # 5 Exhibit C-Unredacted Amended Complaint Part 2, # 6 Exhibit D)(STANGLER, SHELLEY) (Entered: 11/13/2013) |
| 11/13/2013 | | Set Deadlines as to 155 First MOTION for Reconsideration *& to Amend the Complaint*. Motion set for 12/16/2013 before Judge Mary L. Cooper. The motion will be decided on the papers. No appearances required unless notified by the court. (eaj) (Entered: 11/13/2013) |
| 11/13/2013 | | Set Deadlines as to 156 First MOTION to Seal Document *Pursuant to Local Rule 5.3*. Motion set for 12/16/2013 before Magistrate Judge Lois H. Goodman. The motion will be decided on the papers. No appearances required unless notified by the court. (eaj) (Entered: 11/13/2013) |
| 11/15/2013 | 158 | ORDER denying 155 Plaintiffs' Motion for Reconsideration of certain portions of the Order dated 11/1/2013 and for leave to assert new claims; Ordering that the Plaintiffs are granted leave to file a separate notice of motion concerning reconsideration of the Order by 11/25/2013 in accordance with the Federal Rules of Civil Procedure and the Local Civil Rules; further Ordering that Plaintiffs are granted leave to file a separate notice of motion concerning leave to assert new claims, as well as separate briefs and exhibits in support thereof, before the Magistrate Judge AFTER THE SEPARATELY-FILED |

**A156**

| | | |
|---|---|---|
| | | MOTION FOR RECONSIDERATION HAS BEEN RESOLVED. Signed by Judge Mary L. Cooper on 11/15/2013. (eaj) (Entered: 11/15/2013) |
| 11/18/2013 | | Text Minute Entry for proceedings held before Magistrate Judge Lois H. Goodman: Telephone Conference held on 11/18/2013. (ij, ) (Entered: 11/19/2013) |
| 11/20/2013 | 159 | TEXT ORDER setting a Telephone Conference for 1/28/14 at 9:30 a.m. with Magistrate Judge Lois H. Goodman. Plaintiff's counsel to initiate the call at that time. Ordered by Magistrate Judge Lois H. Goodman on 11/20/13. (ij, ) (Entered: 11/20/2013) |
| 11/25/2013 | 160 | First MOTION for Reconsideration by JOAN MULLIN. (Attachments: # 1 Certification Certification in Support of Motion for Reconsideration-Redacted, # 2 Brief Brief in Support of Motion for Reconsideration-Redacted, # 3 Text of Proposed Order) (STANGLER, SHELLEY) (Entered: 11/25/2013) |
| 11/25/2013 | 161 | BRIEF in Support filed by JOAN MULLIN re 160 First MOTION for Reconsideration (Attachments: # 1 Certification UNREDACTED, # 2 Exhibit UNREDACTED) (STANGLER, SHELLEY) (Entered: 11/25/2013) |
| 11/26/2013 | | Set Deadlines as to 160 First MOTION for Reconsideration . Motion set for 1/6/2014 before Judge Mary L. Cooper. The motion will be decided on the papers. No appearances required unless notified by the court. (eaj) (Entered: 11/26/2013) |
| 12/23/2013 | 162 | First MOTION to Seal Document *Brief and Exhibit in Opposition to Reconsideration* by JANE BYRD, LPN. (DONOHUE, DAVID) (Entered: 12/23/2013) |
| 12/23/2013 | 163 | BRIEF in Opposition filed by JANE BYRD, LPN re 160 First MOTION for Reconsideration (DONOHUE, DAVID) (Entered: 12/23/2013) |
| 12/23/2013 | 164 | BRIEF in Opposition filed by JANE BYRD, LPN re 160 First MOTION for Reconsideration (DONOHUE, DAVID) (Entered: 12/23/2013) |
| 12/23/2013 | 165 | Substitution of Attorney - Attorney RANDY MILLER terminated. Attorney DANIEL MICHAEL VANNELLA for ADMINISTRATOR KAREN BALICKI,DANIEL MICHAEL VANNELLA for ADMINISTRATOR KAREN BALICKI,DANIEL MICHAEL VANNELLA for ADMINISTRATOR KAREN BALICKI,DANIEL MICHAEL VANNELLA for ADMINISTRATOR KAREN BALICKI,DANIEL MICHAEL VANNELLA for ADMINISTRATOR KAREN BALICKI,DANIEL MICHAEL VANNELLA for ADMINISTRATOR KAREN BALICKI,DANIEL MICHAEL VANNELLA for JANE BYRD, LPN,DANIEL MICHAEL VANNELLA for JANE BYRD, LPN,DANIEL MICHAEL VANNELLA for JANE BYRD, LPN,DANIEL MICHAEL VANNELLA for JANE BYRD, LPN,DANIEL MICHAEL VANNELLA for JANE BYRD, LPN,DANIEL MICHAEL VANNELLA for JANE BYRD, LPN,DANIEL MICHAEL VANNELLA for JANE BYRD, LPN,DANIEL MICHAEL VANNELLA for JANE BYRD, LPN,DANIEL MICHAEL VANNELLA for DIRECTOR MARIE DUNLAP-PRYCE,DANIEL MICHAEL VANNELLA for DIRECTOR MARIE DUNLAP-PRYCE,DANIEL MICHAEL VANNELLA for DIRECTOR MARIE DUNLAP-PRYCE,DANIEL MICHAEL VANNELLA for DIRECTOR MARIE DUNLAP-PRYCE,DANIEL MICHAEL VANNELLA for DIRECTOR MARIE DUNLAP-PRYCE,DANIEL MICHAEL VANNELLA for DIRECTOR MARIE DUNLAP-PRYCE,DANIEL MICHAEL VANNELLA for DIRECTOR ROBERT PATERSON,DANIEL MICHAEL VANNELLA for DIRECTOR ROBERT PATERSON,DANIEL MICHAEL VANNELLA for DIRECTOR ROBERT PATERSON,DANIEL MICHAEL VANNELLA for DIRECTOR ROBERT PATERSON,DANIEL MICHAEL VANNELLA for DIRECTOR ROBERT PATERSON,DANIEL MICHAEL VANNELLA for DIRECTOR ROBERT PATERSON,DANIEL MICHAEL VANNELLA for Officer Dimler,DANIEL MICHAEL |

| | | |
|---|---|---|
| | | VANNELLA for Officer Dimler,DANIEL MICHAEL VANNELLA for Beatrice Teel,DANIEL MICHAEL VANNELLA for Beatrice Teel added.. (VANNELLA, DANIEL) (Entered: 12/23/2013) |
| 12/23/2013 | 166 | MOTION to Seal Document *(Brief To Be Submitted in Opposition to Plaintiff's Motion for Reconsideration)* by ADMINISTRATOR KAREN BALICKI, DIRECTOR MARIE DUNLAP-PRYCE, DIRECTOR ROBERT PATERSON, Officer Dimler. (Attachments: # 1 Statement that No Brief Is Necessary, # 2 Declaration of Daniel M. Vannella, # 3 Text of Proposed Order, # 4 Certificate of Service)(VANNELLA, DANIEL) (Entered: 12/23/2013) |
| 12/23/2013 | 167 | BRIEF in Opposition filed by ADMINISTRATOR KAREN BALICKI, DIRECTOR MARIE DUNLAP-PRYCE, DIRECTOR ROBERT PATERSON, Officer Dimler re 160 First MOTION for Reconsideration *(filed under temporary seal)* (VANNELLA, DANIEL) (Entered: 12/23/2013) |
| 12/23/2013 | 168 | BRIEF in Opposition filed by ADMINISTRATOR KAREN BALICKI, DIRECTOR MARIE DUNLAP-PRYCE, DIRECTOR ROBERT PATERSON, Officer Dimler re 160 First MOTION for Reconsideration *(redacted version)* (Attachments: # 1 Certificate of Service)(VANNELLA, DANIEL) (Entered: 12/23/2013) |
| 12/23/2013 | | Set Deadlines as to 166 MOTION to Seal Document *(Brief To Be Submitted in Opposition to Plaintiff's Motion for Reconsideration)*. Motion set for 1/21/2014 before Judge Mary L. Cooper. The motion will be decided on the papers. No appearances required unless notified by the court. (eaj) (Entered: 12/23/2013) |
| 12/23/2013 | | Set Deadlines as to 162 First MOTION to Seal Document *Brief and Exhibit in Opposition to Reconsideration*. Motion set for 1/21/2014 before Magistrate Judge Lois H. Goodman. The motion will be decided on the papers. No appearances required unless notified by the court. (eaj) (Entered: 12/23/2013) |
| 12/23/2013 | | RESET Deadlines as to 166 MOTION to Seal Document *(Brief To Be Submitted in Opposition to Plaintiff's Motion for Reconsideration)*. Motion set for 1/21/2014 before Magistrate Judge Lois H. Goodman. The motion will be decided on the papers. No appearances required unless notified by the court. (eaj) (Entered: 12/23/2013) |
| 12/30/2013 | 169 | Rule 7.1(d)(5) Letter for an automatic extension of the return date of a dispositive motion re 160 First MOTION for Reconsideration . (STANGLER, SHELLEY) (Entered: 12/30/2013) |
| 12/30/2013 | | CLERK'S QUALITY CONTROL MESSAGE - Please be advised that the Rule 7.1 Letter 169 submitted by Shelley Stangler on 12/30/2013 cannot be granted as requested because a Motion to Reconsider is not dispositive. This request has been sent to Chambers. This submission will remain on the docket unless otherwise ordered by the Court. This message is for informational purposes only. (jjc) (Entered: 12/30/2013) |
| 12/30/2013 | 170 | Letter from DAG Vannella to Court opposing plaintiffs' request for leave re 169 Letter Rule 7.1. (VANNELLA, DANIEL) (Entered: 12/30/2013) |
| 12/30/2013 | 171 | Exhibit to 170 Letter by ADMINISTRATOR KAREN BALICKI, DIRECTOR MARIE DUNLAP-PRYCE, DIRECTOR ROBERT PATERSON, Officer Dimler. (VANNELLA, DANIEL) (Entered: 12/30/2013) |
| 12/30/2013 | 172 | Exhibit to 170 Letter by ADMINISTRATOR KAREN BALICKI, DIRECTOR MARIE DUNLAP-PRYCE, DIRECTOR ROBERT PATERSON, Officer Dimler. (VANNELLA, DANIEL) (Entered: 12/30/2013) |
| 12/30/2013 | 173 | Letter from Shelley L. Stangler, Esq.. (STANGLER, SHELLEY) (Entered: 12/30/2013) |

| 01/02/2014 | 174 | RESPONSE in Support filed by JOAN MULLIN re 160 First MOTION for Reconsideration (Attachments: # 1 Supplemental Certification in Reply to Opposition to Plaintiff's Motion for Reconsideration, # 2 Exhibit A, # 3 Exhibit D, # 4 Exhibit E, # 5 Certificate of Service, # 6 Unpublished Cases (1 of 2), # 7 Unpublished Cases (2 of 2), # 8 Cover Letter)(STANGLER, SHELLEY) (Entered: 01/02/2014) |
| 01/02/2014 | 175 | Exhibit to 174 Response in Support of Motion, by JOAN MULLIN. (Attachments: # 1 Exhibit B (2 of 3), # 2 Exhibit B (3 of 3), # 3 Exhibit C, # 4 Exhibit F)(STANGLER, SHELLEY) (Entered: 01/02/2014) |
| 01/02/2014 | 176 | Letter from Farkas & Donohue on behalf of defendant Byrd. (DONOHUE, DAVID) (Entered: 01/02/2014) |
| 01/06/2014 | 177 | Letter from DAG Vannella re 175 Exhibit (to Document), 174 Response in Support of Motion,. (VANNELLA, DANIEL) (Entered: 01/06/2014) |
| 01/28/2014 | | Text Minute Entry for proceedings held before Magistrate Judge Lois H. Goodman: Telephone Conference held on 1/28/2014. (ij, ) (Entered: 01/29/2014) |
| 01/30/2014 | | ATTENTION COUNSEL: Telephone Conference set for 3/3/14 at 9:30 a.m. with Magistrate Judge Lois H. Goodman. Plaintiff's counsel to initiate the call at that time. (ij, ) (Entered: 01/30/2014) |
| 02/10/2014 | 178 | ORDER granting 156 Motion to Seal Document. Signed by Magistrate Judge Lois H. Goodman on 2/10/2014. (eaj) (Entered: 02/10/2014) |
| 02/10/2014 | 179 | ORDER granting 162 Motion to Seal Document. Signed by Magistrate Judge Lois H. Goodman on 2/10/2014. (eaj) (Entered: 02/10/2014) |
| 02/10/2014 | 180 | ORDER granting 166 Motion to Seal Document. Signed by Magistrate Judge Lois H. Goodman on 2/10/2014. (eaj) (Entered: 02/10/2014) |
| 02/25/2014 | 181 | Substitution of Attorney - Attorney DANIEL MICHAEL VANNELLA terminated.. (VANNELLA, DANIEL) (Entered: 02/25/2014) |
| 03/04/2014 | 182 | Letter from Shelley L. Stangler, Esq.. (STANGLER, SHELLEY) (Entered: 03/04/2014) |
| 03/04/2014 | 183 | Letter from DAG Vannella re 182 Letter. (VANNELLA, DANIEL) (Entered: 03/04/2014) |
| 03/13/2014 | | ATTENTION COUNSEL: The Telephone Conference scheduled for 3/3/14 has been rescheduled to 3/19/14 at 10:00 a.m. with Magistrate Judge Lois H. Goodman. (ij, ) (Entered: 03/13/2014) |
| 03/19/2014 | | Text Minute Entry for proceedings held before Magistrate Judge Lois H. Goodman: Telephone Conference held on 3/19/2014. (jb, ) (Entered: 03/20/2014) |
| 03/31/2014 | 184 | ORDER denying 160 Plaintiff's Motion for Reconsideration; Ordering that Plaintiff's are granted leave to move again before this Court for reconsideration of parts of the Order dated 11/1/2013, while presenting evidence [that was] not previously available [that] has become available by 4/24/2014. Signed by Judge Mary L. Cooper on 3/31/2014. (eaj) (Entered: 03/31/2014) |
| 04/24/2014 | 185 | MOTION for Reconsideration *Pursuant to Local Rule 7.1* by JOAN MULLIN. (Attachments: # 1 Certification REDACTED, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit H, # 5 Exhibit Q, # 6 Exhibit R, # 7 Exhibit S, # 8 Certificate of Service, # 9 Brief REDACTED, # 10 Text of Proposed Order, # 11 COVER LETTER)(STANGLER, SHELLEY) (Entered: 04/24/2014) |
| 04/24/2014 | 186 | BRIEF *IN SUPPORT OF MOTION FOR RECONSIDERATION-UNREDACTED* (Attachments: # 1 Certification UNREDACTED, # 2 Exhibit C, # 3 Exhibit D, # 4 |

|  |  |  |
|---|---|---|
|  |  | Exhibit E, # 5 Exhibit F, # 6 Exhibit G, # 7 Exhibit I, # 8 Exhibit J, # 9 Exhibit K, # 10 Exhibit L, # 11 Exhibit M, # 12 Exhibit N, # 13 Exhibit O)(STANGLER, SHELLEY) (Entered: 04/24/2014) |
| 04/25/2014 |  | Set Deadlines as to 185 MOTION for Reconsideration *Pursuant to Local Rule 7.1*. Motion set for 5/21/2014 before Judge Mary L. Cooper. The motion will be decided on the papers. No appearances required unless notified by the court. (eaj, ) (Entered: 04/25/2014) |
| 04/25/2014 | 187 | Exhibit to 185 Motion for Reconsideration, by JOAN MULLIN. (Attachments: # 1 Exhibit P (2 OF2), # 2 COVER LETTER)(STANGLER, SHELLEY) (Entered: 04/25/2014) |
| 05/05/2014 | 188 | BRIEF in Opposition filed by JANE BYRD, LPN re 185 MOTION for Reconsideration *Pursuant to Local Rule 7.1* (DONOHUE, DAVID) (Entered: 05/05/2014) |
| 05/05/2014 | 189 | BRIEF in Opposition filed by JANE BYRD, LPN re 185 MOTION for Reconsideration *Pursuant to Local Rule 7.1* (Attachments: # 1 Exhibit)(DONOHUE, DAVID) (Entered: 05/05/2014) |
| 05/05/2014 | 190 | BRIEF in Opposition filed by JANE BYRD, LPN re 185 MOTION for Reconsideration *Pursuant to Local Rule 7.1* (Attachments: # 1 Exhibit)(DONOHUE, DAVID) (Entered: 05/05/2014) |
| 05/05/2014 | 191 | MOTION to Seal Document 190 Brief in Opposition to Motion, 189 Brief in Opposition to Motion by JANE BYRD, LPN. (DONOHUE, DAVID) (Entered: 05/05/2014) |
| 05/05/2014 | 192 | TEXT ORDER docket entry 190 is temporarily sealed pending a motion to permanently seal the document. Defendant is instructed to file any motion to seal by no later than 5/15/14. Ordered by Magistrate Judge Lois H. Goodman on 5/5/14. (ij, ) (Entered: 05/05/2014) |
| 05/06/2014 |  | Set Deadlines as to 191 MOTION to Seal Document 190 Brief in Opposition to Motion, 189 Brief in Opposition to Motion . Motion set for 6/2/2014 before Magistrate Judge Lois H. Goodman. The motion will be decided on the papers. No appearances required unless notified by the court. (eaj, ) (Entered: 05/06/2014) |
| 05/06/2014 | 193 | MOTION to Seal Document 185 MOTION for Reconsideration *Pursuant to Local Rule 7.1*, 186 Brief, by JOAN MULLIN. (Attachments: # 1 Certification, # 2 Text of Proposed Order)(STANGLER, SHELLEY) (Entered: 05/06/2014) |
| 05/06/2014 |  | Set Deadlines as to 193 MOTION to Seal Document 185 MOTION for Reconsideration *Pursuant to Local Rule 7.1*, 186 Brief, . Motion set for 6/2/2014 before Magistrate Judge Lois H. Goodman. The motion will be decided on the papers. No appearances required unless notified by the court. (jjc) (Entered: 05/06/2014) |
| 05/07/2014 |  | Reset Deadlines as to 185 MOTION for Reconsideration *Pursuant to Local Rule 7.1*. Motion reset for 5/19/2014 before Judge Mary L. Cooper. The motion will be decided on the papers. No appearances required unless notified by the court. (jjc) (Entered: 05/07/2014) |
| 05/07/2014 | 194 | Letter from DAG Vannella to court re Set/Reset Motion and R&R Deadlines/Hearings,. (VANNELLA, DANIEL) (Entered: 05/07/2014) |
| 05/07/2014 | 195 | MOTION to Seal *(Unredacted Brief in Opposition to Plaintiff's Motion for Reconsideration (D.E. 185))* by ADMINISTRATOR KAREN BALICKI, DIRECTOR MARIE DUNLAP-PRYCE, DIRECTOR ROBERT PATERSON, Officer Dimler. (Attachments: # 1 Statement that No Brief Is Necessary, # 2 Declaration of Daniel M. |

**A160**

| | | Vannella, # 3 Text of Proposed Order, # 4 Certificate of Service)(VANNELLA, DANIEL) (Entered: 05/07/2014) |
|---|---|---|
| 05/07/2014 | 196 | Exhibit to 195 Motion to Seal, by ADMINISTRATOR KAREN BALICKI, DIRECTOR MARIE DUNLAP-PRYCE, DIRECTOR ROBERT PATERSON, Officer Dimler. (VANNELLA, DANIEL) (Entered: 05/07/2014) |
| 05/07/2014 | 197 | CERTIFICATE OF SERVICE by DIRECTOR MARIE DUNLAP-PRYCE, DIRECTOR ROBERT PATERSON, Officer Dimler re 196 Exhibit (to Document) (VANNELLA, DANIEL) (Entered: 05/07/2014) |
| 05/07/2014 | 198 | BRIEF in Opposition filed by ADMINISTRATOR KAREN BALICKI, DIRECTOR MARIE DUNLAP-PRYCE, DIRECTOR ROBERT PATERSON, Officer Dimler re 185 MOTION for Reconsideration *Pursuant to Local Rule 7.1 (REDACTED version)* (Attachments: # 1 Certificate of Service)(VANNELLA, DANIEL) (Entered: 05/07/2014) |
| 05/08/2014 | | Set Deadlines as to 195 MOTION to Seal *(Unredacted Brief in Opposition to Plaintiff's Motion for Reconsideration (D.E. 185))*. Motion set for 6/2/2014 before Magistrate Judge Lois H. Goodman. The motion will be decided on the papers. No appearances required unless notified by the court. (kas, ) (Entered: 05/08/2014) |
| 05/08/2014 | 199 | Letter from Shelley L. Stangler, Esq.. (STANGLER, SHELLEY) (Entered: 05/08/2014) |
| 05/14/2014 | 200 | REPLY BRIEF to Opposition to Motion filed by JOAN MULLIN re 185 MOTION for Reconsideration *Pursuant to Local Rule 7.1* (Attachments: # 1 Brief REDACTED (2of2), # 2 COVER LETTER)(STANGLER, SHELLEY) (Entered: 05/14/2014) |
| 05/14/2014 | 201 | REPLY BRIEF to Opposition to Motion filed by JOAN MULLIN re 185 MOTION for Reconsideration *Pursuant to Local Rule 7.1*, 193 MOTION to Seal Document 185 MOTION for Reconsideration *Pursuant to Local Rule 7.1*, 186 Brief, (Attachments: # 1 Brief UNREDACTED)(STANGLER, SHELLEY) (Entered: 05/14/2014) |
| 06/03/2014 | 202 | NOTICE of Appearance by LUCY ELIZABETH FRITZ on behalf of ADMINISTRATOR KAREN BALICKI, DIRECTOR MARIE DUNLAP-PRYCE, DIRECTOR ROBERT PATERSON, Officer Dimler (Attachments: # 1 Certificate of Service)(FRITZ, LUCY) (Entered: 06/03/2014) |
| 07/25/2014 | 203 | MEMORANDUM OPINION filed. Signed by Judge Mary L. Cooper on 7/25/2014. (eaj) (Entered: 07/25/2014) |
| 07/25/2014 | 204 | ORDER denying 185 Motion for Reconsideration; Ordering that Plaintiffs are granted leave to file a separate notice of motion concerning leave to amend the complaint and assert new claims by 8/22/2014. Signed by Judge Mary L. Cooper on 7/25/2014. (eaj) (Entered: 07/25/2014) |
| 08/22/2014 | 205 | MOTION to Seal *Pursuant to Local Rule 5.3* by JOAN MULLIN. (Attachments: # 1 Certification, # 2 Text of Proposed Order)(STANGLER, SHELLEY) (Entered: 08/22/2014) |
| 08/22/2014 | 206 | MOTION to Amend/Correct *THE COMPLAINT* by JOAN MULLIN. (Attachments: # 1 Certificate of Service, # 2 Certification, # 3 Exhibit B (1of3)-REDACTED, # 4 Exhibit B (2of3)-REDACTED, # 5 Exhibit B (3of3)-REDACTED, # 6 Brief REDACTED (1OF3), # 7 Brief REDACTED(2OF3), # 8 Brief REDACTED(3OF3), # 9 Text of Proposed Order, # 10 COVER LETTER)(STANGLER, SHELLEY) (Entered: 08/22/2014) |
| 08/22/2014 | 207 | BRIEF *in Support of Motion to Amend the Complaint-UNREDACTED* (Attachments: # 1 Brief UNREDACTED (2OF4), # 2 Brief UNREDACTED (3OF4), # 3 Brief UNREDACTED(4OF4), # 4 Exhibit A, # 5 Exhibit B (1OF3)UNREDACTED, # 6 |

**A161**

| | | Exhibit B (2OF3)UNREDACTED, # 7 Exhibit B (3OF3)UNREDACTED, # 8 Exhibit C) (STANGLER, SHELLEY) (Entered: 08/22/2014) |
|---|---|---|
| 08/25/2014 | | Set Deadlines as to 205 MOTION to Seal *Pursuant to Local Rule 5.3*. Motion set for 9/15/2014 before Magistrate Judge Lois H. Goodman. The motion will be decided on the papers. No appearances required unless notified by the court. (eaj) (Entered: 08/25/2014) |
| 08/25/2014 | | Set Deadlines as to 206 MOTION to Amend/Correct *THE COMPLAINT*. Motion set for 9/15/2014 before Judge Mary L. Cooper. The motion will be decided on the papers. No appearances required unless notified by the court. (eaj) (Entered: 08/25/2014) |
| 08/25/2014 | 208 | Rule 7.1(d)(5) Letter for an automatic extension of the return date of a dispositive motion re 206 MOTION to Amend/Correct *THE COMPLAINT* . (WELCH, JOHN) (Entered: 08/25/2014) |
| 08/25/2014 | | CLERK'S QUALITY CONTROL MESSAGE - The Letter Rule 7.1 208 filed by John Welch on 8/25/2014 cannot be granted by the Clerk because the Motion is not dispositive. The Clerk will forward the request to Chambers for further review. (eaj) (Entered: 08/25/2014) |
| 08/27/2014 | 209 | Substitution of Attorney - Attorney LUCY ELIZABETH FRITZ terminated. Attorney GREGORY R. BUENO for ADMINISTRATOR KAREN BALICKI,GREGORY R. BUENO for DIRECTOR MARIE DUNLAP-PRYCE,GREGORY R. BUENO for DIRECTOR ROBERT PATERSON,GREGORY R. BUENO for Officer Dimler added.. (Attachments: # 1 Certificate of Service)(BUENO, GREGORY) (Entered: 08/27/2014) |
| 09/02/2014 | 210 | APPENDIX in Opposition filed by JANE BYRD, LPN re 206 MOTION to Amend/Correct *THE COMPLAINT* (DONOHUE, DAVID) (Entered: 09/02/2014) |
| 09/02/2014 | 211 | RESPONSE in Opposition filed by ADMINISTRATOR KAREN BALICKI, DIRECTOR MARIE DUNLAP-PRYCE, DIRECTOR ROBERT PATERSON, Officer Dimler re 206 MOTION to Amend/Correct *THE COMPLAINT* (Attachments: # 1 Declaration, # 2 Certificate of Service)(BUENO, GREGORY) (Entered: 09/02/2014) |
| 09/02/2014 | | CLERK'S QUALITY CONTROL MESSAGE - The Brief in Opposition to the Motion 210 filed by David Donohue on 9/2/2014 was submitted incorrectly as an Appendix in Opposition to the Motion. For future reference please use the correct event Brief in Opposition to the Motion when filing. This message is for informational purposes only. This submission will remain on the docket unless otherwise ordered by the court. (eaj) (Entered: 09/02/2014) |
| 09/05/2014 | | Set Deadlines as to 206 MOTION to Amend the Complaint. Motion set for 9/15/2014 before Magistrate Judge Lois H. Goodman. The motion will be decided on the papers. No appearances required unless notified by the court. (ij, ) (Entered: 09/05/2014) |
| 09/08/2014 | 212 | REPLY BRIEF to Opposition to Motion filed by JOAN MULLIN re 206 MOTION to Amend/Correct *THE COMPLAINT* (Attachments: # 1 Certification, # 2 Exhibit A, # 3 Cover Letter)(STANGLER, SHELLEY) (Entered: 09/08/2014) |
| 12/01/2014 | 213 | ORDER granting 195 Motion to Seal. Signed by Magistrate Judge Lois H. Goodman on 12/1/2014. (eaj) (Entered: 12/01/2014) |
| 12/01/2014 | 214 | CERTIFICATION in Support filed by JANE BYRD, LPN re 191 MOTION to Seal Document 190 Brief in Opposition to Motion, 189 Brief in Opposition to Motion (Attachments: # 1 Text of Proposed Order Revised Order, 3 pgs, # 2 Certification Certification of Service, 2 pgs)(DONOHUE, DAVID) (Entered: 12/01/2014) |
| 12/03/2014 | 215 | CERTIFICATION in Support filed by JOAN MULLIN re 193 MOTION to Seal Document 185 MOTION for Reconsideration *Pursuant to Local Rule 7.1*, 186 Brief, |

| | | *REVISED* (Attachments: # 1 Text of Proposed Order Revised, # 2 Cover Letter) (STANGLER, SHELLEY) (Entered: 12/03/2014) |
|---|---|---|
| 12/03/2014 | 216 | CERTIFICATION in Support filed by JOAN MULLIN re 205 MOTION to Seal *Pursuant to Local Rule 5.3 REVISED* (Attachments: # 1 Text of Proposed Order Revised, # 2 Cover Letter)(STANGLER, SHELLEY) (Entered: 12/03/2014) |
| 12/05/2014 | 217 | ORDER granting 191 Defendant Jane Byrd's Motion to Seal Document. Signed by Magistrate Judge Lois H. Goodman on 12/5/2014. (eaj) (Entered: 12/05/2014) |
| 12/05/2014 | 218 | ORDER granting 193 Motion to Seal Document. Signed by Magistrate Judge Lois H. Goodman on 12/5/2014. (eaj) (Entered: 12/05/2014) |
| 12/05/2014 | 219 | ORDER granting 205 Motion to Seal. Signed by Magistrate Judge Lois H. Goodman on 12/5/2014. (eaj) (Entered: 12/05/2014) |
| 12/08/2014 | 220 | ORDER denying 206 Motion to Amend the Complaint. Signed by Magistrate Judge Lois H. Goodman on 12/8/2014. (eaj) (Entered: 12/08/2014) |
| 12/22/2014 | 221 | APPEAL OF MAGISTRATE JUDGE DECISION to District Court by JOAN MULLIN re 220 Order on Motion to Amend/Correct (Attachments: # 1 Certificate of Service, # 2 Certification, # 3 Exhibit A, # 4 Exhibit B Redacted, # 5 Exhibit C Redacted (1 of 3), # 6 Exhibit C Redacted (2 of 3), # 7 Exhibit C Redacted (3 of 3), # 8 Exhibit D, # 9 Exhibit E, # 10 Brief Redacted (1 of 3), # 11 Brief Redacted (2 of 3), # 12 Brief Redacted (3 of 3), # 13 Text of Proposed Order, # 14 Cover Letter)(STANGLER, SHELLEY) (Entered: 12/22/2014) |
| 12/22/2014 | 222 | MOTION to Seal by JOAN MULLIN. (Attachments: # 1 Certification, # 2 Text of Proposed Order)(STANGLER, SHELLEY) (Entered: 12/22/2014) |
| 12/22/2014 | 223 | Plaintiff's Brief by JOAN MULLIN. Defendant Brief due by 1/12/2015. (Attachments: # 1 Brief 2 of 3 Unredacted, # 2 Brief 3 of 3 Unredacted, # 3 Exhibit C (1 of 3) Unredacted, # 4 Exhibit C (2 of 3) Unredacted, # 5 Exhibit C (3 of 3) Unredacted, # 6 Exhibit B Unredacted)(STANGLER, SHELLEY) (Entered: 12/22/2014) |
| 12/23/2014 | | Set Deadlines as to 221 APPEAL OF MAGISTRATE JUDGE DECISION to District Court by JOAN MULLIN re 220 Order on Motion to Amend/Correct. Motion set for 1/20/2015 before Judge Mary L. Cooper. The motion will be decided on the papers. No appearances required unless notified by the court. (eaj) (Entered: 12/23/2014) |
| 12/23/2014 | | Set Deadlines as to 222 MOTION to Seal . Motion set for 1/20/2015 before Magistrate Judge Lois H. Goodman. The motion will be decided on the papers. No appearances required unless notified by the court. (eaj) (Entered: 12/23/2014) |
| 01/06/2015 | 224 | RESPONSE in Opposition filed by ADMINISTRATOR KAREN BALICKI, DIRECTOR MARIE DUNLAP-PRYCE, DIRECTOR ROBERT PATERSON, Officer Dimler re 221 APPEAL OF MAGISTRATE JUDGE DECISION to District Court by JOAN MULLIN re 220 Order on Motion to Amend/Correct (Attachments: # 1 Declaration, # 2 Certificate of Service)(BUENO, GREGORY) (Entered: 01/06/2015) |
| 01/12/2015 | 225 | BRIEF in Opposition filed by JANE BYRD, LPN re 221 APPEAL OF MAGISTRATE JUDGE DECISION to District Court by JOAN MULLIN re 220 Order on Motion to Amend/Correct (DONOHUE, DAVID) (Entered: 01/12/2015) |
| 01/12/2015 | 226 | Letter. (DONOHUE, DAVID) (Entered: 01/12/2015) |
| 01/26/2015 | 227 | REPLY BRIEF to Opposition to Motion filed by JOAN MULLIN re 221 APPEAL OF MAGISTRATE JUDGE DECISION to District Court by JOAN MULLIN re 220 Order on Motion to Amend/Correct (STANGLER, SHELLEY) (Entered: 01/26/2015) |

| 03/26/2015 | 228 | ORDER granting 222 Motion to Seal. Signed by Magistrate Judge Lois H. Goodman on 3/26/2015. (eaj) (Entered: 03/26/2015) |
| 07/13/2015 | 229 | MEMORANDUM OPINION filed. Signed by Judge Mary L. Cooper on 7/13/2015. (mmh) (Entered: 07/13/2015) |
| 07/13/2015 | 230 | ORDER that the Magistrate Judge's December 8, 2014 Opinion and Order (dkt. 220 ), from which Plaintiff appeals (dkt. 221 ), is AFFIRMED; terminating 221 Appeal Magistrate Judge Decision to District Court. Signed by Judge Mary L. Cooper on 7/13/2015. (mmh) (Entered: 07/13/2015) |
| 07/14/2015 | 231 | TEXT ORDER setting a Telephone Conference Call for 7/16/15 at 11:30 a.m. with Magistrate Judge Lois H. Goodman. Plaintiff's counsel to initiate the call at that time. Ordered by Magistrate Judge Lois H. Goodman on 7/14/15. (ij, ) (Entered: 07/14/2015) |
| 07/16/2015 | | Text Minute Entry for proceedings held before Magistrate Judge Lois H. Goodman: Telephone Conference held on 7/16/2015. (ij, ) (Entered: 07/16/2015) |
| 07/23/2015 | 232 | SCHEDULING ORDER: Telephone Conference set for 10/8/2015 at 10:00 AM before Magistrate Judge Lois H. Goodman; Fact Discovery due by 9/18/2015; Dispositive Motions due by 2/12/2016; Ordering that the parties submit a joint status report by 8/10/2015. Signed by Magistrate Judge Lois H. Goodman on 7/23/2015. (eaj) Modified on 7/24/2015 (eaj, ). (Entered: 07/23/2015) |
| 08/12/2015 | 233 | TEXT ORDER directing counsel to report on the case status by no later than 8/26/15. Ordered by Magistrate Judge Lois H. Goodman on 8/12/15. (ij, ) (Entered: 08/12/2015) |
| 09/17/2015 | 234 | MOTION for Summary Judgment by JANE BYRD, LPN. (Attachments: # 1 Brief, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit)(DONOHUE, DAVID) (Entered: 09/17/2015) |
| 09/17/2015 | | Set Deadlines as to 234 MOTION for Summary Judgment . Motion set for 10/19/2015 before Judge Mary L. Cooper. The motion will be decided on the papers. No appearances required unless notified by the court. (eaj) (Entered: 09/17/2015) |
| 09/18/2015 | 235 | Rule 7.1(d)(5) Letter for an automatic extension of the return date of a dispositive motion re 234 MOTION for Summary Judgment . (STANGLER, SHELLEY) (Entered: 09/18/2015) |
| 09/18/2015 | 236 | Rule 7.1(d)(5) Letter for an automatic extension of the return date of a dispositive motion re 234 MOTION for Summary Judgment *Additional time over and above automatic adjournment requested*. (STANGLER, SHELLEY) (Entered: 09/18/2015) |
| 09/18/2015 | 237 | Letter from Shelley L. Stangler, Esq. requesting to remove docket entry number 236. (STANGLER, SHELLEY) (Entered: 09/18/2015) |
| 09/21/2015 | | CLERK'S QUALITY CONTROL MESSAGE - Docket entry 236 filed by Shelley Stangler on 9/18/2015 was filed in the wrong case. Please disregard this filing. This message is for informational purposes only. (eaj) (Entered: 09/21/2015) |
| 09/21/2015 | | Reset Deadlines as to 234 MOTION for Summary Judgment . Motion set for 11/2/2015 before Judge Mary L. Cooper. The motion will be decided on the papers. No appearances required unless notified by the court. (eaj) (Entered: 09/21/2015) |
| 10/08/2015 | | Text Minute Entry for proceedings held before Magistrate Judge Lois H. Goodman: Telephone Conference held on 10/8/2015. (ij, ) (Entered: 10/09/2015) |
| 10/09/2015 | 238 | TEXT ORDER directing counsel for Kintock to advise by 10/16/15 if he has not received a release from plaintiff, and directing counsel for Nurse Byrd to call by 10/16/15 with |

A164

| | | |
|---|---|---|
| | | regard to defendant's settlement position. Ordered by Magistrate Judge Lois H. Goodman on 10/9/15. (ij, ) (Entered: 10/09/2015) |
| 10/16/2015 | 239 | Letter from Plaintiff requesting a two (2) day extension of time within which to file the opposition, to Wednesday, October 21, 2015 from defense counsel, who has consented.. (STANGLER, SHELLEY) (Entered: 10/16/2015) |
| 10/21/2015 | 240 | STATEMENT of Material Facts in Opposition filed by JOAN MULLIN re 234 MOTION for Summary Judgment (Attachments: # 1 Redacted Statement of Material (Part II), # 2 Civil Cover Sheet, # 3 Exhibit "B", # 4 Unpublished Cases, # 5 Text of Proposed Order) (STANGLER, SHELLEY) (Entered: 10/21/2015) |
| 10/21/2015 | 241 | STATEMENT of Material Facts in Opposition filed by JOAN MULLIN re 234 MOTION for Summary Judgment *Plaintiffs Statement of Material Facts and Brief with exhibits in opposition to the summary judgment filed by defendant Nurse Byrd filed under SEAL* (Attachments: # 1 SEAL - MATERIAL FACTS & BRIEF (PART II), # 2 Civil Cover Sheet, # 3 Exhibit Exhibit "A", # 4 Exhibit Exhibit "B", # 5 Exhibit Exhibit "C", # 6 Exhibit Exhibit "D" - Part I, # 7 Exhibit Exhibit "D" - Part II, # 8 Exhibit Exhibit "D" - Part III, # 9 Exhibit Exhibit "D" - Part IV, # 10 Exhibit Exhibit "D" - Part V, # 11 Exhibit Exhibit "D" - Part VI, # 12 Exhibit Exhibit "D" Part VII, # 13 Exhibit Exhibit "E" - Part I, # 14 Exhibit Exhibit "E" - Part II, # 15 Exhibit Exhibit "E" - Part III, # 16 Exhibit Exhibit "E" - Part IV, # 17 Exhibit Exhibit "E" - Part V, # 18 Exhibit Exhibit "E" - Part VI, # 19 Exhibit Exhibit "G" - Part I, # 20 Exhibit Exhibit "G" - Part II, # 21 Exhibit Exhibit "H", # 22 Exhibit Exhibit "J", # 23 Exhibit Exhibit "K", # 24 Exhibit Exhibit "L", # 25 Exhibit Exhibit "M", # 26 Exhibit Exhibit "N", # 27 Exhibit Exhibit "O") (STANGLER, SHELLEY) (Entered: 10/21/2015) |
| 10/21/2015 | 242 | MOTION to Seal *Plaintiffs Motion to seal and restrict public access to documents and materials provided in discovery by the State of New Jersey subject to Confidentiality Order and which is made in connection with Plaintiffs Opposition to summary judgment filed by Nurse Byrd docket entry #241.*, MOTION to Seal Document 241 Statement of Material Facts in Opposition to Motion, by JOAN MULLIN. (Attachments: # 1 Civil Cover Sheet, # 2 Certificate of Service, # 3 Certification, # 4 Text of Proposed Order) (STANGLER, SHELLEY) (Entered: 10/21/2015) |
| 10/21/2015 | 243 | Letter from Plaintiff enclosing Exhibits F and I that were inadvertently omitted from Plaintiffs Statement of Material Facts and Brief with exhibits in opposition to the summary judgment filed by defendant Nurse Byrd and filed under docket entry 241. These documents are also provided under seal. re 241 Statement of Material Facts in Opposition to Motion,,,,,. (Attachments: # 1 EXHIBIT - F (PART I), # 2 EXHIBIT - F (PART II), # 3 EXHIBIT - F (PART III), # 4 EXHIBIT - I)(STANGLER, SHELLEY) (Entered: 10/21/2015) |
| 10/21/2015 | | Set Deadlines as to 242 MOTION to Seal *Plaintiffs Motion to seal and restrict public access to documents and materials provided in discovery by the State of New Jersey subject to Confidentiality Order and which is made in connection with Plaintiffs Opposition to summary j MOTION to Seal Document 241 Statement of Material Facts in Opposition to Motion,.* Motion set for 11/16/2015 before Magistrate Judge Lois H. Goodman. The motion will be decided on the papers. No appearances required unless notified by the court. (km, ) (Entered: 10/22/2015) |
| 10/26/2015 | 244 | BRIEF in Support filed by JANE BYRD, LPN re 234 MOTION for Summary Judgment (Attachments: # 1 Exhibit)(DONOHUE, DAVID) (Entered: 10/26/2015) |
| 10/28/2015 | 245 | Letter from Shelley L. Stangler, Esq. - Plaintiff seeking a Sur-Reply on the basis that several factual assertions made in the Reply brief is blatantly incorrect and requires |

**A165**

| | | |
|---|---|---|
| | | further explanation with reference to the record. re 244 Brief in Support of Motion. (STANGLER, SHELLEY) (Entered: 10/28/2015) |
| 11/13/2015 | 246 | STIPULATION of Dismissal by KINTOCK GROUP. (WELCH, JOHN) (Entered: 11/13/2015) |
| 12/15/2015 | 247 | ORDER granting in part and denying in part 242 Motion to Seal; Ordering that the documents shall remain under temporary seal for a period of 45 days to provide the parties with an opportunity to supplement their support for the Motion. Signed by Magistrate Judge Lois H. Goodman on 12/15/2015. (eaj) (Entered: 12/15/2015) |
| 01/29/2016 | 248 | DECLARATION of Daniel M. Vannella, DAG re 247 Order on Motion to Seal, *o Supplement and in Further Support of Plaintiff's Motion to Seal* by ADMINISTRATOR KAREN BALICKI, DIRECTOR MARIE DUNLAP-PRYCE, DIRECTOR ROBERT PATERSON, Officer Dimler. (Attachments: # 1 Exhibit (proposed redacted Exhibit F), # 2 Certificate of Service)(VANNELLA, DANIEL) (Entered: 01/29/2016) |
| 03/14/2016 | 249 | LETTER ORDER that Exhibits E, I, K, L, M, N, and O are sealed in their entirety, and portions of Exhibit F should remain redacted. Instructing the Clerk's Office to maintain Docket Entry Number 241 and all attachments under seal; Counsel shall file a redacted version of Exhibit F within 10 days of this Order. Signed by Magistrate Judge Lois H. Goodman on 3/14/2016. (eaj) Modified on 3/15/2016 (gxh). (Entered: 03/14/2016) |
| 03/14/2016 | 250 | Exhibit to 249 Order, by ADMINISTRATOR KAREN BALICKI, DIRECTOR MARIE DUNLAP-PRYCE, DIRECTOR ROBERT PATERSON, Officer Dimler. (VANNELLA, DANIEL) (Entered: 03/14/2016) |
| 05/25/2016 | 251 | MEMORANDUM OPINION filed. Signed by Judge Mary L. Cooper on 5/25/2016. (eaj) (Entered: 05/25/2016) |
| 05/25/2016 | 252 | ORDER & JUDGMENT granting 234 Defendant Jane Byrd, LPN's Motion for Summary Judgment; Entering Judgment in favor of Defendant Jane Byrd, LPN; Ordering this case is Terminated as to the Defendants State of New Jersey, Department of Corrections of the State of New Jersey, South Woods State Prison, Trenton Psychiatric Hospital, and Kintock Group ***CIVIL CASE TERMINATED. Signed by Judge Mary L. Cooper on 5/25/2016. (eaj) (Entered: 05/25/2016) |
| 06/22/2016 | 253 | NOTICE OF APPEAL by JOAN MULLIN. Filing fee $ 505, receipt number 0312-7182022. The Clerk's Office hereby certifies the record and the docket sheet available through ECF to be the certified list in lieu of the record and/or the certified copy of the docket entries. Appeal Record due by 6/24/2016. (Attachments: # 1 Docket Entry No: 154 (1 of 3), # 2 Docket Entry No: 154 (2 of 3), # 3 Docket Entry No: 154 (3 of 3), # 4 Docket Entry No: 204, # 5 Docket Entry No: 220, # 6 Docket Entry No: 230, # 7 Docket Entry No: 252, # 8 Certificate of Service)(STANGLER, SHELLEY) (Entered: 06/22/2016) |
| 06/27/2016 | 254 | USCA Case Number 16-2896 for 253 Notice of Appeal (USCA), filed by JOAN MULLIN. USCA Case Manager Tim (Document Restricted - Court Only) (ca3sb, ) (Entered: 06/27/2016) |
| 08/12/2016 | 255 | Application for Refund of Fees from SHELLEY L. STANGLER, ESQ. (finance notified).. (km) (Entered: 08/12/2016) |
| 08/17/2016 | 256 | Order to Refund Fees (Finance notified). Signed by Theresa L. Burnett, Chief Deputy on 8/17/16. (lm2, ) (Entered: 08/17/2016) |

**A166**

CM/ECF LIVE - U.S. District Court for the District of New Jersey

## PACER Service Center

| Transaction Receipt | | | |
|---|---|---|---|
| 01/11/2017 10:15:28 | | | |
| **PACER Login:** | ss6545:3262224:0 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 3:11-cv-00247-MLC-LHG Start date: 1/1/1970 End date: 1/11/2017 |
| **Billable Pages:** | 30 | **Cost:** | 3.00 |

**A167**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOAN MULLIN, ADMINISTRATRIX OF THE ESTATE OF ROBERT MULLIN, deceased and JOAN MULLIN, individually<br><br>              Plaintiffs,<br><br><br>              -vs-<br><br><br>THE STATE OF NEW JERSEY, THE DEPARTMENT OF CORRECTIONS OF THE STATE OF NEW JERSEY, SOUTH WOODS STATE PRISON, ADMINISTRATOR KAREN BALICKI, CENTRAL RECEPTION & ASSIGNMENT FACILITY (C.R.A.F.), DIRECTOR ROBERT PATERSON, DIRECTOR MARIE DUNLAP-PRYCE, JANE BYRD, LPN, ERIN MARUSKY, R.N., TRENTON PSYCHIATRIC HOSPITAL, KINTOCK GROUP, MERCER COUNTY, JOHN DOES 1-10 (as yet unidentified and unknown governmental, county, or state officials, supervisors, agents or employees), ABC ENTITIES 1-10 (as yet unidentified and unknown governmental entities, agencies, units or subdivisions.<br><br>              Defendants | CIVIL ACTION<br><br><br>Civ. No.<br><br><br>COMPLAINT AND JURY DEMAND |

Plaintiffs, Joan Mullin as Administratrix of the Estate of Robert Mullin, and Joan

Mullin, Individually, by way of complaint against defendants The State of New Jersey,

the Department of Corrections of the State of New Jersey, South Woods State Prison,

Administrator Karen Balicki, Central Reception & Assignment Facility (C.R.A.F.),

Director Robert Paterson, Director Marie Dunlap-Pryce, Jane Byrd, L.P.N., Erin

Marusky, R.N., Trenton Psychiatric Hospital, Kintock Group, Mercer County, John Does 1-10 (as yet unidentified and unknown governmental, county, or state officials, supervisors, agents or employees), and ABC Entities 1-10 (as yet unidentified and unknown governmental entities, agencies, units or subdivisions, set forth the following:

## PARTIES

1.   At all relevant times herein plaintiffs **JOAN MULLIN, Administratrix**

**Ad Prosequendum of the Estate of ROBERT MULLIN, JR.**, and **JOAN MULLIN, individually,** were and are domiciliaries and residents of the County of Mercer and State of New Jersey.

2.   At all relevant times herein defendant **THE STATE OF NEW JERSEY** was and is a public entity organized and existing pursuant to the laws of the State of New Jersey and the United States of America with a place of business at Tort and Contract Unit, Bureau of Risk Management, 25 West Market Street, 1st Floor, Trenton, NJ 08625.

3.   At all relevant times herein defendant **THE DEPARTMENT OF CORRECTIONS OF THE STATE OF NEW JERSEY ("DOC")** was and is a public entity and/or an agency or division of a public entity, organized and existing under the laws of the State of New Jersey and engaged in the operation and management of correctional facilities in the State of New Jersey with a place of business at Whittlesey Road, P.O. Box 863, Trenton, NJ 0825.

4.   At all relevant times herein defendant **SOUTH WOODS STATE PRISON** was and is a public entity and/or an agency or division of a public entity, organized and existing under the laws of the State of New Jersey and engaged in the

2

**A169**

operation and management of a certain correctional facility, with a place of business at 215 South Burlington Road, Bridgeton, NJ 08302.

5.      At all relevant times herein defendant **ADMINISTRATOR KAREN BALICKI** was, upon information and belief a chief supervisory official and executive of the **SOUTH WOODS STATE PRISON** acting in her official capacity under color of law.

6.      At all relevant times herein defendant **CENTRAL RECEPTION & ASSIGNMENT FACILITY ("CRAF")** was and is a public entity and/or an agency or division of a public entity, organized and existing under the laws of the State of New Jersey and engaged in the operation and management of a certain correctional facility, with a place of business at Stuyvesant Avenue, Trenton, NJ 08628-7450.

7.      At all relevant times herein defendant Director **ROBERT PATTERSON** was, upon information and belief, the chief supervisory official and executive of the DOC acting in his official capacity under color of law.

8.      At all relevant times herein **MARIE DUNLAP-PRYCE** was, upon information and belief a chief supervisory official and executive of the **CRAF**. acting in her official capacity under color of law.

9.      At all relevant times herein defendant **JANE BYRD, LPN**, was, upon information and belief a health care provider and employee, agent or servant of defendants **STATE OF NEW JERSEY, DOC, SOUTH WOODS STATE PRISON,** and/or **CRAF**, engaged in the rendering of health care services including inmate evaluations.

3

**A170**

10.     At all relevant times herein defendant **ERIN MARUSKY, R.N.** , was, upon information and belief a health care provider and employee, agent or servant of defendants **STATE OF NEW JERSEY, DOC, SOUTH WOODS STATE PRISON,** and/or **CRAF**, engaged in the rendering of health care services including inmate evaluations.

11.     At all relevant times herein defendant **TRENTON PSYCHIATRIC HOSPITAL** was and is, upon information and belief a corporation or entity organized and existing for the purposes of providing medical care and treatment to members of the public and others, with a place of business at 101 Sullivan Way, Ewing, NJ 08618.

12.     At all relevant times herein defendant the **KINTOCK GROUP** was and is, upon information and belief, a private company authorized to do business in the State of New Jersey, engaged in the business of providing therapeutic and other services to those persons transitioning back from incarceration into the community, known as "halfway houses" or "work houses," with a place of business at 4 South Industrial Boulevard, Bridgeton, NJ 08302.

13.     At all relevant times herein **MERCER COUNTY** was and is a public entity organized and existing under the laws of the State of New Jersey, engaged in the operation and management of correctional facilities, with a place of business at 640 South Broad Street, P.O. Box 8068, Trenton, NJ 08650.

14.     At all relevant times herein defendants **JOHN DOES 1-10** and **ABC ENTITIES 1-10** were and are as yet unidentified employees, agents, servants, contractors, supervisors, officials and/or public entities, agencies and subdivisions

4

**A171**

responsible of the operation, management and control over certain correctional facilities and custodial facilities.

## NATURE OF ACTION & FACTUAL BACKGROUND

15.   Plaintiff's decedent and son, the 29 year old **ROBERT MULLIN, JR**, had been incarcerated and under the custodial care of defendants **THE STATE OF NEW JERSEY, THE DOC, SOUTH WOODS STATE PRISON, CRAF** and **MERCER COUNTY** (hereinafter the **"PUBLIC ENTITY"** defendants) for approximately six (6) to eight (8) years, through and including his date of death on January 17, 2009.

16.   In or about May 2008 he was transferred to a halfway house, or "work" house under the operation and management of defendant **THE KINTOCK GROUP** (hereinafter **"KINTOCK"**), under the auspices of and by contract and agreement with the **PUBLIC ENTITY** defendants.

17.   Plaintiff's decedent was scheduled to be released from **KINTOCK** sometime between April and June of 2009, after completing a course of therapy, work studies and services designed to allow an inmate to be rehabilitated and return to society and to his family.

18.   On or about January 15, 2009, while at **KINTOCK** plaintiff's decedent exhibited deterioration in mental and psychological status, and became emotionally labile with aggressive behavior.

19.   Thereafter plaintiff's decedent was transferred back to the custodial care of the **PUBIC ENTITY** defendants, at either **SOUTH WOODS STATE PRISON** or **CRAF**, under the supervision, management and control of the **STATE OF NEW**

5

**A172**

**JERSEY,** the **DOC, MERCER COUNTY,** and supervisory officials **ADMINISTRATOR KAREN BALICKI , DIRECTOR ROBERT PATTERSON** and **DIRECTOR MARIE DUNLAP-PRYCE** (hereinafter the **"SUPERVISOR DEFENDANTS"), JOHN DOES 1-10** and **ABC ENTITIES 1-10.**

20.     Upon information and belief, at some point between January 15, 2009 and January 17, 2009, plaintiff also came under the care of and was treated by health care providers at defendant **TRENTON PSYCHIATRIC HOSPITAL** through its agents, servants and employees.

21.     Upon information and belief, at some point and time between January 15, 2009 and January 17, 2009 plaintiff's decedent was released to a single cell or area without adequate one on one and constant supervision and observation.

22.     On January 17, 2009 at approximately 4:23am plaintiff's decedent was found dead after hanging himself with what the limited records in plaintiff's possession indicate was a self-made noose made of a bed sheet.

23.     During all relevant times between January 15, 2009 and the time and date of death on January 17, 2009 plaintiff was under the custodial care of the **PUBLIC ENTITY DEFENDANTS** and **SUPERVISOR DEFENDANTS** as well as the defendant **TRENTON PSYCHIATRIC HOSPITAL.**

24.     The death certificate states the place of death as **TRENTON PSYCHIATRIC HOSPITAL;** the records from the **DOC** indicate plaintiff's location at death was in either **SOUTHWOODS STATE PRISON** or **CRAF.**

25.     On January 16, 2009, defendants **JANE BYRD, L.P.N.** and **ERIN MARUSKY, R.N.**, acting under color of law in their official capacities as employees,

agents and servants of the **PUBLIC ENTITY** and **SUPERVISOR DEFENDANTS**
and/or as individual medical providers contracted to work in the facilities of the **PUBLIC
ENTITY DEFENDANTS** and **SUPERVISOR DEFENDANTS** undertook to examine
and evaluate plaintiff's decedent.

26.     Despite a known history of suicide attempts, anxiety, depression and
psychiatric instability, defendants **JANE BYRD, L.P.** and **ERIN MARUSKY, R.N**.
determined that plaintiff's decedent was medically cleared to be released into the general
population at the **CRAF** and/or **SOUTHWOODS** facility under the supervision,
management and control of the **PUBLIC ENTITY DEFENDANTS** and/or to
**TRENTON PSYCHIATRIC HOSPITAL.**

27.     Plaintiff's decedent had a known and documented history of suicide
attempts and psychiatric disturbance dating from 2005, with records evidencing such
knowledge on the part of the **PUBLIC ENTITY DEFENDANTS**, the **SUPERVISOR
DEFENDANTS**, defendants **JANE BYRD, L.P., ERIN MARUSKY, R.N, TRENTON
PSYCHIATRIC HOSPITAL** and **KINTOCK** from 2005, 2007, 2008 and 2009 up to
and including his final evaluation prior to his death.

28.     Plaintiffs **JOAN MULLIN, as Administratrix Ad Prosequendum of
the Estate of ROBERT MULLIN, JR.,** and **JOAN MULLIN, individually**, institute
this action for compensatory and punitive damages arising out of the unlawful actions
and conduct of the **PUBLIC ENTITY DEFENDANTS**,    the **SUPERVISOR
DEFENDANTS**, defendants **JANE BYRD, L.P.,ERIN MARUSKY, R.N, TRENTON
PSYCHIATRIC HOSPITAL** and **KINTOCK,    JOHN DOES 1-10** and **ABC
ENTITIES 1-10** in violating the civil rights of plaintiff's decedent protected by and

secured under the provisions of the First, Fourth, Sixth, Eighth, Ninth and Fourteenth amendments to the United States Constitution and under the laws of the United States, particularly under the Civil Rights Act, Title 42 of the United States Code, Sections 1983 and 1985 (2) *et. seq.*

29.    At all relevant times herein, the **PUBLIC ENTITY DEFENDANTS,** the **SUPERVISOR DEFENDANTS,** defendants **JANE BYRD, L.P.** and **ERIN MARUSKY, R.N, TRENTON PSYCHIATRIC HOSPITAL** and **KINTOCK, JOHN DOES 1-10** and **ABC ENTITIES 1-10** were acting under color of state law and within the scope of their authority as agents, servants and employees of said defendants.

30.    Plaintiffs also institute this action pursuant to the laws of the State of New Jersey for damages arising by reason of wrongful death, pain and suffering, hedonistic damages, negligence, infliction of mental distress, the failure to properly hire, train and supervise staff, employees, agents and servants, abuse of authority, failure to provide adequate medical care and treatment, malpractice and negligence.

31.    Plaintiffs were permitted to file a late Notice of Claim by Order of the Hon. Sue Regan dated February 10, 2010, which were served accordingly pursuant to New Jersey Statutes Title 59:8-4 and signed by plaintiff's representative, Shelley L. Stangler, Esq. upon the **PUBLIC ENTITY DEFENDANTS, SUPERVISOR DEFENDANTS, TRENTON PSYCHIATRIC HOSPITAL, KINTOCK, JOHN DOES 1-10** and **ABC ENTITIES 1-10.**

32.    More than six (6) months have elapsed since service of plaintiff's Notices of Claims and the claims remain unresolved.

8

**A175**

33.    This action is commenced within two (2) years from the date of the death,

January 17, 2009.

## FIRST COUNT

34.    Plaintiffs repeat each and every allegation contained in paragraphs one (1)

through thirty-three (33) as if set forth fully herein at length.

35.    At all relevant times herein, the **PUBLIC ENTITY DEFENDANTS,** the

**SUPERVISOR DEFENDANTS,** defendants **JANE BYRD, L.P.** and **ERIN**

**MARUSKY, R.N,    TRENTON PSYCHIATRIC HOSPITAL** and **KINTOCK,**

**JOHN DOES 1-10** and **ABC ENTITIES 1-10,** through their agents, servants and

employees were acting under color of law under the state and federal Constitutions,

statutes, laws, charters, ordinances, rules, regulations, customs, usages and practices of

the subject governmental departments, agencies and entities and within the scope of their

authority as employees and/or officers of the **PUBLIC ENTITY** defendants.

36.    During all relevant times herein the aforementioned defendants acted

jointly and in concert with each other, and conspired and agreed between and amongst

themselves to commit the unlawful violation of civil rights upon plaintiff's decedent

**ROBERT MULLIN** (hereinafter **"MULLIN")** as well as to fail to provide proper

medical care to **MULLIN.**

37.    In particular, defendants agreed and conspired not to provide sufficient

and adequate medical care to **MULLIN,** not to provide sufficient and adequate

supervision, to violate protocols and policies designed to stop and avoid suicide by those

persons, such as plaintiff's decedent, under the control and custody of the defendants, to

fail to monitor and supervise **MULLIN,** to fail to intervene or protect **MULLIN** from

9

danger and imminent physical harm, and to allow **MULLIN** to have the ability to commit suicide.

38.    During all relevant times herein the **PUBLIC ENTITY DEFENDANTS**, the **SUPERVISOR DEFENDANTS**, defendants **JANE BYRD, L.P.** and **ERIN MARUSKY, R.N, TRENTON PSYCHIATRIC HOSPITAL, KINTOCK, JOHN DOES 1-10** and **ABC ENTITIES 1-10**, by and through their agents, servants, and employees acted with deliberate and conscious indifference to **MULLIN'S** constitutional rights which violations arose out of a pattern or custom or policy and practice by each of the defendants, in permitting and allowing **MULLIN** to be unsupervised, alone, and with the wherewithal to do harm to himself, in failing to provide medical attention, in failing to enact, implement, promulgate and enforce policies, procedures and standards with respect to suicide watch and avoidance, inadequate recordkeeping, in failing to intervene, in exposing plaintiff's decedent to imminent bodily harm, which was foreseeable under the circumstances, in allowing unsafe conditions to exist in the defendant correctional facilities, infirmaries and hospital, in failing to properly hire, train and supervise their employees in the proper conduct of their duties, among other acts and ommissions.

39.    At all relevant times herein the defendants, individually and collectively, through their agents, servants and employees were acting within the scope of their employment and duties at the time of the subject events.

40.    At all relevant times herein the defendants, individually and collectively, through their agents, servants and employees, by reason of their acts, omissions, deliberate and conscious indifference to the rights of **MULLIN**, and by a pattern of abuse

and violation of procedure and protocol, and failure to provide medical treatment inclusive of mental health services, and by their failure to provide **MULLIN** with a safe environment and by putting him in a position to harm himself, deprived **MULLIN** of his rights, privileges and immunities secured by the Constitution and laws of the United States, and are liable to the plaintiffs pursuant to Title 42 Sections 1983 and 1985 of the United States Code and the New Jersey Civil Rights Statute Title 10 and under state common law.

41.    The defendants, their agents, servants and employees allowed, condoned and permitted the circumstances under which  suicide and harm could occur, and with deliberate indifference failed to prevent it, failed to intervene, failed to provide proper medical care and services, and subjected **MULLIN** to cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution.

42.    The defendants, their agents, servants and employees deprived **MULLIN** of his rights, privileges and immunities secured by the Constitution and laws of the United States including violation of his Fourteenth Amendment rights of due process, equal protection, his First Amendment rights, his Fourth Amendment rights and his rights of privacy, as well as his Fifth and Sixth Amendment rights.

43.    At all relevant times herein the aforedescribed acts were committed under color of law within the authority of the agents, servants and employees of the defendants.

44.    The defendants, individually and collectively acted pursuant to official policy and/or custom and to deprive plaintiff's decedent of his constitutional rights under 42 U.S. Code sections 1983 and 1985.

45.    By reason of the foregoing, defendants violated the civil rights of plaintiff's decedent.

46.    By reason of the foregoing, and as a direct and proximate result of defendants' constitutional violations, plaintiff's decedent **MULLIN** sustained serious and severe injuries which resulted in his death.

47.    The decedent left him surviving his mother, **JOAN MULLIN**, and other next of kin.

48.    As a direct and proximate result of the constitutional violations as aforedescribed, plaintiff's decedent **MULLIN** was caused to suffer severe, painful and permanent personal injuries, emotional anguish and great physical pain.

49.    As a direct and proximate result of the constitutional violations as aforedescribed, plaintiff **JOAN MULLIN** has been damaged and has been permanently deprived of the services, society, care, companionship, support and guidance of plaintiff's decedent for the life expectancy of decedent.

50.    By reason of the foregoing and wrongful death of plaintiff's decedent, plaintiff **JOAN MULLIN** has been damaged.

51.    By reason of the foregoing and wrongful death of plaintiff's decedent plaintiff **JOAN MULLIN** has suffered pecuniary losses and has been compelled to expend and incur various sums of money for funeral and burial expenses.

52.    By reason of the foregoing and wrongful death plaintiff's decedent has suffered loss of enjoyment of life.

53.    **WHEREFORE**, plaintiffs **JOAN MULLIN, as Administratrix Ad Prosequendum of the ESTATE of ROBERT MULLIN, JR.,** and **JOAN MULLIN**

12

**A179**

**individually,** demands judgment against defendants, **THE STATE OF NEW JERSEY, THE DEPARTMENT OF CORRECTIONS OF THE STATE OF NEW JERSEY, SOUTH WOODS STATE PRISON, ADMINISTRATOR KAREN BALICKI, CENTRAL RECEPTION & ASSIGNMENT FACILITY (C.R.A.F.), DIRECTOR ROBERT PATERSON, DIRECTOR MARIE DUNLAP-PRYCE, JANE BYRD, LPN, ERIN MARUSKY, R.N., TRENTON PSYCHIATRIC HOSPITAL, KINTOCK GROUP, MERCER COUNTY, JOHN DOES 1-10** and **ABC ENTITIES 1-10** jointly and severally for compensatory and punitive damages, funeral bills, together with interest, costs of suit and attorneys' fees.

## SECOND COUNT

54.    Plaintiffs repeat and reallege each and every allegation contained in paragraph one (1) through fifty-three (53) of the complaint as if set forth fully herein at length.

55.    Defendants, individually and collectively, through their agents, servants and employees acted pursuant to official policy and/or custom to deprive plaintiff's decedent of his constitutional rights under Title 10 of the New Jersey statutes, known as the New Jersey Civil Rights Act.

56.    By reason of the foregoing, and as a direct and proximate result of defendants' constitutional violations, plaintiff's decedent **MULLIN** sustained serious and severe injuries which resulted in his death.

57.    The decedent left him surviving his mother, **JOAN MULLIN**, and other next of kin.

13

**A180**

58.     As a direct and proximate result of the constitutional violations as aforedescribed, plaintiff's decedent **MULLIN** was caused to suffer severe, painful and permanent personal injuries, emotional anguish and great physical pain.

59.     As a direct and proximate result of the constitutional violations as aforedescribed, plaintiff **JOAN MULLIN** has been damaged and has been permanently deprived of the services, society, care, companionship, support and guidance of plaintiff's decedent for the life expectancy of decedent.

60.     By reason of the foregoing and wrongful death of plaintiff's decedent, plaintiff **JOAN MULLIN** has been damaged.

61.     By reason of the foregoing and wrongful death of plaintiff's decedent plaintiff **JOAN MULLIN** has suffered pecuniary losses and has been compelled to expend and incur various sums of money for funeral and burial expenses.

62.     By reason of the foregoing and wrongful death plaintiff's decedent has suffered loss of enjoyment of life.

63.     **WHEREFORE**, plaintiffs **JOAN MULLIN , as Administratrix Ad Prosequendum of the ESTATE of ROBERT MULLIN, JR.,** and **JOAN MULLIN individually,** demands judgment against defendants, **THE STATE OF NEW JERSEY, THE DEPARTMENT OF CORRECTIONS OF THE   STATE OF NEW JERSEY, SOUTH WOODS STATE PRISON, ADMINISTRATOR KAREN BALICKI, CENTRAL RECEPTION & ASSIGNMENT FACILITY (C.R.A.F.), DIRECTOR ROBERT PATERSON, DIRECTOR MARIE DUNLAP-PRYCE, JANE BYRD, LPN, ERIN MARUSKY, R.N., TRENTON PSYCHIATRIC HOSPITAL, KINTOCK GROUP, MERCER COUNTY, JOHN DOES 1-10** and **ABC ENTITIES**

14

**A181**

**1-10** jointly and severally for compensatory and punitive damages, funeral bills, together with interest, costs of suit and attorneys' fees.

## THIRD COUNT

64. Plaintiffs repeat and reallege each and every allegation contained in paragraphs one (1) through sixty-three (63) of the Complaint as if set forth fully herein at length.

65. At all relevant times herein defendants were under a duty to act reasonably in the performance of their duties as corrections officers, staff, medical providers and supervisors in the control, maintenance, operation, handling and management of the jail and correctional facilities and/or in the hospital, in the provision of medical care and treatment, in properly supervising and monitoring plaintiff's decedent, in following and promulgating appropriate policies and procedures with respect to those who are likely to harm themselves, including the commission of suicide, and to prevent such harm from occurring, and to intervene to avoid and prevent such harm from occurring, and in providing proper training to those with the responsibility for the care and management of those under custodial or hospital care.

66. At all relevant times herein defendants were under a duty to act reasonably in following and maintaining proper protocol, policy, procedures, rules and guidelines enacted and propounded with respect to their duties and the care and management of plaintiff's decedent and others similarly situated.

67. Defendants, individually and collectively were negligent and careless in their failure to properly hire, retain, train and supervise officers, staff, employees, agents,

servants and medical providers with respect to the evaluation, classification, care and management of plaintiff's decedent, in their failure to properly implement, enact, enforce, follow and maintain proper protocol, policy, procedures, rules and guidelines; in their failure to intervene to prevent the suicide, in their failure to prevent the suicide, in their failure to manage and operate their facilities in a reasonable manner so as to prevent the occurrence, and were negligent and careless in the failure to provide adequate medical attention and treatment, among other acts of negligence and omissions.

68.    Defendants, individually and collectively were negligent and careless in failing to properly discipline their staff, employees, agents and servants despite knowledge of their failure to take proper action to avoid the subject occurrence and similar occurrences and to prevent those in plaintiff's decedent's position from harming themselves.

69.    The personal injuries, death and damages suffered by plaintiff's decedent were caused solely as a result of the negligence and carelessness of the defendants, individually and collectively.

70.    By reason of the foregoing, and as a direct and proximate result of defendants' negligence as aforedescribed, plaintiff's decedent **MULLIN** sustained serious and severe injuries which resulted in his death.

71.    The decedent left him surviving his mother, **JOAN MULLIN**, and other next of kin.

72.    As a direct and proximate result of the negligence as aforedescribed, plaintiff's decedent **MULLIN** was caused to suffer severe, painful and permanent personal injuries, emotional anguish and great physical pain.

73. As a direct and proximate result of the negligence as aforedescribed, plaintiff **JOAN MULLIN** has been damaged and has been permanently deprived of the services, society, care, companionship, support and guidance of plaintiff's decedent for the life expectancy of decedent.

74. By reason of the foregoing and wrongful death of plaintiff's decedent, plaintiff **JOAN MULLIN** has been damaged.

75. By reason of the foregoing and wrongful death of plaintiff's decedent plaintiff **JOAN MULLIN** has suffered pecuniary losses and has been compelled to expend and incur various sums of money for funeral and burial expenses.

76. By reason of the foregoing and wrongful death plaintiff's decedent has suffered loss of enjoyment of life.

77. **WHEREFORE**, plaintiffs **JOAN MULLIN , as Administratrix Ad Prosequendum of the ESTATE of ROBERT MULLIN, JR.**, and **JOAN MULLIN individually,** demands judgment against defendants, **THE STATE OF NEW JERSEY, THE DEPARTMENT OF CORRECTIONS OF THE STATE OF NEW JERSEY, SOUTH WOODS STATE PRISON, ADMINISTRATOR KAREN BALICKI, CENTRAL RECEPTION & ASSIGNMENT FACILITY (C.R.A.F.), DIRECTOR ROBERT PATERSON, DIRECTOR MARIE DUNLAP-PRYCE, JANE BYRD, LPN, ERIN MARUSKY, R.N., TRENTON PSYCHIATRIC HOSPITAL, KINTOCK GROUP, MERCER COUNTY, JOHN DOES 1-10** and **ABC ENTITIES 1-10** jointly and severally for compensatory and punitive damages, funeral bills, together with interest, costs of suit and attorneys' fees.

## FOURTH COUNT

78. Plaintiffs repeat and reallege each and every allegation contained in paragraphs one (1) through seventy-seven (77) of the Complaint as if set forth fully herein at length.

79. During the period he remained in their custody and care, the defendants individually and collectively, through their agents, servants and employees, engaged in actions intended to inflict severe emotional trauma upon plaintiff **MULLIN.**

80. By reason of the deliberate indifference and reckless disregard for the rights of **MULLIN,** and of the deprivation of constitutional rights as aforedescribed, including the intentional failure to follow policies and procedures, the failure to provide adequate medical care and treatment, the failure to supervise and monitor, the failure to train, **MULLIN** was subjected to intentional infliction of emotional distress.

81. The emotional distress was severe and outrageous.

82. The emotional distress was of such character that no reasonable person could be expected to endure it.

83. In particular, the emotional distress aggravated and exacerbated **MULLIN'S** previously diagnosed psychiatric conditions which increased the likelihood and foreseeability of self-inflicted harm, including suicide.

84. In addition or in the alternative, plaintiff's decedent suffered emotional harm due to the negligence and carelessness of the defendants.

85. By reason of the aforesaid intentional and negligent infliction of mental distress, plaintiff **MULLIN** was caused to suffer pain, suffering, humiliation, embarrassment and anguish, all to his damage.

86.   By reason of the foregoing infliction of mental distress, both intentional and negligent, plaintiff **MULLIN** has been damaged.

87.   The decedent left him surviving his mother, **JOAN MULLIN**, and other next of kin.

88.   As a direct and proximate result of the negligence as aforedescribed, plaintiff's decedent **MULLIN** was caused to suffer severe, painful and permanent personal injuries, emotional anguish and great physical pain.

89.   As a direct and proximate result of the negligence as aforedescribed, plaintiff **JOAN MULLIN** has been damaged and has been permanently deprived of the services, society, care, companionship, support and guidance of plaintiff's decedent for the life expectancy of decedent.

90.   By reason of the foregoing and wrongful death of plaintiff's decedent, plaintiff **JOAN MULLIN** has been damaged.

91.   By reason of the foregoing and wrongful death of plaintiff's decedent plaintiff **JOAN MULLIN** has suffered pecuniary losses and has been compelled to expend and incur various sums of money for funeral and burial expenses.

92.   By reason of the foregoing and wrongful death plaintiff's decedent has suffered loss of enjoyment of life.

93.   **WHEREFORE**, plaintiffs **JOAN MULLIN , as Administratrix Ad Prosequendum of the ESTATE of ROBERT MULLIN, JR.**, and **JOAN MULLIN individually,** demands judgment against defendants, **THE STATE OF NEW JERSEY, THE DEPARTMENT OF CORRECTIONS OF THE   STATE OF NEW JERSEY, SOUTH WOODS STATE PRISON, ADMINISTRATOR KAREN BALICKI,**

CENTRAL RECEPTION & ASSIGNMENT FACILITY (C.R.A.F.), DIRECTOR ROBERT PATERSON, DIRECTOR MARIE DUNLAP-PRYCE, JANE BYRD, LPN, ERIN MARUSKY, R.N., TRENTON PSYCHIATRIC HOSPITAL, KINTOCK GROUP, MERCER COUNTY, JOHN DOES 1-10 and ABC ENTITIES 1-10 jointly and severally for compensatory and punitive damages, funeral bills, together with interest, costs of suit and attorneys' fees.

### FIFTH COUNT

94. Plaintiffs repeat and reallege each and every allegation contained in paragraphs one (1) through ninety-one (91) as if set forth herein fully at length.

95. The **PUBLIC ENTITY DEFENDANTS, SUPERVISOR DEFENDANTS, TRENTON PSYCHIATRIC HOSPITAL** and **KINTOK's** unlawful acts constitute abuse of process.

96. By reason of the foregoing, and as a direct and proximate result of defendants' abuse of process, plaintiff's decedent **MULLIN** sustained serious and severe injuries which resulted in his death.

97. The decedent left him surviving his mother, **JOAN MULLIN**, and other next of kin.

98. As a direct and proximate result of the abuse of process, plaintiff's decedent **MULLIN** was caused to suffer severe, painful and permanent personal injuries, emotional anguish and great physical pain.

99. As a direct and proximate result of the abuse of process as aforedescribed, plaintiff **JOAN MULLIN** has been damaged and has been permanently deprived of the

services, society, care, companionship, support and guidance of plaintiff's decedent for the life expectancy of decedent.

100.   By reason of the foregoing and wrongful death of plaintiff's decedent, plaintiff **JOAN MULLIN** has been damaged.

101.   By reason of the foregoing abuse of process and wrongful death of plaintiff's decedent plaintiff **JOAN MULLIN** has suffered pecuniary losses and has been compelled to expend and incur various sums of money for funeral and burial expenses.

102.   By reason of the foregoing and wrongful death plaintiff's decedent has suffered loss of enjoyment of life.

103.   **WHEREFORE**, plaintiffs **JOAN MULLIN , as Administratrix Ad Prosequendum of the ESTATE of ROBERT MULLIN, JR.,** and **JOAN MULLIN individually,** demands judgment against defendants, **THE STATE OF NEW JERSEY, THE DEPARTMENT OF CORRECTIONS OF THE    STATE OF NEW JERSEY, SOUTH WOODS STATE PRISON, ADMINISTRATOR KAREN BALICKI, CENTRAL RECEPTION & ASSIGNMENT FACILITY (C.R.A.F.), DIRECTOR ROBERT PATERSON, DIRECTOR MARIE DUNLAP-PRYCE, JANE BYRD, LPN, ERIN MARUSKY, R.N., TRENTON PSYCHIATRIC HOSPITAL, KINTOCK GROUP, MERCER COUNTY, JOHN DOES 1-10** and **ABC ENTITIES 1-10** jointly and severally for compensatory and punitive damages, funeral bills, together with interest, costs of suit and attorneys' fees.

## SIXTH COUNT

104.   Plaintiffs repeat and reallege each and every allegation contained in

21

**A188**

paragraphs one (1) through one-hundred (100) of the Complaint as if set forth fully herein at length.

105. At all relevant times herein defendants, individually and collectively, undertook to diagnose and treat any medical conditions suffered by plaintiff's decedent, including mental health, emotional, psychological and psychiatric care and treatment, and were under a duty to do so.

106. At all relevant times herein defendants, individually and collectively, undertook to diagnose and treat plaintiff **MULLIN.**

107. At all relevant times herein defendants, individually and collectively, and in particular defendants **JANE BYRD, LPN, ERIN MARUSKY, R.N.,** and **TRENTON PSYCHIATRIC HOSPITAL** through its agents, servants and employees and/or contractors held themselves out to plaintiff's decedent and facilities/persons able to and furnishing medical treatment and medical care.

108. At all relevant times herein defendants individually and collectively, and in particular defendants **JANE BYRD, LPN, ERIN MARUSKY, R.N.,** and **TRENTON PSYCHIATRIC HOSPITAL** through its agents, servants and employees and/or contractors owed a duty to the plaintiff's decedent and to others likewise situated to use reasonably prudent and non-negligent medical care.

109. Between January 15, 2009 and January 17, 2009 plaintiff's decedent came under the care of the medical staff, infirmary, agents, servants and employees and/or contractors of the defendants.

110. At all relevant times herein defendants held themselves out as maintaining

adequate and competent agents, servants and employees and further warranted and

represented that their agents, servants and/or employees were qualified and trained to

provide proper medical care and treatment as required and further warranted and

represented themselves as being equipped in sufficient manner to render such proper care

and treatment, including care and treatment involving mental health, emotional stability,

psychological and psychiatric care.

111. The defendants, individually and collectively failed to exercise reasonable

and ordinary care in the treatment of plaintiff's decedent, failed to exercise that degree of

care to be exercised by a hospital and medical staff in similar circumstances and were

negligent and careless in the care and treatment of plaintiff's decedent **MULLIN.**

112. The defendants, individually and collectively failed to exercise

reasonable and ordinary care in the treatment of **MULLIN,** failed to exercise that degree

of care to be expected by a hospital, nurses, and medical providers in correctional

facilities in similar circumstances and were negligent and careless in the care and

treatment of **MULLIN.**

113. The defendants, individually and collectively, their agents, servants,

employees and contractors were negligent and careless in failing to hire, train and

supervise adequate staff, in failing to recognize various signs symptoms, indications and

manifestations of medical and psychological problems in **MULLIN,** in failing to

maintain adequate and proper protocols and standards for the handling of persons in the

condition of **MULLIN,**in failing to maintain proper record keeping protocol;  in failing to

properly diagnosis **MULLIN'S** condition and failing to provide adequate care, failing to

appreciate the likelihood that **MULLIN** could or would inflict harm to himself, failed to

provide proper counselling and guidance, failing to properly evaluate his mental state so as to avoid the occurrence, and in otherwise failing and omitting to maintain that degree of care and treatment for sick patients that a prudent hospital and prudent doctors, interns, nurses, attendant and other medical providers would have maintained under like circumstances and like conditions.

114. By reason of the aforesaid medical and nursing malpractice, plaintiff's decedent was caused to suffer severe, painful and permanent personal injuries, sustained severe nervous shock, mental anguish and great physical pain, was prevented from engaging in his usual activities and committed suicide.

115. By reason of the foregoing, and as a direct and proximate result of defendants' medical negligence as aforedescribed, plaintiff's decedent **MULLIN** sustained serious and severe injuries which resulted in his death.

116. The decedent left him surviving his mother, **JOAN MULLIN**, and other next of kin.

117. As a direct and proximate result of the medical negligence as aforedescribed, plaintiff's decedent **MULLIN** was caused to suffer severe, painful and permanent personal injuries, emotional anguish and great physical pain.

118. As a direct and proximate result of the medical negligence as aforedescribed, plaintiff **JOAN MULLIN** has been damaged and has been permanently deprived of the services, society, care, companionship, support and guidance of plaintiff's decedent for the life expectancy of decedent.

119. By reason of the foregoing medical negligence and wrongful death of plaintiff's decedent, plaintiff **JOAN MULLIN** has been damaged.

120.   By reason of the foregoing medical negligence and wrongful death of plaintiff's decedent plaintiff **JOAN MULLIN** has suffered pecuniary losses and has been compelled to expend and incur various sums of money for funeral and burial expenses.

121.   By reason of the foregoing and wrongful death plaintiff's decedent has suffered loss of enjoyment of life.

122.   **WHEREFORE**, plaintiffs **JOAN MULLIN , as Administratrix Ad Prosequendum of the ESTATE of ROBERT MULLIN, JR.**, and **JOAN MULLIN individually**, demands judgment against defendants, **THE STATE OF NEW JERSEY, THE DEPARTMENT OF CORRECTIONS OF THE   STATE OF NEW JERSEY, SOUTH WOODS STATE PRISON, ADMINISTRATOR KAREN BALICKI, CENTRAL RECEPTION & ASSIGNMENT FACILITY (C.R.A.F.),  DIRECTOR ROBERT PATERSON, DIRECTOR MARIE DUNLAP-PRYCE, JANE BYRD, LPN, ERIN MARUSKY, R.N., TRENTON PSYCHIATRIC HOSPITAL, KINTOCK GROUP, MERCER COUNTY, JOHN DOES 1-10** and **ABC ENTITIES 1-10** jointly and severally for compensatory and punitive damages, funeral bills, together with interest, costs of suit and attorneys' fees.

**SHELLEY L. STANGLER, P.C.**
**Attorney for Plaintiffs**

BY:_____

**SHELLEY L. STANGLER, ESQ.**

Dated:  January 14, 2011

25

**A192**

## DEMAND FOR JURY TRIAL

Plaintiffs demands a trial by jury of all issues so triable.

Dated:  January 14, 2011

BY: _____

**SHELLEY L. STANGLER, ESQ.**

## DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:24-4, **SHELLEY L. STANGLER, ESQ**. is hereby designated

as trial counsel on behalf of the plaintiff in the within matter.

Dated:  January 14, 2011

BY: _____

**SHELLEY L. STANGLER, ESQ.**

## CERTIFICATION

SHELLEY L. STANGLER, ESQ., of full age, certifies:

1.     SHELLEY L. STANGLER, P.C. has been retained to represent plaintiffs, **JOAN MULLIN, as Administratrix of the Estate of ROBERT MULLIN, JR, and JOAN MULLIN individually** in connection with the within matter. I am the attorney in charge of the case.

2.   The matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, and no other action or arbitration proceeding is contemplated by plaintiff.

3.   There are no other parties who should be joined in this action.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

**SHELLEY L. STANGLER**

DATED: January 14, 2011

27

**A194**

ARTHUR R. SYPEK, JR.
MERCER COUNTY COUNSEL
McDade Administration Building
640 South Broad Street
P.O. Box 8068
Trenton, New Jersey 08650
(609)989-6511
By: **Sarah G. Crowley, Deputy County Counsel**
Attorney for Defendant County of Mercer

| | |
|---|---|
| JOAN MULLIN, ADMINISTRATRIX OF  :<br>THE ESTATE OF ROBERT MULLIN,  :<br>deceased and JOAN MULLIN  :<br>individually  :<br>  :<br>    Plaintiff  :<br>  :<br>v.  :<br>  :<br>THE STATE OF NEW JERSEY, THE  :<br>DEPARTMENT OF CORRECTIONS OF  :<br>THE STATE OF NEW JERSEY, SOUTH  :<br>WOODS STATE PRISON,  :<br>ADMINISTRATOR KAREN BALICKI  :<br>CENTRAL RECEPTION &  :<br>ASSIGNMENT FACILITY (C.R.A.F.),  :<br>DIRECTOR ROBERT PATERSON,  :<br>DIRECTOR MARIE DUNLAP-PRYCE,  :<br>JANE BYRD, LPN, ERIN MARUSKY,  :<br>R.M., TRENTON PSYCHIATRIC  :<br>HOSPITAL, KNOTOCK GROUP,  :<br>MERCER COUNTY, JOHN DOES 1-10  :<br>(As yet unidentified and unknown,  :<br>governmental, county, or state officials,  :<br>supervisors, agents or employees), ABC  :<br>ENTITIES 1-10 (as yet unidentified and  :<br>unknown governmental entities, agencies,  :<br>units or subdivisions.  :<br>  :<br>    Defendants  : | UNITED STATES DISTRICT COURT<br>FOR THE DISTRICT OF NEW JERSEY<br>Case No.: 3:11-CV-00247-MLC-LHG<br><br><br><br><br><br><br>Civil Action<br>STIPULATION OF DISMISSAL<br>WITHOUT  PREJUDICE |

This matter in difference in the above entitled action having been amicably adjudicated by

and between the parties, it is hereby stipulated and agreed that the same be and it is hereby

Page 1 of 2

**A195**

dismissed without prejudice as to the County of Mercer, inclusive of all claims, cross-claims and

counterclaims by and against the County of Mercer, without costs against either party. This

dismissal is for the County of Mercer only.

By: Sarah G. Crowley, Deputy County Counsel
Attorney for Defendant, County of Mercer

By: Shelley L. Stangler, Esquire
Attorney for Plaintiff

**A196**

PAULA T. DOW
ATTORNEY GENERAL OF NEW JERSEY
R.J. Hughes Justice Complex
25 Market Street
P.O. Box 112
Trenton, New Jersey  08625
Attorney for Defendants State of New Jersey, New Jersey Department
of Corrections, South Woods State Prison, Central Reception and
Assignment Facility, Karen Balicki and Jane Byrd

By:  Susan M. Scott
     Deputy Attorney General
     (609) 633-7786
     susan.scott@dol.lps.state.nj.us

                    UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF NEW JERSEY
                        VICINAGE OF TRENTON

---

| | | |
|---|---|---|
| Joan Mullin, | : | HON. MARY L. COOPER, U.S.D.J. |
| Administratirix of the | | |
| Estate of Robert Mullin, | : | Civil Action No. 11-0247 (MLC-LHG) |
| deceased and Joan Mullin | | |
| individually, | : | |
| | | |
| Plaintiff, | : | |
| | | |
| v. | : | |
| | | |
| STATE OF NEW JERSEY | : | NOTICE OF MOTION TO DISMISS, |
| et al., | | PURSUANT TO FED. R. CIV. P. 12(b)(6) |
| | : | |
| | | |
| Defendants. | : | |

---

TO:  CLERK OF THE COURT

     Shelley Lynn Stangler, Esq.
     155 Morris Avenue
     Springfield, NJ 07081-1224

     Sarah G. Crowley, Deputy County Counsel
     Mercer County Counsel
     McDade Administration Building
     640 South Broad Street
     P.O. Box 8068
     Trenton, New Jersey 08650

John Joseph Welch
2329 State Highway 34
Suite 103
Manasquan, NJ 08736-1442

FARKAS & DONOHUE, LLC
David C. Donohue, Esquire
389 Passaic Avenue, Suite 2
Fairfield, NJ 07004
Attorney for Defendant Jane Byrd

PLEASE TAKE NOTICE that on May 16, 2011, the undersigned, Paula T. Dow, Attorney General of New Jersey, by Susan M. Scott, Deputy Attorney General, on behalf of Defendants State of New Jersey, New Jersey Department of Corrections, South Woods State Prison, Central Reception and Assignment Facility, Karen Balicki and Jane Byrd, shall move before the Honorable Mary L. Cooper, U.S.D.J., in the United States District Courthouse, Trenton, New Jersey, for an Order dismissing Plaintiff's Complaint with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

PLEASE TAKE NOTICE that the undersigned shall rely on the attached Brief in support of the motion.

It is respectfully requested that the Court rule upon the moving papers submitted, without requiring appearance of counsel, pursuant to Fed. R. Civ. P. 78.

A proposed form of Order is attached hereto.

PAULA T. DOW
ATTORNEY GENERAL OF NEW JERSEY

By: s/Susan M. Scott
Susan M. Scott
Deputy Attorney General

DATED: April 19, 2011

PAULA T. DOW
ATTORNEY GENERAL OF NEW JERSEY
R.J. Hughes Justice Complex
25 Market Street
P.O. Box 116
Trenton, New Jersey  08625
Attorney for Defendant,
  Trenton Psychiatric Hospital

By:  Karen L. Jordan
     Deputy Attorney General
     (609) 984-2924

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
TRENTON VICINAGE

| | |
|---|---|
| Joan Mullin, Administratrix of the Estate of Robert Mullin, deceased, and Joan Mullin, Individually, | Civil No. 11-247-MLC-LHG |
| Plaintiffs, | : |
| v. | : NOTICE OF MOTION ON BEHALF OF TRENTON PSYCHIATRIC HOSPITAL TO DISMISS IN LIEU OF ANSWER UNDER Fed. R. Civ. P. 12(b)(6) |
| State of New Jersey, Department of Corrections, Trenton Psychiatric Hospital, et al., | : |
| Defendants. | : |

To: CLERK OF THE COURT

    Shelley Lynn Stangler, Esq.
    155 Morris Avenue
    Springfield, NJ 07081-1224

Susan M. Scott, Deputy Attorney General
R.J. Hughes Justice Complex
P.O. Box 112
Trenton, NJ 08625

Sarah G. Crowley, Deputy County Counsel
Mercer County Counsel
McDade Administration Building
640 South Broad Street
Trenton, NJ 08650

PLEASE TAKE NOTICE that on June 20, 2011, the undersigned Paula T. Dow, Attorney General of New Jersey, by Karen L. Jordan, Deputy Attorney General, on behalf of defendant Trenton Psychiatric Hospital shall move before the Honorable Mary L. Cooper, U.S.D.J., in the United States Court House, Trenton, New Jersey, for an Order dismissing the complaint against it in lieu of answer, pursuant to Fed. R. Civ. P. 12(b)(6).

PLEASE TAKE NOTICE that the undersigned will rely on the attached Brief in Support of the Motion.

A proposed form of Order is attached.

PAULA T. DOW
ATTORNEY GENERAL OF NEW JERSEY


By: s/Karen L. Jordan
Karen L. Jordan
Deputy Attorney General

Dated: 5/19/2011

-2-

**A200**

PAULA T. DOW
ATTORNEY GENERAL OF NEW JERSEY
R.J. Hughes Justice Complex
25 Market Street
P.O. Box 116
Trenton, New Jersey  08625
Attorney for Defendant,
  Trenton Psychiatric Hospital

By:  Karen L. Jordan
     Deputy Attorney General
     (609) 984-2924

UNITED STATES DISTRICT COURT<br>
FOR THE DISTRICT OF NEW JERSEY<br>
TRENTON VICINAGE

| | |
|---|---|
| Joan Mullin, Administratrix of the Estate of Robert Mullin, deceased, and Joan Mullin, Individually, | Civil No. 11-247-MLC-LHG |
| Plaintiffs, | : ORDER DISMISSING COMPLAINT AGAINST TRENTON PSYCHIATRIC HOSPITAL |
| v. | : UNDER Fed. R. Civ. P. 12(b)(6) |
| State of New Jersey, Department of Corrections, Trenton Psychiatric Hospital, et al., | : |
| Defendants. | : |

This matter having come before the Court on a motion of Paula T. Dow, Attorney General of New Jersey, Karen L. Jordan, Deputy Attorney General, appearing on behalf of defendant Trenton Psychiatric Hospital, and the Court having considered the papers submitted herein, and for good cause shown;

-3-

**A201**

**IT IS** on this          day of                    , 2011;

**ORDERED** that the complaint against these defendants is dismissed with prejudice.

_____
Mary L. Cooper, U.S.D.J.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JOAN MULLIN, ADMINISTRATRIX OF THE ESTATE OF ROBERT MULLIN, deceased and JOAN MULLIN, individually<br><br>    **Plaintiffs,**<br><br>  -vs-<br><br>THE STATE OF NEW JERSEY, THE DEPARTMENT OF CORRECTIONS OF THE STATE OF NEW JERSEY, SOUTH WOODS STATE PRISON, ADMINISTRATOR KAREN BALICKI, CENTRAL RECEPTION & ASSIGNMENT FACILITY (C.R.A.F.), DIRECTOR ROBERT PATTERSON, DIRECTOR MARIE DUNLAP-PRYCE, JANE BYRD, LPN, ERIN MARUSKY, R.N., TRENTON PSYCHIATRIC HOSPITAL, KINTOCK GROUP, MERCER COUNTY, JOHN DOES 1-10 (as et.als.<br><br>    **Defendants.** | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **Civ. No. 3:11-cv-00247**<br><br>**NOTICE OF CROSS-MOTION TO AMEND COMPLAINT AND COMPEL DISCOVERY** |

ON NOTICE TO:

Dept. Attorney General Susan M. Scott, Esq.
Office of the Attorney General
Division of Law
25 Market Street, P.O. Box 116
Trenton, NJ 08625-0116
*Attorney for State of New Jersey, Dept. of Correction of State of NJ, South Woods State Prison, C.R.A.F., Administrator Karen Balicki, Director Robert Patterson, Director Marie Dunlap-Pryce, and Jane Byrd, L.P.N.*

Karen Jacobs, Esq.
Office of the Attorney General
Division of Law
25 Market Street, P.O. Box 116
Trenton, NJ 08625-0116
*Attorney for defendant Trenton Psychiatric Hospital*

John J. Welch, Esq.
2329 State Highway 43
Suite 103
Manasquan, NJ 08736-1442
*Attorney for Kintock Group*

Erin Mikulsky, L.P.N.
Central Reception and Assignment Facility
P.O. Box 7450
Trenton, New Jersey 08628-7450

Officer Dimler
Central Reception and Assignment Facility
P.O. Box 7450
Trenton, New Jersey 08628-7450

Beatrice Teel, R.N.
Central Reception and Assignment Facility
P.O. Box 7450
Trenton, New Jersey 08628-7450

**PLEASE TAKE NOTICE** that on June 6, 2011, the undersigned Shelley L.

Stangler, P.C., by Shelley Stangler, Esq., attorney for plaintiffs Joan Mullin,

Administratrix of the estate of Robert Mullin, deceased and Joan Mullin, individually,

shall move before the Hon. Mary L. Cooper, U.S.D.J., for the District Court of New

Jersey, in the United States Courthouse, Trenton, N.J., for an Order permitting plaintiffs

to amend their complaint and to compel discovery.

Plaintiffs shall rely on the Brief, proposed amended complaint, Certification and

supporting exhibits of Shelley L. Stangler, Esq., annexed hereto in support of the Motion.

Oral argument is requested.

A proposed form of Order is annexed hereto.

                              **SHELLEY L. STANGLER, P.C.**
                              Attorney for Plaintiff

                              By: _____
                              **SHELLEY L. STANGLER, ESQ.**

Dated: May 20, 2011

*The Law Offices Of*

## SHELLEY L. STANGLER, P.C.

A PROFESSIONAL CORPORATION

SHELLEY L. STANGLER
ATTORNEY AT LAW

MEMBER N.J. BAR & N.Y. BAR

155 MORRIS AVENUE
SPRINGFIELD, NJ 07081
TEL: 973.379.2500
FAX: 973.379.0031
E-MAIL:SHELLEY@STANGLERLAW.COM
WWW.STANGLERLAW.COM

NEW YORK OFFICE
1 OLD COUNTRY ROAD
STE. 210
CARLE PLACE, NY 11514
TEL: 646.205.0659

May 20, 2011

Clerk, United State District Court
Clarkson S. Fisher Federal Bldg
402 E State Street
Trenton, NJ 08608

> **Re: Estate of Robert Mullin vs. State of New Jersey, et al**
> **Civil Action No: 11:0247(MCL/LHG)**

Dear Sir/Madame:

Enclosed please find

- Notice of Cross Motion to Amend Complaint and Compel Discovery
- Certification of electronic filing
- Certification in Opposition to Motion to Dismiss with exhibits
- Brief
- Order

A courtesy copy of the papers will be filed with Judge Cooper.

Very truly yours,

SHELLEY L. STANGLER, ESQ.

SLS/mf
Enc.

cc:    William T. Walsh, Clerk
      Susan M. Scott, DAG
      John Joseph Welch, Esq.
      Karen Jordon, Esq.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

SHELLEY L. STANGLER, PC
ATTORNEY FOR PLAINTIFFS
155 MORRIS AVENUE, 2ND FLOOR
SPRINGFIELD, NEW JERSEY 07081
PHONE (973) 379-2500
FACSIMILE (973) 379-0031
Attorney for Plaintiffs

---

JOAN MULLIN, ADMINISTRATRIX OF
THE ESTATE OF ROBERT MULLIN,
deceased and JOAN MULLIN,
individually

        Plaintiffs,

   -vs-

THE STATE OF NEW JERSEY, THE
DEPARTMENT OF CORRECTIONS OF
THE STATE OF NEW JERSEY, SOUTH
WOODS STATE PRISON,
ADMINISTRATOR KAREN BALICKI,
CENTRAL RECEPTION &
ASSIGNMENT FACILITY (C.R.A.F.),
DIRECTOR ROBERT PATTERSON,
DIRECTOR MARIE DUNLAP-PRYCE,
JANE BYRD, LPN, ERIN MARUSKY,
R.N., TRENTON PSYCHIATRIC
HOSPITAL, KINTOCK GROUP,
MERCER COUNTY, JOHN DOES 1-10 (as
yet unidentified and unknown
governmental, county, or state officials,
supervisors, agents or employees), ABC
ENTITIES 1-10 (as yet unidentified and
unknown governmental entities, agencies,
units or subdivisions.

        Defendants

CIVIL ACTION

Civ. No. 3:11-cv-00247

CERTIFICATION OF MAILING

---

I hereby certify that the Notice of Cross-Motion was filed with the Clerk of the

United State Bankruptcy Court, Mercer County at the Clarkson S. Fisher Federal Bldg.,

402 E State Street, Trenton, NJ 08608 by electronic filing in accordance with the Rules of Court.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

**SHELLEY L. STANGLER, ESQ.**

Dated: May 20, 2011

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

SHELLEY L. STANGLER, PC
ATTORNEY FOR PLAINTIFFS
155 MORRIS AVENUE, 2ND FLOOR
SPRINGFIELD, NEW JERSEY 07081
PHONE (973) 379-2500
FACSIMILE (973) 379-0031
Attorney for Plaintiff_____

| | |
|---|---|
| JOAN MULLIN, ADMINISTRATRIX OF THE ESTATE OF ROBERT MULLIN, deceased and JOAN MULLIN, individually<br><br>        Plaintiffs,<br><br>   -vs-<br><br>THE STATE OF NEW JERSEY, THE DEPARTMENT OF CORRECTIONS OF THE STATE OF NEW JERSEY, SOUTH WOODS STATE PRISON, ADMINISTRATOR KAREN BALICKI, CENTRAL RECEPTION & ASSIGNMENT FACILITY (C.R.A.F.), DIRECTOR ROBERT PATTERSON, DIRECTOR MARIE DUNLAP-PRYCE, JANE BYRD, LPN, ERIN MARUSKY, R.N., TRENTON PSYCHIATRIC HOSPITAL, KINTOCK GROUP, MERCER COUNTY, JOHN DOES 1-10 (as yet unidentified and unknown governmental, county, or state officials, supervisors, agents or employees), ABC ENTITIES 1-10 (as yet unidentified and unknown governmental entities, agencies, units or subdivisions.<br><br>        Defendants | CIVIL ACTION<br><br>Civ. No. 3:11-cv-00247<br><br>CERTIFICATION IN OPPOSITION TO MOTION TO DISMISS AND IN SUPPORT OF CROSS-MOTION TO AMEND THE COMPLAINT AND TO COMPEL DISCOVERY |

Shelley L. Stangler, Esq., hereby certifies as follows:

1.    I am an attorney at law of the State of New Jersey and represent the

plaintiffs herein. I am fully familiar with the facts and circumstances of this matter. This

Certification is submitted in support of Plaintiff's cross motion to amend the Complaint, for

discovery, and in opposition to the Motion of defendants State of New Jersey, Department of

Corrections of New Jersey. South Woods State Prison, Administrator Karen Balicki, Central

Reception & Assignment Facility (CRAF), Director Marie Dunlap-Pryce, and Jane Byrd, L.P.N.,

to dismiss the complaint pursuant to F.R.C.P. 12(b)(6).

    2.    True and correct copies of Affidavits by the plaintiff filed in connection with an

application to file a late notice of claim are annexed hereto as Exhibits A and B, respectively.

These affidavits illustrate plaintiff's great difficulty in getting any information out of defendants

as to the circumstances surrounding her son's suicide.

    3.    A true and correct copy of my correspondence dated March 28, 2011 in which I

requested information about unserved defendants' last known addresses is attached hereto as

Exhibit C. I received no reply to this correspondence.

    4.    Attached hereto as Exhibit D is the Complaint.

    5.    Attached hereto as Exhibit E is a proposed amended complaint.

    I hereby certify that the foregoing statements made by me are true. I am aware that if any

are willfully false I am subject to punishment.

By:    _____

    SHELLEY L. STANGLER, ESQ.

Dated: May 20, 2011

SHELLEY L. STANGLER, P.C.
155 MORRIS AVENUE, 2ND FLOOR
SPRINGFIELD, NJ 07081
PHONE (973) 379-2500 FAX (973) 379-0031
Attorney for Petitioner

| | |
|---|---|
| JOAN A. MULLIN, PROPOSED ADMINISTRATRIX OF THE ESTATE OF ROBERT MULLIN, DECEASED, AND JOAN A. MULLIN INDIVIDUALLY,<br><br>Petitioner,<br><br>vs.<br><br>THE COUNTY OF MERCER, THE STATE OF NEW JERSEY, THE DEPARTMENT OF CORRECTIONS OF THE STATE OF NEW JERSEY, SOUTH WOODS STATE PRISON, CENTRAL RECEPTION & ASSIGNMENT FACILITY (C.R.A.F.); DIRECTOR ROBERT PATERSON, DIRECTOR MARIE DUNLAP-PRYCE, TRENTON PSYCHIATRIC HOSPITAL, KINTOCK HALFWAY HOUSE AND JOHN DOES 1-10 (as yet unknown and unidentified municipal, county or state officials, supervisors, agents or employees or entities)<br><br>Respondents. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: MERCER COUNTY DOCKET NO:<br><br>CIVIL ACTION<br><br>AFFIDAVIT OF PETITIONER |

I, Joan A. Mullin , hereby swear upon her oath as follows:

1.   I am the petitioner and proposed Administratrix of the Estate of my deceased son, Robert Mullin. I make this affidavit to support my attorney's motion to file a late notice of claim.

2.   I have never been notified or made aware by the various persons, officials and attorneys I have spoken with that a notice of claim was required to be filed within ninety (90) days of the date of the incident, in this case the suicide of my son while in the custody of the various defendants named in this petition.

3.   For several months, including the first three months after the accident I have made an effort to find out what happened to my son. I received a call from a representative at the CRAF facility that he died there. Then I was told by a detective that he died at the Trenton Psychiatric Hospital. I was also told that he received treatment at South Wood State Prison.

4.     In August 2009 I wrote to CRAF and South Wood State Prison for records regarding my son. I received no response.

5.     I also spoke with various representatives of these facilities also without any answers. I was referred to counsel for the State Department of Corrections, Michelle Hammell, Esq. and I wrote her a letter on October 20, 2009. However I received no response from her or her office either.

6.     The death certificate showed the location of death as Trenton Psychiatric Hospital. When I requested the records I was told that there was no record of my son being there.

7.     Over the past several months I have spoken to about 7 law firms. All declined to accept this case and except for one firm which I contacted recently along with Ms. Stangler none advised me I had ninety (90) days to file a notice of claim or even that I could file a motion out of time.

8.     I have been distraught over the loss of my son and tried as hard as I could to find out what my legal rights were as well as to get information from the facilities and officials involved.

9.     I began seeing Sandy Kelly, a therapist in Cherry Hill, New Jersey in March of 2009.

10.     I am currently on two (2) kinds of medication for my depression and Anxiety.

11.     I began taking Ativan for my depression shortly after my son Robert died.

12.     I am also taking Zoloft for my depression and anxiety.

13.     On May 12, 2009 my mother passed away.

Sworn to before me this

_4 +1_____ day of

_January_, 2010

Dana Swider

JOAN A. MULLIN

DANA SWIDER
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires February 15, 2011

SHELLEY L. STANGLER, P.C.
155 MORRIS AVENUE, 2ND FLOOR
SPRINGFIELD, NJ 07081
PHONE (973) 379-2500 FAX (973) 379-0031
Attorney for Petitioner

| | |
|---|---|
| JOAN A. MULLIN, PROPOSED ADMINISTRATRIX OF THE ESTATE OF ROBERT MULLIN, DECEASED, AND JOAN A. MULLIN INDIVIDUALLY,<br><br>       Petitioner,<br><br>vs.<br><br>THE COUNTY OF MERCER, THE STATE OF NEW JERSEY, THE DEPARTMENT OF CORRECTIONS OF THE STATE OF NEW JERSEY, SOUTH WOODS STATE PRISON, CENTRAL RECEPTION & ASSIGNMENT FACILITY (C.R.A.F.); DIRECTOR ROBERT PATERSON, DIRECTOR MARIE DUNLAP-PRYCE, TRENTON PSYCHIATRIC HOSPITAL, KINTOCK HALFWAY HOUSE AND JOHN DOES 1-10 (as yet unknown and unidentified municipal, county or state officials, supervisors, agents or employees or entities)<br><br>       Respondents. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: MERCER COUNTY DOCKET NO:<br><br><br>CIVIL ACTION<br><br><br>AFFIDAVIT OF PETITIONER IN REPLY TO OPPOSITION TO MOTION FOR LEAVE TO FILE LATE NOTICE OF CLAIM |

I, Joan A. Mullin , of full age, hereby swears upon my oath:

    1.    I am the petitioner and proposed Administratrix of the Estate of my deceased son, Robert Mullin. I make this affidavit in reply to the opposition to my motion for leave to file a late notice of claim.

    2.    Following the death of my son, Robert, I made repeated and numerous attempts to discover the location and cause of his death. Attached hereto as Exhibit A are true copies of the handwritten notations I made during the months following my son's death, documenting such efforts.

    3.    As is clear from my handwritten notations, one of the persons with whom I spoke could not tell me whether my son died in a holding cell or at a hospital.

4.    Other notations reflect my attempt to put together a time-line of events surrounding my son's death. For example, I learned that on January 15, 2009, he was "moved out of Kintock." I was not given any explanation for this move, as reflected by the fact that I wrote, "why?" after this information. I also learned that on January 16, 2009, my son was transferred to CRAF. Again, I wrote, "why?" after this information.

5.    Attached as Exhibit B is a true copy of the Death Certificate, showing the location of my son, Robert's death as the Trenton Psychiatric Hospital. Please recall from my earlier Affidavit that originally, a representative from CRAF facility informed me that my son had died there. Then I was told by a detective that he died at the Trenton Psychiatric Hospital. I was also told that he received treatment at South Wood State Prison. When I requested the records from Trenton Psychiatric Hospital, I was told they had no record of my son being there.

6.    Attached as Exhibit C is a true copy of the records from the Medical Examiner, which I did not receive until August of 2009. It was not until I received these records that I learned that my son had used his bed sheets to fashion a noose, and that he had 10 Xanax pills on him at the time.

7.    These documents, together with the letters attached to my earlier Affidavit, reflect a diligent but fruitless attempt on my part to conduct an investigation into my son's death. It would have been irresponsible on my part to have first taken steps to file a lawsuit, without first attempting to discover wrongdoing.

8.    Over the past year I have spoken to about 7 law firms. I cannot recall the dates that I spoke to representatives of these firms. However, in the course of discussing this matter, not one person until my current attorney advised me that I must file a Notice of Claim within 90 days of discovering the cause of my son's death.

9.    On Friday, February 12, 2010, I finally received a stack of documents from the State Department of Corrections about my son, which unfortunately took an attorney's involvement to obtain. A review of these documents indicates that the State DOC knew that my son was a suicide risk (See Exhibit D). My attorney advises me that my case is meritorious.

I hereby certify that the foregoing statements made by me are true. I am aware that if any are willfully false, I am subject to punishment.

Sworn to before me this

$11^{+a}_{0}$ _____ day of February, 2010

*Dana Swider*
NOTARY PUBLIC

DANA SWIDER
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires February 15, 2011

*Joan A. Mullin*
JOAN A. MULLIN

*The Law Offices Of*

# SHELLEY L. STANGLER, P.C.

SHELLEY L. STANGLER
ATTORNEY AT LAW
MEMBER N.J. BAR & N.Y. BAR

A PROFESSIONAL CORPORATION
155 MORRIS AVENUE
SPRINGFIELD, NJ 07081
TEL: 973.379.2500
FAX: 973.379.0031
E-MAIL:SHELLEY@STANGLERLAW.COM
WWW.STANGLERLAW.COM

NEW YORK OFFICE
1 OLD COUNTRY ROAD
STE. 210
CARLE PLACE, NY 11514
TEL: 646.205.0659

March 28, 2011

State of New Jersey
Office of the Attorney General
Division of Law
25 Market Street
P.O. Box 116
Trenton, NJ 08625-0116
Attn: Susan M. Scott, DAG

> **Re:    MULLIN v. THE STATE OF NEW JERSEY et al**
> **Case No.:  3:11-cv-00247-MLC-LHG**

Dear Ms. Scott:

We have attempted service on defendants, Erin Marusky, R.N., Robert Patterson and Marie Dunlap-Price (see annexed efforts at service). We are advised that these persons are no longer employed by the State.

Please provide their last known addresses at your earliest convenience so that service may be properly effectuated.

Very truly yours,

SHELLEY L. STANGLER, ESQ.

SLS/mab
Enclosures
cc:    Joan A. Mullin

Guaranteed Subpoena Service, Inc.
P.O. Box 2248 - Union, New Jersey 07083
(908) 687-0056   (800) 672-1952
Fax: (908) 688-0885 Tax ID 22-2393485
www.Served.com

SHELLEY L. STANGLER, ESQ.
SHELLEY L. STANGLER, ESQ.
155 MORRIS AVENUE
SPRINGFIELD, NJ 07081-1224

Your Process  **20110202143458**  Was

**NOT SERVED!**

NOT Served Date/Time: **2/3/2011  1:49:32PM**

---

Visit us at www.SERVED.com to get the latest status of your process. Your FirmID is: **0722EE30**

NOT Served Upon:     **ERIN MARUSKY, R.N.**
At BUSINESS:         **C/O C.R.A.F.T. - STUYVESANT AVE.    TRENTON NJ 086##**

In the Case/Docket:  **3 11 CV 247 MLC LHG** Claim:
Plaintiff:           **JOAN MULLIN**
Defendant:           **THE STATE OF NJ, ET AL.**
Attorney:            **SHELLEY L. STANGLER, ESQ.** Phone: **9733792500** Fax: **9733790031** Email:
SLSESQ@EROLS.COM
Firm:                **SHELLEY L. STANGLER, ESQ.**
                     **155 MORRIS AVENUE    SPRINGFIELD, NJ 07081-1224**

## WE MAY BE ABLE TO SERVE YOUR PROCESS IF WE HAVE YOUR AUTHORIZATION TO FURTHER INVESTIGATE THIS MATTER!

---

## AUTHORIZATION FOR ADVANCED SEARCH

Note: all investigative work is performed by Spartan Detective Agency, NJ License 2392

To order search check desired box, sign authorization and fax back to us immediately at **888-224-4405**
*PLEASE BE ADVISED THAT IF THE SOCIAL SECURITY NUMBER OR TAX ID IS NEEDED FOR A SEARCH THERE WILL BE A $50 FEE.

[ ] Social Security Search $50 find or no find                    [ ]*Affidavit of Due Diligence $30 NJ only, $50 other states

[X] Skip Search* $75 no find, no pay  for Home Address            [ ] Corporate Search $75 anywhere in U.S

[ ] Postal Forwarding $30 anywwhere in U.S.                       [ ] Stake out - Time authorized hours: _____
                                                                 Stake out $75/hour NJ only, $125/hour other states
[ ] DMV - MVC $50 NJ only, $110 other states

                                        _____    ___/___/___
                                        AUTHORIZING SIGNATURE            DATE

PLEASE FAX SIGNED AUTHORIZATION TO **(888) 224-4405**
OR CALL **(877) SDA-2009** TO REACH **SPARTAN DETECTIVE AGENCY**
OR CALL **(800) PROCESS** TO REACH **GUARANTEED SUBPOENA SERVICE**

* REASON FOR FAILURE TO SERVE IS AVAILABLE FROM PROCESS SERVER IN AFFIDAVIT FORM, SIGNED AND
NOTARIZED FOR $30 IN NJ ONLY AND $50 OTHER STATES. CHECK ABOVE AND RETURN FOR AFFIDAVIT.

**WE ARE UNABLE TO SERVE YOUR PROCESS FOR THE FOLLOWING REASON:**

[X] MOVED                           [ ] UNABLE TO MAKE CONTACT

[ ] ADDRESS DOES NOT EXIST          [ ] DECEASED

[ ] EVADING                         [ ] INCARCERATED

[ ] UNKNOWN AT ADDRESS              [ ] IN COLLEGE

[ ] CANCELLED ON:                   [ ] RETIRED


Guaranteed Subpoena Service and 1-800-PROCESS utilizes "real time status". Our process servers communicate with our computers via a PDA through a menu. The categories above are what our process servers view and click in cases where process cannot be served. Keep in mind that the process server had to go to the premises as per your instructions. Fuel, time and wear and tear are involved. Should you need further clarification we would need a direct contact with the process server and a "due diligence" affidavit requires the process server to come to us for notary confirmation. Process servers in the performance of any duty must be paid. We have a no serve/no charge policy and strictly adhere to this method of doing business. We are however compelled to pay for the services we request of our process servers. We pass this cost along to our accounts by placing a charge on affidavits of "due diligence". We feel that this is fair and are confident that you agree. Should you have any questions please feel free to call our office at 1-800-PROCESS

Thank you in advance for the opportunity to serve you!

**Guaranteed Subpoena Service, Inc.**
P.O. Box 2248 - Union, New Jersey 07083
(908) 687-0056   (800) 672-1952
Fax: (908) 688-0885 Tax ID 22-2393485
www.Served.com

Your Process **20110202142516**   Was

SHELLEY L. STANGLER, ESQ.
SHELLEY L. STANGLER, ESQ.
155 MORRIS AVENUE
SPRINGFIELD, NJ 07081-1224

**NOT SERVED!**

NOT Served Date/Time: **2/3/2011   1:54:36PM**

Visit us at www.SERVED.com to get the latest status of your process. Your FirmID is: **0722EE30**

NOT Served Upon:     **ROBERT PATERSON, DIRECTOR**
At BUSINESS:          **STATE OF NEW JERSEY - DEPT. OF CORRECTIONS  WHITTLESEY RD.   TRENTON  NJ**
**08625**

In the Case/Docket:   **3:11 CV 00247 MLC LHG**  Claim:
Plaintiff:            **JOAN MULLIN**
Defendant:            **THE STATE OF NEW JERSEY**
Attorney:             **SHELLEY L. STANGLER, ESQ.** Phone: **9733792500** Fax: **9733790031** Email:
**SLSESQ@EROLS.COM**
Firm:                 **SHELLEY L. STANGLER, ESQ.**
                      **155 MORRIS AVENUE    SPRINGFIELD, NJ 07081-1224**

## WE MAY BE ABLE TO SERVE YOUR PROCESS IF WE HAVE YOUR AUTHORIZATION TO FURTHER INVESTIGATE THIS MATTER!

## AUTHORIZATION FOR ADVANCED SEARCH
Note: all investigative work is performed by Spartan Detective Agency, NJ License 2392

To order search check desired box, sign authorization and fax back to us immediately at **888-224-4405**
*PLEASE BE ADVISED THAT IF THE SOCIAL SECURITY NUMBER OR TAX ID IS NEEDED FOR A SEARCH THERE WILL BE A $50 FEE.

[ ] Social Security Search $50 find or no find          [ ]*Affidavit of Due Diligence $30 NJ only, $50 other states

[X] Skip Search* $75 no find, no pay — *For Home*        [ ] Corporate Search $75 anywhere in U.S

[ ] Postal Forwarding $30 anywwhere in U.S.  *Held ve SS* [ ] Stake out - Time authorized hours: _____
                                                         Stake out $75/hour NJ only, $125/hour other states

[ ] DMV - MVC $50 NJ only, $110 other states

                                                         _____  ___/___/___
                                                         AUTHORIZING SIGNATURE       DATE

PLEASE FAX SIGNED AUTHORIZATION TO **(888) 224-4405**
OR CALL **(877) SDA-2009** TO REACH **SPARTAN DETECTIVE AGENCY**
OR CALL **(800) PROCESS** TO REACH **GUARANTEED SUBPOENA SERVICE**

* REASON FOR FAILURE TO SERVE IS AVAILABLE FROM PROCESS SERVER IN AFFIDAVIT FORM, SIGNED AND
NOTARIZED FOR $30 IN NJ ONLY AND $50 OTHER STATES. CHECK ABOVE AND RETURN FOR AFFIDAVIT.

**WE ARE UNABLE TO SERVE YOUR PROCESS FOR THE FOLLOWING REASON:**

| | |
|---|---|
| [X] MOVED | [ ] UNABLE TO MAKE CONTACT |
| [ ] ADDRESS DOES NOT EXIST | [ ] DECEASED |
| [ ] EVADING | [ ] INCARCERATED |
| [ ] UNKNOWN AT ADDRESS | [ ] IN COLLEGE |
| [ ] CANCELLED ON: | [ ] RETIRED |

Guaranteed Subpoena Service and 1-800-PROCESS utilizes "real time status". Our process servers communicate with our computers via a PDA through a menu. The categories above are what our process servers view and click in cases where process cannot be served. Keep in mind that the process server had to go to the premises as per your instructions. Fuel, time and wear and tear are involved. Should you need further clarification we would need a direct contact with the process server and a "due diligence" affidavit requires the process server to come to us for notary confirmation. Process servers in the performance of any duty must be paid. We have a no serve/no charge policy and strictly adhere to this method of doing business. We are however compelled to pay for the services we request of our process servers. We pass this cost along to our accounts by placing a charge on affidavits of "due diligence". We feel that this is fair and are confident that you agree. Should you have any questions please feel free to call our office at 1-800-PROCESS

Thank you in advance for the opportunity to serve you!

Guaranteed Subpoena Service, Inc.
P.O. Box 2248 - Union, New Jersey 07083
(90B) 687-0056   (800) 672-1952
Fax: (908) 688-0885 Tax ID 22-2393485
www.Served.com

SHELLEY L. STANGLER, ESQ.
SHELLEY L. STANGLER, ESQ.
155 MORRIS AVENUE
SPRINGFIELD, NJ 07081-1224

Your Process **20110202142723** Was

## NOT SERVED!

NOT Served Date/Time: **2/3/2011  1:50:08PM**

Visit us at www.SERVED.com to get the latest status of your process. Your FirmID is: 0722EE30

NOT Served Upon:          **DIRECTOR MARIE DUNLAP-PRYCE**
At BUSINESS:              **C/O CENTRAL RECEPTION & ASSIGNMENT FACILITY (C.R.A.F.T.)  TRENTON  NJ**
086##

In the Case/Docket:      **3 11 CV 247 MLC LHG**  Claim:
Plaintiff:               **JOAN MULLIN**
Defendant:               **THE STATE OF NJ, ET AL.**
Attorney:                **SHELLEY L. STANGLER, ESQ.** Phone: 9733792500 Fax: 9733790031 Email:
SLSESQ@EROLS.COM
Firm:                    **SHELLEY L. STANGLER, ESQ.**
                         **155 MORRIS AVENUE    SPRINGFIELD, NJ 07081-1224**

## WE MAY BE ABLE TO SERVE YOUR PROCESS IF WE HAVE YOUR AUTHORIZATION TO FURTHER INVESTIGATE THIS MATTER!

## AUTHORIZATION FOR ADVANCED SEARCH

Note: all investigative work is performed by Spartan Detective Agency, NJ License 2392

To order search check desired box, sign authorization and fax back to us immediately at **888-224-4405**
*PLEASE BE ADVISED THAT IF THE SOCIAL SECURITY NUMBER OR TAX ID IS NEEDED FOR A SEARCH THERE WILL BE A $50 FEE.

[ ] Social Security Search $50 find or no find          [ ]*Affidavit of Due Diligence $30 NJ only, $50 other states

[X] Skip Search* $75 no find, no pay   *For Home*        [ ] Corporate Search $75 anywhere in U.S
                                        *Address*
[ ] Postal Forwarding $30 anywwhere in U.S.             [ ] Stake out - Time authorized hours: _____
                                                        Stake out $75/hour NJ only, $125/hour other states
[ ] DMV - MVC $50 NJ only, $110 other states

                                                        _____   ___/___/___
                                                        AUTHORIZING SIGNATURE        DATE

PLEASE FAX SIGNED AUTHORIZATION TO **(888) 224-4405**
OR CALL **(877) SDA-2009** TO REACH **SPARTAN DETECTIVE AGENCY**
OR CALL **(800) PROCESS** TO REACH **GUARANTEED SUBPOENA SERVICE**

* REASON FOR FAILURE TO SERVE IS AVAILABLE FROM PROCESS SERVER IN AFFIDAVIT FORM, SIGNED AND
NOTARIZED FOR $30 IN NJ ONLY AND $50 OTHER STATES. CHECK ABOVE AND RETURN FOR AFFIDAVIT.

**WE ARE UNABLE TO SERVE YOUR PROCESS FOR THE FOLLOWING REASON:**

[X] MOVED                                   [ ] UNABLE TO MAKE CONTACT

[ ] ADDRESS DOES NOT EXIST                  [ ] DECEASED

[ ] EVADING                                 [ ] INCARCERATED

[ ] UNKNOWN AT ADDRESS                      [ ] IN COLLEGE

[ ] CANCELLED ON:                           [ ] RETIRED

Guaranteed Subpoena Service and 1-800-PROCESS utilizes "real time status". Our process servers communicate with our computers via a PDA through a menu. The categories above are what our process servers view and click in cases where process cannot be served. Keep in mind that the process server had to go to the premises as per your instructions. Fuel, time and wear and tear are involved. Should you need further clarification we would need a direct contact with the process server and a "due diligence" affidavit requires the process server to come to us for notary confirmation. Process servers in the performance of any duty must be paid. We have a no serve/no charge policy and strictly adhere to this method of doing business. We are however compelled to pay for the services we request of our process servers. We pass this cost along to our accounts by placing a charge on affidavits of "due diligence". We feel that this is fair and are confident that you agree. Should you have any questions please feel free to call our office at 1-800-PROCESS

Thank you in advance for the opportunity to serve you!

# EXHIBIT D

## ORIGINAL COMPLAINT

# DUPLICATE

## APPENDIX 168

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

JOAN MULLIN, ADMINISTRATRIX OF  )
THE ESTATE OF ROBERT MULLIN,  )
deceased and JOAN MULLIN, individually,  )
Plaintiffs,  )
)
-vs-  )
)
ADMINISTRATOR KAREN BALICKI, in  )
her personal, individual and professional  )
capacities representing the State of New  )
Jersey, the Department of Corrections of the  )
State of New Jersey, South Woods State  )
Prison, and Central Reception & Assignment  )
Facility (C.R.A.F.), DIRECTOR ROBERT  )
PATTERSON, in his personal, individual and  )
professional capacities, representing the State  )
of New Jersey, the Department of Corrections  )
of the State of New Jersey, South Woods State  )
Prison, and Central Reception & Assignment  )
Facility (C.R.A.F.) DIRECTOR MARIE  )
DUNLAP-PRYCE, in her personal, individual  )
and professional capacities, representing the  )
State of New Jersey, the Department of  )
Corrections of the State of New Jersey, South  )
Woods State Prison, and Central Reception &  )
Assignment Facility (C.R.A.F.), JANE BYRD,  )
L.P.N., in her personal, individual and  )
professional capacities, ERIN MARUSKY,  )
R.N., in her personal, individual and  )
professional capacities, OFFICER DIMLER,  )
in his personal, individual and professional  )
capacities BEATRICE TEEL, R.N., in her
personal, individual and professional
capacities, TRENTON PSYCHIATRIC
HOSPITAL, KINTOCK GROUP, MERCER
COUNTY, JOHN DOES 3-10 (as yet
unidentified and unknown governmental,
county, or state officials, supervisors, agents or
employees) in their personal, individual and
professional capacities, ABC ENTITIES 1-10
(as yet unidentified and unknown
governmental entities, agencies, units or
subdivisions,

Defendants.

CIVIL ACTION

Civ. No.

AMENDED COMPLAINT
AND JURY DEMAND

Plaintiffs, Joan Mullin as Administratrix of the Estate of Robert Mullin, and Joan Mullin,

Individually, by way of complaint against defendants, **ADMINISTRATOR KAREN BALICKI**

in her personal, individual and professional capacities representing the State of New Jersey, the

Department of Corrections of the State of New Jersey, South Woods State Prison, and Central

Reception & Assignment Facility (C.R.A.F.); **DIRECTOR ROBERT PATTERSON** in his

personal, individual and professional capacities representing the State of New Jersey, the

Department of Corrections of the State of New Jersey, South Woods State Prison, and Central

Reception & Assignment Facility (C.R.A.F.); **DIRECTOR MARIE DUNLAP-PRYCE** in her

personal, individual and professional capacities representing the State of New Jersey, the

Department of Corrections of the State of New Jersey, South Woods State Prison, and Central

Reception & Assignment Facility (C.R.A.F.); **JANE BYRD, L.P.N.,** in her personal, individual

and professional capacities; **ERIN MARUSKY, R.N.** in her personal, individual and

professional capacities; **OFFICER DIMLER** in his personal, individual and professional

capacities; **BEATRICE TEEL, R.N.** in her personal, individual and professional capacities;

**TRENTON PSYCHIATRIC HOSPITAL, KINTOCK GROUP, MERCER COUNTY,**

**JOHN DOES 3-10** (as yet unidentified and unknown governmental, county, or state officials,

supervisors, agents or employees) in their individual and professional capacities, and **ABC**

**ENTITIES 1-10** (as yet unidentified and unknown governmental entities, agencies, units or

subdivisions, set forth the following:

### PARTIES

1.     At all relevant times herein plaintiffs **JOAN MULLIN, Administratrix Ad**

**Prosequendum of the Estate of ROBERT MULLIN, JR.,** and **JOAN MULLIN,**

2

**A224**

**individually,** were and are domiciliaries and residents of the County of Mercer and State of New Jersey.

2.    At all relevant times herein defendant **ADMINISTRATOR KAREN BALICKI** was, upon information and belief a chief supervisory official and executive of the South Woods State Prison, a public entity and/or an agency or division of a public entity, organized and existing under the laws of the State of New Jersey and engaged in the operation and management of a certain correctional facility, with a place of business at 215 South Burlington Road, Bridgeton, NJ 08302, acting in her personal, individual and official capacities under color of law.

3.    At all relevant times herein defendant **DIRECTOR ROBERT PATTERSON** was, upon information and belief, the chief supervisory official and executive of the Department of Corrections for the State of New Jersey ("DOC"), a public entity and/or an agency or division of a public entity, organized and existing under the laws of the State of New Jersey and engaged in the operation and management of correctional facilities in the State of New Jersey with a place of business at Whittlesey Road, P.O. Box 863, Trenton, NJ 0825, acting in his personal, individual and official capacities under color of law.

4.    At all relevant times herein **MARIE DUNLAP-PRYCE** was, upon information and belief a chief supervisory official and executive of Central Reception & Assignment Facility ("C.R.A.F".), a public entity and/or an agency or division of a public entity, organized and existing under the laws of the State of New Jersey and engaged in the operation and management of a certain correctional facility, with a place of business at Stuyvesant Avenue, Trenton, NJ 08628-7450, acting in her personal, individual and official capacities under color of law.

5.    At all relevant times herein defendant **JANE BYRD, L.P.N.,** was, upon information and belief a health care provider and employee, agent or servant of the State of New

3

**A225**

Jersey, DOC, South Woods State Prison, and/or C.R.A.F., engaged in the rendering of health care services including inmate evaluations, and acting in her personal, individual and official capacities under color of law.

6. At all relevant times herein defendant **ERIN MARUSKY, R.N.**, was, upon information and belief a health care provider and employee, agent or servant of the State of New Jersey, DOC, South Woods State Prison, and/or C.R.A.F., engaged in the rendering of health care services including inmate evaluations, and acting in her personal, individual and official capacities under color of law.

7. At all relevant times herein defendant **OFFICER DIMLER**, first name unknown, was, upon information and belief a corrections officer and employee, agent or servant of the State of New Jersey, DOC, South Woods State Prison, and/or C.R.A.F., engaged in the supervision of inmates, and acting in his personal, individual and official capacities under color of law, and is substituted for **John Doe No. 1**.

8. At all relevant times herein defendant **BEATRICE TEEL, R.N.,** was, upon information and belief a health care provider and employee, agent or servant of the State of New Jersey, DOC, South Woods State Prison, and/or C.R.A.F., engaged in the rendering of health care services including inmate evaluations, and acting in her personal, individual and official capacities under color of law, and is substituted for **John Doe No. 2**.

9. At all relevant times herein defendant **TRENTON PSYCHIATRIC HOSPITAL** was and is, upon information and belief a corporation or entity organized and existing for the purposes of providing medical care and treatment to members of the public and others, with a place of business at 101 Sullivan Way, Ewing, NJ 08618.

4

**A226**

10.    At all relevant times herein defendant the **KINTOCK GROUP** was and is, upon information and belief, a private company authorized to do business in the State of New Jersey, engaged in the business of providing therapeutic and other services to those persons transitioning back from incarceration into the community, known as "halfway houses" or "work houses," with a place of business at 4 South Industrial Boulevard, Bridgeton, NJ 08302.

11.    At all relevant times herein defendant **MERCER COUNTY** was and is a public entity organized and existing under the laws of the State of New Jersey, engaged in the operation and management of correctional facilities, with a place of business at 640 South Broad Street, P.O. Box 8068, Trenton, NJ 08650.

12.    At all relevant times herein defendants **JOHN DOES 3-10** and **ABC ENTITIES 1-10** were and are as yet unidentified employees, agents, servants, contractors, supervisors, officials and/or public entities, agencies and subdivisions responsible for the operation, management and control over certain correctional facilities and custodial facilities. **JOHN DOES 3-10** are being sued in their individual, professional and personal capacities.

## NATURE OF ACTION & FACTUAL BACKGROUND

13.    Plaintiff's decedent and son, the 29 year old **ROBERT MULLIN, JR,** had been incarcerated and under the custodial care of individual defendants **ADMINISTRATOR KAREN BALICKI, DIRECTOR ROBERT PATTERSON,** and **MARIE DUNLAP-PRYCE.** (hereinafter the **"SUPERVISOR DEFENDANTS"**) for approximately six (6) to eight (8) years, through and including his date of death on January 17, 2009.

14.    In or about May 2008 he was transferred to a halfway house, or "work" house under the operation and management of defendant **THE KINTOCK GROUP** (hereinafter

5

**A227**

"KINTOCK"), under the auspices of and by contract and agreement with the **SUPERIVSOR DEFENDANTS**.

15.    Plaintiff's decedent was scheduled to be released from **KINTOCK** sometime between April and June of 2009, after completing a course of therapy, work studies and services designed to allow an inmate to be rehabilitated and return to society and to his family.

16.    On or about January 15, 2009, while at **KINTOCK** plaintiff's decedent exhibited deterioration in mental and psychological status, and became emotionally labile with aggressive behavior.

17.    Thereafter plaintiff's decedent was transferred back to either South Woods State Prison or C.R.A.F., under the custodial care, supervision, management and control of the **SUPERVISOR DEFENDANTS, JOHN DOES 3-10** and **ABC ENTITIES 1-10**.

18.    Upon information and belief, at some point between January 15, 2009 and January 17, 2009, plaintiff also came under the care of and was treated by health care providers at defendant **TRENTON PSYCHIATRIC HOSPITAL** through its agents, servants and employees.

19.    Upon information and belief, at some point and time between January 15, 2009 and January 17, 2009 plaintiff's decedent was released to a single cell or area without adequate one on one and constant supervision and observation. Defendant **OFFICER DIMLER** was the last person to see decedent alive, according to the Medical Examiner's Report.

20.    On January 17, 2009 at approximately 4:23 AM, defendant **OFFICER DIMLER** found plaintiff's decedent unresponsive after hanging himself with what the limited records in plaintiff's possession indicate was a self-made noose made of a bed sheet.

6

**A228**

21.   Defendant **BEATRICE TEEL, R.N.** was summoned to assist decedent after he was found unresponsive.

22.   Decedent was pronounced dead at 4:49 AM.

23.   During all relevant times between January 15, 2009 and the time and date of death on January 17, 2009, decedent plaintiff was under the custodial care of the **SUPERVISOR DEFENDANTS** as well as defendant **TRENTON PSYCHIATRIC HOSPITAL.**

24.   The original death certificate states the place of death as **TRENTON PSYCHIATRIC HOSPITAL;** the records from the DOC indicate plaintiff's location at death was in either South Woods State Prison or C.R.A.F., and the amended death certificate identifies the location of death as C.R.A.F.

25.   On January 16, 2009, defendants **JANE BYRD, L.P.N., ERIN MARUSKY, R.N.,** and **BEATRICE TEEL, R.N.,** acting under color of law in their personal, individual and official capacities as employees, agents and servants of the **SUPERVISOR DEFENDANTS** and/or as individual medical providers contracted to work in the facilities managed by the **SUPERVISOR DEFENDANTS,** undertook to examine and evaluate plaintiff's decedent.

26.   Decedent's medical record obtained from the DOC reflects numerous entries from 2005 until his death evidencing his past suicide attempts, his diagnosis as a suicide risk, his family history of suicide, his history of mental illness including anxiety, depression and mood disorder, and his use of psychotropic medication for his psychiatric conditions.

27.   On several occasions, the record reflects that decedent answered "yes" to the question "have you ever been hospitalized or treated for psychiatric illness", and "have you ever considered or attempted suicide".

7

**A229**

28.    Plaintiff Joan Mullin requested records and information regarding any investigation, follow up reports, internal affairs considerations, or any evidence of implementation of policy, procedure and standards necessary to identify and prevent occurrences such as the decedent's suicide. None were provided. Specific entries in the medical record are as follows:

29.    On August 19, 2005, the decedent Robert Mullin stated during the nursing intake that he had considered or attempted suicide, and that in April 2005 he had attempted suicide. The notes on that date also reflect that the decedent was taking "psych medications."

30.    On September 26, 2007, during a nursing intake, the decedent answered "yes" to the question "have you ever been hospitalized or treated for psychiatric illness," and "have you ever considered or attempted suicide." The notes on that date reflect again that decedent was taking "psych medications."

31.    On September 28, 2007, notes in the medical record reflect that decedent had a diagnosis of a mood disorder.

32.    On October 3, 2007, notes in the medical record reflect that that decedent had a diagnosis of a mood disorder, and he was taking the psychotropic medication Doxepin, and he was referred to "Mental Health."

33.    On November 16, 2007, and on at least seven other occasions in the following two-plus years until decedent's death, notes in the medical records reflect the diagnosis of "mood disorder," a family history of suicide, and a history of being a suicide risk.

34.    At least one of these entries details that the decedent was being treated for a psychiatric illness, namely depression and anxiety.

8

**A230**

35. On January 14, 2009, three days before decedent's death, the medical record reflects that the inmate was seen at South Woods State Prison, following a transfer from Kintock to Detention/ECU, and the diagnoses of "mood disorder," a family history of suicide, and a history of being a suicide risk.

36. On January 16, 2009, an entry in the medical record identifies a "nursing intake" completed by defendant **JANE BYRD, L.P.N.** During that intake the decedent answered "Yes" to the question "have you ever been hospitalized or treated for psychiatric illness," and to the question "have you ever considered or attempted suicide." The medical record on that date also includes the diagnoses of "mood disorder," a family history of suicide, and a history of being a suicide risk .

37. A subsequent entry on January 16, 2009, signed by defendant **ERIN MARUSKY, R.N.** at 6:26 PM, states the location of care is "Central Reception & Assignment Facility – Main," and the narrative "[inmate] medically cleared for placement on S3 … Erin Marusky, R.N. January 16, 2009 6:25 PM."

38. On January 17, 2009 an entry in the medical record identified the event as "internal other: death of inmate." This entry shows that defendant **BEATRICE TEEL, R.N.** was with an unnamed officer in the hallway on the floor at 4:24 AM, and CPR was performed by unnamed officers or medical providers, at which time the decedent was unresponsive.

39. A further entry in the record on Jan. 17, 2009, signed by **BEATRICE TEEL, R.N.** and showing her as the provider, identifies the event as "Emergency Report: Medical Emergency for code 66/late entry" repeats the entry, and adds a diagnosis list, including the history of mood disorder, family history of suicide, and that decedent was a suicide risk.

9

**A231**

40.    Despite a known history of suicide attempts, anxiety, depression and psychiatric instability, defendants **JANE BYRD, L.P.N.** and **ERIN MARUSKY, R.N.** determined on Jan. 16, 2009 that plaintiff's decedent was medically cleared to be released into the general population at the C.R.A.F. and/or South Woods State Prison facility under the supervision, management and control of the **SUPERVISOR DEFENDANTS** and/or to **TRENTON PSYCHIATRIC HOSPITAL.**

41.    Despite a known history of decedent's suicide attempts, anxiety, depression and psychiatric instability, defendant **BEATRICE TEEL, R.N.,** on Jan. 16 and 17, 2009, failed to provide adequate medical supervision and nursing care to decedent in the hours leading up to decedent's suicide, failed to intervene to prevent the suicide.

42.    Despite a known history of decedent's suicide attempts, anxiety, depression and psychiatric instability, defendant **OFFICER DIMLER** on Jan. 16 and 17, 2009 failed to provide adequate protection and supervision to decedent in the hours leading up to decedent's suicide and failed to intervene to prevent the suicide.

43.    Plaintiff's decedent had a known and documented history of suicide attempts and psychiatric disturbance dating from 2005, 2007, 2008 and 2009 up to and including his final evaluation prior to his death, which was known to, and should have been known to, the **SUPERVISOR DEFENDANTS,** defendants **JANE BYRD, L.P.N., ERIN MARUSKY, R.N, BEATRICE TEEL, R.N., OFFICER DIMLER, TRENTON PSYCHIATRIC HOSPITAL** and **KINTOCK.**

44.    Plaintiffs **JOAN MULLIN, as Administratrix Ad Prosequendum of the Estate of ROBERT MULLIN, JR.,** and **JOAN MULLIN, individually,** institute this action for compensatory and punitive damages arising out of the unlawful actions and conduct of the

10

**A232**

**SUPERVISOR DEFENDANTS,** defendants **JANE BYRD, L.P.N, ERIN MARUSKY, R.N, BEATRICE TEEL, R.N., OFFICER DIMLER, TRENTON PSYCHIATRIC HOSPITAL, KINTOCK,** and **JOHN DOES 3-10** and **ABC ENTITIES 1-10** in violating the civil rights of plaintiff's decedent protected by and secured under the provisions of the First, Fourth, Sixth, Eighth, Ninth and Fourteenth amendments to the United States Constitution and under the laws of the United States, particularly under the Civil Rights Act, Title 42 of the United States Code, Sections 1983 and 1985 (2) *et. seq.*

45.     At all relevant times herein, the **SUPERVISOR DEFENDANTS,** defendants **JANE BYRD, L.P.N**. in her personal, individual and official capacities, **ERIN MARUSKY, R.N,** in her personal, individual and official capacities, **BEATRICE TEEL, R.N.,** in her personal, individual and official capacities, **OFFICER DIMLER,** in his personal, individual and official capacities, **TRENTON PSYCHIATRIC HOSPITAL, KINTOCK, JOHN DOES 3-10** in their personal, individual and official capacities, and **ABC ENTITIES 1-10** were acting under color of state law and within the scope of their authority as agents, servants and employees of said defendants.

46.     Plaintiffs also institute this action pursuant to the laws of the State of New Jersey for damages arising by reason of wrongful death, pain and suffering, hedonistic damages, negligence, infliction of mental distress, the failure to properly hire, train and supervise staff, employees, agents and servants, abuse of authority, failure to provide adequate medical care and treatment, malpractice and negligence.

47.     Plaintiffs were permitted to file a late Notice of Claim by Order of the Hon. Sue Regan dated February 10, 2010, which were served accordingly pursuant to New Jersey Statutes Title 59:8-4 and signed by plaintiff's representative, Shelley L. Stangler, Esq. upon the public

11

**A233**

entities employing the **SUPERVISOR DEFENDANTS,** and on **TRENTON PSYCHIATRIC HOSPITAL, KINTOCK, JOHN DOES 3-10** and **ABC ENTITIES 1-10.**

48.     More than six (6) months have elapsed since service of plaintiff's Notices of Claims and the claims remain unresolved.

49.     This action was commenced within two (2) years from the date of the death, January 17, 2009.

## FIRST COUNT

50.     Plaintiffs repeat each and every allegation contained in paragraphs one (1) through forty-nine (49) as if set forth fully herein at length.

51.     At all relevant times herein, the **SUPERVISOR DEFENDANTS**, defendants **JANE BYRD, L.P.N.,** acting in her personal, individual and official capacities, **ERIN MARUSKY, R.N,** acting in her personal, individual and official capacities, **BEATRICE TEEL, R.N.,** acting in her personal, individual and official capacities, **OFFICER DIMLER,** acting in his personal, individual and official capacities, **TRENTON PSYCHIATRIC HOSPITAL** and **KINTOCK, JOHN DOES 3-10,** through their agents, servants and employees and acting in their personal, individual and official capacities,   and **ABC ENTITIES 1-10,** were acting under color of law under the state and federal Constitutions, statutes, laws, charters, ordinances, rules, regulations, customs, usages and practices of the subject governmental departments, agencies and entities and within the scope of their authority as employees and/or officers of the State of New Jersey, the DOC, South Woods State Prison and/or C.R.A.F..

52.     During all relevant times herein the aforementioned defendants acted jointly and in concert with each other, and conspired and agreed between and amongst themselves to

12

**A234**

commit the unlawful violation of civil rights upon plaintiff's decedent **ROBERT MULLIN** (hereinafter **"MULLIN"**) as well as to fail to provide proper medical care to **MULLIN.**

53.     In particular, defendants agreed and conspired not to provide sufficient and adequate medical care to **MULLIN**, not to provide sufficient and adequate supervision, to violate protocols and policies designed to stop and avoid suicide by those persons, such as plaintiff's decedent, under the control and custody of the defendants, to fail to monitor and supervise **MULLIN**, to fail to intervene or protect **MULLIN** from danger and imminent physical harm, and to allow **MULLIN** to have the ability to commit suicide.

54.     During all relevant times herein the **SUPERVISOR DEFENDANTS**, defendants **JANE BYRD, L.P.N.** acting in her personal, individual and official capacities, **ERIN MARUSKY, R.N**, acting in her personal, individual and official capacities, **BEATRICE TEEL, R.N.,** acting in her personal, individual and official capacities, **OFFICER DIMLER,** acting in his personal, individual and official capacities, **TRENTON PSYCHIATRIC HOSPITAL, KINTOCK, JOHN DOES 3-10,** acting in their personal, individual and official capacities, and **ABC ENTITIES 1-10**, by and through their agents, servants, and employees acted with deliberate and conscious indifference to **MULLIN'S** constitutional rights which violations arose out of a pattern or custom or policy and practice by each of the defendants, in permitting and allowing **MULLIN** to be unsupervised, alone, and with the wherewithal to do harm to himself, in failing to provide medical attention, in failing to enact, implement, promulgate and enforce policies, procedures and standards with respect to suicide watch and avoidance, inadequate recordkeeping, in failing to intervene, in exposing plaintiff's decedent to imminent bodily harm, which was foreseeable under the circumstances, in allowing unsafe conditions to exist in the

13

**A235**

defendant correctional facilities, infirmaries and hospital, in failing to properly hire, train and supervise their employees in the proper conduct of their duties, among other acts and omissions.

55.    In particular, there are no known records of any investigation or internal affair reports made in connection with the death of **MULLIN**.

56.    At all relevant times herein the defendants, individually and collectively, through their agents, servants and employees were acting within the scope of their employment and duties at the time of the subject events as well as in their personal, individual and official capacities.

57.    At all relevant times herein the defendants, individually and collectively, through their agents, servants and employees, and acting in their personal, individual and official capacities, by reason of their acts, omissions, deliberate and conscious indifference to the rights of **MULLIN**, and by a pattern of abuse and violation of procedure and protocol, and failure to provide medical treatment inclusive of mental health services, and by their failure to provide **MULLIN** with a safe environment and by putting him in a position to harm himself, deprived **MULLIN** of his rights, privileges and immunities secured by the Constitution and laws of the United States, and are liable to the plaintiffs pursuant to Title 42 Sections 1983 and 1985 of the United States Code and the New Jersey Civil Rights Statute Title 10 and under state common law.

58.    The defendants, their agents, servants and employees allowed, condoned and permitted the circumstances under which suicide and harm could occur, and with deliberate indifference failed to prevent it, failed to intervene, failed to provide proper medical care and services, and subjected **MULLIN** to cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution.

14

**A236**

59.     The defendants, their agents, servants and employees deprived **MULLIN** of his rights, privileges and immunities secured by the Constitution and laws of the United States including violation of his Fourteenth Amendment rights of due process, equal protection, his First Amendment rights, his Fourth Amendment rights and his rights of privacy, as well as his Fifth and Sixth Amendment rights.

60.     At all relevant times herein the aforedescribed acts were committed under color of law within the authority of the agents, servants and employees of the defendants.

61.     The defendants, individually and collectively acted pursuant to official policy and/or custom and to deprive plaintiff's decedent of his constitutional rights under 42 U.S. Code sections 1983 and 1985.

62.     By reason of the foregoing, defendants violated the civil rights of plaintiff's decedent.

63.     By reason of the foregoing, and as a direct and proximate result of defendants' constitutional violations, plaintiff's decedent **MULLIN** sustained serious and severe injuries which resulted in his death.

64.     The decedent left him surviving his mother, **JOAN MULLIN**, and other next of kin.

65.     As a direct and proximate result of the constitutional violations as aforedescribed, plaintiff's decedent **MULLIN** was caused to suffer severe, painful and permanent personal injuries, emotional anguish and great physical pain.

66.     As a direct and proximate result of the constitutional violations as aforedescribed, plaintiff **JOAN MULLIN** has been damaged and has been permanently deprived of the

15

**A237**

services, society, care, companionship, support and guidance of plaintiff's decedent for the life expectancy of decedent.

67.    By reason of the foregoing and wrongful death of plaintiff's decedent, plaintiff **JOAN MULLIN** has been damaged.

68.    By reason of the foregoing and wrongful death of plaintiff's decedent plaintiff **JOAN MULLIN** has suffered pecuniary losses and has been compelled to expend and incur various sums of money for funeral and burial expenses.

69.    By reason of the foregoing and wrongful death plaintiff's decedent has suffered loss of enjoyment of life.

70.    **WHEREFORE**, plaintiffs **JOAN MULLIN, as Administratrix Ad Prosequendum of the ESTATE of ROBERT MULLIN, JR.,** and **JOAN MULLIN individually,** demands judgment against defendants, **ADMINISTRATOR KAREN BALICKI, DIRECTOR ROBERT PATTERSON, DIRECTOR MARIE DUNLAP-PRYCE, JANE BYRD, L.P.N., ERIN MARUSKY, R.N., BEATRICE TEEL, R.N., OFFICER DIMLER, TRENTON PSYCHIATRIC HOSPITAL, KINTOCK GROUP, MERCER COUNTY, JOHN DOES 3-10** and **ABC ENTITIES 1-10** jointly and severally for compensatory and punitive damages, funeral bills, together with interest, costs of suit and attorneys' fees.

## SECOND COUNT

71.    Plaintiffs repeat and reallege each and every allegation contained in paragraph one (1) through seventy (70) of the complaint as if set forth fully herein at length.

72.    Defendants, individually and collectively, through their agents, servants and employees acted pursuant to official policy and/or custom to deprive plaintiff's decedent of his

16

**A238**

constitutional rights under Title 10 of the New Jersey statutes, known as the New Jersey Civil Rights Act., N.J.S.A. 10:6-1 *et seq*. Specifically, by their actions, defendants deprived plaintiff's decedent of his right to be free from cruel or unusual punishment as provided by the New Jersey Constitution, Article 12 and his right to due process as provided by the New Jersey Constitution, Article 1.

73.     By reason of the foregoing, and as a direct and proximate result of defendants' constitutional violations, plaintiff's decedent **MULLIN** sustained serious and severe injuries which resulted in his death.

74.     The decedent left his surviving mother, **JOAN MULLIN**, and other next of kin.

75.     As a direct and proximate result of the constitutional violations as aforedescribed, plaintiff's decedent **MULLIN** was caused to suffer severe, painful and permanent personal injuries, emotional anguish and great physical pain.

76.     As a direct and proximate result of the constitutional violations as aforedescribed, plaintiff **JOAN MULLIN** has been damaged and has been permanently deprived of the services, society, care, companionship, support and guidance of plaintiff's decedent for the life expectancy of decedent.

77.     By reason of the foregoing and wrongful death of plaintiff's decedent, plaintiff **JOAN MULLIN** has been damaged.

78.     By reason of the foregoing and wrongful death of plaintiff's decedent plaintiff **JOAN MULLIN** has suffered pecuniary losses and has been compelled to expend and incur various sums of money for funeral and burial expenses.

79.     By reason of the foregoing and wrongful death plaintiff's decedent has suffered loss of enjoyment of life.

17

**A239**

80.    **WHEREFORE**, plaintiffs **JOAN MULLIN, as Administratrix Ad Prosequendum of the ESTATE of ROBERT MULLIN, JR.,** and **JOAN MULLIN individually,** demands judgment against defendants, **ADMINISTRATOR KAREN BALICKI, DIRECTOR ROBERT PATTERSON, DIRECTOR MARIE DUNLAP-PRYCE, JANE BYRD, L.P.N., ERIN MARUSKY, R.N., BEATRICE TEEL, R.N., OFFICER DIMLER, TRENTON PSYCHIATRIC HOSPITAL, KINTOCK GROUP, MERCER COUNTY, JOHN DOES 3-10** and **ABC ENTITIES 1-10** jointly and severally for compensatory and punitive damages, funeral bills, together with interest, costs of suit and attorneys' fees.

### THIRD COUNT

81.    Plaintiffs repeat and reallege each and every allegation contained in paragraphs one (1) through eighty (80) of the Complaint as if set forth fully herein at length.

82.    At all relevant times herein defendants were under a duty to act reasonably in the performance of their duties as corrections officers, staff, medical providers and supervisors in the control, maintenance, operation, handling and management of the jail and correctional facilities and/or in the hospital,  in the provision of medical care and treatment,  in properly supervising and monitoring plaintiff's decedent, in following and promulgating appropriate policies and procedures with respect to those who are likely to harm themselves, including the commission of suicide, and to prevent such harm from occurring, and to intervene to avoid and prevent such harm from occurring, and in providing proper training to those with the responsibility for the care and management of those under custodial or hospital care.

83.    At all relevant times herein defendants were under a duty to act reasonably in following and maintaining proper protocol, policy, procedures, rules and guidelines enacted and

propounded with respect to their duties and the care and management of plaintiff's decedent and others similarly situated.

84.    Defendants, individually and collectively were negligent and careless in their failure to properly hire, retain, train and supervise officers, staff, employees, agents, servants and medical providers with respect to the evaluation, classification, care and management of plaintiff's decedent, in their failure to properly implement, enact, enforce, follow and maintain proper protocol, policy, procedures, rules and guidelines; in their failure to intervene to prevent the suicide, in their failure to prevent the suicide, in their failure to manage and operate their facilities in a reasonable manner so as to prevent the occurrence, and were negligent and careless in the failure to provide adequate medical attention and treatment, among other acts of negligence and omissions.

85.    Defendants, individually and collectively were negligent and careless in failing to properly discipline their staff, employees, agents and servants despite knowledge of their failure to take proper action to avoid the subject occurrence and similar occurrences and to prevent those in plaintiff's decedent's position from harming themselves.

86.    The personal injuries, death and damages suffered by plaintiff's decedent were caused solely as a result of the negligence and carelessness of the defendants, individually and collectively.

87.    By reason of the foregoing, and as a direct and proximate result of defendants' negligence as aforedescribed, plaintiff's decedent **MULLIN** sustained serious and severe injuries which resulted in his death.

88.    The decedent left his surviving mother, **JOAN MULLIN**, and other next of kin.

89. As a direct and proximate result of the negligence as aforedescribed, plaintiff's decedent **MULLIN** was caused to suffer severe, painful and permanent personal injuries, emotional anguish and great physical pain.

90. As a direct and proximate result of the negligence as aforedescribed, plaintiff **JOAN MULLIN** has been damaged and has been permanently deprived of the services, society, care, companionship, support and guidance of plaintiff's decedent for the life expectancy of decedent.

91. By reason of the foregoing and wrongful death of plaintiff's decedent, plaintiff **JOAN MULLIN** has been damaged.

92. By reason of the foregoing and wrongful death of plaintiff's decedent plaintiff **JOAN MULLIN** has suffered pecuniary losses and has been compelled to expend and incur various sums of money for funeral and burial expenses.

93. By reason of the foregoing and wrongful death plaintiff's decedent has suffered loss of enjoyment of life.

94. **BEFORE**, plaintiffs **JOAN MULLIN, as Administratrix Ad Prosequendum of the ESTATE of ROBERT MULLIN, JR.**, and **JOAN MULLIN individually,** demands judgment against defendants, **ADMINISTRATOR KAREN BALICKI,    DIRECTOR ROBERT PATTERSON, DIRECTOR MARIE DUNLAP-PRYCE, JANE BYRD, L.P.N., ERIN MARUSKY, R.N., BEATRICE TEEL, R.N., OFFICER DIMLER, TRENTON PSYCHIATRIC HOSPITAL, KINTOCK GROUP, MERCER COUNTY, JOHN DOES 3-10** and **ABC ENTITIES 1-10** jointly and severally for compensatory and punitive damages, funeral bills, together with interest, costs of suit and attorneys' fees.

## FOURTH COUNT

95.    Plaintiffs repeat and reallege each and every allegation contained in paragraphs one (1) through ninety-four (94) of the Complaint as if set forth fully herein at length.

96.    During the period he remained in their custody and care, the defendants individually and collectively, through their agents, servants and employees, engaged in actions intended to inflict severe emotional trauma upon plaintiff's decedent **MULLIN.**

97.    By reason of the deliberate indifference and reckless disregard for the rights of **MULLIN,** and of the deprivation of constitutional rights as aforedescribed, including the intentional failure to follow policies and procedures, the failure to provide adequate medical care and treatment, the failure to supervise and monitor, the failure to train, **MULLIN** was subjected to intentional infliction of emotional distress.

98.    The emotional distress was severe and outrageous.

99.    The emotional distress was of such character that no reasonable person could be expected to endure it.

100.    In particular, the emotional distress aggravated and exacerbated decedent **MULLIN'S** previously diagnosed psychiatric conditions which increased the likelihood and foreseeability of self-inflicted harm, including suicide.

101.    In addition or in the alternative, plaintiff's decedent suffered emotional harm due to the negligence and carelessness of the defendants.

102.    By reason of the aforesaid intentional and negligent infliction of mental distress, plaintiff's decedent **MULLIN** was caused to suffer pain, suffering, humiliation, embarrassment and anguish, all to his damage.

21

**A243**

103.   By reason of the foregoing infliction of mental distress, both intentional and negligent, plaintiff's decedent **MULLIN** has been damaged.

104.   The decedent left his surviving mother, **JOAN MULLIN,** and other next of kin.

105.   As a direct and proximate result of the negligence as aforedescribed, plaintiff's decedent **MULLIN** was caused to suffer severe, painful and permanent personal injuries, emotional anguish and great physical pain.

106.   As a direct and proximate result of the negligence as aforedescribed, plaintiff **JOAN MULLIN** has been damaged and has been permanently deprived of the services, society, care, companionship, support and guidance of plaintiff's decedent for the life expectancy of decedent.

107.   By reason of the foregoing and wrongful death of plaintiff's decedent, plaintiff **JOAN MULLIN** has been damaged.

108.   By reason of the foregoing and wrongful death of plaintiff's decedent, plaintiff **JOAN MULLIN** has suffered pecuniary losses and has been compelled to expend and incur various sums of money for funeral and burial expenses.

109.   By reason of the foregoing and wrongful death plaintiff's decedent has suffered loss of enjoyment of life.

110.   **WHEREFORE,** plaintiffs **JOAN MULLIN, as Administratrix Ad Prosequendum of the ESTATE of ROBERT MULLIN, JR.,** and **JOAN MULLIN individually,** demands judgment against defendants, **ADMINISTRATOR KAREN BALICKI, DIRECTOR ROBERT PATTERSON, DIRECTOR MARIE DUNLAP-PRYCE, JANE BYRD, L.P.N., ERIN MARUSKY, R.N., BEATRICE TEEL, R.N., OFFICER DIMLER, TRENTON PSYCHIATRIC HOSPITAL, KINTOCK GROUP, MERCER COUNTY,**

22

**A244**

**JOHN DOES 3-10** and **ABC ENTITIES 1-10** jointly and severally for compensatory and punitive damages, funeral bills, together with interest, costs of suit and attorneys' fees.

**FIFTH COUNT**

111.   Plaintiffs repeat and reallege each and every allegation contained in paragraphs one (1) through one hundred ten (110) as if set forth herein fully at length.

112.   The **SUPERVISOR DEFENDANTS, TRENTON PSYCHIATRIC HOSPITAL** and **KINTOCK's** unlawful acts constitute abuse of process.

113.   By reason of the foregoing, and as a direct and proximate result of defendants' abuse of process, plaintiff's decedent **MULLIN** sustained serious and severe injuries which resulted in his death.

114.   The decedent left his surviving mother, **JOAN MULLIN**, and other next of kin.

115.   As a direct and proximate result of the abuse of process, plaintiff's decedent **MULLIN** was caused to suffer severe, painful and permanent personal injuries, emotional anguish and great physical pain.

116.   As a direct and proximate result of the abuse of process as aforedescribed, plaintiff **JOAN MULLIN** has been damaged and has been permanently deprived of the services, society, care, companionship, support and guidance of plaintiff's decedent for the life expectancy of decedent.

117.   By reason of the foregoing and wrongful death of plaintiff's decedent, plaintiff **JOAN MULLIN** has been damaged.

23

**A245**

118.    By reason of the foregoing abuse of process and wrongful death of plaintiff's decedent, plaintiff **JOAN MULLIN** has suffered pecuniary losses and has been compelled to expend and incur various sums of money for funeral and burial expenses.

119.    By reason of the foregoing and wrongful death plaintiff's decedent has suffered loss of enjoyment of life.

120.    **WHEREFORE,** plaintiffs **JOAN MULLIN, as Administratrix Ad Prosequendum of the ESTATE of ROBERT MULLIN, JR.,** and **JOAN MULLIN individually,** demands judgment against defendants, **ADMINISTRATOR KAREN BALICKI, DIRECTOR ROBERT PATTERSON, DIRECTOR MARIE DUNLAP-PRYCE, JANE BYRD, L.P.N., ERIN MARUSKY, R.N., BEATRICE TEEL, R.N., OFFICER DIMLER, TRENTON PSYCHIATRIC HOSPITAL, KINTOCK GROUP, MERCER COUNTY, JOHN DOES 3-10** and **ABC ENTITIES 1-10** jointly and severally for compensatory and punitive damages, funeral bills, together with interest, costs of suit and attorneys' fees.

## SIXTH COUNT

121.    Plaintiffs repeat and reallege each and every allegation contained in paragraphs one (1) through one-hundred twenty (120) of the Complaint as if set forth fully herein at length.

122.    At all relevant times herein defendants, individually and collectively, undertook to diagnose and treat any medical conditions suffered by plaintiff's decedent, including mental health, emotional, psychological and psychiatric care and treatment, and were under a duty to do so.

123.    At all relevant times herein defendants, individually and collectively, undertook to diagnose and treat plaintiff's decedent **MULLIN.**

24

**A246**

124.   At all relevant times herein defendants, individually and collectively, and in particular defendants **JANE BYRD, L.P.N., ERIN MARUSKY, R.N., BEATRICE TEEL, R.N.,** and **TRENTON PSYCHIATRIC HOSPITAL** through its agents, servants and employees and/or contractors held themselves out to plaintiff's decedent as facilities/persons able to and furnishing medical treatment and medical care.

125.   At all relevant times herein defendants individually and collectively, and in particular defendants **JANE BYRD, L.P.N., ERIN MARUSKY, R.N., BEATRICE TEEL, R.N.** and **TRENTON PSYCHIATRIC HOSPITAL** through its agents, servants and employees and/or contractors owed a duty to the plaintiff's decedent and to others likewise situated to use reasonably prudent and non-negligent medical care.

126.   Between January 15, 2009 and January 17, 2009 plaintiff's decedent came under the care of the medical staff, infirmary, agents, servants and employees and/or contractors of the defendants.

127.   At all relevant times herein defendants held themselves out as maintaining adequate and competent agents, servants and employees and further warranted and represented that their agents, servants and/or employees were qualified and trained to provide proper medical care and treatment as required and further warranted and represented themselves as being equipped in sufficient manner to render such proper care and treatment, including care and treatment involving mental health, emotional stability, psychological and psychiatric care.

128.   The defendants, individually and collectively failed to exercise reasonable and ordinary care in the treatment of plaintiff's decedent, failed to exercise that degree of care to be exercised by a hospital and medical staff in similar circumstances and were negligent and careless in the care and treatment of plaintiff's decedent **MULLIN.**

25

**A247**

129.     The defendants, individually and collectively failed to exercise reasonable and ordinary care in the treatment of **MULLIN,** failed to exercise that degree of care to be expected by a hospital, nurses, and medical providers in correctional facilities in similar circumstances and were negligent and careless in the care and treatment of **MULLIN.**

130.     The defendants, individually and collectively, their agents, servants, employees and contractors were negligent and careless in failing to hire, train and supervise adequate staff, in failing to recognize various signs symptoms, indications and manifestations of medical and psychological problems in **MULLIN,** in failing to maintain adequate and proper protocols and standards for the handling of persons in the condition of **MULLIN**, in failing to maintain proper record keeping protocol;  in failing to properly diagnosis **MULLIN'S** condition and failing to provide adequate care, failing to appreciate the likelihood that **MULLIN** could or would inflict harm to himself, failed to provide proper counselling and guidance, failing to properly evaluate his mental state so as to avoid the occurrence, and in otherwise failing and omitting to maintain that degree of care and treatment for sick patients that a prudent hospital and prudent doctors, interns, nurses, attendant and other medical providers would have maintained under like circumstances and like conditions.

131.     By reason of the aforesaid medical and nursing malpractice, plaintiff's decedent was caused to suffer severe, painful and permanent personal injuries, sustained severe nervous shock, mental anguish and great physical pain, was prevented from engaging in his usual activities and committed suicide.

132.     By reason of the foregoing, and as a direct and proximate result of defendants' medical negligence as aforedescribed, plaintiff's decedent **MULLIN** sustained serious and severe injuries which resulted in his death.

26

**A248**

133.   The decedent left his surviving mother, **JOAN MULLIN**, and other next of kin.

134.   As a direct and proximate result of the medical negligence as aforedescribed, plaintiff's decedent **MULLIN** was caused to suffer severe, painful and permanent personal injuries, emotional anguish and great physical pain.

135.   As a direct and proximate result of the medical negligence as aforedescribed, plaintiff **JOAN MULLIN** has been damaged and has been permanently deprived of the services, society, care, companionship, support and guidance of plaintiff's decedent for the life expectancy of decedent.

136.   By reason of the foregoing medical negligence and wrongful death of plaintiff's decedent, plaintiff **JOAN MULLIN** has been damaged.

137.   By reason of the foregoing medical negligence and wrongful death of plaintiff's decedent plaintiff **JOAN MULLIN** has suffered pecuniary losses and has been compelled to expend and incur various sums of money for funeral and burial expenses.

138.   By reason of the foregoing and wrongful death plaintiff's decedent has suffered loss of enjoyment of life.

140.   **WHEREFORE,** plaintiffs **JOAN MULLIN, as Administratrix Ad Prosequendum of the ESTATE of ROBERT MULLIN, JR.,** and **JOAN MULLIN individually,** demands judgment against defendants, **ADMINISTRATOR KAREN BALICKI, DIRECTOR ROBERT PATTERSON, DIRECTOR MARIE DUNLAP-PRYCE, JANE BYRD, L.P.N., ERIN MARUSKY, R.N., BEATRICE TEEL, R.N., OFFICER DIMLER, TRENTON PSYCHIATRIC HOSPITAL, KINTOCK GROUP, MERCER COUNTY, JOHN DOES 3-10** and **ABC ENTITIES 1-10** jointly and severally for compensatory and punitive damages, funeral bills, together with interest, costs of suit and attorneys' fees.

**SHELLEY L. STANGLER, P.C.**

**Attorney for Plaintiffs**

Dated: May 20, 2011    BY:

**SHELLEY L. STANGLER, ESQ.**

## DEMAND FOR JURY TRIAL

Plaintiffs demands a trial by jury of all issues so triable.

Dated: May 20, 2011    BY:

**SHELLEY L. STANGLER, ESQ.**

## DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:24-4, **SHELLEY L. STANGLER, ESQ.** is hereby designated as trial

counsel on behalf of the plaintiff in the within matter.

Dated: May 20, 2011    BY:

**SHELLEY L. STANGLER, ESQ.**

28

**A250**

## CERTIFICATION

SHELLEY L. STANGLER, ESQ., of full age, certifies:

1.      SHELLEY L. STANGLER, P.C. has been retained to represent plaintiffs, **JOAN MULLIN, as Administratrix of the Estate of ROBERT MULLIN, JR, and JOAN MULLIN individually** in connection with the within matter. I am the attorney in charge of the case.

2.   The matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, and no other action or arbitration proceeding is contemplated by plaintiff.

3.   There are no other parties who should be joined in this action.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

**SHELLEY L. STANGLER**

DATED: May 20, 2011

29

**A251**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

JOAN MULLIN, ADMINISTRATRIX OF  )
THE ESTATE OF ROBERT MULLIN,  )
deceased and JOAN MULLIN,  )
individually  )
)
          Plaintiffs,  )
)
)
-vs-  )
)
THE STATE OF NEW JERSEY, THE  )
DEPARTMENT OF CORRECTIONS OF  )
THE STATE OF NEW JERSEY, SOUTH  )
WOODS STATE PRISON,  )
ADMINISTRATOR KAREN BALICKI,  )
CENTRAL RECEPTION &  )
ASSIGNMENT FACILITY (C.R.A.F.),  )
DIRECTOR ROBERT PATTERSON,  )
DIRECTOR MARIE DUNLAP-PRYCE,  )
JANE BYRD, LPN, ERIN MARUSKY,  )
R.N., TRENTON PSYCHIATRIC  )
HOSPITAL, KINTOCK GROUP,  )
MERCER COUNTY, JOHN DOES 1-10 (as )
et.als.  )
       Defendants  )
--------------------------------------------------  )

Hon. Mary L. Cooper, U.S.D.J.

CIVIL ACTION No. 11-0247

---

**PLAINTIFF'S BRIEF IN SUPPORT OF CROSS-MOTION TO AMEND THE
COMPLAINT, FOR DISCOVERY AND IN OPPOSITION TO MOTION TO DISMISS**

---

On the Brief:  Lisa M. Curry, Esq.
              Shelley L. Stangler, Esq.

SHELLEY L. STANGLER, PC
ATTORNEY FOR PLAINTIFF
155 MORRIS AVENUE, 2ND FLOOR
SPRINGFIELD, NEW JERSEY 07081
PHONE (973) 379-2500
FACSIMILE (973) 379-0031

Jersey permits fictitious defendant pleadings under the name of an unidentified defendant, such as "John Doe." Plaintiff is permitted to substitute a true party in interest, unknown or unidentified prior to expiration of the statute of limitations, assuming that due diligence is shown. N.J. Civ. R. 4:26-4, Wilson, Supra., Derienzo v. Harvard Industries, Inc., 357 F.3d 348 (3d Cir. 2004), citing Farrell v. Votator Div. of Chemetron Corp., 62 N.J. 111 (1973). See also, Viviano v. CBS, Inc. 101 N.J. 538 (1986); Brown v. Kennedy Memorial Hospital. 312 N.J. Super. 579 (App. Div. 1998).

There is no bright line rule for a finding of due diligence, which will vary with the facts of the case. Derienzo, Supra., citing Matynska v. Fried, 175 N.J. 51 (2002); O'Keefe v. Snyder, 83 N.J. 478 (1980).

In this case, there remains insufficient information to determine the true identities of the persons responsible for the direct care, control, management and supervision of the plaintiff in the hours before his death. Although the name "Officer Dimler" appeared on the autopsy, defendants have failed to provide any reports or investigations showing whether Officer Dimler was in fact one such person, who he worked for and what his role was in connection with plaintiff's care. Beatrice Teel, R.N. appeared on the scene apparently after the death, and her role remains unknown as well. However, it appears prudent to name them at this time. Plaintiff brought suit against those supervisory defendant believed to be responsible for operation, management and control of the subject facilities, but again there has been no reports about the incident provided or other pertinent records.

### C. The amendment relates back to the filing of the original complaint.

Pursuant to F.R.C.P. 15(c)(1) the amended pleading relates back to the date of the original pleading, thus obviating any issue regarding expiration of the statute of limitations.

20

**A253**

Wilson v. Garcia, 471 U.S. 261 (1985), Derienzo, Supra., Wilson, Supra. The state of federal law that is most liberal in allowing the amendment to relate back will apply. See, Federal Rules Handbook, 199, Baiclar, McKee, Janssen, Corr, West Pub. Group at p. 304.

It is only under the most egregious circumstances that courts have failed to permit such an amendment. See Mears v. Sandoz Pharmaceuticals, 300 N.J. Super, 622, 693 (App. Div. 1997) (construction worker could easily have identified the general contractor whom he knew he had a cause of action against); Stegmeier v. St. Elizabeth Hospital, 239 N.J. Super. 475, 484 (App Div. 1990) (amendment not permitted after trial where discovery found to be full and complete).

## POINT VII

### DISMISSAL IS NOT WARRANTED WHERE
### DISCOVERY IS ESSENTIAL TO THE PROOFS

.      Despite diligent efforts, plaintiff's efforts to get information about the facts underlying this matter have until now yielded only the most basic information from defendants about the facts of this case- yet enough to establish plausible grounds for her claims. Twombly, 550 U.S. at 556. Plaintiff is now entitled to discovery to develop her claims as she has raised a "reasonable expectation that discovery will reveal evidence of her claims." Id.; Prince v. Aiellos, 2010 WL 4025846, *8 (Oct. 12, 2010) (allowing plaintiff to file a third amended complaint to cure deficiencies). This is not a case when plaintiff is on a fishing expedition. Twombly, Supra.; Smith v. Lyons, Doughty, & Veldhuius, P.C., 2008 WL 2885887 (D.N.J. July 23, 2008) ("Discovery should not serve as a fishing expedition for evidence in support of acts he has not yet pleaded."). Rather, the situation at hand is akin to cases that hold dismissal is inappropriate where proofs, not yet in the possession of plaintiff, are needed to flesh out the pleadings. See In Re Norvergence, 384 B.R. 315 (Bkrcy, D.N.J. Feb. 28, 2008) (plaintiff had pled a plausible

claim, thus further discovery was required and dismissal of a cause of action was premature);
Marketway/Gateway Research, Inc. v. Priority Pay Payroll, LLC, 2011 WL 1640459 (D.N.J.
May 2, 2011) (party need not have evidentiary support to allege a fact in the complaint).

Dismissal is not warranted under these circumstances.

Because proper identification of defendants remains an issue in this case, and because
such information is solely in the possession of the defendants, it is requested that defendants be
compelled to provide the names and, if no longer employed, addresses of those employees,
agents and servants directly responsible for the control, management, care and supervision of
plaintiff's decedent for a 24 hour period prior to his death, and/or in connection with such
production to provide any investigation reports relating to the subject event. Plaintiff further
seeks the addresses of all the individual defendants who are not yet served, 'i.e., Marusky,
Patterson, Dunlap and the new defendants Officer Dimler and Beatrice Teel, R.N.

## CONCLUSION

WHEREFORE, it is respectfully requested that the cross-motion to amend be granted in
its entirety, that the motion to dismiss be denied, along with such other and further relief the
Court deems just and proper.

Dated: May 20, 2011

Respectfully submitted,

SHELLEY L. STANGLER, ESQ.

22

**A255**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

SHELLEY L. STANGLER, PC
ATTORNEY FOR PLAINTIFFS
155 MORRIS AVENUE, 2ND FLOOR
SPRINGFIELD, NEW JERSEY 07081
PHONE (973) 379-2500
FACSIMILE (973) 379-0031
Attorney for Plaintiff

| | |
|---|---|
| JOAN MULLIN, ADMINISTRATRIX OF THE ESTATE OF ROBERT MULLIN, deceased and JOAN MULLIN, individually<br><br>        Plaintiffs,<br><br>-vs-<br><br>THE STATE OF NEW JERSEY, THE DEPARTMENT OF CORRECTIONS OF THE STATE OF NEW JERSEY, SOUTH WOODS STATE PRISON, ADMINISTRATOR KAREN BALICKI, CENTRAL RECEPTION & ASSIGNMENT FACILITY (C.R.A.F.), DIRECTOR ROBERT PATTERSON, DIRECTOR MARIE DUNLAP-PRYCE, JANE BYRD, LPN, ERIN MARUSKY, R.N., TRENTON PSYCHIATRIC HOSPITAL, KINTOCK GROUP, MERCER COUNTY, JOHN DOES 1-10 (as yet unidentified and unknown governmental, county, or state officials, supervisors, agents or employees), ABC ENTITIES 1-10 (as yet unidentified and unknown governmental entities, agencies, units or subdivisions.<br><br>        Defendants | CIVIL ACTION<br><br>Civ. No. 3:11-cv-00247<br><br>CERTIFICATION IN SUPPORT OF MOTION TO AMEND THE COMPLAINT AND IN OPPOSITION TO MOTION TO DISMISS AS TO TRENTON PSYCHIATRIC HOSPITAL |

Shelley L. Stangler, Esq., hereby certifies as follows:

1.   I am an attorney at law of the State of New Jersey and admitted to the federal court of the District of New Jersey. I represent plaintiffs herein and am fully familiar with the facts and circumstances of this case. This Certification is made in support of plaintiff's cross-motion to amend the complaint and in opposition to the motion to dismiss defendant Trenton Psychiatric Hospital.

2.   Defendant's motion to dismiss defendant Trenton Psychiatric Hospital is based on the same arguments presented in the initial motion by the State defendants to dismiss defendants the State of New Jersey, Department of Corrections, South Woods State Prison, the Central Reception and Assignment Facility (C.R.A.F.) and individual defendants Karen Balicki and Jane Byrd, R.N. Plaintiff's opposition is in sum and substance identical to that previously presented to the Court with the following modifications:

> a)   the cross-motion is addressed to the impleader of the chief executive officer of Trenton Psychiatric Hospital in her individual capacity, as well as pointing out that as yet unidentified medical providers including doctors and nurses may be individually liable and subject to the Court's jurisdiction; such defendants are identified as John Does 4-10, and,
>
> b)   Defendants have addressed additional cases and comments on the tort immunities issue which are further addressed herein (See Plaintiff's Memorandum of Law).

3.   With respect to both sets of papers and briefs, defendants do not raise the issue of prejudice as to the amendments sought by plaintiffs, as there is none.

2

4.     Defendants do not contest that federal jurisdiction attaches to the individually named defendants in their individual capacities;

5.     Defendants do not contest that federal jurisdiction attaches to any individuals under any of the Counts brought by plaintiff, which are:

(a)     COUNT I:  violation of federal civil rights under 42 U.S.C. Sections 1983 and 1985;

(b)     COUNT II: violations of civil rights under the New Jersey Civil Rights Statutes;

(c)     COUNT III:  negligence

(d)     COUNT IV:  emotional distress

(e)     COUNT V:  abuse of process

(f)     COUNT VI:  medical negligence

6.     Defendants do not discuss or contest the standards for permitting amendment at this early stage of the litigation;

7.     Defendants do not discuss or contest the impleader of defendants Dimmler and Beatrice Teel, R.N. to the amended complaint or second amended complaint.

8.     Despite  specific factual allegations on the issues of protocol and policy, lack of supervision, failure to have conducted an investigation into the death of plaintiff's decedent, failure to provide any coherent evaluation or analysis of the events to the Administratrix of the estate (affidavits of plaintiff included in plaintiff's prior Certification as support for allegations in the complaint),  contradictory statements to the Administratrix about the place of death as well as changes of location on the death certificate, and a comprehensive legal analysis of how a direct "custom and practice" case

under 42 U.S.C. Sec.1983 can be made against an individual supervisor or decision-maker, defendants continue to maintain that the complaint fails to allege direct supervisory liability and instead only alleges *respondeat superior* liability. A fair reading of the complaint shows this argument as patently incorrect.

      9.    The factual support for the conspiracy allegations also relies on the dearth of an investigation into the death and the circumstances of the suicide, the lack of any internal affairs reports, the failure to produce any documents regarding the suicide or whereabouts of the plaintiff's decedent within 48-72 hours prior to his death despite repeated requests from the Administratrix and confusion as to the place of death. There are several defendants and both individually and collectively they have been unable to provide any explanation for the happening of the event. This gives rise to a conspiracy theory which has a plausible basis. Discovery should be permitted, especially where the plaintiff has no ability to obtain the facts which are exclusively within the possession of the defendants.

**The Motion to Compel**

      10.   In addition, plaintiffs seek the last known address of the hospital executive in the event she is no longer employed by Trenton Psychiatric Hospital, as well as the identify of all providers, including doctors, nurses and other providers responsible for the care, supervision and treatment of plaintiff's decedent for a six (6) month period prior to and including the date of death.

      11.   Enclosed as Exhibit "A" is a copy of the proposed Second Amended Complaint.

      12.   WHEREFORE, it is respectfully requested that the cross-motion to amend

be granted along with the motion to compel discovery to identify potential defendants

and to permit service upon the newly impleaded defendant, Teresa McQuaide.

Dated:  June 20, 2011

BY: _____

SHELLEY L. STANGLER, ESQ.

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

JOAN MULLIN, ADMINISTRATRIX OF THE )
ESTATE OF ROBERT MULLIN, deceased and )
JOAN MULLIN, individually, )
          Plaintiffs, )
       )
     v. )
    )
ADMINISTRATOR KAREN BALICKI, in her )
personal, individual and professional capacities )
representing the State of New Jersey, the )
Department of Corrections of the State of New )
Jersey, South Woods State Prison, and Central )
Reception & Assignment Facility (C.R.A.F.), )
DIRECTOR ROBERT PATTERSON, in his )
personal, individual and professional capacities, )
representing the State of New Jersey, the )
Department of Corrections of the State of New )
Jersey, South Woods State Prison, and Central )
Reception & Assignment Facility (C.R.A.F.) )
DIRECTOR MARIE DUNLAP-PRYCE, in her )
personal, individual and professional capacities, )
representing the State of New Jersey, the )
Department of Corrections of the State of New )
Jersey, South Woods State Prison, and Central )
Reception & Assignment Facility (C.R.A.F.), )
JANE BYRD, L.P.N., in her personal, individual )
and professional capacities, ERIN MARUSKY, )
R.N., in her personal, individual and professional )
capacities, OFFICER DIMLER, in his personal, )
individual and professional capacities BEATRICE )
TEEL, R.N., in her personal, individual and )
professional capacities, CHIEF EXECUTIVE
OFFICER TERESA MCQUAIDE, RN, APRN-
BC, in her personal, individual and professional
capacities representing the Trenton Psychiatric
Hospital; KINTOCK GROUP, MERCER
COUNTY, JOHN DOES 4-10 (as yet unidentified
and unknown governmental, county, or state
officials, supervisors, agents or employees) in their
personal, individual and professional capacities,
ABC ENTITIES 1-10 (as yet unidentified and
unknown governmental entities, agencies, units or
subdivisions,
          Defendants.

CIVIL ACTION NO. 11-00247
(MLS-LHG)

SECOND AMENDED COMPLAINT
AND JURY DEMAND

A262

Plaintiffs, Joan Mullin as Administratrix of the Estate of Robert Mullin, and Joan Mullin, Individually, by way of complaint against defendants, **ADMINISTRATOR KAREN BALICKI** in her personal, individual and professional capacities representing the State of New Jersey, the Department of Corrections of the State of New Jersey, South Woods State Prison, and Central Reception & Assignment Facility (C.R.A.F.); **DIRECTOR ROBERT PATTERSON** in his personal, individual and professional capacities representing the State of New Jersey, the Department of Corrections of the State of New Jersey, South Woods State Prison, and Central Reception & Assignment Facility (C.R.A.F.); **DIRECTOR MARIE DUNLAP-PRYCE** in her personal, individual and professional capacities representing the State of New Jersey, the Department of Corrections of the State of New Jersey, South Woods State Prison, and Central Reception & Assignment Facility (C.R.A.F.); **CHIEF EXECUTIVE OFFICER TERESA MCQUAIDE, RN, APRN-BC,** in her personal, individual and professional capacities representing the Trenton Psychiatric Hospital; **JANE BYRD, L.P.N.,** in her personal, individual and professional capacities; **ERIN MARUSKY, R.N.** in her personal, individual and professional capacities; **OFFICER DIMLER** in his personal, individual and professional capacities; **BEATRICE TEEL, R.N.** in her personal, individual and professional capacities; **KINTOCK GROUP, MERCER COUNTY, JOHN DOES 4-10** (as yet unidentified and unknown governmental, county, or state officials, supervisors, agents or employees) in their individual and professional capacities, and **ABC ENTITIES 1-10** (as yet unidentified and unknown governmental entities, agencies, units or subdivisions, set forth the following:

### PARTIES

1.    At all relevant times herein plaintiffs **JOAN MULLIN, Administratrix Ad Prosequendum of the Estate of ROBERT MULLIN, JR.,** and **JOAN MULLIN,**

**individually,** were and are domiciliaries and residents of the County of Mercer and State of New Jersey.

2.    At all relevant times herein defendant **ADMINISTRATOR KAREN BALICKI** was, upon information and belief a chief supervisory official and executive of the South Woods State Prison, a public entity and/or an agency or division of a public entity, organized and existing under the laws of the State of New Jersey and engaged in the operation and management of a certain correctional facility, with a place of business at 215 South Burlington Road, Bridgeton, NJ 08302, acting in her personal, individual and official capacities under color of law.

3.    At all relevant times herein defendant **DIRECTOR ROBERT PATTERSON** was, upon information and belief, the chief supervisory official and executive of the Department of Corrections for the State of New Jersey ("DOC"), a public entity and/or an agency or division of a public entity, organized and existing under the laws of the State of New Jersey and engaged in the operation and management of correctional facilities in the State of New Jersey with a place of business at Whittlesey Road, P.O. Box 863, Trenton, NJ 0825, acting in his personal, individual and official capacities under color of law.

4.    At all relevant times herein **MARIE DUNLAP-PRYCE** was, upon information and belief a chief supervisory official and executive of Central Reception & Assignment Facility ("C.R.A.F".), a public entity and/or an agency or division of a public entity, organized and existing under the laws of the State of New Jersey and engaged in the operation and management of a certain correctional facility, with a place of business at Stuyvesant Avenue, Trenton, NJ 08628-7450, acting in her personal, individual and official capacities under color of law.

5.    At all relevant times herein defendant **CHIEF EXECUTIVE OFFICER TERESA MCQUAIDE RN, APRN-BC,** was, upon information and belief a chief supervisory

3

**A264**

official and executive of Trenton Psychiatric Hospital, a public entity and/or an agency or division of a public entity, organized and existing under the laws of the State of New Jersey and a corporation or entity organized and existing for the purposes of providing medical care and treatment to members of the public and others, with a place of business at 101 Sullivan Way, Ewing, NJ 08618, acting in her personal, individual and official capacities under color of law, and is substituted for **John Doe No. 3.**

6.    At all relevant times herein defendant **JANE BYRD, L.P.N.,** was, upon information and belief a health care provider and employee, agent or servant of the State of New Jersey, DOC, South Woods State Prison, and/or C.R.A.F., engaged in the rendering of health care services including inmate evaluations, and acting in her personal, individual and official capacities under color of law.

7.    At all relevant times herein defendant **ERIN MARUSKY, R.N.,** was, upon information and belief a health care provider and employee, agent or servant of the State of New Jersey, DOC, South Woods State Prison, and/or C.R.A.F., engaged in the rendering of health care services including inmate evaluations, and acting in her personal, individual and official capacities under color of law.

8.    At all relevant times herein defendant **OFFICER DIMLER,** first name unknown, was, upon information and belief a corrections officer and employee, agent or servant of the State of New Jersey, DOC, South Woods State Prison, and/or C.R.A.F., engaged in the supervision of inmates, and acting in his personal, individual and official capacities under color of law, and is substituted for **John Doe No. 1.**

9.    At all relevant times herein defendant **BEATRICE TEEL, R.N.,** was, upon information and belief a health care provider and employee, agent or servant of the State of New

4

**A265**

Jersey, DOC, South Woods State Prison, and/or C.R.A.F., engaged in the rendering of health care services including inmate evaluations, and acting in her personal, individual and official capacities under color of law, and is substituted for **John Doe No. 2.**

10.     At all relevant times herein defendant the **KINTOCK GROUP** was and is, upon information and belief, a private company authorized to do business in the State of New Jersey, engaged in the business of providing therapeutic and other services to those persons transitioning back from incarceration into the community, known as "halfway houses" or "work houses," with a place of business at 4 South Industrial Boulevard, Bridgeton, NJ 08302.

11.     At all relevant times herein defendant **MERCER COUNTY** was and is a public entity organized and existing under the laws of the State of New Jersey, engaged in the operation and management of correctional facilities, with a place of business at 640 South Broad Street, P.O. Box 8068, Trenton, NJ 08650.

12.     At all relevant times herein defendants **JOHN DOES 4-10** and **ABC ENTITIES 1-10** were and are as yet unidentified employees, agents, servants, contractors, supervisors, officials and/or public entities, agencies and subdivisions responsible for the operation, management and control over certain correctional facilities and custodial facilities. **JOHN DOES 3-10** are being sued in their individual, professional and personal capacities.

### NATURE OF ACTION & FACTUAL BACKGROUND

13.     Plaintiff's decedent and son, the 29 year old **ROBERT MULLIN, JR**, had been incarcerated and under the custodial care of individual defendants **ADMINISTRATOR KAREN BALICKI, DIRECTOR ROBERT PATTERSON, MARIE DUNLAP-PRYCE** and **CHIEF EXECUTIVE OFFICER TERESA MCQUAIDE RN, APRN-BC** (hereinafter the

**"SUPERVISOR DEFENDANTS"**) for approximately six (6) to eight (8) years, through and including his date of death on January 17, 2009.

14.     In or about May 2008 he was transferred to a halfway house, or "work" house under the operation and management of defendant **THE KINTOCK GROUP** (hereinafter **"KINTOCK"**), under the auspices of and by contract and agreement with the **SUPERVISOR DEFENDANTS**.

15.     Plaintiff's decedent was scheduled to be released from **KINTOCK** sometime between April and June of 2009, after completing a course of therapy, work studies and services designed to allow an inmate to be rehabilitated and return to society and to his family.

16.     On or about January 15, 2009, while at **KINTOCK** plaintiff's decedent exhibited deterioration in mental and psychological status, and became emotionally labile with aggressive behavior.

17.     Thereafter plaintiff's decedent was transferred back to either South Woods State Prison or C.R.A.F., under the custodial care, supervision, management and control of the **SUPERVISOR DEFENDANTS, JOHN DOES 4-10** and **ABC ENTITIES 1-10**;

18.     Upon information and belief, at some point between January 15, 2009 and January 17, 2009, plaintiff also was treated by and was under the custodial care, supervision, management and control of the **SUPERVISOR DEFENDANTS,** including but not limited to **CHIEF EXECUTIVE OFFICER TERESA MCQUAIDE, RN, APRN-BC,** Chief Executive Officer of the Trenton Psychiatric Hospital, and **JOHN DOES 4-10** and **ABC ENTITIES 1-10**.

19.     Upon information and belief, at some point and time between January 15, 2009 and January 17, 2009 plaintiff's decedent was released to a single cell or area without adequate

one on one and constant supervision and observation. Defendant **OFFICER DIMLER** was the last person to see decedent alive, according to the Medical Examiner's Report.

20. On January 17, 2009 at approximately 4:23 AM, defendant **OFFICER DIMLER** found plaintiff's decedent unresponsive after hanging himself with what the limited records in plaintiff's possession indicate was a self-made noose made of a bed sheet.

21. Defendant **BEATRICE TEEL, R.N.** was summoned to assist decedent after he was found unresponsive.

22. Decedent was pronounced dead at 4:49 AM.

23. During all relevant times between January 15, 2009 and the time and date of death on January 17, 2009, decedent plaintiff was under the custodial care of the **SUPERVISOR DEFENDANTS.**

24. The original death certificate states the place of death as Trenton Psychiatric Hospital; the records from the DOC indicate plaintiff's location at death was in either South Woods State Prison or C.R.A.F., and the amended death certificate identifies the location of death as C.R.A.F. A detective informed plaintiff that her son, plaintiff's decedent, had died at Trenton Psychiatric Hospital.

25. On January 16, 2009, defendants **JANE BYRD, L.P.N., ERIN MARUSKY, R.N.,** and **BEATRICE TEEL, R.N.,** acting under color of law in their personal, individual and official capacities as employees, agents and servants of the **SUPERVISOR DEFENDANTS** and/or as individual medical providers contracted to work in the facilities managed by the **SUPERVISOR DEFENDANTS,** undertook to examine and evaluate plaintiff's decedent.

26. Decedent's medical record obtained from the DOC reflects numerous entries from 2005 until his death evidencing his past suicide attempts, his diagnosis as a suicide risk, his

family history of suicide, his history of mental illness including anxiety, depression and mood disorder, and his use of psychotropic medication for his psychiatric conditions.

27.   On several occasions, the record reflects that decedent answered "yes" to the question "have you ever been hospitalized or treated for psychiatric illness", and "have you ever considered or attempted suicide".

28.   Plaintiff Joan Mullin requested records and information regarding any investigation, follow up reports, internal affairs considerations, or any evidence of implementation of policy, procedure and standards necessary to identify and prevent occurrences such as the decedent's suicide.  None were provided.  Specific entries in the medical record are as follows:

29.   On August 19, 2005, the decedent Robert Mullin stated during the nursing intake that he had considered or attempted suicide, and that in April 2005 he had attempted suicide. The notes on that date also reflect that the decedent was taking "psych medications."

30.   On September 26, 2007, during a nursing intake, the decedent answered "yes" to the question "have you ever been hospitalized or treated for psychiatric illness," and "have you ever considered or attempted suicide."  The notes on that date reflect again that decedent was taking "psych medications."

31.   On September 28, 2007, notes in the medical record reflect that decedent had a diagnosis of a mood disorder.

32.   On October 3, 2007, notes in the medical record reflect that that decedent had a diagnosis of a mood disorder, and he was taking the psychotropic medication Doxepin, and he was referred to "Mental Health."

33.    On November 16, 2007, and on at least seven other occasions in the following two-plus years until decedent's death, notes in the medical records reflect the diagnosis of "mood disorder," a family history of suicide, and a history of being a suicide risk.

34.    At least one of these entries details that the decedent was being treated for a psychiatric illness, namely depression and anxiety.

35.    On January 14, 2009, three days before decedent's death, the medical record reflects that the inmate was seen at South Woods State Prison, following a transfer from Kintock to Detention/ECU, and the diagnoses of "mood disorder," a family history of suicide, and a history of being a suicide risk.

36.    On January 16, 2009, an entry in the medical record identifies a "nursing intake" completed by defendant **JANE BYRD, L.P.N.**  During that intake the decedent answered "Yes" to the question "have you ever been hospitalized or treated for psychiatric illness," and to the question "have you ever considered or attempted suicide."  The medical record on that date also includes the diagnoses of "mood disorder," a family history of suicide, and a history of being a suicide risk .

37.    A subsequent entry on January 16, 2009, signed by defendant **ERIN MARUSKY, R.N.** at 6:26 PM, states the location of care is "Central Reception & Assignment Facility – Main," and the narrative "[inmate] medically cleared for placement on S3 … Erin Marusky, R.N. January 16, 2009 6:25 PM."

38.    On January 17, 2009 an entry in the medical record identified the event as "internal other: death of inmate."  This entry shows that defendant **BEATRICE TEEL, R.N.** was with an unnamed officer in the hallway on the floor at 4:24 AM, and CPR was performed by unnamed officers or medical providers, at which time the decedent was unresponsive.

39.    A further entry in the record on Jan. 17, 2009, signed by **BEATRICE TEEL, R.N.** and showing her as the provider, identifies the event as "Emergency Report: Medical Emergency for code 66/late entry" repeats the entry, and adds a diagnosis list, including the history of mood disorder, family history of suicide, and that decedent was a suicide risk.

40.    Despite a known history of suicide attempts, anxiety, depression and psychiatric instability, defendants **JANE BYRD, L.P.N.** and **ERIN MARUSKY, R.N.** determined on Jan. 16, 2009 that plaintiff's decedent was medically cleared to be released into the general population at the C.R.A.F. and/or South Woods State Prison facility under the supervision, management and control of the **SUPERVISOR DEFENDANTS.**

41.    Despite a known history of decedent's suicide attempts, anxiety, depression and psychiatric instability, defendant **BEATRICE TEEL, R.N.,** on Jan. 16 and 17, 2009, failed to provide adequate medical supervision and nursing care to decedent in the hours leading up to decedent's suicide, failed to intervene to prevent the suicide.

42.    Despite a known history of decedent's suicide attempts, anxiety, depression and psychiatric instability, defendant **OFFICER DIMLER** on Jan. 16 and 17, 2009 failed to provide adequate protection and supervision to decedent in the hours leading up to decedent's suicide and failed to intervene to prevent the suicide.

43.    Plaintiff's decedent had a known and documented history of suicide attempts and psychiatric disturbance dating from 2005, 2007, 2008 and 2009 up to and including his final evaluation prior to his death, which was known to, and should have been known to, the **SUPERVISOR DEFENDANTS,** defendants **JANE BYRD, L.P.N., ERIN MARUSKY, R.N, BEATRICE TEEL, R.N., OFFICER DIMLER,** and **KINTOCK.**

44.     Plaintiffs **JOAN MULLIN, as Administratrix Ad Prosequendum of the Estate of ROBERT MULLIN, JR.,** and **JOAN MULLIN, individually,** institute this action for compensatory and punitive damages arising out of the unlawful actions and conduct of the **SUPERVISOR DEFENDANTS,** defendants **JANE BYRD, L.P.N, ERIN MARUSKY, R.N, BEATRICE TEEL, R.N., OFFICER DIMLER, KINTOCK,** and **JOHN DOES 4-10** and **ABC ENTITIES 1-10** in violating the civil rights of plaintiff's decedent protected by and secured under the provisions of the First, Fourth, Sixth, Eighth, Ninth and Fourteenth amendments to the United States Constitution and under the laws of the United States, particularly under the Civil Rights Act, Title 42 of the United States Code, Sections 1983 and 1985 (2) *et. seq.*

45.     At all relevant times herein, the **SUPERVISOR DEFENDANTS,** defendants **JANE BYRD, L.P.N.** in her personal, individual and official capacities, **ERIN MARUSKY, R.N,** in her personal, individual and official capacities, **BEATRICE TEEL, R.N.,** in her personal, individual and official capacities, **OFFICER DIMLER,** in his personal, individual and official capacities, **KINTOCK, JOHN DOES 4-10** in their personal, individual and official capacities, and **ABC ENTITIES 1-10** were acting under color of state law and within the scope of their authority as agents, servants and employees of said defendants.

46.     Plaintiffs also institute this action pursuant to the laws of the State of New Jersey for damages arising by reason of wrongful death, pain and suffering, hedonistic damages, negligence, infliction of mental distress, the failure to properly hire, train and supervise staff, employees, agents and servants, abuse of authority, failure to provide adequate medical care and treatment, malpractice and negligence.

47.  Plaintiffs were permitted to file a late Notice of Claim by Order of the Hon. Sue Regan dated February 10, 2010, which were served accordingly pursuant to New Jersey Statutes Title 59:8-4 and signed by plaintiff's representative, Shelley L. Stangler, Esq. upon the public entities employing the **SUPERVISOR DEFENDANTS, KINTOCK, JOHN DOES 4-10** and **ABC ENTITIES 1-10.**

48.  More than six (6) months have elapsed since service of plaintiff's Notices of Claims and the claims remain unresolved.

49.  This action was commenced within two (2) years from the date of the death, January 17, 2009.

## FIRST COUNT

50.  Plaintiffs repeat each and every allegation contained in paragraphs one (1) through forty-nine (49) as if set forth fully herein at length.

51.  At all relevant times herein, the **SUPERVISOR DEFENDANTS**, defendants **JANE BYRD, L.P.N.,** acting in her personal, individual and official capacities, **ERIN MARUSKY, R.N,** acting in her personal, individual and official capacities, **BEATRICE TEEL, R.N.,** acting in her personal, individual and official capacities, **OFFICER DIMLER,** acting in his personal, individual and official capacities, **KINTOCK, JOHN DOES 4-10,** through their agents, servants and employees and acting in their personal, individual and official capacities, and **ABC ENTITIES 1-10,** were acting under color of law under the state and federal Constitutions, statutes, laws, charters, ordinances, rules, regulations, customs, usages and practices of the subject governmental departments, agencies and entities and within the scope of their authority as employees and/or officers of the State of New Jersey, the DOC, South Woods State Prison and/or C.R.A.F.

52.    During all relevant times herein the aforementioned defendants acted jointly and in concert with each other, and conspired and agreed between and amongst themselves to commit the unlawful violation of civil rights upon plaintiff's decedent **ROBERT MULLIN** (hereinafter **"MULLIN"**) as well as to fail to provide proper medical care to **MULLIN.**

53.    In particular, defendants agreed and conspired not to provide sufficient and adequate medical care to **MULLIN**, not to provide sufficient and adequate supervision, to violate protocols and policies designed to stop and avoid suicide by those persons, such as plaintiff's decedent, under the control and custody of the defendants, to fail to monitor and supervise **MULLIN**, to fail to intervene or protect **MULLIN** from danger and imminent physical harm, and to allow **MULLIN** to have the ability to commit suicide.

54.    During all relevant times herein the **SUPERVISOR DEFENDANTS**, defendants **JANE BYRD, L.P.N.** acting in her personal, individual and official capacities, **ERIN MARUSKY, R.N,** acting in her personal, individual and official capacities, **BEATRICE TEEL, R.N.,** acting in her personal, individual and official capacities, **OFFICER DIMLER,** acting in his personal, individual and official capacities, **KINTOCK,  JOHN DOES 4-10,** acting in their personal, individual and official capacities, and **ABC ENTITIES 1-10,** by and through their agents, servants, and employees acted with deliberate and conscious indifference to **MULLIN'S** constitutional rights which violations arose out of a pattern or custom or policy and practice by each of the defendants, in permitting and allowing **MULLIN** to be unsupervised, alone, and with the wherewithal to do harm to himself, in failing to provide medical attention, in failing to enact, implement, promulgate and enforce policies, procedures and standards with respect to suicide watch and avoidance, inadequate recordkeeping, in failing to intervene, in exposing plaintiff's decedent to imminent bodily harm, which was foreseeable under the circumstances, in allowing

13

unsafe conditions to exist in the defendant correctional facilities, infirmaries and hospital, in failing to properly hire, train and supervise their employees in the proper conduct of their duties, among other acts and omissions.

55.    In particular, there are no known records of any investigation or internal affair reports made in connection with the death of **MULLIN**.

56.    At all relevant times herein the defendants, individually and collectively, through their agents, servants and employees were acting within the scope of their employment and duties at the time of the subject events as well as in their personal, individual and official capacities.

57.    At all relevant times herein the defendants, individually and collectively, through their agents, servants and employees, and acting in their personal, individual and official capacities, by reason of their acts, omissions, deliberate and conscious indifference to the rights of **MULLIN**, and by a pattern of abuse and violation of procedure and protocol, and failure to provide medical treatment inclusive of mental health services, and by their failure to provide **MULLIN** with a safe environment and by putting him in a position to harm himself, deprived **MULLIN** of his rights, privileges and immunities secured by the Constitution and laws of the United States, and are liable to the plaintiffs pursuant to Title 42 Sections 1983 and 1985 of the United States Code and the New Jersey Civil Rights Statute Title 10 and under state common law.

58.    The defendants, their agents, servants and employees allowed, condoned and permitted the circumstances under which suicide and harm could occur, and with deliberate indifference failed to prevent it, failed to intervene, failed to provide proper medical care and

14

services, and subjected **MULLIN** to cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution.

59.    The defendants, their agents, servants and employees deprived **MULLIN** of his rights, privileges and immunities secured by the Constitution and laws of the United States including violation of his Fourteenth Amendment rights of due process, equal protection, his First Amendment rights, his Fourth Amendment rights and his rights of privacy, as well as his Fifth and Sixth Amendment rights.

60.    At all relevant times herein the aforedescribed acts were committed under color of law within the authority of the agents, servants and employees of the defendants.

61.    The defendants, individually and collectively acted pursuant to official policy and/or custom and to deprive plaintiff's decedent of his constitutional rights under 42 U.S. Code sections 1983 and 1985.

62.    By reason of the foregoing, defendants violated the civil rights of plaintiff's decedent.

63.    By reason of the foregoing, and as a direct and proximate result of defendants' constitutional violations, plaintiff's decedent **MULLIN** sustained serious and severe injuries which resulted in his death.

64.    The decedent left him surviving his mother, **JOAN MULLIN**, and other next of kin.

65.    As a direct and proximate result of the constitutional violations as aforedescribed, plaintiff's decedent **MULLIN** was caused to suffer severe, painful and permanent personal injuries, emotional anguish and great physical pain.

15

**A272**

66.    As a direct and proximate result of the constitutional violations as aforedescribed, plaintiff **JOAN MULLIN** has been damaged and has been permanently deprived of the services, society, care, companionship, support and guidance of plaintiff's decedent for the life expectancy of decedent.

67.    By reason of the foregoing and wrongful death of plaintiff's decedent, plaintiff **JOAN MULLIN** has been damaged.

68.    By reason of the foregoing and wrongful death of plaintiff's decedent plaintiff **JOAN MULLIN** has suffered pecuniary losses and has been compelled to expend and incur various sums of money for funeral and burial expenses.

69.    By reason of the foregoing and wrongful death plaintiff's decedent has suffered loss of enjoyment of life.

70.    **WHEREFORE**, plaintiffs **JOAN MULLIN, as Administratrix Ad Prosequendum of the ESTATE of ROBERT MULLIN, JR.**, and **JOAN MULLIN individually,** demands judgment against defendants, **ADMINISTRATOR KAREN BALICKI, DIRECTOR ROBERT PATTERSON, DIRECTOR MARIE DUNLAP-PRYCE, CHIEF EXECUTIVE OFFICER TERESA MCQUAIDE RN, APRN-BC, JANE BYRD, L.P.N., ERIN MARUSKY, R.N., BEATRICE TEEL, R.N., OFFICER DIMLER, KINTOCK GROUP, MERCER COUNTY, JOHN DOES 4-10** and **ABC ENTITIES 1-10** jointly and severally for compensatory and punitive damages, funeral bills, together with interest, costs of suit and attorneys' fees.

## SECOND COUNT

71.    Plaintiffs repeat and reallege each and every allegation contained in paragraph one (1) through seventy (70) of the complaint as if set forth fully herein at length.

16

**A273**

72.     Defendants, individually and collectively, through their agents, servants and employees acted pursuant to official policy and/or custom to deprive plaintiff's decedent of his constitutional rights under Title 10 of the New Jersey statutes, known as the New Jersey Civil Rights Act., N.J.S.A. 10:6-1 *et seq*. Specifically, by their actions, defendants deprived plaintiff's decedent of his right to be free from cruel or unusual punishment as provided by the New Jersey Constitution, Article 12 and his right to due process as provided by the New Jersey Constitution, Article 1.

73.     By reason of the foregoing, and as a direct and proximate result of defendants' constitutional violations, plaintiff's decedent **MULLIN** sustained serious and severe injuries which resulted in his death.

74.     The decedent left his surviving mother, **JOAN MULLIN,** and other next of kin.

75.     As a direct and proximate result of the constitutional violations as aforedescribed, plaintiff's decedent **MULLIN** was caused to suffer severe, painful and permanent personal injuries, emotional anguish and great physical pain.

76.     As a direct and proximate result of the constitutional violations as aforedescribed, plaintiff **JOAN MULLIN** has been damaged and has been permanently deprived of the services, society, care, companionship, support and guidance of plaintiff's decedent for the life expectancy of decedent.

77.     By reason of the foregoing and wrongful death of plaintiff's decedent, plaintiff **JOAN MULLIN** has been damaged.

78.     By reason of the foregoing and wrongful death of plaintiff's decedent plaintiff **JOAN MULLIN** has suffered pecuniary losses and has been compelled to expend and incur various sums of money for funeral and burial expenses.

79.    By reason of the foregoing and wrongful death plaintiff's decedent has suffered loss of enjoyment of life.

80.    **WHEREFORE**, plaintiffs **JOAN MULLIN, as Administratrix Ad Prosequendum of the ESTATE of ROBERT MULLIN, JR.,** and **JOAN MULLIN individually,** demands judgment against defendants, **ADMINISTRATOR KAREN BALICKI, DIRECTOR ROBERT PATTERSON, DIRECTOR MARIE DUNLAP-PRYCE, CHIEF EXECUTIVE OFFICER TERESA MCQUAIDE RN, APRN-BC, JANE BYRD, L.P.N., ERIN MARUSKY, R.N., BEATRICE TEEL, R.N., OFFICER DIMLER, KINTOCK GROUP, MERCER COUNTY, JOHN DOES 4-10** and **ABC ENTITIES 1-10** jointly and severally for compensatory and punitive damages, funeral bills, together with interest, costs of suit and attorneys' fees.

**THIRD COUNT**

81.    Plaintiffs repeat and reallege each and every allegation contained in paragraphs one (1) through eighty (80) of the Complaint as if set forth fully herein at length.

82.    At all relevant times herein defendants were under a duty to act reasonably in the performance of their duties as corrections officers, staff, medical providers and supervisors in the control, maintenance, operation, handling and management of the jail and correctional facilities and/or in the hospital, in the provision of medical care and treatment, in properly supervising and monitoring plaintiff's decedent, in following and promulgating appropriate policies and procedures with respect to those who are likely to harm themselves, including the commission of suicide, and to prevent such harm from occurring, and to intervene to avoid and prevent such harm from occurring, and in providing proper training to those with the responsibility for the care and management of those under custodial or hospital care.

18

**A275**

83.    At all relevant times herein defendants were under a duty to act reasonably in following and maintaining proper protocol, policy, procedures, rules and guidelines enacted and propounded with respect to their duties and the care and management of plaintiff's decedent and others similarly situated.

84.    Defendants, individually and collectively were negligent and careless in their failure to properly hire, retain, train and supervise officers, staff, employees, agents, servants and medical providers with respect to the evaluation, classification, care and management of plaintiff's decedent, in their failure to properly implement, enact, enforce, follow and maintain proper protocol, policy, procedures, rules and guidelines; in their failure to intervene to prevent the suicide, in their failure to prevent the suicide, in their failure to manage and operate their facilities in a reasonable manner so as to prevent the occurrence, and were negligent and careless in the failure to provide adequate medical attention and treatment, among other acts of negligence and omissions.

85.    Defendants, individually and collectively were negligent and careless in failing to properly discipline their staff, employees, agents and servants despite knowledge of their failure to take proper action to avoid the subject occurrence and similar occurrences and to prevent those in plaintiff's decedent's position from harming themselves.

86.    The personal injuries, death and damages suffered by plaintiff's decedent were caused solely as a result of the negligence and carelessness of the defendants, individually and collectively.

87.    By reason of the foregoing, and as a direct and proximate result of defendants' negligence as aforedescribed, plaintiff's decedent **MULLIN** sustained serious and severe injuries which resulted in his death.

88.   The decedent left his surviving mother, **JOAN MULLIN**, and other next of kin.

89.   As a direct and proximate result of the negligence as aforedescribed, plaintiff's decedent **MULLIN** was caused to suffer severe, painful and permanent personal injuries, emotional anguish and great physical pain.

90.   As a direct and proximate result of the negligence as aforedescribed, plaintiff **JOAN MULLIN** has been damaged and has been permanently deprived of the services, society, care, companionship, support and guidance of plaintiff's decedent for the life expectancy of decedent.

91.   By reason of the foregoing and wrongful death of plaintiff's decedent, plaintiff **JOAN MULLIN** has been damaged.

92.   By reason of the foregoing and wrongful death of plaintiff's decedent plaintiff **JOAN MULLIN** has suffered pecuniary losses and has been compelled to expend and incur various sums of money for funeral and burial expenses.

93.   By reason of the foregoing and wrongful death plaintiff's decedent has suffered loss of enjoyment of life.

94.   **BEFORE, plaintiffs JOAN MULLIN, as Administratrix Ad Prosequendum of the ESTATE of ROBERT MULLIN, JR.,  and JOAN MULLIN individually,** demands judgment against defendants, **ADMINISTRATOR KAREN BALICKI, DIRECTOR ROBERT PATTERSON, DIRECTOR MARIE DUNLAP-PRYCE, CHIEF EXECUTIVE OFFICER TERESA MCQUAIDE RN, APRN-BC, JANE BYRD, L.P.N., ERIN MARUSKY, R.N., BEATRICE TEEL, R.N., OFFICER DIMLER, KINTOCK GROUP, MERCER COUNTY, JOHN DOES 4-10** and **ABC ENTITIES 1-10** jointly and severally for compensatory and punitive damages, funeral bills, together with interest, costs of suit and attorneys' fees.

## FOURTH COUNT

95.    Plaintiffs repeat and reallege each and every allegation contained in  paragraphs one (1) through ninety-four (94) of the Complaint as if set forth fully herein at length.

96.    During the period he remained in their custody and care, the defendants individually and collectively, through their agents, servants and employees, engaged in actions intended to inflict severe emotional trauma upon plaintiff's decedent **MULLIN.**

97.    By reason of the deliberate indifference and reckless disregard for the rights of **MULLIN,** and of the deprivation of constitutional rights as aforedescribed, including the intentional failure to follow policies and procedures, the failure to provide adequate medical care and treatment, the failure to supervise and monitor, the failure to train, **MULLIN** was subjected to intentional infliction of emotional distress.

98.    The emotional distress was severe and outrageous.

99.    The emotional distress was of such character that no reasonable person could be expected to endure it.

100.    In particular, the emotional distress aggravated and exacerbated decedent **MULLIN'S** previously diagnosed psychiatric conditions which increased the likelihood and foreseeability of self-inflicted harm, including suicide.

101.    In addition or in the alternative, plaintiff's decedent suffered emotional harm due to the negligence and carelessness of the defendants.

102.    By reason of the aforesaid intentional and negligent infliction of mental distress, plaintiff's decedent **MULLIN** was caused to suffer pain, suffering, humiliation, embarrassment and anguish, all to his damage.

103.   By reason of the foregoing infliction of mental distress, both intentional and negligent, plaintiff's decedent **MULLIN** has been damaged.

104.   The decedent left his surviving mother, **JOAN MULLIN**, and other next of kin.

105.   As a direct and proximate result of the negligence as aforedescribed, plaintiff's decedent **MULLIN** was caused to suffer severe, painful and permanent personal injuries, emotional anguish and great physical pain.

106.   As a direct and proximate result of the negligence as aforedescribed, plaintiff **JOAN MULLIN** has been damaged and has been permanently deprived of the services, society, care, companionship, support and guidance of plaintiff's decedent for the life expectancy of decedent.

107.   By reason of the foregoing and wrongful death of plaintiff's decedent, plaintiff **JOAN MULLIN** has been damaged.

108.   By reason of the foregoing and wrongful death of plaintiff's decedent, plaintiff **JOAN MULLIN** has suffered pecuniary losses and has been compelled to expend and incur various sums of money for funeral and burial expenses.

109.   By reason of the foregoing and wrongful death plaintiff's decedent has suffered loss of enjoyment of life.

110.   **WHEREFORE**, plaintiffs **JOAN MULLIN, as Administratrix Ad Prosequendum of the ESTATE of ROBERT MULLIN, JR.,** and **JOAN MULLIN individually,** demands judgment against defendants, **ADMINISTRATOR KAREN BALICKI, DIRECTOR ROBERT PATTERSON, DIRECTOR MARIE DUNLAP-PRYCE, CHIEF EXECUTIVE OFFICER TERESA MCQUAIDE RN, APRN-BC, JANE BYRD, L.P.N., ERIN MARUSKY, R.N., BEATRICE TEEL, R.N., OFFICER DIMLER, KINTOCK**

GROUP, **MERCER COUNTY, JOHN DOES 4-10** and **ABC ENTITIES 1-10** jointly and severally for compensatory and punitive damages, funeral bills, together with interest, costs of suit and attorneys' fees.

## FIFTH COUNT

111.    Plaintiffs repeat and reallege each and every allegation contained in paragraphs one (1) through one hundred ten (110) as if set forth herein fully at length.

112.    The **SUPERVISOR DEFENDANTS'** and **KINTOCK's** unlawful acts constitute abuse of process.

113.    By reason of the foregoing, and as a direct and proximate result of defendants' abuse of process, plaintiff's decedent **MULLIN** sustained serious and severe injuries which resulted in his death.

114.    The decedent left his surviving mother, **JOAN MULLIN**, and other next of kin.

115.    As a direct and proximate result of the abuse of process, plaintiff's decedent **MULLIN** was caused to suffer severe, painful and permanent personal injuries, emotional anguish and great physical pain.

116.    As a direct and proximate result of the abuse of process as aforedescribed, plaintiff **JOAN MULLIN** has been damaged and has been permanently deprived of the services, society, care, companionship, support and guidance of plaintiff's decedent for the life expectancy of decedent.

117.    By reason of the foregoing and wrongful death of plaintiff's decedent, plaintiff **JOAN MULLIN** has been damaged.

118.    By reason of the foregoing abuse of process and wrongful death of plaintiff's decedent, plaintiff **JOAN MULLIN** has suffered pecuniary losses and has been compelled to expend and incur various sums of money for funeral and burial expenses.

119.    By reason of the foregoing and wrongful death plaintiff's decedent has suffered loss of enjoyment of life.

120.    **WHEREFORE,** plaintiffs **JOAN MULLIN, as Administratrix Ad Prosequendum of the ESTATE of ROBERT MULLIN, JR.,** and **JOAN MULLIN individually,** demands judgment against defendants, **ADMINISTRATOR KAREN BALICKI, DIRECTOR ROBERT PATTERSON, DIRECTOR MARIE DUNLAP-PRYCE, CHIEF EXECUTIVE OFFICER TERESA MCQUAIDE RN, APRN-BC, JANE BYRD, L.P.N., ERIN MARUSKY, R.N., BEATRICE TEEL, R.N., OFFICER DIMLER, KINTOCK GROUP, MERCER COUNTY, JOHN DOES 4-10** and **ABC ENTITIES 1-10** jointly and severally for compensatory and punitive damages, funeral bills, together with interest, costs of suit and attorneys' fees.

## SIXTH COUNT

121.    Plaintiffs repeat and reallege each and every allegation contained in paragraphs one (1) through one-hundred twenty (120) of the Complaint as if set forth fully herein at length.

122.    At all relevant times herein defendants, individually and collectively, undertook to diagnose and treat any medical conditions suffered by plaintiff's decedent, including mental health, emotional, psychological and psychiatric care and treatment, and were under a duty to do so.

123.    At all relevant times herein defendants, individually and collectively, undertook to diagnose and treat plaintiff's decedent **MULLIN.**

124.    At all relevant times herein defendants, individually and collectively, and in particular defendants **JANE BYRD, L.P.N., ERIN MARUSKY, R.N., BEATRICE TEEL, R.N., and CHIEF EXECUTIVE OFFICER TERESA MCQUAIDE,** held themselves out to plaintiff's decedent as facilities/persons able to and furnishing medical treatment and medical care.

125.    At all relevant times herein defendants individually and collectively, and in particular defendants **JANE BYRD, L.P.N., ERIN MARUSKY, R.N., BEATRICE TEEL, R.N.** and **CHIEF EXECUTIVE OFFICER TERESA MCQUAIDE RN, APRN-BC**owed a duty to the plaintiff's decedent and to others likewise situated to use reasonably prudent and non-negligent medical care.

126.    Between January 15, 2009 and January 17, 2009 plaintiff's decedent came under the care of the medical staff, infirmary, agents, servants and employees and/or contractors of the defendants.

127.    At all relevant times herein defendants held themselves out as maintaining adequate and competent agents, servants and employees and further warranted and represented that their agents, servants and/or employees were qualified and trained to provide proper medical care and treatment as required and further warranted and represented themselves as being equipped in sufficient manner to render such proper care and treatment, including care and treatment involving mental health, emotional stability, psychological and psychiatric care.

128.    The defendants, individually and collectively failed to exercise reasonable and ordinary care in the treatment of plaintiff's decedent, failed to exercise that degree of care to be exercised by a hospital and medical staff in similar circumstances and were negligent and careless in the care and treatment of plaintiff's decedent **MULLIN.**

129.    The defendants, individually and collectively failed to exercise reasonable and ordinary care in the treatment of **MULLIN,** failed to exercise that degree of care to be expected by a hospital, nurses, and medical providers in correctional facilities in similar circumstances and were negligent and careless in the care and treatment of **MULLIN.**

130.    The defendants, individually and collectively,  their agents, servants, employees and contractors were negligent and careless in failing to hire, train and supervise adequate staff, in failing to recognize various signs symptoms, indications and manifestations of medical and psychological problems in **MULLIN,** in failing to maintain adequate and proper protocols and standards for the handling of persons in the condition of **MULLIN**, in failing to maintain proper record keeping protocol;  in failing to properly diagnosis **MULLIN'S** condition and failing to provide adequate care, failing to appreciate the likelihood that **MULLIN** could or would inflict harm to himself, failed to provide proper counselling and guidance, failing to properly evaluate his mental state so as to avoid the occurrence, and in otherwise failing and omitting to maintain that degree of care and treatment for sick patients that a prudent hospital and prudent doctors, interns, nurses, attendant and other medical providers would have maintained under like circumstances and like conditions.

131.    By reason of the aforesaid medical and nursing malpractice, plaintiff's decedent was caused to suffer severe, painful and permanent personal injuries, sustained severe nervous shock, mental anguish and great physical pain, was prevented from engaging in his usual activities and committed suicide.

132.    By reason of the foregoing, and as a direct and proximate result of defendants' medical negligence as aforedescribed, plaintiff's decedent **MULLIN** sustained serious and severe injuries which resulted in his death.

133.    The decedent left his surviving mother, **JOAN MULLIN**, and other next of kin.

134.    As a direct and proximate result of the medical negligence as aforedescribed, plaintiff's decedent **MULLIN** was caused to suffer severe, painful and permanent personal injuries, emotional anguish and great physical pain.

135.    As a direct and proximate result of the medical negligence as aforedescribed, plaintiff **JOAN MULLIN** has been damaged and has been permanently deprived of the services, society, care, companionship, support and guidance of plaintiff's decedent for the life expectancy of decedent.

136.    By reason of the foregoing medical negligence and wrongful death of plaintiff's decedent, plaintiff **JOAN MULLIN** has been damaged.

137.    By reason of the foregoing medical negligence and wrongful death of plaintiff's decedent plaintiff **JOAN MULLIN** has suffered pecuniary losses and has been compelled to expend and incur various sums of money for funeral and burial expenses.

138.    By reason of the foregoing and wrongful death plaintiff's decedent has suffered loss of enjoyment of life.

140.    **WHEREFORE,** plaintiffs **JOAN MULLIN, as Administratrix Ad Prosequendum of the ESTATE of ROBERT MULLIN, JR.,** and **JOAN MULLIN individually,** demands judgment against defendants, **ADMINISTRATOR KAREN BALICKI, DIRECTOR ROBERT PATTERSON, DIRECTOR MARIE DUNLAP-PRYCE, CHIEF EXECUTIVE OFFICER TERESA MCQUAIDE RN, APRN-BC, JANE BYRD, L.P.N., ERIN MARUSKY, R.N., BEATRICE TEEL, R.N., OFFICER DIMLER, KINTOCK GROUP, MERCER COUNTY, JOHN DOES 4-10** and **ABC ENTITIES 1-10** jointly and

27

**A284**

severally for compensatory and punitive damages, funeral bills, together with interest, costs of suit and attorneys' fees.

**SHELLEY L. STANGLER, P.C.**
**Attorney for Plaintiffs**

Dated:
_____, 2011

BY: _____
**SHELLEY L. STANGLER, ESQ.**

## DEMAND FOR JURY TRIAL

Plaintiffs demands a trial by jury of all issues so triable.

Dated: _____, 2011

BY: _____
**SHELLEY L. STANGLER, ESQ.**

## DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:24-4, **SHELLEY L. STANGLER, ESQ.** is hereby designated as trial counsel on behalf of the plaintiff in the within matter.

Dated: _____, 2011

BY: _____
**SHELLEY L. STANGLER, ESQ.**

28

**A285**

## CERTIFICATION

SHELLEY L. STANGLER, ESQ., of full age, certifies:

1.     SHELLEY L. STANGLER, P.C. has been retained to represent plaintiffs, **JOAN MULLIN, as Administratrix of the Estate of ROBERT MULLIN, JR, and JOAN MULLIN individually** in connection with the within matter. I am the attorney in charge of the case.

2.    The matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, and no other action or arbitration proceeding is contemplated by plaintiff.

3.    There are no other parties who should be joined in this action.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

**SHELLEY L. STANGLER**

DATED: June 20, 2011

29

**A286**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

JOAN MULLIN, ADMINISTRATRIX OF )
THE ESTATE OF ROBERT MULLIN, )
deceased and JOAN MULLIN, )
individually )
        **Plaintiffs,** )
)
)
)
        -vs- )
)
THE STATE OF NEW JERSEY, THE )
DEPARTMENT OF CORRECTIONS OF )
THE STATE OF NEW JERSEY, SOUTH )
WOODS STATE PRISON, )
ADMINISTRATOR KAREN BALICKI, )
CENTRAL RECEPTION & )
ASSIGNMENT FACILITY (C.R.A.F.), )
DIRECTOR ROBERT PATTERSON, )
DIRECTOR MARIE DUNLAP-PRYCE, )
JANE BYRD, LPN, ERIN MARUSKY, )
R.N., TRENTON PSYCHIATRIC )
HOSPITAL, KINTOCK GROUP, )
MERCER COUNTY, JOHN DOES 1-10 (as )
et.als. )
        **Defendants** )
-------------------------------------------------------- )

Hon. Mary L. Cooper, U.S.D.J.

CIVIL ACTION No. 11-0247

---

**PLAINTIFF'S BRIEF IN SUPPORT OF CROSS-MOTION TO AMEND THE
COMPLAINT AND IN OPPOSITION TO MOTION TO DISMISS AS TO TRENTON
PSYCHIATRIC HOSPITAL**

---

On the Brief:  Lisa M. Curry, Esq.
             Shelley L. Stangler, Esq.

SHELLEY L. STANGLER, PC
ATTORNEY FOR PLAINTIFF
155 MORRIS AVENUE, 2ND FLOOR
SPRINGFIELD, NEW JERSEY 07081
PHONE (973) 379-2500
FACSIMILE (973) 379-0031

## 2. The amendment as to individual liability and further factual allegations is appropriate.

Permitting the amendment to name the individual defendants in their personal capacities is essential to a fair and just resolution of the case on the merits. There are no dilatory tactics or bad faith. Counsel makes this motion promptly upon realizing the omission. There is no prejudice, in that as CEO of Trenton Psychiatric Hospital, which was a named defendant in the original complaint, Teresa McQuaide is aware of the lawsuit and the claims. Naming her individually does not change the essence of or the proofs in the claims, or the factual allegations. The Complaint was recently filed, only one (1) defendant has answered, and there has been discovery.

### POINT VII

### DISMISSAL IS NOT WARRANTED WHERE
### DISCOVERY IS ESSENTIAL TO THE PROOFS

Despite diligent efforts, plaintiff's efforts to get information about the facts underlying this matter have until now yielded only the most basic information from defendants about the facts of this case- yet enough to establish plausible grounds for her claims. Twombly, 550 U.S. at 556. Plaintiff is now entitled to discovery to develop her claims as she has raised a "reasonable expectation that discovery will reveal evidence of her claims." Id.; Prince v. Aiellos, 2010 WL 4025846, *8 (Oct. 12, 2010) (allowing plaintiff to file a third amended complaint to cure deficiencies). This is not a case when plaintiff is on a fishing expedition. Twombly, Supra.; Smith v. Lyons, Doughty, & Veldhuius, P.C., 2008 WL 2885887 (D.N.J. July 23, 2008) ("Discovery should not serve as a fishing expedition for evidence in support of acts he has not yet pleaded."). Rather, the situation at hand is akin to cases that hold dismissal is inappropriate where proofs, not yet in the possession of plaintiff, are needed to flesh out the pleadings. See In Re Norvergence, 384 B.R. 315 (Bkrcy, D.N.J. Feb. 28, 2008) (plaintiff had pled a plausible

claim, thus further discovery was required and dismissal of a cause of action was premature); Marketway/Gateway Research, Inc. v. Priority Pay Payroll, LLC, 2011 WL 1640459 (D.N.J. May 2, 2011) (party need not have evidentiary support to allege a fact in the complaint).

Dismissal is not warranted under these circumstances.

Because proper identification of defendants remains an issue in this case, and because such information is solely in the possession of the defendants, it is requested that defendants be compelled to provide the names and, if no longer employed, addresses of those employees, agents and servants directly responsible for the control, management, care and supervision of plaintiff's decedent for a 24 hour period prior to his death, and/or in connection with such production to provide any investigation reports relating to the subject event.

## CONCLUSION

WHEREFORE, it is respectfully requested that the cross-motion to amend be granted in its entirety, that the motion to dismiss be denied, along with such other and further relief the Court deems just and proper.

Dated: June _14_, 2011

Respectfully submitted,

SHELLEY L. STANGLER, ESQ.

17

**A289**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOAN MULLIN, ADMINISTRATRIX OF THE ESTATE OF ROBERT MULLIN, deceased and JOAN MULLIN, individually<br><br>                    Plaintiffs,<br><br>-vs-<br><br>THE STATE OF NEW JERSEY, THE DEPARTMENT OF CORRECTIONS OF THE STATE OF NEW JERSEY, SOUTH WOODS STATE PRISON, ADMINISTRATOR KAREN BALICKI, CENTRAL RECEPTION & ASSIGNMENT FACILITY (C.R.A.F.), DIRECTOR ROBERT PATTERSON, DIRECTOR MARIE DUNLAP-PRYCE, JANE BYRD, LPN, ERIN MARUSKY, R.N., TRENTON PSYCHIATRIC HOSPITAL, KINTOCK GROUP, MERCER COUNTY, JOHN DOES 1-10 (as et.als.<br><br>                    Defendants. | Civ. No. 3:11-cv-00247<br><br>NOTICE OF CROSS-MOTION TO AMEND COMPLAINT |

ON NOTICE TO:

Dept. Attorney General Susan M. Scott, Esq.
Office of the Attorney General
Division of Law
25 Market Street, P.O. Box 116
Trenton, NJ 08625-0116
*Attorney for State of New Jersey, Dept. of Correction of State of NJ, South Woods State Prison, C.R.A.F., Administrator Karen Balicki, Director Robert Patterson, Director Marie Dunlap-Pryce, and Jane Byrd, L.P.N.*

Karen Jacobs, Esq.
Office of the Attorney General
Division of Law
25 Market Street, P.O. Box 116
Trenton, NJ 08625-0116
*Attorney for defendant Trenton Psychiatric Hospital*

**A290**

John J. Welch, Esq.
2329 State Highway 43
Suite 103
Manasquan, NJ 08736-1442
*Attorney for Kintock Group*

**PLEASE TAKE NOTICE** that on July 5, 2011, the undersigned Shelley L. Stangler, P.C., by Shelley Stangler, Esq., attorney for plaintiffs Joan Mullin, Administratrix of the estate of Robert Mullin, deceased and Joan Mullin, individually, shall cross-move before the Hon. Mary L. Cooper, U.S.D.J., for the District Court of New Jersey, in the United States Courthouse, Trenton, N.J., for an Order permitting plaintiffs to amend their complaint and to compel discovery.

Plaintiffs shall rely on the Brief, proposed amended complaint, Certification and supporting exhibits of Shelley L. Stangler, Esq., annexed hereto in support of the Motion.

Oral argument is requested.

A proposed form of Order is annexed hereto.

**SHELLEY L. STANGLER, P.C.**
Attorney for Plaintiff

By: _____
**SHELLEY L. STANGLER, ESQ.**

Dated: June 20, 2011

**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JOAN MULLIN, ADMINISTRATRIX OF THE ESTATE OF ROBERT MULLIN, deceased, and JOAN MULLIN, individually, | : : : : : | CIVIL ACTION NO. 11-247 (MLC) |
| Plaintiff, | : : | **O R D E R** |
| v. | : : | |
| STATE OF NEW JERSEY, et al., | : : | |
| Defendants. | : : | |

**DEFENDANTS** State of New Jersey, New Jersey Department of
Corrections, South Woods State Prison, Central Reception and
Assignment Facility, Karen Balicki, and Jane Byrd moving to
dismiss the Complaint insofar as it is asserted against them
pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6)
(dkt. entry no. 25, Mot. Dismiss); and Defendant Trenton
Psychiatric Hospital separately moving to dismiss the Complaint
insofar as it is asserted against Trenton Psychiatric Hospital
pursuant to Rule 12(b)(6) (dkt. entry no. 27, Mot. Dismiss); and
Plaintiff, in separate responses to the respective motions to
dismiss, cross-moving for leave to amend the Complaint and to
compel discovery (dkt. entry no. 31, Cr. Mot. Amend; dkt. entry
no. 35, Cr. Mot. Amend); and

**THE COURT HAVING** the inherent power to control the docket,

Landis v. N. Am. Co., 299 U.S. 248, 254 (1936); Rolo v. Gen. Dev.

Corp., 949 F.2d 695, 702 (3d Cir. 1991); and it appearing that

the Magistrate Judge should dispose of the cross motions in the

first instance; and for good cause appearing;

**IT IS THEREFORE** on this     21st     day of September, 2011, **ORDERED** that the separate cross motions for leave to amend the Complaint (dkt. entry nos. 31 and 35) are **REFERRED** to the Magistrate Judge; and

**IT IS FURTHER ORDERED** that the motion to dismiss by Defendants State of New Jersey, New Jersey Department of Corrections, South Woods State Prison, Central Reception and Assignment Facility, Karen Balicki, and Jane Byrd (dkt. entry no. 25) is **DENIED WITHOUT PREJUDICE**; and

**IT IS FURTHER ORDERED** that Defendant Trenton Psychiatric Hospital's separate motion to dismiss (dkt. entry no. 27) is **DENIED WITHOUT PREJUDICE**; and

**IT IS FURTHER ORDERED** that the aforementioned defendants are **GRANTED LEAVE** to move for relief under Federal Rule of Civil Procedure 12(b)(6), if appropriate, after the Magistrate Judge disposes of the separate cross motions, upon a proper notice of motion, and in accordance with the Federal Rules of Civil Procedure and the Local Civil Rules.

___s/ Mary L. Cooper_____
**MARY L. COOPER**
United States District Judge

3

**A294**

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JOAN MULLIN, Administratrix of the Estate of Robert Mullin, deceased, and individually,** | Civil Action No. 11-247 (MLC) |
| Plaintiff, | |
| v. | **ORDER** |
| **STATE OF NEW JERSEY, et al.,** | |
| Defendants. | |

**THIS MATTER** having come before the Court by way of Plaintiff's cross-motions for leave to amend the Complaint [Docket Entry Nos. 31 and 35], to add Defendants Beatrice Teel, R.N. ("Teel") and Officer Dimler ("Dimler") as new individual defendants, as well as to dismiss Defendants the State of New Jersey, the Department of Corrections of the State of New Jersey, South Woods State Prison, and Central Reception & Assignment Facility ("C.R.A.F.") from the litigation, and to add factual support with regard to the liability of the remaining Defendants; and Plaintiff also seeking to compel certain discovery relating to facts underlying her claim; and Plaintiff arguing that the Court should freely give leave to amend; and Plaintiff further arguing that the proposed amended complaint would not prejudice Defendants; and Defendant Trenton Psychiatric Hospital ("TPH") asserting that Plaintiff's proposed amendment is futile because Plaintiff has not cured the deficiencies in her Complaint to overcome Eleventh Amendment immunity; and the Court noting that Plaintiff's request to amend was made in response to Defendants' motions to dismiss the complaint [Docket Entry No. 25 & 27], and that only TPH opposed the motion to amend [Docket Entry No. 37]; and the Court finding that Plaintiff has, insofar as the amended pleading dismisses certain actors and adds factual information regarding individual liability, provided the Court with a more complete record, such that the Defendants should now go forward with their responsive pleadings or renew their motions; and the Court further finding that Plaintiff has not presented a sufficient basis for the claims asserted against the proposed new defendants by way of factual information regarding Teel and Dimler's actions in the underlying incident; and the Court therefore finding that Plaintiff's proposed amendment with regard to Teel and Dimler does not state a plausible claim for relief as required by *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009), and therefore the addition of those individuals as defendants would be futile at this stage of the litigation; and the Court further finding that discovery at this early stage, before Defendants have answered the Complaint or had a ruling on the motions to dismiss, is premature; and for good cause shown,

**IT IS** on this **28**th day of **November, 2011,**

**ORDERED** that Plaintiff's cross-motions for leave to amend the Complaint [Docket

Entry No. 31 and 35] are DENIED IN PART and GRANTED IN PART; and it is further

**ORDERED** that Plaintiff's request to amend the Complaint to add Defendants Beatrice Teel, R.N., and Officer Dimler is DENIED; and it is further

**ORDERED** that Plaintiff's request to amend the Complaint to dismiss the State of New Jersey, the Department of Corrections of the State of New Jersey, South Woods State Prison, and C.R.A.F. from the litigation and to add certain facts is GRANTED; and it is further

**ORDERED** that Plaintiff is to file her Amended Complaint, revised in accordance with this Order, within 5 days of the entry thereof, and Defendants shall answer, move or otherwise respond within 21 days thereafter; and it is further

**ORDERED** that Plaintiff's request for discovery is DENIED without prejudice, and that Plaintiff may renew any discovery requests after Defendants have answered the Amended Complaint or any renewed motions to dismiss have been resolved.

**LOIS H. GOODMAN**
**United States Magistrate Judge**

2

**A296**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

JOAN MULLIN, ADMINISTRATRIX OF THE
ESTATE OF ROBERT MULLIN, deceased and
JOAN MULLIN,  individually,
          Plaintiffs,
    v.

ADMINISTRATOR KAREN BALICKI, in her
personal, individual and professional capacities
representing the State of New Jersey, the
Department of Corrections of the State of New
Jersey, South Woods State Prison, and Central
Reception & Assignment Facility (C.R.A.F.),
DIRECTOR ROBERT PATTERSON, in his
personal, individual and professional capacities,
representing the State of New Jersey, the
Department of Corrections of the State of New
Jersey, South Woods State Prison, and Central
Reception & Assignment Facility (C.R.A.F.)
DIRECTOR MARIE DUNLAP-PRYCE, in her
personal, individual and professional capacities,
representing the State of New Jersey, the
Department of Corrections of the State of New
Jersey, South Woods State Prison, and Central
Reception & Assignment Facility (C.R.A.F.),
JANE BYRD, L.P.N., in her personal, individual
and professional capacities, ERIN MARUSKY,
R.N., in her personal, individual and professional
capacities, CHIEF EXECUTIVE OFFICER
TERESA MCQUAIDE, RN, APRN-BC, in her
personal, individual and professional capacities
representing the Trenton Psychiatric Hospital;
KINTOCK GROUP, MERCER COUNTY, JOHN
DOES 2-10 (as yet unidentified and unknown
governmental, county, or state officials,
supervisors, agents or employees) in their
personal, individual and professional capacities,
ABC ENTITIES 1-10 (as yet unidentified and
unknown governmental entities, agencies, units or
subdivisions,
          Defendants.

CIVIL ACTION NO. 11-00247
(MLS-LHG)


SECOND AMENDED COMPLAINT
AND JURY DEMAND

Plaintiffs, Joan Mullin as Administratrix of the Estate of Robert Mullin, and Joan Mullin, Individually, by way of complaint against defendants, **ADMINISTRATOR KAREN BALICKI** in her personal, individual and professional capacities representing the State of New Jersey, the Department of Corrections of the State of New Jersey, South Woods State Prison, and Central Reception & Assignment Facility (C.R.A.F.); **DIRECTOR ROBERT PATTERSON** in his personal, individual and professional capacities representing the State of New Jersey, the Department of Corrections of the State of New Jersey, South Woods State Prison, and Central Reception & Assignment Facility (C.R.A.F.); **DIRECTOR MARIE DUNLAP-PRYCE** in her personal, individual and professional capacities representing the State of New Jersey, the Department of Corrections of the State of New Jersey, South Woods State Prison, and Central Reception & Assignment Facility (C.R.A.F.); **CHIEF EXECUTIVE OFFICER TERESA MCQUAIDE, RN, APRN-BC,** in her personal, individual and professional capacities representing the Trenton Psychiatric Hospital; **JANE BYRD, L.P.N.,** in her personal, individual and professional capacities; **ERIN MARUSKY, R.N.** in her personal, individual and professional capacities; **KINTOCK GROUP, MERCER COUNTY, JOHN DOES 2-10** (as yet unidentified and unknown governmental, county, or state officials, supervisors, agents or employees) in their individual and professional capacities, and **ABC ENTITIES 1-10** (as yet unidentified and unknown governmental entities, agencies, units or subdivisions, set forth the following:

**PARTIES**

1.     At all relevant times herein plaintiffs **JOAN MULLIN, Administratrix Ad Prosequendum of the Estate of ROBERT MULLIN, JR.,** and **JOAN MULLIN,**

**individually,** were and are domiciliaries and residents of the County of Mercer and State of New Jersey.

2.     At all relevant times herein defendant **ADMINISTRATOR KAREN BALICKI** was, upon information and belief a chief supervisory official and executive of the South Woods State Prison, a public entity and/or an agency or division of a public entity, organized and existing under the laws of the State of New Jersey and engaged in the operation and management of a certain correctional facility, with a place of business at 215 South Burlington Road, Bridgeton, NJ 08302, acting in her personal, individual and official capacities under color of law.

3.     At all relevant times herein defendant **DIRECTOR ROBERT PATTERSON** was, upon information and belief, the chief supervisory official and executive of the Department of Corrections for the State of New Jersey ("DOC"), a public entity and/or an agency or division of a public entity, organized and existing under the laws of the State of New Jersey and engaged in the operation and management of correctional facilities in the State of New Jersey with a place of business at Whittlesey Road, P.O. Box 863, Trenton, NJ 0825, acting in his personal, individual and official capacities under color of law.

4.     At all relevant times herein **MARIE DUNLAP-PRYCE** was, upon information and belief a chief supervisory official and executive of Central Reception & Assignment Facility ("C.R.A.F".), a public entity and/or an agency or division of a public entity, organized and existing under the laws of the State of New Jersey and engaged in the operation and management of a certain correctional facility, with a place of business at Stuyvesant Avenue, Trenton, NJ 08628-7450, acting in her personal, individual and official capacities under color of law.

5.     At all relevant times herein defendant **CHIEF EXECUTIVE OFFICER TERESA MCQUAIDE RN, APRN-BC,** was, upon information and belief a chief supervisory

3

official and executive of Trenton Psychiatric Hospital, a public entity and/or an agency or division of a public entity, organized and existing under the laws of the State of New Jersey and a corporation or entity organized and existing for the purposes of providing medical care and treatment to members of the public and others, with a place of business at 101 Sullivan Way, Ewing, NJ 08618, acting in her personal, individual and official capacities under color of law, and is substituted for **John Doe No. 1.**

6.     At all relevant times herein defendant **JANE BYRD, L.P.N.**, was, upon information and belief a health care provider and employee, agent or servant of the State of New Jersey, DOC, South Woods State Prison, and/or C.R.A.F., engaged in the rendering of health care services including inmate evaluations, and acting in her personal, individual and official capacities under color of law.

7.     At all relevant times herein defendant **ERIN MARUSKY, R.N.**, was, upon information and belief a health care provider and employee, agent or servant of the State of New Jersey, DOC, South Woods State Prison, and/or C.R.A.F., engaged in the rendering of health care services including inmate evaluations, and acting in her personal, individual and official capacities under color of law.

8.     At all relevant times herein defendant the **KINTOCK GROUP** was and is, upon information and belief, a private company authorized to do business in the State of New Jersey, engaged in the business of providing therapeutic and other services to those persons transitioning back from incarceration into the community, known as "halfway houses" or "work houses," with a place of business at 4 South Industrial Boulevard, Bridgeton, NJ 08302.

9.     At all relevant times herein defendant **MERCER COUNTY** was and is a public entity organized and existing under the laws of the State of New Jersey, engaged in the operation

and management of correctional facilities, with a place of business at 640 South Broad Street, P.O. Box 8068, Trenton, NJ 08650.

10.     At all relevant times herein defendants **JOHN DOES 2-10** and **ABC ENTITIES 1-10** were and are as yet unidentified employees, agents, servants, contractors, supervisors, officials and/or public entities, agencies and subdivisions responsible for the operation, management and control over certain correctional facilities and custodial facilities. **JOHN DOES 3-10** are being sued in their individual, professional and personal capacities.

## NATURE OF ACTION & FACTUAL BACKGROUND

11.     Plaintiff's decedent and son, the 29 year old **ROBERT MULLIN, JR**, had been incarcerated and under the custodial care of individual defendants **ADMINISTRATOR KAREN BALICKI**, **DIRECTOR ROBERT PATTERSON**, **MARIE DUNLAP-PRYCE** and **CHIEF EXECUTIVE OFFICER TERESA MCQUAIDE RN, APRN-BC** (hereinafter the **"SUPERVISOR DEFENDANTS"**) for approximately six (6) to eight (8) years, through and including his date of death on January 17, 2009.

12.     In or about May 2008 he was transferred to a halfway house, or "work" house under the operation and management of defendant **THE KINTOCK GROUP** (hereinafter **"KINTOCK"**), under the auspices of and by contract and agreement with the **SUPERVISOR DEFENDANTS**.

13.     Plaintiff's decedent was scheduled to be released from **KINTOCK** sometime between April and June of 2009, after completing a course of therapy, work studies and services designed to allow an inmate to be rehabilitated and return to society and to his family.

14.    On or about January 15, 2009, while at **KINTOCK** plaintiff's decedent exhibited deterioration in mental and psychological status, and became emotionally labile with aggressive behavior.

15.    Thereafter plaintiff's decedent was transferred back to either South Woods State Prison or C.R.A.F., under the custodial care, supervision, management and control of the **SUPERVISOR DEFENDANTS, JOHN DOES 2-10** and **ABC ENTITIES 1-10.**

16.    Upon information and belief, at some point between January 15, 2009 and January 17, 2009, plaintiff also was treated by and was under the custodial care, supervision, management and control of the **SUPERVISOR DEFENDANTS,** including but not limited to **CHIEF EXECUTIVE OFFICER TERESA MCQUAIDE, RN, APRN-BC,** Chief Executive Officer of the Trenton Psychiatric Hospital, and **JOHN DOES 2-10** and **ABC ENTITIES 1-10**.

17.    Upon information and belief, at some point and time between January 15, 2009 and January 17, 2009 plaintiff's decedent was released to a single cell or area without adequate one on one and constant supervision and observation. Non-party Officer Dimler was the last person to see decedent alive, according to the Medical Examiner's Report.

18.    On January 17, 2009 at approximately 4:23 AM, Officer Dimler found plaintiff's decedent unresponsive after hanging himself with what the limited records in plaintiff's possession indicate was a self-made noose made of a bed sheet.

19.    Non-party Beatrice Teel, R.N. was summoned to assist decedent after he was found unresponsive.

20.    Decedent was pronounced dead at 4:49 AM.

21.     During all relevant times between January 15, 2009 and the time and date of death on January 17, 2009, decedent plaintiff was under the custodial care of the **SUPERVISOR DEFENDANTS**.

22.     The original death certificate states the place of death as Trenton Psychiatric Hospital; the records from the DOC indicate plaintiff's location at death was in either South Woods State Prison or C.R.A.F., and the amended death certificate identifies the location of death as C.R.A.F.  A detective informed plaintiff that her son, plaintiff's decedent, had died at Trenton Psychiatric Hospital.

23.     On January 16, 2009, defendants **JANE BYRD, L.P.N.**, and **ERIN MARUSKY, R.N.**, acting under color of law in their personal, individual and official capacities as employees, agents and servants of the **SUPERVISOR DEFENDANTS** and/or as individual medical providers contracted to work in the facilities managed by the **SUPERVISOR DEFENDANTS**, undertook to examine and evaluate plaintiff's decedent.

24.     Decedent's medical record obtained from the DOC reflects numerous entries from 2005 until his death evidencing his past suicide attempts, his diagnosis as a suicide risk, his family history of suicide, his history of mental illness including anxiety, depression and mood disorder, and his use of psychotropic medication for his psychiatric conditions.

25.     On several occasions, the record reflects that decedent answered "yes" to the question "have you ever been hospitalized or treated for psychiatric illness", and "have you ever considered or attempted suicide".

26.     Plaintiff Joan Mullin requested records and information regarding any investigation, follow up reports, internal affairs considerations, or any evidence of implementation of policy, procedure and standards necessary to identify and prevent occurrences

such as the decedent's suicide. None were provided. Specific entries in the medical record are as follows:

27.    On August 19, 2005, the decedent Robert Mullin stated during the nursing intake that he had considered or attempted suicide, and that in April 2005 he had attempted suicide. The notes on that date also reflect that the decedent was taking "psych medications."

28.    On September 26, 2007, during a nursing intake, the decedent answered "yes" to the question "have you ever been hospitalized or treated for psychiatric illness," and "have you ever considered or attempted suicide." The notes on that date reflect again that decedent was taking "psych medications."

29.    On September 28, 2007, notes in the medical record reflect that decedent had a diagnosis of a mood disorder.

30.    On October 3, 2007, notes in the medical record reflect that that decedent had a diagnosis of a mood disorder, and he was taking the psychotropic medication Doxepin, and he was referred to "Mental Health."

31.    On November 16, 2007, and on at least seven other occasions in the following two-plus years until decedent's death, notes in the medical records reflect the diagnosis of "mood disorder," a family history of suicide, and a history of being a suicide risk.

32.    At least one of these entries details that the decedent was being treated for a psychiatric illness, namely depression and anxiety.

33.    On January 14, 2009, three days before decedent's death, the medical record reflects that the inmate was seen at South Woods State Prison, following a transfer from Kintock to Detention/ECU, and the diagnoses of "mood disorder," a family history of suicide, and a history of being a suicide risk.

34.    On January 16, 2009, an entry in the medical record identifies a "nursing intake" completed by defendant **JANE BYRD, L.P.N.**  During that intake the decedent answered "Yes" to the question "have you ever been hospitalized or treated for psychiatric illness," and to the question "have you ever considered or attempted suicide."  The medical record on that date also includes the diagnoses of "mood disorder," a family history of suicide, and a history of being a suicide risk .

35.    A subsequent entry on January 16, 2009, signed by defendant **ERIN MARUSKY, R.N.** at 6:26 PM, states the location of care is "Central Reception & Assignment Facility – Main," and the narrative "[inmate] medically cleared for placement on S3 … Erin Marusky, R.N. January 16, 2009 6:25 PM."

36.    On January 17, 2009 an entry in the medical record identified the event as "internal other: death of inmate."  This entry shows that Beatrice Teel, R.N. was with an unnamed officer in the hallway on the floor at 4:24 AM, and CPR was performed by unnamed officers or medical providers, at which time the decedent was unresponsive.

37.    A further entry in the record on Jan. 17, 2009, signed by Beatrice Teel, R.N. identifies the event as "Emergency Report: Medical Emergency for code 66/late entry" repeats the entry, and adds a diagnosis list, including the history of mood disorder, family history of suicide, and that decedent was a suicide risk.

38.    Despite a known history of suicide attempts, anxiety, depression and psychiatric instability, defendants **JANE BYRD, L.P.N.** and **ERIN MARUSKY, R.N.** determined on Jan. 16, 2009 that plaintiff's decedent was medically cleared to be released into the general population at the C.R.A.F. and/or South Woods State Prison facility under the supervision, management and control of the **SUPERVISOR DEFENDANTS.**

39.    Despite a known history of decedent's suicide attempts, anxiety, depression and psychiatric instability, **DEFENDANTS**, directly and through their agents, employees and servants, including but not limited to Beatrice Teel, R.N., on Jan. 16 and 17, 2009, failed to provide adequate medical supervision and nursing care to decedent in the hours leading up to decedent's suicide, and failed to intervene to prevent the suicide.

40.    Despite a known history of decedent's suicide attempts, anxiety, depression and psychiatric instability, **DEFENDANTS**, directly and through their agents, employees and servants, including but not limited to Officer Dimler, on Jan. 16 and 17, 2009 failed to provide adequate protection and supervision to decedent in the hours leading up to decedent's suicide and failed to intervene to prevent the suicide.

41.    Plaintiff's decedent had a known and documented history of suicide attempts and psychiatric disturbance dating from 2005, 2007, 2008 and 2009 up to and including his final evaluation prior to his death, which was known to, and should have been known to, the **SUPERVISOR DEFENDANTS**, defendants **JANE BYRD, L.P.N., ERIN MARUSKY, R.N**, and **KINTOCK**.

42.    Plaintiffs **JOAN MULLIN, as Administratrix Ad Prosequendum of the Estate of ROBERT MULLIN, JR.,** and **JOAN MULLIN, individually**, institute this action for compensatory and punitive damages arising out of the unlawful actions and conduct of the **SUPERVISOR DEFENDANTS**, defendants **JANE BYRD, L.P.N, ERIN MARUSKY, R.N, KINTOCK,** and **JOHN DOES 2-10** and **ABC ENTITIES 1-10** in violating the civil rights of plaintiff's decedent protected by and secured under the provisions of the First, Fourth, Sixth, Eighth, Ninth and Fourteenth amendments to the United States Constitution and under the laws

of the United States, particularly under the Civil Rights Act, Title 42 of the United States Code, Sections 1983 and 1985 (2) *et. seq.*

43.    At all relevant times herein, the **SUPERVISOR DEFENDANTS,** defendants **JANE BYRD, L.P.N.** in her personal, individual and official capacities, **ERIN MARUSKY, R.N,** in her personal, individual and official capacities, **KINTOCK, JOHN DOES 2-10** in their personal, individual and official capacities, and **ABC ENTITIES 1-10** were acting under color of state law and within the scope of their authority as agents, servants and employees of said defendants.

44.    Plaintiffs also institute this action pursuant to the laws of the State of New Jersey for damages arising by reason of wrongful death, pain and suffering, hedonistic damages, negligence, infliction of mental distress, the failure to properly hire, train and supervise staff, employees, agents and servants, abuse of authority, failure to provide adequate medical care and treatment, malpractice and negligence.

45.    Plaintiffs were permitted to file a late Notice of Claim by Order of the Hon. Sue Regan dated February 10, 2010, which were served accordingly pursuant to New Jersey Statutes Title 59:8-4 and signed by plaintiff's representative, Shelley L. Stangler, Esq. upon the public entities employing the **SUPERVISOR DEFENDANTS, KINTOCK, JOHN DOES 2-10** and **ABC ENTITIES 1-10.**

46.    More than six (6) months have elapsed since service of plaintiff's Notices of Claims and the claims remain unresolved.

47.    This action was commenced within two (2) years from the date of the death, January 17, 2009.

## FIRST COUNT

48.    Plaintiffs repeat each and every allegation contained in paragraphs one (1) through forty-nine (49) as if set forth fully herein at length.

49.    At all relevant times herein, the **SUPERVISOR DEFENDANTS**, defendants **JANE BYRD, L.P.N.,** acting in her personal, individual and official capacities, **ERIN MARUSKY, R.N,** acting in her personal, individual and official capacities, **KINTOCK, JOHN DOES 2-10,** through their agents, servants and employees and acting in their personal, individual and official capacities,   and **ABC ENTITIES 1-10,** were acting under color of law under the state and federal Constitutions, statutes, laws, charters, ordinances, rules, regulations, customs, usages and practices of the subject governmental departments, agencies and entities and within the scope of their authority as employees and/or officers of the State of New Jersey, the DOC, South Woods State Prison and/or C.R.A.F.

50.    During all relevant times herein the aforementioned defendants acted jointly and in concert with each other, and conspired and agreed between and amongst themselves to commit the unlawful violation of civil rights upon plaintiff's decedent **ROBERT MULLIN** (hereinafter **"MULLIN")** as well as to fail to provide proper medical care to **MULLIN.**

51.    In particular, defendants agreed and conspired not to provide sufficient and adequate medical care to **MULLIN**, not to provide sufficient and adequate supervision, to violate protocols and policies designed to stop and avoid suicide by those persons, such as plaintiff's decedent, under the control and custody of the defendants, to fail to monitor and supervise **MULLIN**, to fail to intervene or protect **MULLIN** from danger and imminent physical harm, and to allow **MULLIN** to have the ability to commit suicide.

52.     During all relevant times herein the **SUPERVISOR DEFENDANTS**, defendants **JANE BYRD, L.P.N.** acting in her personal, individual and official capacities, **ERIN MARUSKY, R.N,** acting in her personal, individual and official capacities, **KINTOCK, JOHN DOES 2-10,** acting in their personal, individual and official capacities, and **ABC ENTITIES 1-10**, by and through their agents, servants, and employees acted with deliberate and conscious indifference to **MULLIN'S** constitutional rights which violations arose out of a pattern or custom or policy and practice by each of the defendants, in permitting and allowing **MULLIN** to be unsupervised, alone, and with the wherewithal to do harm to himself, in failing to provide medical attention, in failing to enact, implement, promulgate and enforce policies, procedures and standards with respect to suicide watch and avoidance, inadequate recordkeeping, in failing to intervene, in exposing plaintiff's decedent to imminent bodily harm, which was foreseeable under the circumstances, in allowing unsafe conditions to exist in the defendant correctional facilities, infirmaries and hospital, in failing to properly hire, train and supervise their employees in the proper conduct of their duties, among other acts and omissions.

53.     In particular, there are no known records of any investigation or internal affair reports made in connection with the death of **MULLIN**.

54.     At all relevant times herein the defendants, individually and collectively, through their agents, servants and employees were acting within the scope of their employment and duties at the time of the subject events as well as in their personal, individual and official capacities.

55.     At all relevant times herein the defendants, individually and collectively, through their agents, servants and employees, and acting in their personal, individual and official capacities, by reason of their acts, omissions, deliberate and conscious indifference to the rights

of **MULLIN**, and by a pattern of abuse and violation of procedure and protocol, and failure to provide medical treatment inclusive of mental health services, and by their failure to provide **MULLIN** with a safe environment and by putting him in a position to harm himself, deprived **MULLIN** of his rights, privileges and immunities secured by the Constitution and laws of the United States, and are liable to the plaintiffs pursuant to Title 42 Sections 1983 and 1985 of the United States Code and the New Jersey Civil Rights Statute Title 10 and under state common law.

56.    The defendants, their agents, servants and employees allowed, condoned and permitted the circumstances under which suicide and harm could occur, and with deliberate indifference failed to prevent it, failed to intervene, failed to provide proper medical care and services, and subjected **MULLIN** to cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution.

57.    The defendants, their agents, servants and employees deprived **MULLIN** of his rights, privileges and immunities secured by the Constitution and laws of the United States including violation of his Fourteenth Amendment rights of due process, equal protection, his First Amendment rights, his Fourth Amendment rights and his rights of privacy, as well as his Fifth and Sixth Amendment rights.

58.    At all relevant times herein the aforedescribed acts were committed under color of law within the authority of the agents, servants and employees of the defendants.

59.    The defendants, individually and collectively acted pursuant to official policy and/or custom and to deprive plaintiff's decedent of his constitutional rights under 42 U.S. Code sections 1983 and 1985.

60.   By reason of the foregoing, defendants violated the civil rights of plaintiff's decedent.

61.   By reason of the foregoing, and as a direct and proximate result of defendants' constitutional violations, plaintiff's decedent **MULLIN** sustained serious and severe injuries which resulted in his death.

62.   The decedent left him surviving his mother, **JOAN MULLIN**, and other next of kin.

63.   As a direct and proximate result of the constitutional violations as aforedescribed, plaintiff's decedent **MULLIN** was caused to suffer severe, painful and permanent personal injuries, emotional anguish and great physical pain.

64.   As a direct and proximate result of the constitutional violations as aforedescribed, plaintiff **JOAN MULLIN** has been damaged and has been permanently deprived of the services, society, care, companionship, support and guidance of plaintiff's decedent for the life expectancy of decedent.

65.   By reason of the foregoing and wrongful death of plaintiff's decedent, plaintiff **JOAN MULLIN** has been damaged.

66.   By reason of the foregoing and wrongful death of plaintiff's decedent plaintiff **JOAN MULLIN** has suffered pecuniary losses and has been compelled to expend and incur various sums of money for funeral and burial expenses.

67.   By reason of the foregoing and wrongful death plaintiff's decedent has suffered loss of enjoyment of life.

70.   **WHEREFORE**, plaintiffs **JOAN MULLIN, as Administratrix Ad Prosequendum of the ESTATE of ROBERT MULLIN, JR.**, and **JOAN MULLIN**

15
**A311**

individually, demands judgment against defendants, **ADMINISTRATOR KAREN BALICKI,
DIRECTOR ROBERT PATTERSON, DIRECTOR MARIE DUNLAP-PRYCE, CHIEF
EXECUTIVE OFFICER TERESA MCQUAIDE RN, APRN-BC, JANE BYRD, L.P.N.,
ERIN MARUSKY, R.N., KINTOCK GROUP, MERCER COUNTY, JOHN DOES 2-10**
and **ABC ENTITIES 1-10** jointly and severally for compensatory and punitive damages, funeral
bills, together with interest, costs of suit and attorneys' fees.

## SECOND COUNT

71.     Plaintiffs repeat and reallege each and every allegation contained in paragraph
one (1) through seventy (70) of the complaint as if set forth fully herein at length.

72.     Defendants, individually and collectively, through their agents, servants and
employees acted pursuant to official policy and/or custom to deprive plaintiff's decedent of his
constitutional rights under Title 10 of the New Jersey statutes, known as the New Jersey Civil
Rights Act., N.J.S.A. 10:6-1 *et seq.* Specifically, by their actions, defendants deprived plaintiff's
decedent of his right to be free from cruel or unusual punishment as provided by the New Jersey
Constitution, Article 12 and his right to due process as provided by the New Jersey Constitution,
Article 1.

73.     By reason of the foregoing, and as a direct and proximate result of defendants'
constitutional violations, plaintiff's decedent **MULLIN** sustained serious and severe injuries
which resulted in his death.

74.     The decedent left his surviving mother, **JOAN MULLIN**, and other next of kin.

75.     As a direct and proximate result of the constitutional violations as aforedescribed,
plaintiff's decedent **MULLIN** was caused to suffer severe, painful and permanent personal
injuries, emotional anguish and great physical pain.

76.    As a direct and proximate result of the constitutional violations as aforedescribed, plaintiff **JOAN MULLIN** has been damaged and has been permanently deprived of the services, society, care, companionship, support and guidance of plaintiff's decedent for the life expectancy of decedent.

77.    By reason of the foregoing and wrongful death of plaintiff's decedent, plaintiff **JOAN MULLIN** has been damaged.

78.    By reason of the foregoing and wrongful death of plaintiff's decedent plaintiff **JOAN MULLIN** has suffered pecuniary losses and has been compelled to expend and incur various sums of money for funeral and burial expenses.

79.    By reason of the foregoing and wrongful death plaintiff's decedent has suffered loss of enjoyment of life.

80.    **WHEREFORE**, plaintiffs **JOAN MULLIN, as Administratrix Ad Prosequendum of the ESTATE of ROBERT MULLIN, JR.**,    and **JOAN MULLIN individually,** demands judgment against defendants, **ADMINISTRATOR KAREN BALICKI, DIRECTOR ROBERT PATTERSON, DIRECTOR MARIE DUNLAP-PRYCE, CHIEF EXECUTIVE OFFICER TERESA MCQUAIDE RN, APRN-BC, JANE BYRD, L.P.N., ERIN MARUSKY, R.N., KINTOCK GROUP, MERCER COUNTY, JOHN DOES 2-10** and **ABC ENTITIES 1-10** jointly and severally for compensatory and punitive damages, funeral bills, together with interest, costs of suit and attorneys' fees.

## THIRD COUNT

81.    Plaintiffs repeat and reallege each and every allegation contained in paragraphs one (1) through eighty (80) of the Complaint as if set forth fully herein at length.

82.    At all relevant times herein defendants were under a duty to act reasonably in the performance of their duties as corrections officers, staff, medical providers and supervisors in the control, maintenance, operation, handling and management of the jail and correctional facilities and/or in the hospital, in the provision of medical care and treatment, in properly supervising and monitoring plaintiff's decedent, in following and promulgating appropriate policies and procedures with respect to those who are likely to harm themselves, including the commission of suicide, and to prevent such harm from occurring, and to intervene to avoid and prevent such harm from occurring, and in providing proper training to those with the responsibility for the care and management of those under custodial or hospital care.

83.    At all relevant times herein defendants were under a duty to act reasonably in following and maintaining proper protocol, policy, procedures, rules and guidelines enacted and propounded with respect to their duties and the care and management of plaintiff's decedent and others similarly situated.

84.    Defendants, individually and collectively were negligent and careless in their failure to properly hire, retain, train and supervise officers, staff, employees, agents, servants and medical providers with respect to the evaluation, classification, care and management of plaintiff's decedent, in their failure to properly implement, enact, enforce, follow and maintain proper protocol, policy, procedures, rules and guidelines; in their failure to intervene to prevent the suicide, in their failure to prevent the suicide, in their failure to manage and operate their facilities in a reasonable manner so as to prevent the occurrence, and were negligent and careless in the failure to provide adequate medical attention and treatment, among other acts of negligence and omissions.

85.    Defendants, individually and collectively were negligent and careless in failing to

properly discipline their staff, employees, agents and servants despite knowledge of their failure to take proper action to avoid the subject occurrence and similar occurrences and to prevent those in plaintiff's decedent's position from harming themselves.

86.    The personal injuries, death and damages suffered by plaintiff's decedent were caused solely as a result of the negligence and carelessness of the defendants, individually and collectively.

87.    By reason of the foregoing, and as a direct and proximate result of defendants' negligence as aforedescribed, plaintiff's decedent **MULLIN** sustained serious and severe injuries which resulted in his death.

88.    The decedent left his surviving mother, **JOAN MULLIN**, and other next of kin.

89.    As a direct and proximate result of the negligence as aforedescribed, plaintiff's decedent **MULLIN** was caused to suffer severe, painful and permanent personal injuries, emotional anguish and great physical pain.

90.    As a direct and proximate result of the negligence as aforedescribed, plaintiff **JOAN MULLIN** has been damaged and has been permanently deprived of the services, society, care, companionship, support and guidance of plaintiff's decedent for the life expectancy of decedent.

91.    By reason of the foregoing and wrongful death of plaintiff's decedent, plaintiff **JOAN MULLIN** has been damaged.

92.    By reason of the foregoing and wrongful death of plaintiff's decedent plaintiff **JOAN MULLIN** has suffered pecuniary losses and has been compelled to expend and incur various sums of money for funeral and burial expenses.

93.    By reason of the foregoing and wrongful death plaintiff's decedent has suffered loss of enjoyment of life.

94.    **WHEREFORE**, plaintiffs **JOAN MULLIN, as Administratrix Ad Prosequendum of the ESTATE of ROBERT MULLIN, JR.,** and **JOAN MULLIN individually,** demands judgment against defendants, **ADMINISTRATOR KAREN BALICKI, DIRECTOR ROBERT PATTERSON, DIRECTOR MARIE DUNLAP-PRYCE, CHIEF EXECUTIVE OFFICER TERESA MCQUAIDE RN, APRN-BC, JANE BYRD, L.P.N., ERIN MARUSKY, R.N., KINTOCK GROUP, MERCER COUNTY, JOHN DOES 2-10** and **ABC ENTITIES 1-10** jointly and severally for compensatory and punitive damages, funeral bills, together with interest, costs of suit and attorneys' fees.

### FOURTH COUNT

95.    Plaintiffs repeat and reallege each and every allegation contained in paragraphs one (1) through ninety-four (94) of the Complaint as if set forth fully herein at length.

96.    During the period he remained in their custody and care, the defendants individually and collectively, through their agents, servants and employees, engaged in actions intended to inflict severe emotional trauma upon plaintiff's decedent **MULLIN.**

97.    By reason of the deliberate indifference and reckless disregard for the rights of **MULLIN,** and of the deprivation of constitutional rights as aforedescribed, including the intentional failure to follow policies and procedures, the failure to provide adequate medical care and treatment, the failure to supervise and monitor, the failure to train, **MULLIN** was subjected to intentional infliction of emotional distress.

98.    The emotional distress was severe and outrageous.

99.    The emotional distress was of such character that no reasonable person could be expected to endure it.

100.    In particular, the emotional distress aggravated and exacerbated decedent

**MULLIN'S** previously diagnosed psychiatric conditions which increased the likelihood and foreseeability of self-inflicted harm, including suicide.

101.    In addition or in the alternative, plaintiff's decedent suffered emotional harm due to the negligence and carelessness of the defendants.

102.    By reason of the aforesaid intentional and negligent infliction of mental distress, plaintiff's decedent **MULLIN** was caused to suffer pain, suffering, humiliation, embarrassment and anguish, all to his damage.

103.    By reason of the foregoing infliction of mental distress, both intentional and negligent, plaintiff's decedent **MULLIN** has been damaged.

104.    The decedent left his surviving mother, **JOAN MULLIN**, and other next of kin.

105.    As a direct and proximate result of the negligence as aforedescribed, plaintiff's decedent **MULLIN** was caused to suffer severe, painful and permanent personal injuries, emotional anguish and great physical pain.

106.    As a direct and proximate result of the negligence as aforedescribed, plaintiff **JOAN MULLIN** has been damaged and has been permanently deprived of the services, society, care, companionship, support and guidance of plaintiff's decedent for the life expectancy of decedent.

107.    By reason of the foregoing and wrongful death of plaintiff's decedent, plaintiff **JOAN MULLIN** has been damaged.

108.    By reason of the foregoing and wrongful death of plaintiff's decedent, plaintiff **JOAN MULLIN** has suffered pecuniary losses and has been compelled to expend and incur various sums of money for funeral and burial expenses.

109.    By reason of the foregoing and wrongful death plaintiff's decedent has suffered

loss of enjoyment of life.

110.    **WHEREFORE**, plaintiffs **JOAN MULLIN, as Administratrix Ad Prosequendum of the ESTATE of ROBERT MULLIN, JR.**, and **JOAN MULLIN individually,** demands judgment against defendants, **ADMINISTRATOR KAREN BALICKI, DIRECTOR ROBERT PATTERSON, DIRECTOR MARIE DUNLAP-PRYCE, CHIEF EXECUTIVE OFFICER TERESA MCQUAIDE RN, APRN-BC, JANE BYRD, L.P.N., ERIN MARUSKY, R.N., KINTOCK GROUP, MERCER COUNTY, JOHN DOES 2-10** and **ABC ENTITIES 1-10** jointly and severally for compensatory and punitive damages, funeral bills, together with interest, costs of suit and attorneys' fees.

### FIFTH COUNT

111.    Plaintiffs repeat and reallege each and every allegation contained in paragraphs one (1) through one hundred ten (110) as if set forth herein fully at length.

112.    The **SUPERVISOR DEFENDANTS'** and **KINTOCK's** unlawful acts constitute abuse of process.

113.    By reason of the foregoing, and as a direct and proximate result of defendants' abuse of process, plaintiff's decedent **MULLIN** sustained serious and severe injuries which resulted in his death.

114.    The decedent left his surviving mother, **JOAN MULLIN**, and other next of kin.

115.    As a direct and proximate result of the abuse of process, plaintiff's decedent **MULLIN** was caused to suffer severe, painful and permanent personal injuries, emotional anguish and great physical pain.

116.    As a direct and proximate result of the abuse of process as aforedescribed, plaintiff **JOAN MULLIN** has been damaged and has been permanently deprived of the services,

society, care, companionship, support and guidance of plaintiff's decedent for the life expectancy of decedent.

117.    By reason of the foregoing and wrongful death of plaintiff's decedent, plaintiff **JOAN MULLIN** has been damaged.

118.    By reason of the foregoing abuse of process and wrongful death of plaintiff's decedent, plaintiff **JOAN MULLIN** has suffered pecuniary losses and has been compelled to expend and incur various sums of money for funeral and burial expenses.

119.    By reason of the foregoing and wrongful death plaintiff's decedent has suffered loss of enjoyment of life.

120.    **WHEREFORE,** plaintiffs **JOAN MULLIN, as Administratrix Ad Prosequendum of the ESTATE of ROBERT MULLIN, JR.,** and **JOAN MULLIN individually,** demands judgment against defendants, **ADMINISTRATOR KAREN BALICKI, DIRECTOR ROBERT PATTERSON, DIRECTOR MARIE DUNLAP-PRYCE, CHIEF EXECUTIVE OFFICER TERESA MCQUAIDE RN, APRN-BC, JANE BYRD, L.P.N., ERIN MARUSKY, R.N., KINTOCK GROUP, MERCER COUNTY, JOHN DOES 2-10** and **ABC ENTITIES 1-10** jointly and severally for compensatory and punitive damages, funeral bills, together with interest, costs of suit and attorneys' fees.

### SIXTH COUNT

121.    Plaintiffs repeat and reallege each and every allegation contained in paragraphs one (1) through one-hundred twenty (120) of the Complaint as if set forth fully herein at length.

122.    At all relevant times herein defendants, individually and collectively, undertook to diagnose and treat any medical conditions suffered by plaintiff's decedent including mental

health, emotional, psychological and psychiatric care and treatment, and were under a duty to do so.

123.    At all relevant times herein defendants, individually and collectively, undertook to diagnose and treat plaintiff's decedent **MULLIN.**

124.    At all relevant times herein defendants, individually and collectively, and in particular defendants **JANE BYRD, L.P.N., ERIN MARUSKY, R.N.,** and **CHIEF EXECUTIVE OFFICER TERESA MCQUAIDE,** held themselves out to plaintiff's decedent as facilities/persons able to and furnishing medical treatment and medical care.

125.    At all relevant times herein defendants individually and collectively, and in particular defendants **JANE BYRD, L.P.N., ERIN MARUSKY, R.N.,** and **CHIEF EXECUTIVE OFFICER TERESA MCQUAIDE RN, APRN-BC** owed a duty to the plaintiff's decedent and to others likewise situated to use reasonably prudent and non-negligent medical care.

126.    Between January 15, 2009 and January 17, 2009 plaintiff's decedent came under the care of the medical staff, infirmary, agents, servants and employees and/or contractors of the defendants.

127.    At all relevant times herein defendants held themselves out as maintaining adequate and competent agents, servants and employees and further warranted and represented that their agents, servants and/or employees were qualified and trained to provide proper medical care and treatment as required and further warranted and represented themselves as being equipped in sufficient manner to render such proper care and treatment, including care and treatment involving mental health, emotional stability, psychological and psychiatric care.

128.    Defendants, individually and collectively failed to exercise reasonable and

ordinary care in the treatment of plaintiff's decedent, failed to exercise that degree of care to be exercised by a hospital and medical staff in similar circumstances and were negligent and careless in the care and treatment of plaintiff's decedent **MULLIN.**

129.    The defendants, individually and collectively failed to exercise reasonable and ordinary care in the treatment of **MULLIN,** failed to exercise that degree of care to be expected by a hospital, nurses, and medical providers in correctional facilities in similar circumstances and were negligent and careless in the care and treatment of **MULLIN.**

130.    The defendants, individually and collectively, their agents, servants, employees and contractors were negligent and careless in failing to hire, train and supervise adequate staff, in failing to recognize various signs symptoms, indications and manifestations of medical and psychological problems in **MULLIN,** in failing to maintain adequate and proper protocols and standards for the handling of persons in the condition of **MULLIN,** in failing to maintain proper record keeping protocol; in failing to properly diagnosis **MULLIN'S** condition and failing to provide adequate care, failing to appreciate the likelihood that **MULLIN** could or would inflict harm to himself, failed to provide proper counselling and guidance, failing to properly evaluate his mental state so as to avoid the occurrence, and in otherwise failing and omitting to maintain that degree of care and treatment for sick patients that a prudent hospital and prudent doctors, interns, nurses, attendant and other medical providers would have maintained under like circumstances and like conditions.

131.    By reason of the aforesaid medical and nursing malpractice, plaintiff's decedent was caused to suffer severe, painful and permanent personal injuries, sustained severe nervous shock, mental anguish and great physical pain, was prevented from engaging in his usual activities and committed suicide.

132.  By reason of the foregoing, and as a direct and proximate result of defendants' medical negligence as aforedescribed, plaintiff's decedent **MULLIN** sustained serious and severe injuries which resulted in his death.

133.  The decedent left his surviving mother, **JOAN MULLIN**, and other next of kin.

134.  As a direct and proximate result of the medical negligence as aforedescribed, plaintiff's decedent **MULLIN** was caused to suffer severe, painful and permanent personal injuries, emotional anguish and great physical pain.

135.  As a direct and proximate result of the medical negligence as aforedescribed, plaintiff **JOAN MULLIN** has been damaged and has been permanently deprived of the services, society, care, companionship, support and guidance of plaintiff's decedent for the life expectancy of decedent.

136.  By reason of the foregoing medical negligence and wrongful death of plaintiff's decedent, plaintiff **JOAN MULLIN** has been damaged.

137.  By reason of the foregoing medical negligence and wrongful death of plaintiff's decedent plaintiff **JOAN MULLIN** has suffered pecuniary losses and has been compelled to expend and incur various sums of money for funeral and burial expenses.

138.  By reason of the foregoing and wrongful death plaintiff's decedent has suffered loss of enjoyment of life.

140.  **WHEREFORE,** plaintiffs **JOAN MULLIN, as Administratrix Ad Prosequendum of the ESTATE of ROBERT MULLIN, JR.,** and **JOAN MULLIN individually,** demands judgment against defendants, **ADMINISTRATOR KAREN BALICKI, DIRECTOR ROBERT PATTERSON, DIRECTOR MARIE DUNLAP-PRYCE, CHIEF EXECUTIVE OFFICER TERESA MCQUAIDE RN, APRN-BC, JANE BYRD, L.P.N.,**

26

**A322**

ERIN MARUSKY, R.N., KINTOCK GROUP, MERCER COUNTY, JOHN DOES 2-10 and **ABC ENTITIES 1-10** jointly and severally for compensatory and punitive damages, funeral bills, together with interest, costs of suit and attorneys' fees.

**SHELLEY L. STANGLER, P.C.**
**Attorney for Plaintiffs**

Dated:
___11/30___, 2011

BY: _____

**SHELLEY L. STANGLER, ESQ.**


## DEMAND FOR JURY TRIAL

Plaintiffs demands a trial by jury of all issues so triable.

Dated: ___11/30___, 2011

BY: _____

**SHELLEY L. STANGLER, ESQ.**


## DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:24-4, **SHELLEY L. STANGLER, ESQ.** is hereby designated as trial counsel on behalf of the plaintiff in the within matter.

Dated: ___11/30___, 2011

BY: _____

**SHELLEY L. STANGLER, ESQ.**

27

**A323**

## CERTIFICATION

SHELLEY L. STANGLER, ESQ., of full age, certifies:

1.     SHELLEY L. STANGLER, P.C. has been retained to represent plaintiffs, **JOAN MULLIN, as Administratrix of the Estate of ROBERT MULLIN, JR, and JOAN MULLIN individually** in connection with the within matter. I am the attorney in charge of the case.

2.   The matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, and no other action or arbitration proceeding is contemplated by plaintiff.

3.   There are no other parties who should be joined in this action.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

**SHELLEY L. STANGLER**

DATED:   11/30/11

# SHELLEY L. STANGLER, P.C.
### ATTORNEY AT LAW

SHELLEY L. STANGLER

LISA M. CURRY
MEMBER N.J. & P.A. BAR

JUDITH L. ROSENTHAL-NILES
OF COUNSEL

MEMBER N.J. BAR

A PROFESSIONAL CORPORATION
155 MORRIS AVENUE
SPRINGFIELD, NJ 07081-1224
WWW.STANGLERLAW.COM

NEW YORK OFFICE
1 OLD COUNTRY ROAD
STE. 210
CARLE PLACE, NY 11514
TEL.: 646.205.0659

Telephone 973.379.2500
Facsimile 973.379.0031
shelley@stanglerlaw.com

November 30, 2011

E-FILED

Clerk, United State District Court
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street--Room 5000
Trenton, NJ 08608

> Re:  **Estate of Robert Mullin vs. State of New Jersey, et al.**
> **Civil Action No.: 11-0247 (MCL/LHG)**

Dear Clerk:

Enclosed please find Plaintiff's Second Amended Complaint and Jury Demand, which is being filed herewith in accordance with this Court's Order entered November 28, 2011.

Plaintiff reserves the right to file a motion for reconsideration in this matter.

Respectfully Submitted,

SHELLEY L. STANGLER, ESQ.

Encl.

Cc:
Susan M. Scott, Esq.
Office of the Attorney General
Division of Law
25 Market Street, P.O. Box 116
Trenton, NJ 08625-0116
*Attorney for State Defendants*

Karen Jordan, Esq.

SHELLEY L. STANGLER, P.C.

Office of the Attorney General
Division of Law
25 Market Street, P.O. Box 116
Trenton, NJ 08625-0116
*Attorney for Trenton Psychiatric Hospital*

Rahat N. Babar, Esq., DAG
Office of the Attorney General
Division of Law
25 Market Street, P.O. Box 116
Trenton, NJ 08625-0116
*Attorney for Dept. of Correction, State of NJ*

Sarah G. Crowley, Esq.
Office of County Counsel, Mercer County
McDade Administration Building
640 South Broad Street
P.O. Box 8068
Trenton, NJ 08650-0068
*Attorney for Mercer County*

John J. Welch, Esq.
2329 State Highway 43
Suite 103
Manasquan, NJ 08736-1442
*Attorneys for Kintock Group*

David C. Donohue, Esq.
Farkas & Donohue
389 Passaic Avenue, 3d Floor
Fairfield, NJ 07004
*Attorneys for Jane Byrd, LPN*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOAN MULLIN, ADMINISTRATRIX OF THE ESTATE OF ROBERT MULLIN, deceased and JOAN MULLIN, individually, <br><br> Plaintiffs, <br><br> v. <br><br> ADMINISTRATOR KAREN BALICKI, in her personal, individual and professional capacities representing the State of New Jersey, the Department of Corrections of the State of New Jersey, South Woods State Prison, and Central Reception & Assignment Facility (C.R.A.F.), DIRECTOR ROBERT PATTERSON, in his personal, individual and professional capacities, representing the State of New Jersey, the Department of Corrections of the State of New Jersey, South Woods State Prison, and Central Reception & Assignment Facility (C.R.A.F.) DIRECTOR MARIE DUNLAP-PRYCE, in her personal, individual and professional capacities, representing the State of New Jersey, the Department of Corrections of the State of New Jersey, South Woods State Prison, and Central Reception & Assignment Facility (C.R.A.F.), JANE BYRD, L.P.N., in her personal, individual and professional capacities, ERIN MARUSKY, R.N., in her personal, individual and professional capacities; KINTOCK GROUP, MERCER COUNTY, JOHN DOES 4-10 (as yet unidentified and unknown governmental, county, or state officials, supervisors, agents or employees) in their personal, individual and professional capacities, ABC ENTITIES 1-10 (as yet unidentified and unknown governmental entities, agencies, units or subdivisions, <br><br> Defendants. | Civ. No. 3:11-cv-00247 <br><br><br> NOTICE OF MOTION FOR RECONSIDERATION PURSUANT TO LOCAL RULE 7.1 |

**ON NOTICE TO:**

Dept. Attorney General Susan M. Scott, Esq.
Office of the Attorney General
Division of Law
25 Market Street, P.O. Box 116
Trenton, NJ 08625-0116
*Attorney for State of New Jersey, Dept. of Correction of State of NJ, South Woods State Prison,*
*C.R.A.F., Administrator Karen Balicki, Director Robert Patterson, Director Marie Dunlap-*
*Pryce, and Jane Byrd, L.P.N.*

Karen Jacobs, Esq.
Office of the Attorney General
Division of Law
25 Market Street, P.O. Box 116
Trenton, NJ 08625-0116
*Attorney for defendant Trenton Psychiatric Hospital*

John J. Welch, Esq.
2329 State Highway 43, Suite 103
Manasquan, NJ 08736-1442
*Attorney for Kintock Group*

David C. Donohue, Esq.
Farkas & Donohue
389 Passaic Ave., 3d Floor
Fairfield, NJ 07004
*Attorneys for Jane Byrd, LPN and UMDNJ*

**PLEASE TAKE NOTICE** that on January 3, 2012, the undersigned Shelley L. Stangler,

P.C., by Shelley Stangler, Esq., attorney for plaintiffs Joan Mullin, Administratrix of the estate of

Robert Mullin, deceased and Joan Mullin, individually, shall move before the Hon. Lois M.

Goodman, U.S.M.J., for the District Court of New Jersey, in the United States Courthouse,

Trenton, N.J., for reconsideration of the Court's November 28, 29011 Order pursuant to Local

Rule 7.1.

Plaintiffs shall rely on the Memorandum of Law, certification of Counsel, and proposed

Second Amended Complaint, submitted herewith, in support of the Motion.

Oral argument is requested.

A proposed form of Order is annexed hereto.

> **SHELLEY L. STANGLER, P.C.**
> Attorney for Plaintiff

Dated: December 9, 2011       By: _____
> **SHELLEY L. STANGLER, ESQ.**

*The Law Offices Of*

# SHELLEY L. STANGLER, P.C.

A PROFESSIONAL CORPORATION

SHELLEY L. STANGLER
ATTORNEY AT LAW

MEMBER N.J. BAR & N.Y. BAR

I 55 MORRIS AVENUE
SPRINGFIELD, NJ 07081
TEL: 973.379.2500
FAX: 973.379.0031
E-MAIL SHELLEY@STANGLERLAW.COM
WWW.STANGLERLAW.COM

NEW YORK OFFICE
I OLD COUNTRY ROAD
STE. 210
CARLE PLACE, NY I I 514
TEL: 646.205.0659

December 9, 2011

**VIA ELECTRONIC MAILING**
U.S. District Court of Trenton
Clarkson S. Fisher Building
& U.S. Courthouse
402 East State Street Room 2020
Trenton, NJ 08608

>       Re:  **Estate of Robert Mullin vs. The State of New Jersey, et als**
>              **Case No: 3:11-cv-00247-MLC -LHG**

Dear Sir/Madame:

With regard to the above matter, enclosed please find:

- Notice of Motion for Reconsideration
- Certification of Service
- Certification of Counsel with exhibit
- Brief
- Order

Very truly yours,

—SHELLEY L. STANGLER, ESQ.

SLS/mf
Enc.

cc: Magistrate Judge Lois H. Goodman – courtesy copy
    Dept. Attorney General Susan M. Scott, Esq. -- via fed-ex
    Karen Jacobs, Esq.
    John J. Welch, Esq.
    David C. Donohue, Esq.

**A330**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOAN MULLIN, ADMINISTRATRIX OF THE ESTATE OF ROBERT MULLIN, deceased and JOAN MULLIN, individually, **Plaintiffs,** <br><br> v. <br><br> **ADMINISTRATOR KAREN BALICKI,** in her personal, individual and professional capacities representing the State of New Jersey, the Department of Corrections of the State of New Jersey, South Woods State Prison, and Central Reception & Assignment Facility (C.R.A.F.), **DIRECTOR ROBERT PATTERSON,** in his personal, individual and professional capacities, representing the State of New Jersey, the Department of Corrections of the State of New Jersey, South Woods State Prison, and Central Reception & Assignment Facility (C.R.A.F.) **DIRECTOR MARIE DUNLAP-PRYCE,** in her personal, individual and professional capacities, representing the State of New Jersey, the Department of Corrections of the State of New Jersey, South Woods State Prison, and Central Reception & Assignment Facility (C.R.A.F.), **JANE BYRD, L.P.N.,** in her personal, individual and professional capacities, **ERIN MARUSKY, R.N.,** in her personal, individual and professional capacities; **KINTOCK GROUP, MERCER COUNTY, JOHN DOES 4-10** (as yet unidentified and unknown governmental, county, or state officials, supervisors, agents or employees) in their personal, individual and professional capacities, **ABC ENTITIES 1-10** (as yet unidentified and unknown governmental entities, agencies, units or subdivisions, **Defendants.** | **CIVIL ACTION** <br><br> **Civ. No. 3:11-cv-00247** <br><br> **CERTIFICATION OF COUNSEL IN SUPPORT OF MOTION FOR RECONSIDERATION** |

Shelley L. Stangler, Esq., hereby certifies as follows:

1.      I am an attorney at law of the State of New Jersey and represent the plaintiffs

herein. I am fully familiar with the facts and circumstances of this matter. This Certification is submitted in support of Plaintiff's motion for reconsideration.

2.    Annexed hereto is a true and correct copy of the Second Amended Complaint which was provided to this Court as an Exhibit to my Certification filed on May 24, 2011.

3.    A pleading entitled "Second Amended Complaint" was filed with this Court on December 5, 2011. That pleading ought to have been entitled "Third Amended Complaint" as it was not identical to the Second Amended Complaint. Changes were made to it in accordance with this Court's November 28, 2011 Order.

4.    I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

By:_____

Dated: December 9, 2011            SHELLEY L. STANGLER, ESQ.

2

**A332**

herein. I am fully familiar with the facts and circumstances of this matter. This Certification is submitted in support of Plaintiff's motion for reconsideration.

2.    Annexed hereto is a true and correct copy of the Second Amended Complaint which was provided to this Court as an Exhibit to my Certification filed on May 24, 2011.

3.    A pleading entitled "Second Amended Complaint" was filed with this Court on December 5, 2011. That pleading ought to have been entitled "Third Amended Complaint" as it was not identical to the Second Amended Complaint. Changes were made to it in accordance with this Court's November 28, 2011 Order.

4.    I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

By:_____
Dated: December 9, 2011            SHELLEY L. STANGLER, ESQ.

**\*NOTE:    Paragraph 2 refers to the June 20, 2011 Second Amended Complaint [Appendix 262]**

**Paragraph 3 should state "December 1, 2011" as opposed to "December 5, 2011;" see docket entry 45**

2

**A333**

# EXHIBIT A

## SECOND AMENDED
## COMPLAINT DATED JUNE 20, 2011

# DUPLICATE

## APPENDIX  262

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOAN MULLIN, Administratrix of the ESTATE OF ROBERT MULLIN, Deceased, and JOAN MULLIN, Individually, | Civil Action 3:11-CV-0247-MLC-LHG |
| Plaintiffs, | **CIVIL ACTION ANSWER TO** |
| v. | **2ⁿᵈ AMENDED COMPLAINT &** |
| | **JURY TRIAL DEMAND** |
| STATE OF NEW JERSEY, et als | |
| Defendants. | |

Defendant Jayne Byrd, LPN, through her attorneys, Farkas & Donohue, LLC, (on the medical malpractice claim), and Paula T. Dow, 1Attorney General of New Jersey, (on the constitutional claims), by way of Answer to the Second Amended Complaint avers and says:

## PARTIES

1.      This Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph one.

2.      This Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph two.

3.      This Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph three.

4.      This Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph four.

5.      This Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph five.

6.      This Defendant admits that she is a nurse employed by UMDNJ and assigned to CRAF providing nursing care to inmates and conducting inmate evaluations. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph six.

7.      This Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph seven.

8.      This Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph eight.

9.      This Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph nine.

10.     This Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph ten.

11.     This Defendant admits plaintiff's decedent was incarcerated at the time of his death. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph eleven.

12.     This Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph twelve.

13.     This Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph thirteen.

14.     This Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph fourteen.

15.     This Defendant admits the Plaintiff's decedent was incarcerated and denies the remaining allegations contained in paragraph fifteen.

16.    This Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph sixteen.

17.    This Defendant denies the allegations contained in paragraph seventeen.

18.    This Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph eighteen.

19.    This Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph nineteen.

20.    This Defendant admits the allegations contained in paragraph twenty.

21.    This Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph twenty-one.

22.    This Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in  paragraph twenty-two.

23.    This Defendant admits that she conducted and evaluation.  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph twenty-three.

24.    This Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph twenty-four.

25.    This Defendant admits that the history she obtained included reference to psychiatric hospitalizations and a suicide attempt.  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph twenty-five.

26.    Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph twenty-six.

27.     This Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph twenty-seven.

28.     This Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in  paragraph twenty-eight.

29.     Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in allegations contained in paragraph twenty-nine.

30.     This Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph thirty.

31.     This Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph thirty-one.

32.     This Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph thirty-two.

33.     This Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph thirty-three.

34.     This Defendant admits the nursing intake records "yes" answers to question about hospitalization of psychiatric illness and "yes 4yrs ago" to the question as to whether ever consider or attempt suicide.   This Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph thirty-four

35.     Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph thirty-five.

36.     This Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph thirty-six.

37.     This Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph thirty-seven.

38.     This Defendant denies the allegations contained in paragraph thirty-eight.

39. This Defendant denies the allegations contained in paragraph thirty-eight

40. This Defendant denies the allegations contained in paragraph forty.

41.     This Defendant admits decedent had a psychiatric history including suicide attempt.  Defendant denies the remaining allegations contained in paragraph forty-one of the First Count.

42.     This Defendant denies the allegations contained in paragraph forty-two.

43.     This Defendant admits she was working in her capacity as a nurse employed by UMDNJ.  Defendant denies the remaining allegations contained in paragraph forty-three.

44.     This Defendant denies the allegations contained in paragraph forty-four.

45.     This Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph forty-five.

46.     This Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph forty-six.

47.     No allegations are made against this Defendant.

48.     This Defendant repeats and reiterates her responses to each and every allegation contained in the paragraphs one through forty-eight.

49.     This Defendant admits that at all time relevant she was working within the scope of her employment as a nurse with UMDNJ.

50.     This Defendant denies the allegations contained in paragraph fifty of the First Count.

51.    This Defendant denies the allegations contained in paragraph fifty-one of the First Count.

52.    This Defendant denies the allegations contained in paragraph fifty-two.

53.    This Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph fifty-three.

54.    This Defendant admits that at all time relevant she was working within the scope of her employment as a nurse with UMDNJ.

55.    This Defendant denies the allegations contained in paragraph fifty-five.

56.    This Defendant denies the allegations contained in paragraph fifty-six.

57.    This Defendant denies the allegations contained in paragraph fifty-seven.

58.    This Defendant denies the allegations contained in paragraph fifty-eight.

59.    This Defendant denies the allegations contained in paragraph fifty-nine.

60.    This Defendant denies the allegations contained in paragraph sixty.

61.    This Defendant denies the allegations contained in paragraph sixty-one.

62.    This Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph sixty-two.

63.    This Defendant denies the allegations contained in paragraph sixty-three.

64.    This Defendant denies the allegations contained in paragraph sixty-four.

65.    This Defendant denies the allegations contained in paragraph sixty-five.

66.    This Defendant denies the allegations contained in paragraph sixty-six.

67.    This Defendant denies the allegations contained in paragraph sixty-seven.

70.    This Defendant denies the allegations contained in paragraph sixty-eight of the Third Count.

69.   This Defendant denies the allegations contained in paragraph sixty-nine of the Third Count.

70.   **WHEREFORE**, this Defendant demands judgment against the Plaintiff for dismissal of the Complaint with prejudice, costs, fees and such other and further relief as the Court deems just.

71.   This Defendant repeats and reiterates her responses to each and every allegation contained in paragraphs one through seventy as if set forth at length herein.

72.   This Defendant denies the allegations contained in paragraph seventy-two.

73.   This Defendant denies the allegations contained in paragraph seventy-three.

74.   This Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph seventy-four.

75.   This Defendant denies the allegations contained in paragraph seventy-five.

76.   This Defendant denies the allegations contained in paragraph seventy-six.

77.   This Defendant denies the allegations contained in paragraph seventy-seven.

78.   This denies the allegations contained in paragraph seventy-eight

79.   This Defendant denies the allegations contained in paragraph seventy-nine of the Fourth Count.

80.   **WHEREFORE**, this Defendant demands judgment against the Plaintiff for dismissal of the Complaint with prejudice, costs, fees and such other and further relief as the Court deems just.

81.   This Defendant repeats and reiterates her responses to each and every allegation contained in paragraphs one through eighty as if set forth at length herein.

82.    This Defendant admits that she was under a duty to act reasonably and in accordance with accepted standards of nursing care.

83.    This Defendant admits that she was under a duty to act reasonably and in accordance with accepted standards of nursing care.

84.    This Defendant denies the allegations contained in paragraph eighty-four.

85.    This Defendant denies the allegations contained in paragraph eighty-five.

86.    This Defendant denies the allegations contained in paragraph eighty-six.

87.    This Defendant denies the allegations contained in paragraph eighty-seven.

88.    This Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph eighty-eight .

89.    This Defendant denies the allegations contained in paragraph eighty-nine.

90.    This Defendant denies the allegations contained in paragraph ninety.

91.    This Defendant denies the allegations contained in paragraph ninety-one.

92.    This Defendant denies the allegations contained in paragraph ninety-two.

93.    This Defendant denies the allegations contained in paragraph ninety-three

94.    **WHEREFORE**, this Defendant demands judgment against the Plaintiff for dismissal of the Complaint with prejudice, costs, fees and such other and further relief as the Court deems just.

95.    This Defendant repeats and reiterates her responses to each and every allegation contained in paragraphs one through ninety-four as if set forth at length herein.

96.    This Defendant denies the allegations contained in paragraph ninety-six.

97.    This denies the allegations contained in paragraph ninety-seven.

98.    This Defendant denies the allegations contained in paragraph ninety-eight.

99.   This Defendant denies the allegations contained in paragraph ninety-nine.

100.   This Defendant denies the allegations contained in paragraph one hundred.

101.   This Defendant denies the allegations contained in paragraph one hundred one.

102.   This Defendant denies the allegations contained in paragraph one hundred two.

103.   This Defendant denies the allegations contained in paragraph one hundred three

104.   This Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph one hundred four.

105.   This Defendant denies the allegations contained in paragraph one hundred five

106.   This Defendant denies allegations contained in paragraph one hundred six.

107.   This Defendant denies the allegations contained in paragraph one hundred seven.

108.   This Defendant denies the allegations contained in paragraph one hundred eight.

109.   This Defendant denies the allegations contained in paragraph one hundred nine.

110.   **WHEREFORE** this Defendant demands judgment against the Plaintiff for dismissal of the Complaint with prejudice, costs, fees and such other and further relief as the Court deems just.

111.   This Defendant repeats and reiterates her responses to each and every allegation contained in paragraphs one through one hundred ten as if set forth at length herein.

112.   This Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph one hundred twelve.

113.   This Defendant denies the allegations contained in paragraph one hundred thirteen.

114.   This Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph one hundred fourteen.

115. This Defendant denies the allegations contained in paragraph one hundred fifteen.

116. This Defendant denies the allegations contained in paragraph one hundred sixteen.

117. This Defendant denies the allegations contained in paragraph one hundred seventeen.

118. This Defendant denies the allegations contained in paragraph one hundred eighteen.

119. This Defendant denies the allegations contained in paragraph one hundred nineteen.

120. **WHEREFORE** this Defendant demands judgment against the Plaintiff for dismissal of the Complaint with prejudice, costs, fees and such other and further relief as the Court deems just.

121. This Defendant repeats and reiterates her responses to each and every allegation contained in paragraphs one through one hundred twenty as if set forth at length herein.

122. This defendant admits that she conducted a "Nursing Intake" on plaintiff's decedent on 1/16/09.

123. This defendant admits that she conducted a "Nursing Intake" on plaintiff's decedent on 1/16/09. Defendant denies the remaining allegations.

124. This Defendant admits she held herself out as a licensed practical nurse. Defendant denies the remaining allegations.

125. This defendant admits that she has a duty to comply with the applicable nursing standards in her evaluation of plaintiff's decedent. Defendant denies the remaining allegations.

126. This Defendant admits she conducted a "nursing intake" on 1/16/09.

127.    This Defendant admits she held herself out as a licensed practical nurse. Defendant denies the remaining allegations.

128. This Defendant denies the allegations of paragraph one twenty eight.

129. This Defendant denies the allegations of paragraph one twenty nine.

130. This Defendant denies the allegations of paragraph one thirty.

131. This Defendant denies the allegations of paragraph one thirty one.

132. This Defendant denies the allegations of paragraph one thirty two.

133. This Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph one thirty-three.

134. This Defendant denies the allegations of paragraph one thirty four.

135. This Defendant denies the allegations of paragraph one thirty five.

136. This Defendant denies the allegations of paragraph one thirty six.

137. This Defendant denies the allegations of paragraph one thirty seven.

138. This Defendant denies the allegations of paragraph one thirty eight.

140.    **WHEREFORE** this Defendant demands judgment against the Plaintiff for dismissal of the Complaint with prejudice, costs, fees and such other and further relief as the Court deems just.

### FIRST SEPARATE DEFENSE

This Defendant violated no duty to Plaintiff or any other party.

### SECOND SEPARATE DEFENSE

Any injuries or damages Plaintiff may have sustained were due to the actions or inactions of third persons over whom this Defendant had no control.

### THIRD SEPARATE DEFENSE

Plaintiff's claims are barred by the Doctrine of Comparative Negligence.

### FOURTH SEPARATE DEFENSE

Plaintiff's claims are barred by the Doctrine of Avoidable Consequences.

### FIFTH SEPARATE DEFENSE

The injuries and damages alleged by Plaintiff were not proximately caused by this Defendant.

### SIXTH SEPARATE DEFENSE

The injuries and damages alleged by Plaintiff were the result of Plaintiff's decadent's pre-existing condition.

### SEVENTH SEPARATE DEFENSE

This Defendant is entitled to a credit for any expense paid by insurance or other third parties pursuant to N.J.S.A. 2A:15-97.

### EIGHTH SEPARATE DEFENSE

No agency relationship existed between this Defendant and any other party to this proceeding and therefore this Defendant has no vicarious liability by reason of the act or omission of any other party.

### NINTH SEPARATE DEFENSE

The Complaint fails to state a cause of action upon which relief can be granted.

### TENTH SEPARATE DEFENSE

Plaintiff's claims are barred by the applicable Statute of Limitations.

### ELEVENTH SEPARATE DEFENSE

Service of process was insufficient.

### TWELFTH SEPARATE DEFENSE

This Defendant incorporates herein all defenses by the original Defendant(s) and any co-Defendant presently or hereafter filed.

### THIRTEENTH SEPARATE DEFENSE

Nurse Byrd is employed at all time relevant by The University of Medicine and Dentistry of New Jersey, a charitable corporation and is entitled to the immunities provided by the laws of the State of New Jersey.

### FOURTEENTH SEPARATE DEFENSE

The New Jersey Tort Claims Act (N.J.S.A. 59:1-1, *et seq.*), including but not limited to the following: N.J.S.A. 59:2-3 and 5:3-2; N.J.S.A. 59:2-4, 59:3-3 and 59:3-5; N.J.S.A. 59:2-5 and 59:3-6; N.J.S.A. 59:2-6 and 57:3-7; N.J.S.A. 59:5-1; N.J.S.A. 59:5-3; N.J.S.A. 59:5-4; N.J.S.A. 59:6-3; N.J.S.A. 59:6-4 and N.J.S.A. 59:10-1 *et seq.* bars recovery for this action.

### FIFTEENTH SEPARATE DEFENSE

This claim is barred by reason of the failure to comply with the notice provisions of the Tort Claims Act, more specifically N.J.S.A. 59:8-1 through 8-11.

### 2SIXTEENTH SEPARATE DEFENSE

At all times relevant hereto, Answering Defendant has acted in good faith and without fraud or malice.

### SEVENTEENTH SEPARATE DEFENSE

Answering Defendant has not deprived Plaintiff of any right, privilege or immunity secured to them by the United States Constitution or any Act of Congress.

### EIGHTEENTH DEFENSE

Answering Defendant has not deprived Plaintiff of any right, privilege or immunity secured to them by the Constitution and laws of the State of New Jersey.

## NINTEENTH SEPARATE DEFENSE

Answering Defendant is immune from suit based upon the doctrine of sovereign immunity.

## TWENTIETH SEP{ARATE DEFENSE

At all relevant times the Answering Defendant was an employee of the State of New Jersey and at all relevant times was performing acts within the scope of her official duties in good faith without fraud or malice, and is immune from any liability sought to be imposed upon her based upon the doctrine of qualified immunity.

## TWENTY-FIRST SEPARATE DEFENSE

The theory of respondeat superior cannot be utilized in 42 U.S.C. § 1983 actions.

## TWENTY-SECOND SEPARATE DEFENSE

This suit is barred by the Eleventh Amendment.

## TWENTY-THIRD SEPARATE DEFENSE

The Plaintiff has failed to exhaust administrative remedies, pursuant to the Prison Litigation Reform Act, 42 U.S.C. § 1997e.

## TWENTY-FOURTH SEPARATE DEFENSE

Answering Defendant is not a person capable of being sued within the meaning of 42 U.S.C. § 1983.

## TWENTY-FIFTH SEPARATE DEFENSE

Answering Defendant is immune from civil liability for any damages the Plaintiff may seek pursuant to N.J.S.A. 30:4-16.

## TWENTY-SIXTH SEPARATE DEFENSE

Answering Defendant is entitled to all affirmative defenses available pursuant to the Prison Litigation Reform Act, 42 U.S.C. § 1983, and 42 U.S.C. § 1997e.

## DEMAND FOR STATEMENT OF DAMAGES

Pursuant to Rule 4:5-2, this Defendant demands that within five (5) days of service herein, Plaintiff serve upon the undersigned a written statement of the amount of damages claimed in each count of the Complaint.

## CROSSCLAIM FOR CONTRIBUTION AND INDEMNIFICATION

While denying any responsibility or liability to the Plaintiff, this Defendant cross claims against all other non-State defendants, presently or hereafter named, for contribution and/or indemnification pursuant to the New Jersey Joint Tortfeasor Contribution Law, N.J.S.A. 2A:52A; 52A-1, et. seq.; the New Jersey Comparative Negligence Law (N.J.S.A. 2A:15-5.1, et seq and R. 4:705(b), for any sums which may be recovered by Plaintiff against these non-State Defendants on the basis that such liability is the responsibility of the non-State defendants herein.

**WHEREFORE,** this Defendant demands judgment for contribution and/or indemnification against all non-State defendants presently or hereafter named in the within action.

## ANSWER TO CROSSCLAIMS

This Defendant denies all allegations set forth in any cross claim filed by any Defendant or third party defendant presently or hereafter named in the within action.

## AFFIDAVIT OF MERIT AND
## DEMAND FOR EXPERT REPORTS

Please take notice that pursuant to N.J.S.A. 2 A: 53:A- 27 and Rule 4:10 – 2(d) (1), this Defendant hereby demands that within sixty (60) days following the date of this Answer, Plaintiffs furnish an Affidavit of Merit and written report of an expert stating the substance of the facts and opinion to which said expert to testify with regard to plaintiffs' allegations directed toward this Defendant, otherwise this Defendant will seek relief as may be appropriate, including dismissal.

## JURY DEMAND

This Defendant hereby demands a trial by jury on all issues.

## NOTICE OF ALLOCATION

Pursuant to R. 4:7-5 (c), Plaintiffs are hereby advised that if any party settles the within matter this Defendant shall seek an allocation of a percentage of negligence by the finder of fact against such settling co-Defendant and/or a credit in favor of this Defendant consistent with such allocation.

## DESIGNATION OF TRIAL COUNSEL

David C. Donohue, Esq., is hereby designated as trial counsel, pursuant to Rule 4:25-4, on the medical malpractice claim against Defendant. 3Susan M. Scott, Deputy Attorney General, is hereby designated as trial counsel, for Defendant on the constitutional claims.

## CERTIFICATION

I hereby certify that on December 14, 2011 the Answer to the Complaint on behalf of the Defendant Jane Byrd, LPN was forwarded to the Clerk of the United States District Court, District of New Jersey via electronic filing and thereby copied to all parties.

**FARKAS & DONOHUE, LLC**
25 A Hanover Road, Suite 320
Florham Park, New Jersey 07932
(973) 443-9400
(973) 443-4330 Fax
Attorneys for Defendant Jane Byrd, LPN

BY: _____
David C. Donohue, Esq.

Dated: December 14, 2011

PAULA T. DOW
ATTORNEY GENERAL OF NEW JERSEY
R.J. Hughes Justice Complex
25 Market Street
P.O. Box 112
Trenton, New Jersey  08625
Attorney for Defendants Balicki, Paterson, and Dunlap-Pryce

By:  Susan M. Scott
     Deputy Attorney General
     (609) 633-7786
     susan.scott@dol.lps.state.nj.us

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
VICINAGE OF TRENTON

| | | |
|---|---|---|
| Joan Mullin, | : | HON. MARY L. COOPER, U.S.D.J. |
| Administratirix of the | | |
| Estate of Robert Mullin, | : | Civil Action No. 11-0247 (MLC-LHG) |
| deceased and Joan Mullin | | |
| individually, | : | |
| | | |
| Plaintiff, | : | |
| | | |
| v. | : | |
| | | |
| STATE OF NEW JERSEY | : | NOTICE OF MOTION TO DISMISS, |
| et al., | | PURSUANT TO FED. R. CIV. P. 12(b)(6) |
| | : | |
| | | |
| Defendants. | : | |

TO:  CLERK OF THE COURT

     Shelley Lynn Stangler, Esq.
     155 Morris Avenue
     Springfield, NJ 07081-1224

     Sarah G. Crowley, Deputy County Counsel
     Mercer County Counsel
     McDade Administration Building
     640 South Broad Street
     P.O. Box 8068
     Trenton, New Jersey 08650

John Joseph Welch
2329 State Highway 34
Suite 103
Manasquan, NJ 08736-1442

FARKAS & DONOHUE, LLC
David C. Donohue, Esquire
389 Passaic Avenue, Suite 2
Fairfield, NJ 07004
Attorney for Defendant Jane Byrd

PLEASE TAKE NOTICE that on January 17, 2012, the undersigned, Paula T. Dow, Attorney General of New Jersey, by Susan M. Scott, Deputy Attorney General, on behalf of Defendants Balicki, Paterson, and Dunlap-Pryce, shall move before the Honorable Mary L. Cooper, U.S.D.J., in the United States District Courthouse, Trenton, New Jersey, for an Order dismissing Plaintiff's Second Amended Complaint with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

PLEASE TAKE NOTICE that the undersigned shall rely on the attached Brief in support of the motion.

It is respectfully requested that the Court rule upon the moving papers submitted, without requiring appearance of counsel, pursuant to Fed. R. Civ. P. 78.

A proposed form of Order is attached hereto.

PAULA T. DOW
ATTORNEY GENERAL OF NEW JERSEY

By: *s/Susan M. Scott*
Susan M. Scott
Deputy Attorney General

DATED: December 16, 2011

**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| JOAN MULLIN, ADMINISTRATRIX OF THE ESTATE OF ROBERT MULLIN, deceased, and JOAN MULLIN, individually, | : : : : : | CIVIL ACTION NO. 11-247 (MLC) |
| Plaintiff, | : : | **O R D E R** |
| v. | : : |  |
| STATE OF NEW JERSEY, et al., | : : |  |
| Defendants. | : : |  |

**THE PLAINTIFF** having moved for leave to, _inter alia_, assert claims against Beatrice Teel and "Officer Dimler" in this action (dkt. entry nos. 31 & 35); and the Magistrate Judge denying the part of the plaintiff's motion seeking leave to assert those claims (dkt. entry no. 43); and the plaintiff thereafter moving for reconsideration of the Magistrate Judge's Order (dkt. entry no. 46); and it appearing that the motion for reconsideration is pending; and

**DEFENDANTS** Karen Balicki, Marie Dunlap-Pryce, and Robert Paterson moving to dismiss the claims asserted against them pursuant to Federal Rule of Civil Procedure 12(b)(6) (dkt. entry no. 51, Mot. Dismiss); and

**THE COURT HAVING** the inherent power to control the docket, _Landis v. N. Am. Co._, 299 U.S. 248, 254 (1936); _Rolo v. Gen. Dev. Corp._, 949 F.2d 695, 702 (3d Cir. 1991); and it appearing that the Magistrate Judge should dispose of motion for reconsideration in the first instance; and for good cause appearing:

**IT IS THEREFORE** on this    9th    day of January, 2012,

**ORDERED** that the motion to dismiss by Defendants Marie Dunlap-Pryce, and Robert Paterson ("Moving Defendants") (dkt. entry no. 51) is **DENIED WITHOUT PREJUDICE**; and

**IT IS FURTHER ORDERED** that the Moving Defendants are **GRANTED LEAVE** to move for relief under Federal Rule of Civil Procedure 12(b)(6), if appropriate, after the Magistrate Judge disposes of the motion for reconsideration, upon a proper notice of motion, and in accordance with the Federal Rules of Civil Procedure and the Local Civil Rules.

    s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge

2

*The Law Offices Of*

# SHELLEY L. STANGLER, P.C.

SHELLEY L. STANGLER
ATTORNEY AT LAW
MEMBER N.J. BAR & N.Y. BAR

A PROFESSIONAL CORPORATION
155 MORRIS AVENUE
SPRINGFIELD, NJ 07081
TEL: 973.379.2500
FAX: 973.379.0031
E-MAIL:SHELLEY@STANGLERLAW.COM
WWW.STANGLERLAW.COM

NEW YORK OFFICE
1 OLD COUNTRY ROAD
STE. 210
CARLE PLACE, NY 11514
TEL: 646.205.0659

February 10, 2012

**By electronic mailing**
The Hon. Lois Goodman
United States District Court
District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

> **Re:    Estate of Robert Mullin v. Administrator Karen Balicki, et al.**
> **Civil Action No.: 11-0247 (MCL/LHG)**

Dear Judge Goodman:

We represent plaintiffs in the above matter. Currently pending is plaintiff's motion to reconsider your order issued with respect to amending the complaint. Defendant's motions to dismiss are held in abeyance pending the decision.

Concurrent with these motions and the procedural status of the case, defendant nurse Jane Byrd, R. N. filed an answer. This necessitated the provision of an Affidavit of Merit in accordance with the New Jersey requirements pursuant to N.J.S.A. 2A:53A-26. Plaintiff obtained a Consent Order allowing the 1 permitted extension of 60 days to April 15, 2012 to serve the Affidavit of Merit.

In addition, plaintiff first learned that Nurse Byrd was an "employee" of UMDNJ, a public entity, by way of defendant's answer on December 13, 2011, and again upon receipt of Rule 26 disclosure. This raises the necessity of requesting permission to file a late notice of claim in accordance with state law.

There has been no discovery or exchange of records due to the various 12(b) motions to dismiss and cross-motions to amend the complaint.

The Affidavit of Merit Statute provides that plaintiff must request records, and if they are not forthcoming within 45 days, plaintiff may sign a certification stating that an Affidavit of Merit could not be obtained due to the failure of the defendants to comply with the request. N.J.S.A. 2A:53A-28.

SHELLEY L. STANGLER, P.C.

Therefore plaintiff is caught in the cross-hairs of the federal motion practice and the requirements of the Affidavit of Merit statute.

Plaintiff has requested the records from all parties and is in the process of serving subpoenas on the entities that have already been dismissed from the case. Plaintiff further seeks permission to file a motion to compel the records by court order as well as to file a late tort claim notice.

Respectfully submitted,

SHELLEY L. STANGLER, ESQ.

cc:    Susan M. Scott, Esq.
       John J. Welsh, Esq.
       Kevin A. Terhune, DAG
       David C. Donohue, Esq.



*State of New Jersey*

CHRIS CHRISTIE
*Governor*

KIM GUADAGNO
*Lt. Governor*

OFFICE OF THE ATTORNEY GENERAL
DEPARTMENT OF LAW AND PUBLIC SAFETY
DIVISION OF LAW
25 MARKET STREET
PO Box 112
TRENTON, NJ 08625-0112

JEFFREY S. CHIESA
*Attorney General*

CHRISTOPHER S. PORRINO
*Director*

February 21, 2012


Honorable Lois H. Goodman, U.S.M.J.
United States District Court, District for New Jersey
Federal Building & U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

    Re:  Mullin, et. al. v. State of New Jersey, et. al.
         Civil Action No: 11-00247 (MLS-LHG)

              Reply to Plaintiff's Letter, dated February 10, 2012

Dear Judge Goodman:

    Please accept this letter on behalf of Defendants Byrd, Balicki, Dunlap-Pryce and Paterson in response to Plaintiff's letter, dated February 10, 2012, wherein Plaintiff seeks leave of court to "file a motion to compel the records by court order as well as to file a late notice of tort claim."

    In support of her request for leave to file a motion to compel records, Plaintiff's counsel alleges that has requested records from all parties.  To the contrary, Defendants Byrd, Balicki, Dunlap-Pryce and Paterson have not been served with any discovery requests.  This was confirmed with Plaintiff's counsel during a



HUGHES JUSTICE COMPLEX • TELEPHONE: (609) 633-7786 • FAX: (609) 777-3607
*New Jersey Is An Equal Opportunity Employer • Printed on Recycled Paper and Recyclable*

**A359**

February 21, 2012
Page 2

telephone call on February 10, 2012. Moreover, the subpoenas directed at the previously dismissed entities, the State of New Jersey, New Jersey Department of Corrections, South Woods State Prison, Central Reception and Assignment Facility, had not even been served at the time of Plaintiff's letter. Therefore, the requested discovery is not yet due to Plaintiff. Moreover, according to the Federal Rules of Civil Procedure, if a discovery dispute arises, counsel are to make a good faith attempt to work out the dispute. Only after such an attempt may a party seek leave of court to file a motion regarding the discovery dispute. Accordingly, Plaintiff's request for leave to compel records is premature and should be denied.

Plaintiff's request for leave to file a motion to file a late notice of tort claim should also be denied. In support of this request, Plaintiff's counsel alleges that it was not until the filing of Defendant Byrd's Answer on December 13, 2011, that Plaintiff became aware that Defendant Byrd was an employee of the University of Medicine and Dentistry of New Jersey, a state entity. However, according to Plaintiff's own Complaint, filed on January 14, 2011, Plaintiff was aware that Defendant Byrd was an employee of the State of New Jersey, thus necessitating the filing of a notice of tort claim. Moreover, it was set forth in Defendants' motion to dismiss, filed on April 19, 2011, that Defendant Byrd was a State employee. Therefore, Plaintiff's assertion that she only

February 21, 2012
Page 3

just learned that Defendant Byrd is a state employee is without merit. In addition, for the reasons set forth in co-counsel's on behalf of Defendant Byrd, Plaintiff's request to file a motion for leave to file a late notice of tort claim should be denied.

Thank you for your attention to this matter.

Respectfully submitted,

PAULA T. DOW
ATTORNEY GENERAL OF NEW JERSEY

By:    s/Susan M. Scott
Susan M. Scott
Deputy Attorney General

c:    Shelley Lynn Stangler, Esq.        Kira F. Spaman
      155 Morris Avenue                  Deputy Attorney General
      Springfield, NJ 07081-1224         Office of the Attorney General
                                         R. J. Hugh Justice Complex
      John Joseph Welch                  25 Market Street
      2329 State Highway 34              Trenton, NJ 08625
      Suite 103
      Manasquan, NJ 08736-1442

      FARKAS & DONOHUE, LLC
      David C. Donohue, Esquire
      389 Passaic Avenue, Suite 2
      Fairfield, NJ 07004

*The Law Offices Of*

# SHELLEY L. STANGLER, P.C.

SHELLEY L. STANGLER
ATTORNEY AT LAW
MEMBER N.J. BAR & N.Y. BAR

A PROFESSIONAL CORPORATION
155 MORRIS AVENUE
SPRINGFIELD, NJ 07081
TEL: 973.379.2500
FAX: 973.379.0031
E-MAIL:SHELLEY@STANGLERLAW.COM
WWW.STANGLERLAW.COM

NEW YORK OFFICE
1 OLD COUNTRY ROAD
STE. 210
CARLE PLACE, NY 11514
TEL: 646.205.0659

February 21, 2012

**By electronic mailing**
The Hon. Lois Goodman
United States District Court
District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

> **Re:   Estate of Robert Mullin v. Administrator Karen Balicki, et al.**
> **Civil Action No.: 11-0247 (MCL/LHG)**

Dear Judge Goodman:

I am responding to the correspondence filed today by defense counsel regarding plaintiff's request to file a motion to file a late notice of claim and to compel records in order to evaluate the liability of a nurse.

With respect to the comments from counsel for nurse Byrd, we are not seeking an extension of the deadline to file an Affidavit of Merit. We are seeking to file a motion to compel documents not in our possession from the various defendants and parties which our nurse expert states are critical to evaluating the liability in this matter. Contrary to the suggestion that we have records available to us, our nurse expert advises that without the records from defendants Kintock and Trenton Psychiatric hospital as well as all the correctional facility medical records, she cannot properly evaluate the case. The facts as to the available records would be set forth in detail in the motion to be filed, along with an affidavit by our nurse expert.

Contrary to counsel's assertion that we would have been able to "make whatever arrangements [we] thought necessary to comply with the Affidavit of Merit statute," the complaint and all amendments allege that plaintiff has been stonewalled in her efforts to obtain any records in this matter. Further, discovery has not been available due to the current procedural posture of the case involving the pending cross-motion to amend and motions to dismiss. I note that defendant Byrd had joined in the initial 12(b) motions to dismiss, denied without prejudice and being held in abeyance pending decision on plaintiff's reconsideration motion to amend the complaint. In the middle of these motions, defendant decided to answer the complaint, thus triggering the Affidavit of Merit deadlines.

**A362**

SHELLEY L. STANGLER, P.C.

In accordance with the Affidavit of Merit statute we have requested, by certified mail, all records from all parties as well as issued subpoenas to former defendants. In addition we seek to file a motion to compel discovery at this time.

Counsel for Byrd concurs in our request to file a motion regarding the late notice of claim. We contest the legal position taken by counsel that a late notice of claim motion cannot be granted at this time. Lowe v. Zarghami, 30 N.J. Super. 90 (App. Div. 1997).

Regarding the comments from counsel for Kintock, the complaint alleges that plaintiff's decedent was transferred from Kintock, a halfway house, to a correctional facility due to erratic behavior and deteriorating mental health issues. Our nurse expert needs those records to determine the status of plaintiff's decedent at the time Nurse Byrd saw him and what she should have known about him.

Plaintiff cannot document the chain of events showing the mental breakdown or status of decedent which led him from Kintock, to the Southern and/or C.R.A.F. correctional facilities, to Trenton Psychiatric Hospital, to the evaluations by defendant Byrd, R.N. and release into the general population where he committed suicide.

Time is of the essence as the motion must be filed promptly to be heard on March 19, 2012. The deadline for the Affidavit of Merit is April 12, 2012.

Therefore it is requested that plaintiff be permitted to file this motion by February 24, 2012, as required under the Rules.

Respectfully submitted,

SHELLEY L. STANGLER, ESQ.

cc:    Susan M. Scott, Esq.
       John J. Welsh, Esq.
       Kevin A. Terhune, DAG
       David C. Donohue, Esq.

*The Law Offices Of*

# SHELLEY L. STANGLER, P.C.

SHELLEY L. STANGLER
ATTORNEY AT LAW
MEMBER N.J. BAR & N.Y. BAR

A PROFESSIONAL CORPORATION
155 MORRIS AVENUE
SPRINGFIELD, NJ 07081
TEL: 973.379.2500
FAX: 973.379.0031
E-MAIL:SHELLEY@STANGLERLAW.COM
WWW.STANGLERLAW.COM

NEW YORK OFFICE
1 OLD COUNTRY ROAD
STE. 210
CARLE PLACE, NY 11514
TEL: 646.205.0659

February 21, 2012

**By electronic mailing**

The Hon. Lois Goodman
United States District Court
District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

> **Re:    Estate of Robert Mullin v. Administrator Karen Balicki, et al.**
> **Civil Action No.: 11-0247 (MCL/LHG)**

Dear Judge Goodman:

I have previously responded to the letters of counsel for defendants Kintock and Jane Byrd regarding plaintiff's request to file a motion for a late notice of claim and to compel documents. In anticipation of the conference scheduled by the Court for February 23, 2012 at 3:00pm, and to make sure the record properly represents all positions, we herewith respond to the letter by Susan Scott also submitted in opposition to our request to file the motion.

The letter is inaccurate.

1.    As the attached and marked up letter to all counsel makes clear, plaintiff did, in addition to the service of subpoenas, request the individual defendants to provide all documents (see attachment).

2.    A notice of claim was served on the State of New Jersey in accordance with the Order of the Hon. Susan Regan of the New Jersey Supreme Court permitting filing of a late notice of claim, by certified mail on February 5, 2010.

Respectfully submitted,

SHELLEY L. STANGLER, ESQ.

**A364**

cc:    Susan M. Scott, Esq.
       John J. Welsh, Esq.
       Kevin A. Terhune, DAG
       David C. Donohue, Esq.

*The Law Offices Of*

# SHELLEY L. STANGLER, P.C.

A PROFESSIONAL CORPORATION

SHELLEY L. STANGLER
ATTORNEY AT LAW
MEMBER N.J. BAR & N.Y. BAR

155 MORRIS AVENUE
SPRINGFIELD, NJ 07081
TEL: 973.379.2500
FAX: 973.379.0031
E-MAIL:SHELLEY@STANGLERLAW.COM
WWW.STANGLERLAW.COM

NEW YORK OFFICE
1 OLD COUNTRY ROAD
STE. 210
CARLE PLACE, NY 11514
TEL: 646.205.0659

February 10, 2012

BY ORDINARY MAIL, FACSIMILE
BY CERTIFIED MAIL, RRR
State of New Jersey
Office of the Attorney General
Division of Law
25 Market Street
P.O. Box 116
Trenton, NJ 08625-0116
Susan M. Scott, Esq.

Kevin A. Terhune, DAG
Office of the Attorney General
Division of Law
25 Market Street
P.O. Box 116
Trenton, NJ 08625-0116

John J. Welch, Esq.
2329 State Highway 43
Suite 103
Manasquan, NJ 08736-1442

Farkas & Donohue, LLC
25A Hanover Road
Florham Park, NJ 07932
Attn: David C. Donohue, Esq.

**Re:  Estate of Robert Mullin vs. State of New Jersey, et al.
Civil Action No.: 3:11-0247 (MCL/LHG)**

Dear Counsel:

Enclosed please find courtesy copies of subpoenas for records from the entities that have been dismissed from this case regarding decedent. The subpoenas are being served directly upon the entities.

**A366**

This letter also constitutes formal written request for defendants, including Kintock, to release all records relating to decedent as they are necessary for expert review and preparation of an Affidavit of Merit in connection with the medical negligence claims in this case. See, N.J.S.A. 2A:53A-28.

You are required to produce these records as in a formal notice to produce within 30 days.   If there is any objection please advise immediately.  We also intend to file a motion to compel.

Thank you.

Very truly yours,

SHELLEY L. STANGLER, ESQ.

SLS/mf
Enc.

CM/ECF - NJ - U.S. District Court for the District of New Jersey

| | | |
|---|---|---|
| 02/23/2012 | 67 | Minute Entry for proceedings held before Magistrate Judge Lois H. Goodman: Telephone Conference held on 2/23/2012 re: discovery, affidavit of merit, tort claims act and 64 Motion for reconsideration. Plaintiff's counsel to submit letter re: amended complaint and 64 Motion for reconsideration by March 2, 2012. Plaintiff is to file a motion with regard to the request for leave to serve a late tort claim notice by no later than March 9, 2012 to be returnable April 2, 2012. Order to be submitted. (Court Reporter/Recorder Digitally.) (ij, ) (Entered: 02/24/2012) |
| 02/24/2012 | 66 | LETTER ORDER instructing Plaintiff to file a motion with regard to the request for leave to serve a late tort claim notice by 3/9/2012, to be returnable 4/2/2012; Plaintiff is also to submit a letter to the Court setting forth the documents which Plaintiff contends comprise the record in the Motions to Amend and Motion for Reconsideration. Signed by Magistrate Judge Lois H. Goodman on 2/24/2012. (eaj) (Entered: 02/24/2012) |
| 03/05/2012 | 68 | Letter from Shelley L. Stangler, Esq. re 66 Order,. (STANGLER, SHELLEY) (Entered: 03/05/2012) |

**A368**

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

CHAMBERS OF
**LOIS H. GOODMAN**
UNITED STATES MAGISTRATE JUDGE

CLARKSON S. FISHER U.S. COURTHOUSE
**402 EAST STATE STREET**
**ROOM 7050**
**TRENTON, NJ 08608**
**609-989-2114**

February 24, 2012

## LETTER ORDER

Re:    **MULLIN v. THE STATE OF NEW JERSEY, et al.,**
        **Civil Action No. 11-247  (MLC)**

Dear Counsel:

As was discussed in a conference conducted on the record on February 23, 2012, Plaintiff is to file a motion with regard to the request for leave to serve a late tort claim notice by no later than March 9, 2012, to be returnable April 2, 2012. In addition, Plaintiff is to submit to the Court a letter setting forth the documents, listed by Docket Entry, which Plaintiff contends comprise the record in the Motions to Amend and Motion for Reconsideration [Docket Entry Nos. 31, 35, and 46]. The letter is to include any submissions of Defendants as well as those of Plaintiff and is to identify the proposed amended complaint which Plaintiff asks the Court to consider as part of the motion.

**IT IS SO ORDERED.**

**LOIS H. GOODMAN**
**United States Magistrate Judge**

**A369**

*The Law Offices Of*
## SHELLEY L. STANGLER, P.C.

SHELLEY L. STANGLER
MEMBER N.J. & N.Y. BAR

LISA M. CURRY
MEMBER N.J. & P.A. BAR

JUDITH L. ROSENTHAL-NILES
OF COUNSEL
MEMBER N.J. BAR

A PROFESSIONAL CORPORATION
155 MORRIS AVENUE
SPRINGFIELD, NJ 07081
TEL: 973.379.2500
FAX: 973.379.0031
E-MAIL:SHELLEY@STANGLERLAW.COM
WWW.STANGLERLAW.COM

NEW YORK OFFICE
1 OLD COUNTRY ROAD
STE. 210
CARLE PLACE, NY 11514
TEL: 646.205.0659

March 5, 2012

Via Electronic Filing
The Hon. Lois H. Goodman
United States District Court
District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

MAR – 5 2012

> Re:    **Estate of Robert Mullin v. Administrator Karen Balicki, et al.**
>        **Civil Action No.: 11-0247 (MCL/LHG)**

Dear Judge Goodman:

In response to your Honor's Letter Order dated February 24, 2012, Docket Entry #66, Plaintiff sets forth the following Docket entries as comprising the relevant record regarding plaintiff's Cross-Motions to Amend the Complaint, opposition and reply as well as on plaintiff's Motion for Reconsideration.

Also noted are the Docket Entries for the initial Motions to Dismiss filed by the Defendants which resulted in Plaintiff's Cross-Motions to Amend.

Docket Entry #25, April 18, 2011 - Defendants State of New Jersey, New Jersey Department of Corrections, South Woods State Prison, Central Reception and Assignment Facility, Karen Balicki and Jane Byrd's Motion to Dismiss the Complaint (the "NJ State Defendants");

Docket Entry #27, May 19, 2011 – Defendants Trenton Psychiatric Hospital's Motion to Dismiss the Complaint ("The Trenton Hospital Defendant");

Docket Entry #31, May 23, 2011 –Plaintiffs' Cross-Motion to Amend the Complaint and to Compel Discovery from the NJ State Defendants.

Exhibit "E" to the Cross-Motion to Amend under Docket Entry #31 was a proposed Amended Complaint identifying Officer Dimler and Beatrice Teel, R.N. as new defendants,

**A370**

SHELLEY L. STANGLER, P.C.

amending the complaint to add further factual support for individual liability including naming the individual defendants in their individual capacities, the failure to conduct an adequate investigation or any investigation into the subject event and including the failure to produce sufficient documentation to identify all defendants.

Docket Entry #32, June 3, 2011 – NJ State Defendants' Reply brief to Plaintiff's opposition to the Motion to Dismiss and in opposition to Plaintiff's Motion to Amend the Complaint and Compel Discovery;

Docket Entry #35, June 21, 2011 – Plaintiff's Cross-Motion to Amend the Complaint and to Compel Discovery from the Trenton Hospital Defendant;

Exhibit "A" to the Cross-Motion to Amend under Docket Entry #35 was a **Second Amended Complaint,** which, in addition to the revisions sought in the Amended Complaint under Docket #31 (adding Dimler and Teel) now impleaded Trenton Psychiatric Hospital executive Teresa McQuaide, R.N., in her official and individual capacities; **this is the pleading upon which plaintiff seeks reconsideration (see below);**

Docket Entry #37, June 28, 2011 – Trenton Hospital Defendant's Reply to Plaintiff's opposition to the Motion to Dismiss and opposition to Plaintiff's Motion to Amend the Complaint and Compel Discovery;

Docket Entry #39, June 30, 2011 – Plaintiff's Reply to the Trenton Hospital Defendant's opposition to plaintiff's Cross-Motion to Amend;

Docket Entry #43, November 28, 2011 – The Court's Order on the Cross-Motions to Amend;

Docket Entry #45, December 1, 2011 –Plaintiff filed a Third Amended Complaint, incorrectly designated as the Second Amended Complaint, based on the Court's Order of November 28, 2011. This complaint excluded Officer Dimler and Nurse Teel as defendants, as ordered, but included Teresa McQuaide as a defendant although not specifically ordered and therefore was not identical to the Second Amended Complaint that was filed with Docket Entry #35;

Docket Entry #46, December 9, 2011 – Plaintiff's Motion for Reconsideration of the November 28, 2011 Order (Docket Entry #43).

In the Certification submitted with the Motion for Reconsideration, plaintiff counsel advised that the pleading filed under Docket Entry #45 should have been identified as a "Third Amended Complaint," and that it was filed in accordance with the November 28, 2011 Order.

**Annexed as Exhibit "A" to Docket Entry #46 is the true Second Amended Complaint, originally provided as an exhibit to the Cross-Motion to Amend as to Trenton Hospital under Docket Entry #35 – This is the complaint which is the subject of the Reconsideration Motion. This complaint identifies all new defendants (Dimler, Teel and**

SHELLEY L. STANGLER, P.C.

McQuaide) and all factual allegations and is the proposed complaint that Plaintiff seeks to file.

No defendants have filed any opposition to the Motion for Reconsideration.

Respectfully submitted,

SHELLEY L. STANGLER, ESQ.

cc:
Susan M. Scott, Esq.
John J. Welsh, Esq.
Kevin A. Terhune, DAG
David C. Donohue, Esq.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

JOAN MULLIN, ADMINISTRATRIX OF THE )
ESTATE OF ROBERT MULLIN, deceased and )
JOAN MULLIN, individually, )
            Plaintiffs, )
      v. )
      )
ADMINISTRATOR KAREN BALICKI, in her )
personal, individual and professional capacities )
representing the State of New Jersey, the )
Department of Corrections of the State of New )
Jersey, South Woods State Prison, and Central )
Reception & Assignment Facility (C.R.A.F.), )
DIRECTOR ROBERT PATTERSON, in his )
personal, individual and professional capacities, )
representing the State of New Jersey, the )
Department of Corrections of the State of New )
Jersey, South Woods State Prison, and Central )
Reception & Assignment Facility (C.R.A.F.) )
DIRECTOR MARIE DUNLAP-PRYCE, in her )
personal, individual and professional capacities, )
representing the State of New Jersey, the )
Department of Corrections of the State of New )
Jersey, South Woods State Prison, and Central )
Reception & Assignment Facility (C.R.A.F.), )
JANE BYRD, L.P.N., in her personal, individual )
and professional capacities, ERIN MARUSKY, )
R.N., in her personal, individual and professional )
capacities, CHIEF EXECUTIVE OFFICER )
TERESA MCQUAIDE, RN, APRN-BC, in her )
personal, individual and professional capacities )
representing the Trenton Psychiatric Hospital; )
KINTOCK GROUP, MERCER COUNTY, JOHN )
DOES 2-10 (as yet unidentified and unknown )
governmental, county, or state officials, )
supervisors, agents or employees) in their )
personal, individual and professional capacities, )
ABC ENTITIES 1-10 (as yet unidentified and )
unknown governmental entities, agencies, units or )
subdivisions, )
           Defendants. )

CIVIL ACTION NO. 11-00247
(MLS-LHG)

Civ. No. 3:11-cv-00247

NOTICE OF MOTION TO FILE
LATE NOTICE OF CLAIM

ON NOTICE TO:

1

Susan M. Scott, Esq.
Office of the Attorney General
Division of Law
25 Market Street, P.O. Box 116
Trenton, NJ 08625-0116
*Attorney for Administrator Karen Balicki, Director Robert Patterson, Director Marie Dunlap-Pryce, and Jane Byrd, L.P.N.*

Kevin Turhune, Esq.
Office of the Attorney General
Division of Law
25 Market Street, P.O. Box 116
Trenton, NJ 08625-0116
*Attorney for defendant Trenton Psychiatric Hospital*

John J. Welch, Esq.
2329 State Highway 43, Suite 103
Manasquan, NJ 08736-1442
*Attorney for Kintock Group*

David C. Donohue, Esq.
Farkas & Donohue
389 Passaic Ave., 3d Floor
Fairfield, NJ 07004
*Attorneys for Jane Byrd, LPN*

**PLEASE TAKE NOTICE** that on April 2, 2012, the undersigned Shelley L. Stangler, P.C., by Shelley Stangler, Esq., attorney for plaintiffs Joan Mullin, Administratrix of the estate of Robert Mullin, deceased and Joan Mullin, individually, shall move before the Hon. Lois M. Goodman, U.S.M.J., for the District Court of New Jersey, in the United States Courthouse, Trenton, N.J., for leave to file a late notice of claim pursuant to the New Jersey Tort Claims Act.

Plaintiffs shall rely on the Memorandum of Law, and Certification of Counsel with exhibits, submitted herewith, in support of the Motion.

Oral argument is requested.

A proposed form of Order is annexed hereto.

2

**A374**

**SHELLEY L. STANGLER, P.C.**
Attorney for Plaintiff

Dated: March 9, 2012

By: _____
     **SHELLEY L. STANGLER, ESQ.**

*The Law Offices Of*
# SHELLEY L. STANGLER, P.C.

A PROFESSIONAL CORPORATION
155 MORRIS AVENUE
SPRINGFIELD, NJ 07081
TEL: 973.379.2500
FAX: 973.379.0031
E-MAIL:SHELLEY@STANGLERLAW.COM
WWW.STANGLERLAW.COM

SHELLEY L. STANGLER
MEMBER N.J. & N.Y. BAR

LISA M. CURRY
MEMBER N.J. & P.A. BAR

JUDITH L. ROSENTHAL-NILES
OF COUNSEL
MEMBER N.J. BAR

NEW YORK OFFICE
1 OLD COUNTRY ROAD
STE. 210
CARLE PLACE, NY 11514
TEL: 646.205.0659

March 9, 2012

**By electronic mailing**
The Hon. Lois Goodman
United States District Court
District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

> Re:    **Estate of Robert Mullin v. Administrator Karen Balicki, et al.**
>        **Civil Action No.: 11-0247 (MCL/LHG)**

Dear Judge Goodman:

This letter responds to your Honor's request for plaintiff to outline in detail the record comprising the Motion for Reconsideration.  On March 8, 2012 we received a letter from your law clerk Ms. Glavich  requesting clarification of my letter dated March 5, 2012 (docket entry #68).

My letter dated March 5, 2012 set forth the list of docket entry numbers for the two (2) motions to amend, the opposition and  reply, along with the reconsideration motion, to which there is no opposition[1].  For the sake of completeness, background and ease of reference I also noted the docket entries for the motions to dismiss.

I will now address the actual record before the Court on the Motion for Reconsideration.  I am presuming based on Ms. Glavich's letter that the Court seeks only references to the actual record, as opposed to the briefs and pleading papers.

The following documents comprise the record for the Court's review on the Motion for Reconsideration:

---

[1] Docket entry #34 should have been included as part of the March 5, 2012 letter and record before the Court; docket #35, which was identified in that letter, contained a re-filed  Cross-Motion To Amend in accordance with the Clerk's Quality Control Message. This entry notes that the record to be referred to remains on docket entry #34.

**A376**

SHELLEY L. STANGLER, P.C.

From docket entry #31 – Plaintiff's Cross-Motion to Amend to add facts and name Officer Dimler and Teel as defendants, pp. 238 -309:

1.    Affidavit of Plaintiff Joan Mullin, January 4, 2010 (docket entry #31-4)
2.    Affidavit of Plaintiff Joan Mullin, February 16, 2010 (docket entry #31-4)
3.    Letter of plaintiff counsel requesting last known address of nurse Erin Marusky (docket entry #31-4)
4.    Complaint (docket entry #31-5)
5.    Proposed Amended Complaint (docket entry #31-7)

From docket entry #34, also referenced in docket entry #35 – Plaintiff's Cross-Motion to Amend to name Teresa McQuaide as supervisory official at Trenton Psychiatric Hospital, pp. 361-390:

6.    Proposed Second Amended Complaint (docket entry #34-4)

From docket entry #46 – Plaintiff's Motion for Reconsideration, pp. 517-568

7.    Proposed Second Amended Complaint (docket entry #46-4; repeat of item number 6, above.

With respect to the record before the Court, plaintiff notes the following specific changes made in the proposed Second Amended Complaint, the pleading plaintiff seeks to file, referencing paragraph numbers:

1.    The Caption: the public entities are removed, the initially named defendants Karen Balicki, Director Robert Patterson, Director Marie Dunlap-Pryce, Jane Byrd. L.P.N. and Erin Marusky. R.N. are now designated as sued in their personal and individual capacities, and defendants Officer Dimler, Beatrice Teel, R.N. and Chief Executive Officer Teresa McQuaide are newly named in their official and personal capacities.

2.    The Parties: Paragraph 5 identifies Teresa McQuaide RN as the chief executive officer and supervisory official of Trenton Psychiatric Hospital, acting in her personal, individual and official capacities.

Paragraph 8 identifies Officer Dimler as a corrections officer and employee of the various entity defendants, engaged in the supervision of inmates, acting in his personal, individual and official capacities.

Paragraph 9 identified nurse Beatrice Teel as a health care provider and employee of the public entities acting in her individual and official capacities.

SHELLEY L. STANGLER, P.C.

Throughout the Second Amended Complaint the public entities are removed leaving the individual supervisor defendants named and naming supervisor Teresa McQuaide for Trenton Psychiatric Hospital.

3.   Paragraphs 19 and 20 add that Officer Dimler was the last person to see decedent alive and that he found plaintiff to be unresponsive having hung himself.

4.   Paragraph 21 adds that nurse Beatrice Teel was summoned to assist decedent and paragraph 22 adds the time of death as 4:49am.

5.   Paragraph 24 adds that the amended death certificate identifies the place of death as C.R.A.F., but that plaintiff had been informed that her son had died at Trenton Psychiatric Hospital; in addition to the initially pleaded facts that the death certificate initially identified the place of death as Trenton Psychiatric Hospital and the Department of Corrections records identified either South Woods State Prison or C.R.A.F. as the location of death.

6.   Paragraphs 26-43 set forth in greater detail the allegations regarding decedent's past suicide attempts, that there is a known history of attempts and psychiatric problems at the various correctional facilities, and that plaintiff attempted to obtain records and information but was unable to do so.

7.   Paragraph 38 adds that defendant Beatrice Teel, R.N. was with an unnamed officer in the hallway on the floor prior to death at 4:24am.

8.   Paragraph 39 adds to the record that Beatrice Teel, R.N. was the service provider for the medical care of decedent, also noting a history of mood disorder and that decedent was a suicide risk.

9.   Paragraph 41 adds that defendant Beatrice Teel, despite knowing the history of decedent's suicide attempts, anxiety, depression and psychiatric instability, on January 16 and 17 , 2009 failed to provide adequate medical supervision and nursing care to decedent in the hours leading up to decedent's suicide and failed to intervene to prevent the suicide.

10.   Paragraph 42 adds that despite a known history of decedent's suicide attempts, anxiety, depression and psychiatric instability, defendant Officer Dimler on January 16 and 17, 2009, failed to provide adequate protection and supervision to decedent in the hours leading up to decedent's suicide and failed to intervene to prevent the suicide.

11.   Paragraph 43 adds defendants Teel and Dimler to the other defendants having knowledge of decedent's background of psychiatric problems.

Throughout the Second Amended Complaint defendants Teel and Dimler

SHELLEY L. STANGLER, P.C.

are identified with the other defendants as acting under color of law and being responsible for the constitutional and state civil rights violations and common law negligence.

Throughout the Second Amended Complaint defendant Teresa McQuaide is identified as one of the supervisory officials responsible for the custodial care and supervision over decedent, that said defendant knew or should have known of the documented history of suicide attempts and psychiatric disturbance of decedent, that she acted with deliberate indifference by allowing a custom or policy of permitting decedent to be unsupervised and able to do harm to himself, in failing to provide medical attention, in failing to enact, implement, promulgate and enforce policies, procedures and standards with respect to suicide watch and avoidance, inadequate recordkeeping, failing to intervene and exposing plaintiff's decedent to imminent bodily harm, and in failing to properly hire, train and supervise employees in the proper conduct of their duties (Second Amended Complaint paras. 13, 17, 18, 23, 43, 54).

Teresa McQuaide is added as a defendant on all causes of action along with Officer Dimler and Nurse Teel.

These are the facts and the documents comprising the record on Reconsideration. Other than presenting opposing briefs as outlined in my letter to the Court of March 5, 2012, docket entry #68, defendants have not presented any documents as part of the record.

I trust this answers the Court's concerns and requests. If the Court requires additional responses, please advise and counsel will attend to it.

I have forwarded a copy of this letter to all counsel, as ordered.

Respectfully submitted,

SHELLEY L. STANGLER, ESQ.

cc:    Susan M. Scott, Esq.
       John J. Welsh, Esq.
       Kevin A. Terhune, DAG
       David C. Donohue, Esq.

# FARKAS & DONOHUE, LLC

-Counselors at Law-
25A Hanover Road, Suite 320
Florham Park, New Jersey 07932
(973) 443-9400
(973) 443-4330 Fax
Email: Office@FarkasandDonohue.com
www.FarkasandDonohue.com

EVELYN CADORIN FARKAS *
DAVID C. DONOHUE # *
ROBERT J. MORMILE **
BETH A. HARDY*
CHARLES E. MURRAY III +
NANCY CROSTA LANDALE
EILEEN M KAVANAGH +
JENNIFER SALFI GIANETTI
GUY M. MAGNUSSON

\* Certified By The Supreme
Court of New Jersey as a
Certified Civil Trial Attorney
\*\* Admitted in NJ & PA
+ Admitted in NJ & NY
# Admitted in NJ & AZ

April 2, 2012

***Via US Mail and Electronic Filing***
Hon. Mary L. Cooper, JUSDC
Clarkson S. Fisher Federal Building & US Courthouse
Room 5000
402 East State Street
Trenton, New Jersey 08608

> Re:   *Mullin v. Byrd, et al.*
>       Docket No.: 3:11-CV-0247(MLC)(LHG)
>       Our File No.: UMDNJ-113

Dear Judge Cooper:

Enclosed please find a hard copy of a Notice of Cross Motion, Certification of Counsel, Proposed Order and Brief on behalf of defendant Jane Byrd, LPN. We have e-filed same with the court and serviced hard copies to all counsel.

Respectfully submitted,

Nancy Crosta Landale

NCL/sbh
Encl.
cc:   Shelley L. Stangler, Esq.
      Joseph Micheletti, DAG
      Kevin A. Terhune, DAG
      John J. Welch, Esq.
      Marguerite K. Ferrell – UMDNJ

**FARKAS & DONOHUE, LLC**
25A Hanover Road – Suite 320
Florham Park, New Jersey 07932
(973) 443-9400
(973) 443-4330 Fax
Attorneys for Defendant Jane Byrd, LPN
Our File No.: UMDNJ-113
By: Nancy Crosta Landale, Esq.
nlandale@FarkasandDonohue.com

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JOAN MULLIN, Administratrix of the ESTATE OF ROBERT MULLIN, Deceased, and JOAN MULLIN, Individually, | : : : : | Hon. Mary L. Cooper, USDJ |
| Plaintiffs, | : | Civil Action No.: 11-0247(MLC-LHG) |
| v. | : : | **NOTICE OF CROSS MOTION TO DISMISS PLAINTIFFS' COMPLAINT (INCLUDING** |
| STATE OF NEW JERSEY, et al. | : : | **OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE LATE** |
| Defendants. | : | **NOTICE OF CLAIM)** |

**TO:** Shelley L. Stangler, Esq.
Shelley Stangler, PC
155 Morris Avenue
Springfield, New Jersey 07081
Attorneys for Plaintiffs

Joseph Micheletti, DAG
State of New Jersey
Office of Attorney General
Division of Law
25 Market Street
PO Box 116
Trenton, New Jersey 08625
Attorneys for Defendants, Balicki, Patterson, Dunlap-Price and Byrd

Kevin A. Terhune, DAG
Office of the Attorney General
Division of Law
25 Market Street
PO Box 116
Trenton, New Jersey 08625
Attorneys for Defendant, Trenton Psychiatric Hospital

John J. Welch, Esq.
2329 State Highway 43, Suite 103
Manasquan, New Jersey 08736
Attorneys for Defendant, Kintock Group

**PLEASE TAKE NOTICE** that on **Monday, April 16, 2012,** at 9:00 am or as soon

thereafter as counsel may be heard, the undersigned attorneys for defendant, Jane Byrd, LPN,

will cross move before the District Court of New Jersey, at the United States Courthouse in

Trenton, New Jersey, for an Order dismissing plaintiffs' Complaint with prejudice pursuant to

*N.J.S.A.* 59:6-5 and -6.

**PLEASE TAKE FURTHER NOTICE** that defendant Jane Byrd, LPN will rely upon

the annexed Certification and Brief in support of the within application; and

**PLEASE TAKE FURTHER NOTICE** that defendant Jane Byrd, LPN's opposition to

plaintiffs' motion for leave to file late notice of claim, also returnable April 16, 2012, is included

in the annexed Certification and Brief; and

**PLEASE TAKE FURTHER NOTICE** that oral argument is requested if opposition to

the cross motion is filed. A proposed form of Order is attached hereto.

**FARKAS & DONOHUE, LLC**
Attorneys for Defendant
Jane Byrd, LPN

By: _____
Nancy Crosta Landale

Dated: 4/2/12

**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOAN MULLIN, | CIVIL ACTION NO. 11-247 (MLC) |
|     Plaintiff, | **O R D E R** |
|     v. | |
| THE STATE OF NEW JERSEY, et al., | |
|     Defendants. | |

    **THE PLAINTIFF,** Joan Mullin ("Mullin"), bringing this action on her own behalf and as the administratrix of the estate of Robert Mullin, seeking damages related to the incarceration and death of Robert Mullin (see generally dkt. entry no. 45, Second Am. Compl.); and

    **MULLIN** moving before the Magistrate Judge for leave to file a late Notice of Claim against Defendant Jane Byrd's employer, University of Medicine and Dentistry of New Jersey (dkt. entry no. 69, Mot. for Leave); and Byrd thereafter opposing the Motion for Leave and cross-moving to dismiss the Second Amended Complaint insofar as it has been filed against her (dkt. entry no. 74); and

    **THE COURT HAVING** the inherent power to control the docket, Landis v. N. Am. Co., 299 U.S. 248, 254 (1936); Rolo v. Gen. Dev. Corp., 949 F.2d 695, 702 (3d Cir. 1991); and it appearing that the

Magistrate Judge should dispose of the Motion for Leave in the

first instance; and for good cause appearing:[1]

---

[1] The Court notes that Byrd, in the Cross Motion to Dismiss, asks the Court to: (1) dismiss the Second Amended Complaint (inasmuch as it has been asserted against her) based on Byrd's alleged immunity; (2) dismiss the Second Amended Complaint (inasmuch as it has been asserted against her) based on Mullin's failure to comply with the notice provisions of the New Jersey Tort Claims Act, N.J.S.A. § 59:1-1, _et seq.;_ or (3) grant summary judgment in Byrd's favor and against Mullin.  (Dkt. entry no. 74-1, Byrd Br.)  Byrd fails, however, to provide citation to or discussion of the relevant Federal Rules of Civil Procedure, Local Civil Rules, or the standards and precedent adopted thereunder. (_See_ _id._)  The Court thus cautions Byrd that future briefs must contain such citation and discussion.

IT IS THEREFORE on this     5th     day of April, 2012,

ORDERED that the cross motion to dismiss by defendant Jane Byrd

(dkt. entry no. 74) is DENIED WITHOUT PREJUDICE; and

IT IS FURTHER ORDERED that Byrd may again move for the relief

sought in the cross motion after the Magistrate Judge resolves the

Motion for Leave to File Late Notice of Claim, upon a new and

proper notice of motion, and otherwise in accordance with the

Federal Rules of Civil Procedure and Local Civil Rules.


                                                 ___ s/ Mary L. Cooper     ___
                                                 MARY L. COOPER
                                                 United States District Judge

**A385**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOAN MULLIN, Administratrix of the Estate of Robert Mullin, deceased, and individually, | Civil Action No. 11-247 (MLC) |
| Plaintiff, | |
| v. | ORDER |
| STATE OF NEW JERSEY, et al., | |
| Defendants. | |

Presently before the Court is a Motion for Reconsideration [Docket Entry No. 46] filed by

Plaintiff, Joan Mullin, individually and as Administratrix of the Estate of Robert Mullin,

deceased, seeking reconsideration of the Court's November 28, 2011 Order [Docket Entry No.

43]. In the Order, the Court granted in part and denied in part Plaintiff's two cross-motions for

leave to amend [Docket Entry Nos. 31 and 35]. Plaintiff requests that the Court reconsider and

clarify its denial of leave to amend to add proposed Defendants Dimler, Teel, and McQuaide.

For reasons set forth below, the Court grants Plaintiff's motion for reconsideration. Upon

reconsideration, the Court denies Plaintiff's request for leave to add claims against the three

proposed new Defendants.

I.    Background

Plaintiff, individually and on behalf of the Estate of Robert Mullin, filed the Original

Complaint[1] on January 14, 2011 [Docket Entry No. 1], alleging violations of the civil rights of

her son, Robert Mullin ("Mullin"), deceased, pursuant to 28 U.S.C. §§ 1983 and 1985 and the

---

[1] Hereinafter "Original Complaint." As there are several versions of amended complaints on the docket, the Court will define each as its own term.

New Jersey Civil Rights Act, N.J.S.A. 10:6-1, *et seq.*, and asserting state law claims of negligence, emotional distress, abuse of process, and medical negligence. These claims stem from Robert Mullin's suicide while he was incarcerated in the New Jersey state prison system. The Original Complaint named the following as Defendants: the State of New Jersey, the New Jersey Department of Corrections, South Woods State Prison, Central Reception and Assignment Facility ("C.R.A.F."), Prison Administrator Karen Balicki, Nurse Jane Byrd, Department of Corrections Director Robert Patterson, C.R.A.F. Director Marie Dunlap-Pryce, Nurse Erin Marusky, Trenton Psychiatric Hospital, Kintock Group, Mercer County, and various John Does and ABC Entities.

Two sets of Defendants each filed motions to dismiss [Docket Entry Nos. 25 & 27].[2] Defendants the State of New Jersey, the New Jersey Department of Corrections, South Woods State Prison, C.R.A.F., Balicki, Patterson, Dunlap-Pryce and Byrd (collectively the "State Defendants"), moved to dismiss, arguing, *inter alia*, that Plaintiff's claims are barred by the Eleventh Amendment; that the State Defendants are not "persons" amenable to suit under §§ 1983 and 1985; that Plaintiff's claims against Defendant Balicki are based on the theory of respondeat superior and are therefore impermissible under §§ 1983 and 1985; and that Plaintiff has failed to allege sufficient facts against Balicki to support a claim for supervisory liability. *See* Docket Entry No. 25; State Defendants' Brief on the Motion to Dismiss [Docket Entry No. 25-1].

---

[2] Nurse Byrd filed a third motion to dismiss on April 2, 2012 [Docket Entry No. 74], as a cross-motion in opposition to Plaintiff's pending Motion for Leave to File a Late Notice of Tort Claim [Docket Entry No. 69]. On April 5, 2012, Judge Cooper denied the cross-motion without prejudice to Defendant's right to re-file after the Motion to File Late Notice of Tort Claim has been decided.

Plaintiff filed opposition to the Motion to Dismiss, along with a cross-motion to amend [Docket Entry No. 31]. Plaintiff conceded that claims against the individual State Defendants in their official capacities were barred, but she argued the Eleventh Amendment does not bar claims against the individual State Defendants in their individual capacities, and sought to correct the Complaint to add claims against Balicki and Byrd in their individual capacities. *See* Plaintiff's Brief on Cross-Motion to State Defendants at 9 [Docket Entry No. 31-9]. Plaintiff also sought to add claims against two new proposed Defendants, Officer Dimler and Nurse Teel. *Id.* Plaintiff filed the proposed amended complaint as Exhibit E at Docket Entry Nos. 31-7 & 31-8 (hereinafter "First Amended Complaint").

The State Defendants objected to Plaintiff's proposed amendment to add claims against Balicki in her individual capacity [Docket Entry No. 32]. Defendants argued that Plaintiff was relying on the theory of respondeat superior, which is inapplicable to state defendants in §§ 1983 and 1985 actions, and failed to set forth any factual allegations to support a claim of "custom, practice or policy violation" against Balicki or to support a claim of conspiracy among the defendants. *See* State Brief in Opposition to Plaintiff's Cross-Motion at 2-3. The State Defendants did not articulate a position on Dimler and Teel.

The second motion to dismiss was filed by Defendant Trenton Psychiatric Hospital ("TPH") [Docket Entry No. 27], which argued, *inter alia*, that TPH is considered a state institution and is both immune from suit under the Eleventh Amendment and is not considered a "person" liable under §§ 1983 and 1985.

Plaintiff filed a cross-motion to amend the claims [Docket Entry No. 34], but

3

denominated it on the docket as opposition to TPH's motion to dismiss.[3]  In her brief, Plaintiff

conceded that TPH is an arm of the State and is immune from suit in this Court, but sought to

add claims against TPH's Executive Officer, Teresa McQuaide, R.N., APRN-RB, in her

personal, individual and professional capacities. *See* Plaintiff's Brief on Cross-Motion to

Defendant TPH's Motion to Dismiss at 1.  Plaintiff argued that under *Monell v. Dep't of Social*

*Services of the City of New York*, 436 U.S. 658 (1978), a supervisory official may be held

personally responsible if "the supervisor implemented deficient policies and was deliberately

indifferent to the resulting risk." *See* Plaintiff's Brief on Cross-Motion to Defendant TPH's

Motion to Dismiss at 9.

Defendant TPH opposed the motion to amend [Docket Entry No. 37], arguing that *Monell*

does not apply to McQuaide. *See* TPH's Brief in Opposition at 2-3.  TPH argued that the

Supreme Court in *Monell* held that municipalities, not state entities, could be held liable under §§

1983 and 1985 for customs or policies which deprive others of constitutional protections. *Id.*

---

[3] The motion was originally listed on the docket as "Response in Opposition re <u>27</u> Motion
to Dismiss *in Lieu of Answer under Fed. R. Civ. P. 12(b)(6)*." [Docket Entry No. 34].  The
Clerk's Office caught Plaintiff's mistake and entered a quality control message noting the
opposition contained a cross-motion and was thus improperly filed [*see* text entry dated June 21,
2011, following Docket Entry No. 34].  The Clerk's Office instructed Plaintiff to resubmit the
cross-motion using the correct event motion and indicated that "[c]ounsel is only to re-file the
Motion and may refer to the supporting documents as being filed on the docket in entry 34."

As instructed, Plaintiff re-filed only the notice of motion. *See* Docket Entry No. 35.  The
notice states, however, "Plaintiffs [sic] shall rely on the Brief, proposed amended complaint,
Certification and supporting exhibits of Shelley L. Stangler, Esq., annexed hereto in support of
the Motion."  No further documentation is attached, nor is there any reference to the supporting
documentation in Docket Entry 34.  It is not outwardly apparent that this notice refers to anything
other than the support for the first cross-motion at Docket Entry No. 31, or that it relies on a new
proposed amended complaint, labeled the "Second Amended Complaint" (also referred to as
"SAC") [Docket Entry Nos. 34-4 & 34-5].  Accordingly, the Court considered both cross-
motions to be supported by the brief and proposed First Amended Complaint at Docket Entry
No. 31.

4

TPH, and consequently McQuaide, are entities of the state, and thus cannot be sued under the
*Monell* paradigm. *Id.* TPH argued that to hold an official personally liable, Plaintiff must
demonstrate the individual's personal involvement in the conduct, for example, by alleging
personal direction or knowledge and acquiescence, and that here, Plaintiff has failed to do so.
*See id.*

In light of the dual motions to dismiss and their corresponding cross-motions to amend,
United States District Judge Mary L. Cooper, in exercising her inherent power to control the
docket, denied the pending motions to dismiss and referred the cross-motions to the undersigned
for resolution. *See* Docket Entry No. 40. Judge Cooper granted Defendants leave to move for
relief as needed after the disposition of the motions to amend. *Id.*

On November 28, 2011, the undersigned entered an Order with regard to the two motions
to amend. *See* Docket Entry No. 43 (hereinafter "November 28 Order"). The Court
acknowledged Plaintiff's two cross-motions at Docket Entry Nos. 31 and 35, but because the
only support referenced in the two notices of motion was that docketed at Entry 31, the Court
based its decision on the brief and the proposed First Amended Complaint at Docket Entry No.
31. In relevant part, the Court found that Plaintiff had failed to provide a sufficient factual basis
in the proposed First Amended Complaint for the claims against Dimler and Teel. The decision
did not address McQuaide or the proposed Second Amended Complaint.

Plaintiff filed another amended complaint on December 1, 2011 [Docket Entry No. 45],
pursuant to the November 28 Order. In this pleading, Plaintiff names Balicki, Patterson, Dunlap-
Pryce, McQuaide, Byrd, Marusky, Kintock Group, Mercer County, and various fictitious

5

**A390**

individuals and entities.[4]  The State of New Jersey, the New Jersey Department of Corrections, South Woods State Prison, C.R.A.F., and Trenton Psychiatric Hospital are no longer named Defendants.  While labeled on the docket as the "Second Amended Complaint," this complaint is in reality a "Third Amended Complaint," hereinafter referred to as such.  The Third Amended Complaint differs from the proposed Second Amended Complaint in that it omits claims as to Dimler and Teel, but incorporates claims against McQuaide.

Plaintiff filed the instant motion [Docket Entry No. 46] pursuant to L. Civ. R. 7.1(i), seeking reconsideration of the November 28 Order only as to its denial of leave to add claims against Dimler and Teel, and its silence as to McQuaide.  *See* Plaintiff's Brief on Reconsideration ("Pl.'s Recon. Br.") at 2.  Along with the motion for reconsideration, Plaintiff re-filed the proposed Second Amended Complaint at Docket Entry No. 46-1.

After the reconsideration motion was filed, the Court convened a conference call, in order to clarify the entries on the docket.  As a result of the call, the Court instructed Plaintiff's counsel to submit a letter identifying all documents Plaintiff believed formed part of the record on her second motion to amend and where each document could be found on the docket.  *See* Docket Entry Nos. 68 & 70.

## II.    Reconsideration

A party may make a motion for reconsideration pursuant to L. Civ. R. 7.1(i).  Reconsideration may be justified where there is a showing of: "(1) an intervening change in the

---

[4] Mercer County is improperly named as a Defendant, given that the parties stipulated to the voluntary dismissal of the County without prejudice on March 22, 2011.  *See* Docket Entry No. 16.  Plaintiff must have leave to add Mercer County, which she has not requested.  Mercer County is thus stricken from the amended complaint.

6

controlling law; (2) the availability of new evidence; [or] (3) the need to correct clear error or to

prevent injustice." *See S.C. v. Deptford Twp. Board of Education*, 248 F.Supp.2d 368, 381

(D.N.J. 2003). A motion for reconsideration is not a vehicle to ask the court to rethink what it

has already decided. *Id.*, 248 F.Supp.2d at 381. Reconsideration is appropriate where a court's

prior determination may have overlooked a factual or legal issue that might alter the disposition

of a matter. *See Church & Dwight Co., Inc. v. Abbott Laboratories*, 545 F.Supp.2d 447, 451

(D.N.J. 2008); *Scott v. IBM Corp.,* 2000 U.S. Dist. LEXIS 17979 at *3 (D.N.J. Nov. 29, 2000).

Plaintiff argues reconsideration is appropriate as the Court mistakenly relied on the wrong

papers for the cross-motions to amend. Pl.'s Recon. Br. at 2, 12-13. Pointing to the November

28 Order, Plaintiff contends the Court applied TPH's arguments in opposition to adding

McQuaide to Plaintiff's motion to add Dimler and Teel. *Id.* at 12-13. Had the Court recognized

that the State Defendants did not oppose the motion to add Dimler and Teel, the Court would

have come to a different conclusion. *Id.* at 12. Furthermore, the Court would have realized that

there was a separate cross-motion for McQuaide, and would have addressed TPH and McQuaide

in the Order. *Id.* at 13. Additionally, Plaintiff argues reconsideration is appropriate because the

Court overlooked factual allegations as to Dimler and Teel, which raise the claim above a mere

possibility to a plausible claim for relief. *Id.* at 2. No party filed opposition to the motion for

reconsideration.

The Court acknowledges that it based its decision on the brief and proposed First

Amended Complaint at Docket Entry No. 31. Plaintiff did not inform the Court that she was

relying on two separate motions to amend with two distinct amended complaints, or that the

proposed Second Amended Complaint superceded the prior proposed pleading, if that is in fact

what she intended. In the interest of justice, the Court grants Plaintiff's motion to reconsider her

request for leave to amend the Complaint to add claims against Defendants Dimler and Teel,

which was previously denied, and her request to add claims against Defendant McQuaide, which

has not yet been determined.

### III.   Motions to Amend

#### A.   Facts[5]

Robert Mullin, Plaintiff's decedent, was incarcerated in various state institutions for

approximately six to eight years, up to and including the time of his death on January 17, 2009.

SAC ¶ 13. In or about May 2008, Mullin was at a halfway house owned and operated by

Defendant Kintock Group for a rehabilitation program. SAC ¶¶ 14-15. On or about January 15,

2009, Mullin began to demonstrate aggressive behavior and was transferred back to either

Southern State Prison or C.R.A.F. SAC ¶¶ 16-17.

Mullin's medical records note that on January 16, 2009, Defendant Byrd conducted a

nursing intake, during which Mullin reportedly gave his mental health history. SAC ¶ 36.

Plaintiff alleges that the Department of Corrections medical records for Mullin date as far back as

2005, and detail his mental health history, including his own mental illness and use of

psychotropic medication, a family risk of suicide, his own diagnosis as a suicide risk, and his

previous suicide attempt. SAC ¶¶ 25-35.

On the same day as the nursing intake conducted by Byrd, Defendant Marusky made a

second entry which listed Mullin's location as C.R.A.F., and indicated that Mullin was "cleared

---

[5] For purposes of this motion only, the Court accepts all facts in the proposed Second
Amended Complaint [Docket Entry No. 46] as true. *Travelers Indem. Co. v. Damman & Co.,
Inc.*, 592 F.Supp.2d 752 (D.N.J. 2008).

8

for placement on S3." SAC ¶ 37. Plaintiff alleges that both Byrd and Marusky medically cleared Mullin for release into the prison's general population despite being aware of his mental health history. SAC ¶ 40.

On January 17, 2009 at 4:23 a.m., Officer Dimler found Mullin unresponsive after Mullin had apparently hanged himself with a bed sheet. SAC ¶¶ 20 & 38. Nurse Teel and an unidentified officer were in the area of Mullin's cell block and Teel was summoned to assist. SAC ¶¶ 21 & 38. Mullin was pronounced dead at 4:49 a.m. SAC ¶ 22.

Mullin's death certificate originally identified the location of death as Trenton Psychiatric Hospital, but was later amended to read C.R.A.F. SAC ¶ 24. The Department of Correction's records list Mullin's location at the time of his death as either South Woods State Prison or C.R.A.F. *Id.* According to the medical examiner's report, Officer Dimler was the last person to see Mullin alive. SAC ¶ 19. Nurse Teel made an entry in Mullin's medical record on the day of his death, containing an emergency medical code and a "diagnosis list, including the history of mood disorder, family history of suicide, and that decedent was a suicide risk." SAC ¶ 39.

### B.   Standard

Under Federal Rule of Civil Procedure 15(a)(2), a party may seek leave to amend its pleading, and absent "undue delay, bad faith, dilatory motive, unfair prejudice, or futility of amendment," the court should grant leave. Fed. R. Civ. P. 15; *see WHY ASAP v. Compact Power*, 461 F.Supp.2d 308, 311 (D.N.J. 2006), *citing Grayson v. Mayview State Hospital*, 293 F.3d 103, 108 (3d Cir. 2002). An amendment is futile when it fails to state a claim upon which relief may be granted, and thus is subject to the same standard as a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir.

9

1997); *Massarsky v. General Motors Corp.*, 706 F.2d 111, 125 (3d Cir. 1983). When faced with a motion to dismiss for failure to state a claim, the Court engages in a two step process. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the Court must accept all factual allegations in a well-pleaded complaint as true, but it may disregard any legal conclusions. *Id.*, 578 F.3d at 210-11. Second, the Court must determine if the facts alleged are sufficient to show a "plausible claim for relief." *Fowler*, 578 F.3d at 210, *quoting Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1955 (2009). A claim becomes plausible where the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged;" in other words, the plaintiff must plead "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S.Ct. at 1949.

The proposed Second Amended Complaint includes the following six counts against all current and proposed Defendants: violation of and conspiracy to violate Mullin's federal civil rights, including his First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendment rights, plead under 28 U.S.C. §§ 1983 and 1985; violation of Mullin's civil rights as guaranteed under the New Jersey Civil Rights Act, N.J.S.A. 10:6-1, *et seq.*; negligence; intentional infliction of emotional distress; abuse of process; and medical negligence. Neither Plaintiff nor Defendants argue their respective positions on the motions to amend in terms of individual counts. Instead the parties focus on the gravamen of the proposed Second Amended Complaint, Plaintiff's Eighth Amendment claims made under §§ 1983 and 1985, and whether and how individual liability is established.

### 1.   28 U.S.C. § 1983

To maintain a § 1983 civil rights claim against a government official in an individual

10

**A395**

capacity, the moving party must demonstrate that the defendant had "personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of respondeat superior. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). The Third Circuit has held that personal involvement may be sufficiently alleged when the complaint establishes "the conduct, time, place and persons responsible." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005), *citing Boykins v. Ambridge Area School District*, 621 F.2d 75, 80 (3d Cir. 1980).

Typically, in an Eighth Amendment prisoner rights case, the plaintiff must establish wrongful conduct by showing that the officials exhibited "a deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). In a jailhouse suicide action, the Third Circuit has held "that a 'particular vulnerability to suicide' represents a 'serious medical need'" and that "'if [custodial] officials know or should know of the particular vulnerability to suicide of an inmate, then the Fourteenth Amendment imposes on them an obligation not to act with reckless indifference to that vulnerability.'" *Colburn v. Upper Darby Twp.*, 946 F.2d 1017, 1023 (3d Cir. 1991) (*Colburn II*), *citing Colburn v. Upper Darby Twp.*, 838 F.2d 663, 669 (3d Cir. 1988) (*Colburn I*).

### 2.    28 U.S.C. § 1985

To assert a claim for conspiracy under § 1985, the plaintiff must allege "(1) a conspiracy; (2) motivated by a racial or class based discriminatory animus designed to deprive, directly or indirectly, any person or class of persons to the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to the person or property or the deprivation of any

11

right or privilege of a citizen of the United States." *See McLeod v. Still*, 2006 WL 372986 at \*4

n.4 (D.N.J. Feb.16, 2006), *citing Griffin v. Breckenridge*, 403 U.S. 88 (1971). "Plaintiff must at

least provide the Court with facts, 'suggesting that there was a mutual understanding among the

conspirators to take action directed towards an unconstitutional end." *McLeod*, 2006 WL 372986

at \*4, *quoting Wesley v. Hollis*, 2004 WL 945134 at \*4 (E.D. Pa. Apr. 29, 2004).

      3.    **Liability under *Monell***

Plaintiff, citing *Monell* and its Third Circuit progeny, asserts that in addition to direct

involvement, liability may attach where a plaintiff demonstrates that the constitutional

deprivation resulted from a custom or policy for which the official at issue was responsible. *See*

Plaintiff's Brief on Cross-Motion to Defendant TPH's Motion to Dismiss at 7, *citing A.M. v.*

*Luzerne County Juvenile Detention Center*, 372 F.3d 572, 580 (3d Cir. 2004); *Natale v. Camden*

*County Correctional Facility*, 318 F.3d 575 (3d Cir. 2003); *Bielevicz v. Dubinon*, 915 F.2d 845

(3d Cir. 1990); *Beck v. City of Pittsburgh*, 89 F.3d 966 (3d Cir. 1996); *Andrews v. Camden*

*County*, 95 F.Supp.2d 217 (D.N.J. 2000). While *Monell* does establish liability for constitutional

deprivations stemming from customs or practices, the case applies to municipal entities. *See*

*Monell*, 436 U.S. at 690 ("Local governing bodies, therefore, can be sued directly under § 1983

for monetary, declaratory, or injunctive relief where, as here, the action that is alleged to be

unconstitutional implements or executes a policy statement, ordinance, regulation, or decision

officially adopted and promulgated by that body's officers."). The Court in *Monell* explicitly

stated that its holding establishing liability for the implementation of a custom or policy does not

apply to states under § 1983. *See id.* at 691, n.54 (limiting the holding of liability under § 1983

"to local government units which are not considered part of the State for Eleventh Amendment

12

purposes").

## C.    **Defendants Dimler and Teel**

Under the standards set forth above, this Court must separate out the factual allegations

from the legal conclusions. Those factual allegations must be sufficient to state a claim that is

"plausible on its face," *Iqbal*, 129 S.Ct. at 1955; not a mere possibility, not speculation, but a

claim that, as plead, is actually plausible. Plaintiff has failed to do so.[6]

Even a cursory review of the proposed Second Amended Complaint reveals that Plaintiff

fails to provide sufficient factual allegations of the personal involvement of Dimler or Teel or

their involvement in a conspiracy such as to raise the claims above that of a possibility to one

that is plausible on its face. Other than in conclusory statements, Defendant Dimler is mentioned

only twice: Plaintiff alleges that Dimler was the last to see Mullin alive and the first to find him

unresponsive. SAC ¶¶ 19-20. Nurse Teel is mentioned three times: Plaintiff alleges Teel was in

the hallway around the time Mullin was found unresponsive and was summoned to assist, and

that she made an entry in his medical records. SAC ¶¶ 21, 38-39. All other references to Dimler

and Teel are in conclusory statements that set forth the legal elements of the causes of action but

shed no light on the role each is alleged to have played or their supposed wrongdoing.

Plaintiff may have provided the requisite time and place of action to establish personal

involvement under § 1983, *see Evancho v. Fisher*, 423 F.3d at 353, but the proposed Second

Amended Complaint lacks factual assertions of either personal involvement or wrongdoing, let

alone conduct that led to the deprivation of Mullin's constitutional rights. Plaintiff herself

---

[6] The fact that Defendants did not argue this in their brief does not relieve the Court of its
obligation to review the proposed pleading under the standard set by the Supreme Court.

13

acknowledges the paucity of facts relating to actions Dimler or Teel may have taken. *See* Pl.'s

Recon. Br. at 15 ("It would be surprising to find out that Dimler and Teel had no liability for

[Mullin]'s death given their proximity to him at the time of the event and their responsibilities

for securing [his] safety.")  Plaintiff essentially asks the Court take a leap of faith in light of the

pending motions to dismiss. *See* Plaintiff's Brief on Cross-Motion to State Defendants at 19 ("It

remains unknown who Officer Dimler is and what role he played, . . . . However, in light of the

motion [to dismiss] made by defendants and the amendments to the complaint, now would be the

appropriate time for plaintiff to name these individuals.").  Under the standards of *Fowler* and

*Iqbal*, the Court is not obligated to give credence to legal conclusions or bald assertions.  The

facts as plead fail to establish a plausible claim.[7]

The Court is sensitive to the fact that the person with the most knowledge, Mullin

himself, is deceased and cannot provide the pertinent details of what, if anything, transpired

between Mullin and Dimler or Teel.  It is for this reason that the Court denies Plaintiff's request

for leave to add Dimler and Teel without prejudice, as discovery may illuminate the

circumstances surrounding Mullin's death and provide additional information.

**D.     Defendant McQuaide**

The Court next reviews the proposed Second Amended Complaint with regard to factual

---

[7] Neither Plaintiff nor Defendants argue as to Dimler or Teel's liability under the other
causes of action for alleged violation of Mullin's First, Fourth, Fifth, and Sixth Amendment
rights, violation of the New Jersey Civil Rights Act, or state law claims of negligence, intentional
infliction of emotional distress, abuse of process, and medical negligence.  The Court finds it
need not analyze each count individually as these claims are futile.  Plaintiff has failed to put
forth facts as to the conduct of Dimler or Teel beyond their alleged presence in the area at the
time Mullin was found unresponsive.  This lack of factual support makes it clear to this Court
that Plaintiff has failed to meet her burden under *Iqbal*.

14

allegations as to the role played by McQuaide. Plaintiff has repeatedly used a defined term

"Supervisory Defendants" throughout the proposed Second Amended Complaint. The term is

defined to include four named Defendants, including McQuaide. SAC ¶ 13. The other three

Defendants in the group, however, are personnel of the Department of Corrections, not Trenton

Psychiatric Hospital. Plaintiff alleges the collective group acted in a supervisory capacity, and

implicates the group for each of the six causes of action. Without distinguishing individual

conduct or connection among Defendants, Plaintiff alleges the Supervisory Defendants knew or

should have known of Mullin's psychiatric history, and that they acted with deliberate

indifference to his constitutional rights by enacting or condoning policies, procedures, or customs

which allowed Mullin to harm himself and take his own life. *See* SAC, ¶¶ 13, 17, 18, 23, 43, and

54. The activity alleged as to the Supervisory Defendants is conclusory at best. As with Dimler

and Teel, the allegations merely describe the elements of the legal claim and are insufficient as

plead to state a plausible claim for relief. Accordingly, the asserted activity of the Supervisory

Defendants as a group is not sufficient to establish liability as to Defendant McQuaide.

In addition to alleging McQuaide's liability as a Supervisory Defendant, Plaintiff

contends that, under the theory set forth in *Monell*, McQuaide's individual responsibility stems

from her actions or inactions taken as a supervisor at TPH and her allowance of a policy or

custom that led to the constitutional deprivation and alleged harms suffered by Mullin. SAC ¶

54. As set forth above, *Monell* applies to municipal entities. Plaintiff has conceded that TPH is

an arm of the State. *See* Plaintiff's Brief on Cross-Motion to Defendant TPH's Motion to

Dismiss at 1. Accordingly, McQuaide cannot be held liable for a policy or custom under *Monell*.

Plaintiff must therefore establish that McQuaide had personal involvement in the alleged

15

deprivation of rights or conspiracy to commit the deprivation.

Plaintiff fails to provide any factual allegations that give rise to a claim of personal involvement against McQuaide or participation in an alleged conspiracy. In fact, the proposed Second Amended Complaint sets forth only three facts that specifically relate to TPH or McQuaide herself. Paragraph 5 names McQuaide as the supervisory official of TPH. SAC ¶ 5. Paragraph 18 states in general terms, and on information and belief, that Mullin was at some point under the care of McQuaide. SAC ¶ 18. Paragraph 24 states that Mullin's original death certificate listed TPH as his location at death, and that a detective informed Plaintiff that Mullin had died at TPH. In any event, the death certificate was amended to read C.R.A.F. as the location of Mullin's death. SAC ¶ 24. Therefore, it appears that the only basis for adding McQuaide is that the original death certificate said Mullin died there and that an unnamed detective said the same thing. The proposed Second Amended Complaint alleges no conduct by McQuaide, or even that of any TPH employee, let alone wrongful conduct which resulted in a deprivation of Mullin's constitutional rights. As to conspiracy, Plaintiff relies on McQuaide as a member of the Supervisory Defendants group, *see id.* ¶¶ 52 & 53, but again sets forth no facts demonstrating the existence of a conspiracy, let alone McQuaide's participation. Plaintiff herself recognizes the deficiency, stating in her brief on the cross-motion to TPH's motion to dismiss, "[i]n view of the dearth of information as to who was involved, an inference can be made about conspiracy." *See* Plaintiff's Brief on Cross-Motion to Defendant TPH's Motion to Dismiss at 11. It is not, however, for the Court to draw an inference in the absence of factual assertions, but for Plaintiff to "plead[] the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. The Court finds

16

Plaintiff has failed to do so as to McQuaide and therefore denies Plaintiff's request for leave to amend to add claims against McQuaide.[8]

## IV.    Conclusion

The Court has reviewed the record, including the various submissions both on the motion for reconsideration and on the underlying cross-motions to amend, without oral argument pursuant to Fed. R. Civ. P. 78. For the reasons set forth above, and for good cause shown,

IT IS on this 19th day of **June, 2012,**

**ORDERED** that Plaintiff's motion for reconsideration is **GRANTED**; and it is further

**ORDERED** that Plaintiff's requests for leave to amend the Complaint to add claims against Officer Dimler, Nurse Teel, and Teresa McQuaide are **DENIED**; and it is further

**ORDERED** that Plaintiff is granted leave to file a Fourth Amended Complaint in compliance with the Court's November 28, 2011 Order, as modified by the instant Order, within 10 days of entry of this Order.

**LOIS H. GOODMAN**
**United States Magistrate Judge**

---

[8] As with Dimler and Teel, neither party has argued as to McQuaide's liability under the other causes of action asserted in the proposed Second Amended Complaint. For the same reasons stated with regard to the §§ 1983 and 1985 claims, the Court finds these claims to be futile.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOAN MULLIN, ADMINISTRATRIX OF THE ESTATE OF ROBERT MULLIN, deceased and JOAN MULLIN, individually, Plaintiffs, <br><br> v. <br><br> ADMINISTRATOR KAREN BALICKI, in her personal, individual and professional capacities representing the State of New Jersey, the Department of Corrections of the State of New Jersey, South Woods State Prison, and Central Reception & Assignment Facility (C.R.A.F.), DIRECTOR ROBERT PATTERSON, in his personal, individual and professional capacities, representing the State of New Jersey, the Department of Corrections of the State of New Jersey, South Woods State Prison, and Central Reception & Assignment Facility (C.R.A.F.) DIRECTOR MARIE DUNLAP-PRYCE, in her personal, individual and professional capacities, representing the State of New Jersey, the Department of Corrections of the State of New Jersey, South Woods State Prison, and Central Reception & Assignment Facility (C.R.A.F.), JANE BYRD, L.P.N., in her personal, individual and professional capacities, ERIN MARUSKY, R.N., in her personal, individual and professional capacities, OFFICER DIMLER, in his personal, individual and professional capacities BEATRICE TEEL, R.N., in her personal, individual and professional capacities, CHIEF EXECUTIVE OFFICER TERESA MCQUAIDE, RN, APRN-BC, in her personal, individual and professional capacities representing the Trenton Psychiatric Hospital; KINTOCK GROUP, MERCER COUNTY, JOHN DOES 4-10 (as yet unidentified and unknown governmental, county, or state officials, supervisors, agents or employees) in their personal, individual and professional capacities, ABC ENTITIES 1-10 (as yet unidentified and unknown governmental entities, agencies, units or subdivisions, Defendants. | Civ. No. 3:11-cv-00247 (MLS-LHG) <br><br><br> NOTICE OF MOTION OBJECTING TO and APPEAL OF MAGISTRATE ORDER OF JUNE 19, 2012 AND TO AMEND THE COMPLAINT BASED ON NEW INFORMATION RECEIVED JULY 2, 2012 |

**ON NOTICE TO:**

U.S. District Court of Trenton
Clarkson S. Fisher Building
& U.S. Courthouse
402 East State Street Room 2020
Trenton, NJ 08608

State of New Jersey
Office of the Attorney General
Division of Law
25 Market Street
P.O. Box 116
Trenton, NJ 08625-0116
Attn: Joseph M. Micheletti, Esq.

Kevin A. Terhune, DAG
Office of the Attorney General
Division of Law
25 Market Street
P.O. Box 116
Trenton, NJ 08625-0116

John J. Welch, Esq.
2329 State Highway 43
Suite 103
Manasquan, NJ 08736-1442

Farkas & Donohue, LLC
25A Hanover Road
Florham Park, NJ 07932
Attn: David C. Donohue, Esq.

**PLEASE TAKE NOTICE,** that on August 20, 2012 at 9:00a.m. in the forenoon or as soon thereafter as counsel may be heard, the undersigned, attorney for plaintiffs Joan Mullin, Administratrix of the Estate of Robert Mullin will apply to the United States District Court, District of New Jersey, before the Hon. Mary L. Cooper reversing the Order of U.S. Magistrate Judge Louis H. Goodman dated June 19, 2012 (Docket entry #80), denying Plaintiff's request for leave to amend the Complaint to add claims against Officer Dimler and Nurse Teel.

**PLEASE TAKE FURTHER NOTICE,** that on the same date and time plaintiff also moves to amend the complaint to allege additional factual allegations based on new information received on July 2, 2012.

**PLEASE TAKE FURTHER NOTICE** that the undersigned will rely upon the Certification of Shelley L. Stangler, Esq, and accompanying brief and exhibits in support of the motion.

Oral argument is requested.

A form of proposed Order is enclosed.

This motion is filed within 14 days as required by the Rules.

                                        **SHELLEY L. STANGLER, P.C.**
                                        Attorney for Plaintiffs

                                        By: _____
                                            **SHELLEY L. STANGLER, ESQ.**

Dated: July 3, 2012

*The Law Offices Of*

# SHELLEY L. STANGLER, P.C.

A PROFESSIONAL CORPORATION

SHELLEY L. STANGLER
ATTORNEY AT LAW

MEMBER N.J. BAR & N.Y. BAR

155 MORRIS AVENUE
SPRINGFIELD, NJ 07081
TEL: 973.379.2500
FAX: 973.379.0031
E-MAIL:SHELLEY@STANGLERLAW.COM
WWW.STANGLERLAW.COM

NEW YORK OFFICE
1 OLD COUNTRY ROAD
STE. 210
CARLE PLACE, NY 11514
TEL: 646.205.0659

July 3, 2012

VIA ELECTRONIC FILING
U.S. District Court of Trenton
Clarkson S. Fisher Building
& U.S. Courthouse
402 East State Street Room 2020
Trenton, NJ 08608

**Re:  Estate of Robert Mullin vs. The State of New Jersey, et als**
**Case No: 3:11-cv-00247-MLC -LHG**

Dear Sir/Madame:

With regard to the above matter, enclosed please find:

- Notice of Motion Appealing Magistrate Order and to Amend the Complaint
- Certification of Service
- Certification of Counsel with exhibits
- Brief
- Proposed Order

Thank you.

Very truly yours,

SHELLEY L. STANGLER, ESQ.

SLS/mf
Enc.

cc:   The Hon. Judge H. Lois Goodman
      Susan M. Scott, Esq.
      John J. Welsh, Esq.
      Kevin A. Terhune, DAG
      David C. Donohue, Esq.

**A406**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOAN MULLIN, ADMINISTRATRIX OF THE ESTATE OF ROBERT MULLIN, deceased and JOAN MULLIN, individually,<br>        Plaintiffs,<br><br>    v.<br><br>ADMINISTRATOR KAREN BALICKI, in her personal, individual and professional capacities representing the State of New Jersey, the Department of Corrections of the State of New Jersey, South Woods State Prison, and Central Reception & Assignment Facility (C.R.A.F.), DIRECTOR ROBERT PATTERSON, in his personal, individual and professional capacities, representing the State of New Jersey, the Department of Corrections of the State of New Jersey, South Woods State Prison, and Central Reception & Assignment Facility (C.R.A.F.) DIRECTOR MARIE DUNLAP-PRYCE, in her personal, individual and professional capacities, representing the State of New Jersey, the Department of Corrections of the State of New Jersey, South Woods State Prison, and Central Reception & Assignment Facility (C.R.A.F.), JANE BYRD, L.P.N., in her personal, individual and professional capacities, ERIN MARUSKY, R.N., in her personal, individual and professional capacities, OFFICER DIMLER, in his personal, individual and professional capacities BEATRICE TEEL, R.N., in her personal, individual and professional capacities, CHIEF EXECUTIVE OFFICER TERESA MCQUAIDE, RN, APRN-BC, in her personal, individual and professional capacities representing the Trenton Psychiatric Hospital; KINTOCK GROUP, MERCER COUNTY, JOHN DOES 4-10 (as yet unidentified and unknown governmental, county, or state officials, supervisors, agents or employees) in their personal, individual and professional capacities, ABC ENTITIES 1-10 (as yet unidentified and unknown governmental entities, agencies, units or subdivisions,<br>        Defendants. | Civ. No. 3:11-cv-00247 (MLS-LHG)<br><br><br>CERTIFICATION OF SERVICE |

I hereby certify that the enclosed documents: Notice of Motion, Certification of Counsel,

Brief in support of motion appealing magistrate order and proposed Order  were served with the

Clerk of the Court using the CM/ECF and the following:

Joseph M. Micheletti, DAG
Office of the Attorney General
Division of Law
25 Market Street, P.O. Box 116
Trenton, NJ 08625-0116
*Attorney for Administrator Karen Balicki, Director Robert Patterson, Director Marie Dunlap-Pryce, and Jane Byrd, L.P.N.*

Kevin A. Terhune, DAG
Office of the Attorney General
Division of Law
25 Market Street, P.O. Box 116
Trenton, NJ 08625-0116
*Attorney for defendant Trenton Psychiatric Hospital*

John J. Welch, Esq.
2329 State Highway 43, Suite 103
Manasquan, NJ 08736-1442
*Attorney for Kintock Group*

David C. Donohue, Esq.
Farkas & Donohue
389 Passaic Ave., 3d Floor
Fairfield, NJ 07004
*Attorneys for Jane Byrd, LPN*

I certify that the foregoing statements made by me are true.  I am aware that if any of the

foregoing statements made by me are willfully false, I am subject to punishment.

SHELLEY L. STANGLER, ESQ.

Dated: July 3, 2012

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW JERSEY

JOAN MULLIN, ADMINISTRATRIX OF THE  )
ESTATE OF ROBERT MULLIN, deceased and  )
    JOAN MULLIN,  individually,  )
        Plaintiffs,  )
       v.  )
  )
ADMINISTRATOR KAREN BALICKI, in her  )    Civ. No. 3:11-cv-00247 (MLS-LHG)
personal, individual and professional capacities  )
representing the State of New Jersey, the  )
Department of Corrections of the State of New  )
Jersey, South Woods State Prison, and Central  )
Reception & Assignment Facility (C.R.A.F.),  )    CERTIFICATION IN SUPPORT OF
DIRECTOR ROBERT PATTERSON, in his  )    MOTION TO APPEAL
personal, individual and professional capacities,  )    MAGISTRATE ORDER OF JUNE
representing the State of New Jersey, the  )    19, 2012 AND TO AMEND THE
Department of Corrections of the State of New  )    COMPLAINT BASED ON NEW
Jersey, South Woods State Prison, and Central  )    INFORMATION RECEIVED
Reception & Assignment Facility (C.R.A.F.)  )    JULY 2, 2012
DIRECTOR MARIE DUNLAP-PRYCE, in her  )
personal, individual and professional capacities,  )
representing the State of New Jersey, the  )
Department of Corrections of the State of New  )
Jersey, South Woods State Prison, and Central  )
Reception & Assignment Facility (C.R.A.F.),  )
JANE BYRD, L.P.N., in her personal, individual  )
and professional capacities, ERIN MARUSKY,  )
R.N., in her personal, individual and professional  )
capacities, OFFICER DIMLER, in his personal,  )
individual and professional capacities BEATRICE  )
TEEL, R.N., in her personal, individual and  )
professional capacities, CHIEF EXECUTIVE  )
OFFICER TERESA MCQUAIDE, RN, APRN-  )
BC, in her personal, individual and professional  )
capacities representing the Trenton Psychiatric  )
Hospital; KINTOCK GROUP, MERCER  )
COUNTY, JOHN DOES 4-10 (as yet unidentified  )
and unknown governmental, county, or state  )
officials, supervisors) agents or employees) in their  )
personal, individual and professional capacities,  )
ABC ENTITIES 1-10 (as yet unidentified and  )
unknown governmental entities, agencies, units or  )
subdivisions,  )
        Defendants.  )

Shelley L. Stangler, Esq., hereby certifies as follows:

1.    I am an attorney at law of the State of New Jersey and represent plaintiff herein. I am fully familiar with the facts and circumstances of this case. This motion is made in support of plaintiff's appeal from the June 19, 2012 Order of the Hon. Lois H. Goodman which denied plaintiff the ability to amend the complaint to name defendants Officer Dimler and Nurse Teel to the complaint (Docket Entry No. 80). Plaintiff further seeks permission to file another amended complaint based on newly discovery facts previously unknown and unavailable to plaintiff.

2.    As set forth in the accompanying Brief, plaintiff appeals only that part of the Order denying the amendment as to Dimler and Teel, and does not appeal that portion of the Order denying amendment as to a third defendant, Supervisory Official Theresa McQuaide or that part of the Order barring the claim asserted under 42 U.S.C. Section 1985.

3.    The Second Amended Complaint which is the subject of the June 19, 2012 Order can be found at Docket Entries Nos. 34-4 and 34-5 as well as Docket No. 46-1.

4.    On July 2, 2012, plaintiff received new information from defendant Kintock Group that was unknown to plaintiff. Because the documents contain sensitive and private information, plaintiff will provide the parties and the Court with a copy designated Exhibit "A" to the Certification of counsel under separate cover. These documents are described and discussed in the accompanying Brief and proposed Fourth Amended Complaint.

5.    The documents establish new facts which support plaintiff's allegations as to the failure to supervise, monitor and provide treatment for plaintiff's decedent, an addict who was found positive for cocaine and opiates immediately prior to transfer back to the defendant correctional facilities (See Plaintiff's Brief).

**A410**

6.    Plaintiff received this information as she was in the process of drafting this motion and brief appealing the decision of the Magistrate.

7.    Therefore, in determining whether and how to address these new facts in another motion to amend, plaintiff seeks permission to file a new amended complaint in addition to appealing the Magistrate's Order. The proposed Fourth Amended Complaint is annexed hereto as Exhibit "B").

8.    Counsel recognizes the procedural dilemma of putting before the District Judge both the appeal, which requires review, and an additional request to file a new amended complaint, which would be the province of the Magistrate (See Plaintiff's Brief). However, in the interests of efficiency and placing all issues before the Court at one time, and in view of the lengthy and somewhat confusing procedural history, caused in part by plaintiff's filing of an improperly designated amended complaint and the failure to properly put certain exhibits before the Magistrate requiring Reconsideration of motions to amend the complaint, it appeared prudent to file the appeal and motion together, along with a proposed Fourth Amended Complaint.

9.    It is stressed that counsel received the new information on July 2, 2012, a day before the deadline to file the motion appealing the Magistrate decision.

10.    Plaintiff relies on the accompanying Brief in support of this motion to appeal the Magistrate's Order and in support of the further motion to amend the complaint.

11.    This motion is filed within 14 days of the Order, as provided under the local District Court Rules.

WHEREFORE, it is respectfully requested that the relief be granted, along with such

other relief as this Court deems just and proper.

Dated:  July 3, 2012

_____

BY: SHELLEY L. STANGLER, ESQ.

Exhibit "A" includes
sensitive materials and
will not be electronic
filed.   All parties will
receive a courtesy
copy under separate
cover.

# EXHIBIT A

## RECORDS FROM KINTOCK

# CONFIDENTIAL

## FILED UNDER SEAL TO BE FOUND IN CONFIDENTIAL APPENDIX 914

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOAN MULLIN, ADMINISTRATRIX OF THE ESTATE OF ROBERT MULLIN, deceased and JOAN MULLIN, individually, <br> Plaintiffs, <br><br> v. <br><br> ADMINISTRATOR KAREN BALICKI, in her personal, individual and professional capacities representing the State of New Jersey, the Department of Corrections of the State of New Jersey, South Woods State Prison, and Central Reception & Assignment Facility (C.R.A.F.), DIRECTOR ROBERT PATTERSON, in his personal, individual and professional capacities, representing the State of New Jersey, the Department of Corrections of the State of New Jersey, South Woods State Prison, and Central Reception & Assignment Facility (C.R.A.F.) DIRECTOR MARIE DUNLAP-PRYCE, in her personal, individual and professional capacities, representing the State of New Jersey, the Department of Corrections of the State of New Jersey, South Woods State Prison, and Central Reception & Assignment Facility (C.R.A.F.), JANE BYRD, L.P.N., in her personal, individual and professional capacities, ERIN MARUSKY, R.N., in her personal, individual and professional capacities, OFFICER DIMLER, in his personal, individual and professional capacities BEATRICE TEEL, R.N., in her personal, individual and professional capacities, KINTOCK GROUP, MERCER COUNTY, JOHN DOES 4-10 (as yet unidentified and unknown governmental, county, or state officials, supervisors, agents or employees) in their personal, individual and professional capacities, ABC ENTITIES 1-10 (as yet unidentified and unknown governmental entities, agencies, units or subdivisions, <br> Defendants. | CIVIL ACTION NO. 3:11-cv-00247 (MLC -LHG) <br><br><br> FOURTH AMENDED COMPLAINT AND JURY DEMAND |

Plaintiffs, Joan Mullin as Administratrix of the Estate of Robert Mullin, and Joan Mullin,

Individually, by way of complaint against defendants, **ADMINISTRATOR KAREN BALICKI**

in her personal, individual and professional capacities representing the State of New Jersey, the Department of Corrections of the State of New Jersey, South Woods State Prison, and Central Reception & Assignment Facility (C.R.A.F.); **DIRECTOR ROBERT PATTERSON** in his personal, individual and professional capacities representing the State of New Jersey, the Department of Corrections of the State of New Jersey, South Woods State Prison, and Central Reception & Assignment Facility (C.R.A.F.); **DIRECTOR MARIE DUNLAP-PRYCE** in her personal, individual and professional capacities representing the State of New Jersey, the Department of Corrections of the State of New Jersey, South Woods State Prison, and Central Reception & Assignment Facility (C.R.A.F.); **JANE BYRD, L.P.N.,** in her personal, individual and professional capacities; **ERIN MARUSKY, R.N.** in her personal, individual and professional capacities; **OFFICER DIMLER** in his personal, individual and professional capacities; **BEATRICE TEEL, R.N.** in her personal, individual and professional capacities; **KINTOCK GROUP, JOHN DOES 4-10** (as yet unidentified and unknown governmental, county, or state officials, supervisors, agents or employees) in their individual and professional capacities, and **ABC ENTITIES 1-10** (as yet unidentified and unknown governmental entities, agencies, units or subdivisions, set forth the following:

## PARTIES

1.     At all relevant times herein plaintiffs **JOAN MULLIN, Administratrix Ad Prosequendum of the Estate of ROBERT MULLIN, JR.,** and **JOAN MULLIN, individually,** were and are domiciliaries and residents of the County of Mercer and State of New Jersey.

2.     At all relevant times herein defendant **ADMINISTRATOR KAREN BALICKI** was, upon information and belief a chief supervisory official and executive of the South Woods

**A416**

State Prison, a public entity and/or an agency or division of a public entity, organized and existing under the laws of the State of New Jersey and engaged in the operation and management of a certain correctional facility, with a place of business at 215 South Burlington Road, Bridgeton, NJ 08302, acting in her personal, individual and official capacities under color of law.

3.     At all relevant times herein defendant **DIRECTOR ROBERT PATTERSON** was, upon information and belief, the chief supervisory official and executive of the Department of Corrections for the State of New Jersey ("DOC"), a public entity and/or an agency or division of a public entity, organized and existing under the laws of the State of New Jersey and engaged in the operation and management of correctional facilities in the State of New Jersey with a place of business at Whittlesey Road, P.O. Box 863, Trenton, NJ 0825, acting in his personal, individual and official capacities under color of law.

4.     At all relevant times herein **MARIE DUNLAP-PRYCE** was, upon information and belief a chief supervisory official and executive of Central Reception & Assignment Facility ("C.R.A.F".), a public entity and/or an agency or division of a public entity, organized and existing under the laws of the State of New Jersey and engaged in the operation and management of a certain correctional facility, with a place of business at Stuyvesant Avenue, Trenton, NJ 08628-7450, acting in her personal, individual and official capacities under color of law.

5.     At all relevant times herein defendant **JANE BYRD, L.P.N.**, was, upon information and belief a health care provider and employee, agent or servant of the State of New Jersey, DOC, South Woods State Prison, and/or C.R.A.F., engaged in the rendering of health care services including inmate evaluations, and acting in her personal, individual and official capacities under color of law.

**A417**

6.    At all relevant times herein defendant **ERIN MARUSKY, R.N.**, was, upon information and belief a health care provider and employee, agent or servant of the State of New Jersey, DOC, South Woods State Prison, and/or C.R.A.F., engaged in the rendering of health care services including inmate evaluations, and acting in her personal, individual and official capacities under color of law.

7.    At all relevant times herein defendant **OFFICER DIMLER**, first name unknown, was, upon information and belief a corrections officer and employee, agent or servant of the State of New Jersey, DOC, South Woods State Prison, and/or C.R.A.F., engaged in the supervision of inmates, and acting in his personal, individual and official capacities under color of law, and is substituted for **John Doe No. 1.**

8.    At all relevant times herein defendant **BEATRICE TEEL, R.N.,** was, upon information and belief a health care provider and employee, agent or servant of the State of New Jersey, DOC, South Woods State Prison, and/or C.R.A.F., engaged in the rendering of health care services including inmate evaluations, and acting in her personal, individual and official capacities under color of law, and is substituted for **John Doe No. 2**.

9.    At all relevant times herein defendant the **KINTOCK GROUP** was and is, upon information and belief, a private company authorized to do business in the State of New Jersey, engaged in the business of providing therapeutic and other services to those persons transitioning back from incarceration into the community, known as "halfway houses" or "work houses," with a place of business at 4 South Industrial Boulevard, Bridgeton, NJ 08302.

10.    At all relevant times herein defendants **JOHN DOES 3-10** and **ABC ENTITIES 1-10** were and are as yet unidentified employees, agents, servants, contractors, supervisors, officials and/or public entities, agencies and subdivisions responsible for the

operation, management and control over certain correctional facilities and custodial facilities. **JOHN DOES 3-10** are being sued in their individual, professional and personal capacities.

### NATURE OF ACTION & FACTUAL BACKGROUND

11.     Plaintiff's decedent and son, the 29 year old **ROBERT MULLIN, JR**, had been incarcerated and under the custodial care of individual defendants **ADMINISTRATOR KAREN BALICKI**, **DIRECTOR ROBERT PATTERSON, MARIE DUNLAP-PRYCE** and **CHIEF EXECUTIVE OFFICER TERESA MCQUAIDE RN, APRN-BC** (hereinafter the **"SUPERVISOR DEFENDANTS"**) for approximately six (6) to eight (8) years, through and including his date of death on January 17, 2009.

12.     In or about May 2008 he was transferred to a halfway house, or "work" house under the operation and management of defendant **THE KINTOCK GROUP** (hereinafter **"KINTOCK"**), under the auspices of and by contract and agreement with the **SUPERVISOR DEFENDANTS**.

13.     Plaintiff's decedent was scheduled to be released from **KINTOCK** sometime between April and June of 2009, after completing a course of therapy, work studies and services designed to allow an inmate to be rehabilitated and return to society and to his family.

14.     On or about January 15, 2009, while at **KINTOCK** plaintiff's decedent exhibited deterioration in mental and psychological status, and became emotionally labile with aggressive behavior.

15.     In particular, plaintiff's decedent **MULLIN** was found to be in the possession of and under the influence of controlled illegal substances including cocaine and opiates.

16.     Further, **MULLIN** swallowed a handful of pills identified by the plaintiff as depression medications in front of a caseworker at Kintock, then threw the rest in a trash can.

17.    **MULLIN** was thereafter transferred to South Woods State Prison, where he was found to be in possession of illegal and prohibited drugs and tested positive for cocaine and opiates.

18.    **MULLIN** was medically evaluated at South Woods State Prison and thereafter based on certain documentation transferred to C.R.A.F. on January 16, 2009 under the custodial care, supervision, management and control of the **SUPERVISOR DEFENDANTS, JOHN DOES 4-10** and **ABC ENTITIES 1-10.**

19.    Upon information and belief, at some point between January 15, 2009 and January 17, 2009, plaintiff also was treated by and was under the custodial care, supervision, management and control of Trenton Psychiatric Hospital and the employees and staff therein, including **JOHN DOES 4-10** and **ABC ENTITIES 1-10**.

20.    Upon information and belief, at some point and time between January 15, 2009 and January 17, 2009 plaintiff's decedent was released to a single cell or area without adequate one on one and constant supervision and observation.

21.    According to a Discharge and Continuity of Care Plan provided by defendant **KINTOCK**, Mullin had a history of high risk for alcohol and drugs which needed to be addressed, and was in need of additional services.

22.    The file at **KINTOCK**, according to the Discharge and Continuity of Care Plan, indicated an extensive drug history involving the use of heroin, cocaine, marijuana, alcohol, prescription pills, speed/methamphetamine, acid/mushrooms and PCP.

23.    The records from **KINTOCK** also show that **MULLIN** had recently been fired from his job that he held while maintaining residency at the halfway house, defendant **KINTOCK.** Defendant.

**A420**

24.   **MULLIN** was an addict with a history of drug abuse and suicide attempts, and immediately prior to his transfer to South Woods State Prison and C.R.A.F. was found positive for highly toxic and addictive drugs.

25.   On January 17, 2009 at approximately 4:23 a.m. defendant **OFFICER DIMLER** found plaintiff's decedent unresponsive after hanging himself with what the limited records in plaintiff's possession indicate was a self-made noose made of a bed sheet. **OFFICER DIMLER** was the last person to see decedent alive, according to the Medical Examiner's Report.

26.   **OFFICER DIMLER** was the individual corrections officer or staff responsible for the care, treatment, supervision and monitoring of the plaintiff's decedent, **MULLIN**, at the time of death and throughout the course of **OFFICER DIMLER'S** shift.

27.   **OFFICER DIMLER** knew or should have known of the history of suicide and psychiatric illness suffered by **MULLIN** as herein described, knew or should have known based on the transfer records from **KINTOCK** that **MULLIN** was an addict and required one on one constant supervision as he was at high risk for suicide and/or self-inflicted harm.

28.   **OFFICER DIMLER** knew that policy and procedure required direct and constant supervision and monitoring, and yet failed to abide by said policy and procedure, evidencing a gross indifference to the welfare of **MULLIN**.

29.   **OFFICER DIMLER** permitted **MULLIN** to be in a cell with materials, such as bedsheets, which are known to be used by inmates at risk to harm themselves, including the committing of suicide, in violation of procedure, policy and protocol.

30.   Defendant **BEATRICE TEEL, R.N.** was summoned to assist decedent after he was found unresponsive.

31.   Decedent was pronounced dead at 4:49 AM.

**A421**

32.    Defendant **BEATRICE TEEL, R.N.**, was the individual medical provider and/or staff responsible for the care, treatment, supervision and monitoring of the plaintiff's decedent, **MULLIN**, at the time of death and throughout the course of **BEATRICE TEEL's** shift.

33.    **BEATRICE TEEL, R.N.** knew or should have known of the history of suicide and psychiatric illness suffered by **MULLIN** as herein described, knew or should have known based on the transfer records from **KINTOCK** that **MULLIN** was an addict and required one on one constant supervision as he was at high risk for suicide and/or self-inflicted harm.

34.    **BEATRICE TEEL, R.N.** knew that policy and procedure required direct and constant supervision and monitoring, and yet failed to abide by said policy and procedure, evidencing a gross indifference to the welfare of **MULLIN**.

35.    **BEATRICE TEEL, R.N.** permitted **MULLIN** to be in a cell with materials, such as bed sheets, which are known to be used by inmates at risk to harm themselves, including the committing of suicide, in violation of procedure, policy and protocol.

36.    Defendants **BEATRIC TEEL, R.N.** and **OFFICER DIMLER** failed to review, evaluate, or follow the transfer records of **KINTOCK,** and/or failed to obtain and review them in determining the level of care and assistance required to maintain the well-being of **MULLIN**, including care and treatment for intoxication and the one to one supervision and monitoring required.

37.    During all relevant times between January 15, 2009 and the time and date of death on January 17, 2009, decedent plaintiff was under the custodial care of the **SUPERVISOR DEFENDANTS.**

38.    The original death certificate states the place of death as Trenton Psychiatric Hospital; the records from the DOC indicate plaintiff's location at death was in either South

Woods State Prison or C.R.A.F., and the amended death certificate identifies the location of death as C.R.A.F. A detective informed plaintiff that her son, plaintiff's decedent, had died at Trenton Psychiatric Hospital.

39.    On January 16, 2009, defendants **JANE BYRD, L.P.N., ERIN MARUSKY, R.N.,** and **BEATRICE TEEL, R.N.,** acting under color of law in their personal, individual and official capacities as employees, agents and servants of the **SUPERVISOR DEFENDANTS** and/or as individual medical providers contracted to work in the facilities managed by the **SUPERVISOR DEFENDANTS,** undertook to examine and evaluate plaintiff's decedent.

40.    Decedent's medical record obtained from the DOC reflects numerous entries from 2005 until his death evidencing his past suicide attempts, his diagnosis as a suicide risk, his family history of suicide, his history of mental illness including anxiety, depression and mood disorder, and his use of psychotropic medication for his psychiatric conditions.

41.    On several occasions, the record reflects that decedent answered "yes" to the question "have you ever been hospitalized or treated for psychiatric illness", and "have you ever considered or attempted suicide".

42.    Plaintiff Joan Mullin requested records and information regarding any investigation, follow up reports, internal affairs considerations, or any evidence of implementation of policy, procedure and standards necessary to identify and prevent occurrences such as the decedent's suicide. None were provided. Specific entries in the medical record are as follows:

43.    On August 19, 2005, the decedent Robert Mullin stated during the nursing intake that he had considered or attempted suicide, and that in April 2005 he had attempted suicide. The notes on that date also reflect that the decedent was taking "psych medications."

44.    On September 26, 2007, during a nursing intake, the decedent answered "yes" to the question "have you ever been hospitalized or treated for psychiatric illness," and "have you ever considered or attempted suicide." The notes on that date reflect again that decedent was taking "psych medications."

45.    On September 28, 2007, notes in the medical record reflect that decedent had a diagnosis of a mood disorder.

46.    On October 3, 2007, notes in the medical record reflect that that decedent had a diagnosis of a mood disorder, and he was taking the psychotropic medication Doxepin, and he was referred to "Mental Health."

47.    On November 16, 2007, and on at least seven other occasions in the following two-plus years until decedent's death, notes in the medical records reflect the diagnosis of "mood disorder," a family history of suicide, and a history of being a suicide risk.

48.    At least one of these entries details that the decedent was being treated for a psychiatric illness, namely depression and anxiety.

49.    On January 14, 2009, three days before decedent's death, the medical record reflects that the inmate was seen at South Woods State Prison, following a transfer from Kintock to Detention/ECU, and the diagnoses of "mood disorder," a family history of suicide, and a history of being a suicide risk.

50.    On January 16, 2009, an entry in the medical record identifies a "nursing intake" completed by defendant **JANE BYRD, L.P.N.** During that intake the decedent answered "Yes" to the question "have you ever been hospitalized or treated for psychiatric illness," and to the question "have you ever considered or attempted suicide." The medical record on that date also

includes the diagnoses of "mood disorder," a family history of suicide, and a history of being a suicide risk .

51.    A subsequent entry on January 16, 2009, signed by defendant **ERIN MARUSKY, R.N.** at 6:26 PM, states the location of care is "Central Reception & Assignment Facility – Main," and the narrative "[inmate] medically cleared for placement on S3 … Erin Marusky, R.N. January 16, 2009 6:25 PM."

52.    There is no reference in any record to a review of discharge information or transfer information from **KINTOCK** by either **JANE BYRD, L.P.N., ERIN MARUSKY, R.N.**, or **BEATRICE TEEL, R.N.** which would have notified them that **MULLIN** as an addict, a suicide risk, had a history of tremendous substance abuse, had been tested positive for opiates and cocaine immediately prior to transfer to their care, and that he required intensive medical care and supervision.

53.    At no time did any of the individual defendants **JANE BYRD, L.P.N, ERIN MARUSKY, R.N., BEATRICE TEEL** or **OFFCER DIMLER** evaluate **MULLIN** for intoxication as was required under policy and procedure.

54.    If said individual defendants above named had conducted a proper evaluation and review of **MULLIN**, including a review of the transfer records from **KINTOCK** and/or knowledge of same, **MULLIN** would have been transferred to the infirmary and/or been placed under constant supervision without the ability to harm himself.

55.    Said individual defendants failed to adequately evaluate, supervise or monitor plaintiff, which failures were the direct and proximate cause of the self-harm and suicide by **MULLIN.**

56.    Defendant **KINTOCK** failed to advise and/or notify the individual defendants **JANE BYRD, L.P.N, ERIN MARUSKY, R.N., BEATRICE TEEL** or **OFFCER DIMLER** of their findings and the need for care specifically related to addiction, psychological and emotional problems suffered by **MULLIN.**

57.    On January 17, 2009 an entry in the medical record identified the event as "internal other: death of inmate." This entry shows that defendant **BEATRICE TEEL, R.N.** was with an unnamed officer in the hallway on the floor at 4:24 AM, and CPR was performed by unnamed officers or medical providers, at which time the decedent was unresponsive. The unnamed officer, upon information and belief, was **OFFICER DIMLER.**

58.    A further entry in the record on Jan. 17, 2009, signed by **BEATRICE TEEL, R.N.** and showing her as the provider, identifies the event as "Emergency Report: Medical Emergency for code 66/late entry" repeats the entry, and adds a diagnosis list, including the history of mood disorder, family history of suicide, and that decedent was a suicide risk.

59.    Despite a known history of suicide attempts, anxiety, depression and psychiatric instability, as well as a recent history of drug use and addiction, defendants **JANE BYRD, L.P.N.** and **ERIN MARUSKY, R.N.** determined on Jan. 16, 2009 that plaintiff's decedent was medically cleared to be released into the general population at the C.R.A.F. and/or South Woods State Prison facility under the supervision, management and control of the **SUPERVISOR DEFENDANTS.**

60.    Despite a known history of decedent's suicide attempts, anxiety, depression and psychiatric instability, as well as a recent history of addiction and drug use, defendant **BEATRICE TEEL, R.N.,** on Jan. 16 and 17, 2009, failed to provide adequate medical

supervision and nursing care to decedent in the hours leading up to decedent's suicide, failed to intervene to prevent the suicide.

61. Despite a known history of decedent's suicide attempts, anxiety, depression and psychiatric instability, as well as a recent history of addiction and drug use, defendant **OFFICER DIMLER** on Jan. 16 and 17, 2009 failed to provide adequate protection and supervision to decedent in the hours leading up to decedent's suicide and failed to intervene to prevent the suicide.

62. Plaintiff's decedent had a known and documented history of suicide attempts and psychiatric disturbance dating from 2005, 2007, 2008 and 2009 up to and including his final evaluation prior to his death, which was known to, and should have been known to, the **SUPERVISOR DEFENDANTS,** defendants **JANE BYRD, L.P.N., ERIN MARUSKY, R.N, BEATRICE TEEL, R.N., OFFICER DIMLER,** and **KINTOCK**.

63. The **SUPERVISOR DEFENDANTS**, individually **KAREN BALICKI, ROBERT PATTERSON** and **MARIE DUNLAP-PRICE,** knew or should have known based on daily intake records at their disposal and for their review that **MULLIN** was being transferred into the facilities under their management, control and supervision, and knew or should have known of his current status of addiction, history of suicide attempts, emotional problems stemming from being recently fired and his current drug use.

64. The **SUPERVISOR DEFENDANTS**, individually **KAREN BALICKI, ROBERT PATTERSON** and **MARIE DUNLAP-PRICE** under policy and procedure were required to know the status of those persons brought under the custody of their facilities, and in particular were required to know the reasons for transfer and to review the transfer records.

65.    The **SUPERVISOR DEFENDANTS**, individually **KAREN BALICKI, ROBERT PATTERSON** and **MARIE DUNLAP-PRICE** failed to either obtain and/or review the transfer records from **KINTOCK,** and failed to see to it that **MULLIN** was properly treated as a suicide risk and that he was treated for drug addiction in the infirmary under close watch and supervision as opposed to being released to a cell with inadequate monitoring and supervision.

66.    The **SUPERVISOR DEFENDANTS**, individually **KAREN BALICKI, ROBERT PATTERSON** and **MARIE DUNLAP-PRICE** failed to enact, implement and enforce policies and procedures requiring the review of records received from any transferring facilities, including halfway houses regarding those inmates transferred back into detention, failed to enact, implement and enforce policies and procedures for the handling of those at risk for self-harm and/or suicide and failed to enact, implement and enforce policies and procedures for the treatment of addiction and drug intoxication, all of which foreseeably led to the suicide of **MULLIN** and which evidenced a grace indifference and reckless disregard for the rights of **MULLIN** and others similarly situated to be maintained in a safe environment and to be protected from inflicting self-harm.

67.    Plaintiffs **JOAN MULLIN, as Administratrix Ad Prosequendum of the Estate of ROBERT MULLIN, JR.,** and **JOAN MULLIN, individually**, institute this action for compensatory and punitive damages arising out of the unlawful actions and conduct of the **SUPERVISOR DEFENDANTS** identified as **KAREN BALICKI, ROBERT PATTERSON** and **MARIE DUNLAP-PRICE** defendants **JANE BYRD, L.P.N, ERIN MARUSKY, R.N, BEATRICE TEEL, R.N., OFFICER DIMLER, KINTOCK,** and **JOHN DOES 4-10** and **ABC ENTITIES 1-10** in violating the civil rights of plaintiff's decedent protected by and secured under the provisions of the First, Fourth, Sixth, Eighth, Ninth and Fourteenth

amendments to the United States Constitution and under the laws of the United States, particularly under the Civil Rights Act, Title 42 of the United States Code, Section 1983.

68.    At all relevant times herein, the **SUPERVISOR DEFENDANTS,** defendants **JANE BYRD, L.P.N.** in her personal, individual and official capacities, **ERIN MARUSKY, R.N,** in her personal, individual and official capacities, **BEATRICE TEEL, R.N.,** in her personal, individual and official capacities, **OFFICER DIMLER,** in his personal, individual and official capacities, **KINTOCK, JOHN DOES 4-10** in their personal, individual and official capacities, and **ABC ENTITIES 1-10** were acting under color of state law and within the scope of their authority as agents, servants and employees of said defendants.

69.    Plaintiffs also institute this action pursuant to the laws of the State of New Jersey for damages arising by reason of wrongful death, pain and suffering, hedonistic damages, negligence, infliction of mental distress, the failure to properly hire, train and supervise staff, employees, agents and servants, abuse of authority, failure to provide adequate medical care and treatment, malpractice and negligence.

70.    Plaintiffs were permitted to file a late Notice of Claim by Order of the Hon. Sue Regan dated February 10, 2010, which were served accordingly pursuant to New Jersey Statutes Title 59:8-4 and signed by plaintiff's representative, Shelley L. Stangler, Esq. upon the public entities employing the **SUPERVISOR DEFENDANTS, KINTOCK, JOHN DOES 4-10** and **ABC ENTITIES 1-10.**

71.    More than six (6) months have elapsed since service of plaintiff's Notices of Claims and the claims remain unresolved.

72.    This action was commenced within two (2) years from the date of the death, January 17, 2009.

## FIRST COUNT

73.    Plaintiffs repeat each and every allegation contained in paragraphs one (1) through seventy-two (72) as if set forth fully herein at length.

74.    At all relevant times herein, the **SUPERVISOR DEFENDANTS**, defendants **JANE BYRD, L.P.N.,** acting in her personal, individual and official capacities, **ERIN MARUSKY, R.N,** acting in her personal, individual and official capacities, **BEATRICE TEEL, R.N.,** acting in her personal, individual and official capacities, **OFFICER DIMLER,** acting in his personal, individual and official capacities, **KINTOCK,  JOHN DOES 4-10,** through their agents, servants and employees and acting in their personal, individual and official capacities, and **ABC ENTITIES 1-10,** were acting under color of law under the state and federal Constitutions, statutes, laws, charters, ordinances, rules, regulations, customs, usages and practices of the subject governmental departments, agencies and entities and within the scope of their authority as employees and/or officers of the State of New Jersey, the DOC, South Woods State Prison and/or C.R.A.F.

75.    During all relevant times herein the aforementioned defendants acted jointly and in concert with each other, and conspired and agreed between and amongst themselves to commit the unlawful violation of civil rights upon plaintiff's decedent **ROBERT MULLIN** (hereinafter **"MULLIN"**) as well as to fail to provide proper medical care to **MULLIN.**

76.    In particular, defendants agreed and conspired not to provide sufficient and adequate medical care to **MULLIN**, not to provide sufficient and adequate supervision, to violate protocols and policies designed to stop and avoid suicide by those persons, such as plaintiff's decedent, under the control and custody of the defendants, to fail to monitor and supervise **MULLIN**, to fail to intervene or protect **MULLIN** from danger and imminent physical

harm, to fail to treat for addiction and intoxication and to allow **MULLIN** to have the ability to commit suicide.

77.    During all relevant times herein the **SUPERVISOR DEFENDANTS**, defendants **JANE BYRD, L.P.N.** acting in her personal, individual and official capacities, **ERIN MARUSKY, R.N,** acting in her personal, individual and official capacities, **BEATRICE TEEL, R.N.,** acting in her personal, individual and official capacities, **OFFICER DIMLER,** acting in his personal, individual and official capacities, **KINTOCK, JOHN DOES 4-10,** acting in their personal, individual and official capacities, and **ABC ENTITIES 1-10,** by and through their agents, servants, and employees acted with deliberate and conscious indifference to **MULLIN'S** constitutional rights which violations arose out of a pattern or custom or policy and practice by each of the defendants, in permitting and allowing **MULLIN** to be unsupervised, alone, and with the wherewithal to do harm to himself, in failing to provide medical attention, in failing to review transfer records and failing to see to it that each inmate was properly evaluated, in failing to see to it that **MULLIN** was maintained in the infirmary and treated for drug intoxication and addition,  in failing to enact, implement, promulgate and enforce policies, procedures and standards with respect to suicide watch and avoidance, inadequate recordkeeping, in failing to intervene, in exposing plaintiff's decedent to imminent bodily harm, which was foreseeable under the circumstances, in allowing unsafe conditions to exist in the defendant correctional facilities, infirmaries and hospital,  in failing to properly hire, train and supervise their employees in the proper conduct of their duties, among other acts and omissions.

78.    In particular, there are no known records of any investigation or internal affair reports made in connection with the death of **MULLIN**.

79.    At all relevant times herein the defendants, individually and collectively, through their agents, servants and employees were acting within the scope of their employment and duties at the time of the subject events as well as in their personal, individual and official capacities.

80.    At all relevant times herein the defendants, individually and collectively, through their agents, servants and employees, and acting in their personal, individual and official capacities, by reason of their acts, omissions, deliberate and conscious indifference to the rights of **MULLIN**, and by a pattern of abuse and violation of procedure and protocol, and failure to provide medical treatment inclusive of mental health services, and by their failure to provide **MULLIN** with a safe environment and by putting him in a position to harm himself, deprived **MULLIN** of his rights, privileges and immunities secured by the Constitution and laws of the United States, and are liable to the plaintiffs pursuant to Title 42 Sections 1983 of the United States Code and the New Jersey Civil Rights Statute Title 10 and under state common law.

81.    The defendants, their agents, servants and employees allowed, condoned and permitted the circumstances under which suicide and harm could occur, and with deliberate indifference failed to prevent it, failed to intervene, failed to provide proper medical care and services, and subjected **MULLIN** to cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution.

82.    In particular, the **SUPERVISOR DEFENDANTS**, individually had a personal obligation to review the transfer records of each and every inmate being admitted to their facility and to see to it that each individual inmate was accorded the care, treatment and supervision required, including **MULLIN.**

83.    The defendants, their agents, servants and employees deprived **MULLIN** of his rights, privileges and immunities secured by the Constitution and laws of the United States including violation of his Fourteenth Amendment rights of due process, equal protection, his First Amendment rights, his Fourth Amendment rights and his rights of privacy, as well as his Fifth and Sixth Amendment rights.

84.    At all relevant times herein the aforedescribed acts were committed under color of law within the authority of the agents, servants and employees of the defendants.

85.    The defendants, individually and collectively acted pursuant to official policy and/or custom and to deprive plaintiff's decedent of his constitutional rights under 42 U.S. Code section 1983.

86.    By reason of the foregoing, defendants violated the civil rights of plaintiff's decedent.

87.    By reason of the foregoing, and as a direct and proximate result of defendants' constitutional violations, plaintiff's decedent **MULLIN** sustained serious and severe injuries which resulted in his death.

88.    The decedent left him surviving his mother, **JOAN MULLIN**, and other next of kin.

89.    As a direct and proximate result of the constitutional violations as aforedescribed, plaintiff's decedent **MULLIN** was caused to suffer severe, painful and permanent personal injuries, emotional anguish and great physical pain.

90.    As a direct and proximate result of the constitutional violations as aforedescribed, plaintiff **JOAN MULLIN** has been damaged and has been permanently deprived of the

services, society, care, companionship, support and guidance of plaintiff's decedent for the life expectancy of decedent.

91.    By reason of the foregoing and wrongful death of plaintiff's decedent, plaintiff JOAN MULLIN has been damaged.

92.    By reason of the foregoing and wrongful death of plaintiff's decedent plaintiff JOAN MULLIN has suffered pecuniary losses and has been compelled to expend and incur various sums of money for funeral and burial expenses.

93.    By reason of the foregoing and wrongful death plaintiff's decedent has suffered loss of enjoyment of life.

94.    WHEREFORE, plaintiffs JOAN MULLIN, as Administratrix Ad Prosequendum of the ESTATE of ROBERT MULLIN, JR., and JOAN MULLIN individually, demands judgment against defendants, ADMINISTRATOR KAREN BALICKI, DIRECTOR ROBERT PATTERSON, DIRECTOR MARIE DUNLAP-PRYCE, CHIEF EXECUTIVE OFFICER TERESA MCQUAIDE RN, APRN-BC, JANE BYRD, L.P.N., ERIN MARUSKY, R.N., BEATRICE TEEL, R.N., OFFICER DIMLER, KINTOCK GROUP, MERCER COUNTY, JOHN DOES 4-10 and ABC ENTITIES 1-10 jointly and severally for compensatory and punitive damages, funeral bills, together with interest, costs of suit and attorneys' fees.

## SECOND COUNT

95.    Plaintiffs repeat and reallege each and every allegation contained in paragraph one (1) through ninety-four (94) of the complaint as if set forth fully herein at length.

96.    Defendants, individually and collectively, through their agents, servants and employees acted pursuant to official policy and/or custom to deprive plaintiff's decedent of his

constitutional rights under Title 10 of the New Jersey statutes, known as the New Jersey Civil Rights Act, N.J.S.A. 10:6-1 *et seq*. Specifically, by their actions, defendants deprived plaintiff's decedent of his right to be free from cruel or unusual punishment as provided by the New Jersey Constitution, Article 12 and his right to due process as provided by the New Jersey Constitution, Article 1.

97.    By reason of the foregoing, and as a direct and proximate result of defendants' constitutional violations, plaintiff's decedent **MULLIN** sustained serious and severe injuries which resulted in his death.

98.    The decedent left his surviving mother, **JOAN MULLIN**, and other next of kin.

99.    As a direct and proximate result of the constitutional violations as aforedescribed, plaintiff's decedent **MULLIN** was caused to suffer severe, painful and permanent personal injuries, emotional anguish and great physical pain.

100.    As a direct and proximate result of the constitutional violations as aforedescribed, plaintiff **JOAN MULLIN** has been damaged and has been permanently deprived of the services, society, care, companionship, support and guidance of plaintiff's decedent for the life expectancy of decedent.

101.    By reason of the foregoing and wrongful death of plaintiff's decedent, plaintiff **JOAN MULLIN** has been damaged.

102.    By reason of the foregoing and wrongful death of plaintiff's decedent plaintiff **JOAN MULLIN** has suffered pecuniary losses and has been compelled to expend and incur various sums of money for funeral and burial expenses.

103.    By reason of the foregoing and wrongful death plaintiff's decedent has suffered loss of enjoyment of life.

104.   WHEREFORE, plaintiffs JOAN MULLIN, as Administratrix Ad Prosequendum of the ESTATE of ROBERT MULLIN, JR.,  and JOAN MULLIN individually, demands judgment against defendants, ADMINISTRATOR KAREN BALICKI, DIRECTOR ROBERT PATTERSON, DIRECTOR MARIE DUNLAP-PRYCE, CHIEF EXECUTIVE OFFICER TERESA MCQUAIDE RN, APRN-BC, JANE BYRD, L.P.N., ERIN MARUSKY, R.N., BEATRICE TEEL, R.N., OFFICER DIMLER, KINTOCK GROUP, MERCER COUNTY, JOHN DOES 4-10 and ABC ENTITIES 1-10 jointly and severally for compensatory and punitive damages, funeral bills, together with interest, costs of suit and attorneys' fees.

### THIRD COUNT

105.    Plaintiffs repeat and reallege each and every allegation contained in paragraphs one (1) through one-hundred four (104) of the Complaint as if set forth fully herein at length.

106.    At all relevant times herein defendants were under a duty to act reasonably in the performance of their duties as corrections officers, staff, medical providers and supervisors in the control, maintenance, operation, handling and management of the jail and correctional facilities and/or in the hospital, in the provision of medical care and treatment,  in properly supervising and monitoring plaintiff's decedent, in following and promulgating appropriate policies and procedures with respect to those who are likely to harm themselves, including the commission of suicide, and to prevent such harm from occurring, and to intervene to avoid and prevent such harm from occurring, and in providing proper training to those with the responsibility for the care and management of those under custodial or hospital care.

107.    At all relevant times herein defendants were under a duty to act reasonably in following and maintaining proper protocol, policy, procedures, rules and guidelines enacted and

propounded with respect to their duties and the care and management of plaintiff's decedent and others similarly situated.

108.     Defendants, individually and collectively were negligent and careless in their failure to properly hire, retain, train and supervise officers, staff, employees, agents, servants and medical providers with respect to the evaluation, classification, care and management of plaintiff's decedent, in their failure to properly implement, enact, enforce, follow and maintain proper protocol, policy, procedures, rules and guidelines; in their failure to intervene to prevent the suicide, in their failure to prevent the suicide, in their failure to manage and operate their facilities in a reasonable manner so as to prevent the occurrence, and were negligent and careless in the failure to provide adequate medical attention and treatment, among other acts of negligence and omissions.

109.     Defendants, individually and collectively were negligent and careless in failing to properly discipline their staff, employees, agents and servants despite knowledge of their failure to take proper action to avoid the subject occurrence and similar occurrences and to prevent those in plaintiff's decedent's position from harming themselves.

110.     The personal injuries, death and damages suffered by plaintiff's decedent were caused solely as a result of the negligence and carelessness of the defendants, individually and collectively.

111.     By reason of the foregoing, and as a direct and proximate result of defendants' negligence as aforedescribed, plaintiff's decedent **MULLIN** sustained serious and severe injuries which resulted in his death.

112.     The decedent left his surviving mother, **JOAN MULLIN**, and other next of kin.

113.    As a direct and proximate result of the negligence as aforedescribed, plaintiff's decedent **MULLIN** was caused to suffer severe, painful and permanent personal injuries, emotional anguish and great physical pain.

114.    As a direct and proximate result of the negligence as aforedescribed, plaintiff **JOAN MULLIN** has been damaged and has been permanently deprived of the services, society, care, companionship, support and guidance of plaintiff's decedent for the life expectancy of decedent.

115.    By reason of the foregoing and wrongful death of plaintiff's decedent, plaintiff **JOAN MULLIN** has been damaged.

116.    By reason of the foregoing and wrongful death of plaintiff's decedent plaintiff **JOAN MULLIN** has suffered pecuniary losses and has been compelled to expend and incur various sums of money for funeral and burial expenses.

117.    By reason of the foregoing and wrongful death plaintiff's decedent has suffered loss of enjoyment of life.

118.    **BEFORE**, plaintiffs **JOAN MULLIN, as Administratrix Ad Prosequendum of the ESTATE of ROBERT MULLIN, JR.**,   and **JOAN MULLIN individually**, demands judgment against defendants, **ADMINISTRATOR KAREN BALICKI, DIRECTOR ROBERT PATTERSON, DIRECTOR MARIE DUNLAP-PRYCE, CHIEF EXECUTIVE OFFICER TERESA MCQUAIDE RN, APRN-BC, JANE BYRD, L.P.N., ERIN MARUSKY, R.N., BEATRICE TEEL, R.N., OFFICER DIMLER, KINTOCK GROUP, MERCER COUNTY, JOHN DOES 4-10** and **ABC ENTITIES 1-10** jointly and severally for compensatory and punitive damages, funeral bills, together with interest, costs of suit and attorneys' fees.

## FOURTH COUNT

119.    Plaintiffs repeat and reallege each and every allegation contained in paragraphs one (1) through one-hundred eighteen (118) of the Complaint as if set forth fully herein at length.

120.    During the period he remained in their custody and care, the defendants individually and collectively, through their agents, servants and employees, engaged in actions intended to inflict severe emotional trauma upon plaintiff's decedent **MULLIN.**

121.    By reason of the deliberate indifference and reckless disregard for the rights of **MULLIN,** and of the deprivation of constitutional rights as aforedescribed, including the intentional failure to follow policies and procedures, the failure to provide adequate medical care and treatment, the failure to supervise and monitor, the failure to train, **MULLIN** was subjected to intentional infliction of emotional distress.

122.    The emotional distress was severe and outrageous.

123.    The emotional distress was of such character that no reasonable person could be expected to endure it.

124.    In particular, the emotional distress aggravated and exacerbated decedent **MULLIN'S** previously diagnosed psychiatric conditions which increased the likelihood and foreseeability of self-inflicted harm, including suicide.

125.    In addition or in the alternative, plaintiff's decedent suffered emotional harm due to the negligence and carelessness of the defendants.

126.    By reason of the aforesaid intentional and negligent infliction of mental distress, plaintiff's decedent **MULLIN** was caused to suffer pain, suffering, humiliation, embarrassment and anguish, all to his damage.

127.    By reason of the foregoing infliction of mental distress, both intentional and negligent, plaintiff's decedent **MULLIN** has been damaged.

128.    The decedent left his surviving mother, **JOAN MULLIN**, and other next of kin.

129.    As a direct and proximate result of the negligence as aforedescribed, plaintiff's decedent **MULLIN** was caused to suffer severe, painful and permanent personal injuries, emotional anguish and great physical pain.

130.    As a direct and proximate result of the negligence as aforedescribed, plaintiff **JOAN MULLIN** has been damaged and has been permanently deprived of the services, society, care, companionship, support and guidance of plaintiff's decedent for the life expectancy of decedent.

131.    By reason of the foregoing and wrongful death of plaintiff's decedent, plaintiff **JOAN MULLIN** has been damaged.

132.    By reason of the foregoing and wrongful death of plaintiff's decedent, plaintiff **JOAN MULLIN** has suffered pecuniary losses and has been compelled to expend and incur various sums of money for funeral and burial expenses.

133.    By reason of the foregoing and wrongful death plaintiff's decedent has suffered loss of enjoyment of life.

134.    **WHEREFORE,** plaintiffs **JOAN MULLIN, as Administratrix Ad Prosequendum of the ESTATE of ROBERT MULLIN, JR.,** and **JOAN MULLIN individually,** demands judgment against defendants, **ADMINISTRATOR KAREN BALICKI, DIRECTOR ROBERT PATTERSON, DIRECTOR MARIE DUNLAP-PRYCE, CHIEF EXECUTIVE OFFICER TERESA MCQUAIDE RN, APRN-BC, JANE BYRD, L.P.N., ERIN MARUSKY, R.N., BEATRICE TEEL, R.N., OFFICER DIMLER, KINTOCK**

GROUP, **MERCER COUNTY, JOHN DOES 4-10** and **ABC ENTITIES 1-10** jointly and severally for compensatory and punitive damages, funeral bills, together with interest, costs of suit and attorneys' fees.

## FIFTH COUNT

135.    Plaintiffs repeat and reallege each and every allegation contained in paragraphs one (1) through one-hundred thirty four (134) as if set forth herein fully at length.

136.    The **SUPERVISOR DEFENDANTS'** and **KINTOCK's** unlawful acts constitute abuse of process.

137.    By reason of the foregoing, and as a direct and proximate result of defendants' abuse of process, plaintiff's decedent **MULLIN** sustained serious and severe injuries which resulted in his death.

138.    The decedent left his surviving mother, **JOAN MULLIN**, and other next of kin.

139.    As a direct and proximate result of the abuse of process, plaintiff's decedent **MULLIN** was caused to suffer severe, painful and permanent personal injuries, emotional anguish and great physical pain.

140.    As a direct and proximate result of the abuse of process as aforedescribed, plaintiff **JOAN MULLIN** has been damaged and has been permanently deprived of the services, society, care, companionship, support and guidance of plaintiff's decedent for the life expectancy of decedent.

141.    By reason of the foregoing and wrongful death of plaintiff's decedent, plaintiff **JOAN MULLIN** has been damaged.

142. By reason of the foregoing abuse of process and wrongful death of plaintiff's decedent, plaintiff **JOAN MULLIN** has suffered pecuniary losses and has been compelled to expend and incur various sums of money for funeral and burial expenses.

143. By reason of the foregoing and wrongful death plaintiff's decedent has suffered loss of enjoyment of life.

144. **WHEREFORE**, plaintiffs **JOAN MULLIN, as Administratrix Ad Prosequendum of the ESTATE of ROBERT MULLIN, JR.,** and **JOAN MULLIN individually,** demands judgment against defendants, **ADMINISTRATOR KAREN BALICKI, DIRECTOR ROBERT PATTERSON, DIRECTOR MARIE DUNLAP-PRYCE, CHIEF EXECUTIVE OFFICER TERESA MCQUAIDE RN, APRN-BC, JANE BYRD, L.P.N., ERIN MARUSKY, R.N., BEATRICE TEEL, R.N., OFFICER DIMLER, KINTOCK GROUP, MERCER COUNTY, JOHN DOES 4-10** and **ABC ENTITIES 1-10** jointly and severally for compensatory and punitive damages, funeral bills, together with interest, costs of suit and attorneys' fees.

### SIXTH COUNT

145. Plaintiffs repeat and reallege each and every allegation contained in paragraphs one (1) through one-hundred forty four (144) of the Complaint as if set forth fully herein at length.

146. At all relevant times herein defendants, individually and collectively, undertook to diagnose and treat any medical conditions suffered by plaintiff's decedent, including mental health, emotional, psychological and psychiatric care and treatment, and were under a duty to do so.

**A442**

147.   At all relevant times herein defendants, individually and collectively, undertook to diagnose and treat plaintiff's decedent **MULLIN.**

148.   At all relevant times herein defendants, individually and collectively, and in particular defendants **JANE BYRD, L.P.N., ERIN MARUSKY, R.N., BEATRICE TEEL, R.N.,** and **CHIEF EXECUTIVE OFFICER TERESA MCQUAIDE,** held themselves out to plaintiff's decedent as facilities/persons able to and furnishing medical treatment and medical care.

149.   At all relevant times herein defendants individually and collectively, and in particular defendants **JANE BYRD, L.P.N., ERIN MARUSKY, R.N., BEATRICE TEEL, R.N.** and **CHIEF EXECUTIVE OFFICER TERESA MCQUAIDE RN, APRN-BC** owed a duty to the plaintiff's decedent and to others likewise situated to use reasonably prudent and non-negligent medical care.

150.   Between January 15, 2009 and January 17, 2009 plaintiff's decedent came under the care of the medical staff, infirmary, agents, servants and employees and/or contractors of the defendants.

151.   At all relevant times herein defendants held themselves out as maintaining adequate and competent agents, servants and employees and further warranted and represented that their agents, servants and/or employees were qualified and trained to provide proper medical care and treatment as required and further warranted and represented themselves as being equipped in sufficient manner to render such proper care and treatment, including care and treatment involving mental health, emotional stability, psychological and psychiatric care.

152.   The defendants, individually and collectively failed to exercise reasonable and ordinary care in the treatment of plaintiff's decedent, failed to exercise that degree of care to be

exercised by a hospital and medical staff in similar circumstances and were negligent and careless in the care and treatment of plaintiff's decedent **MULLIN.**

153.    The defendants, individually and collectively failed to exercise reasonable and ordinary care in the treatment of **MULLIN,** failed to exercise that degree of care to be expected by a hospital, nurses, and medical providers in correctional facilities in similar circumstances and were negligent and careless in the care and treatment of **MULLIN.**

154.    The defendants, individually and collectively, their agents, servants, employees and contractors were negligent and careless in failing to hire, train and supervise adequate staff, in failing to recognize various signs symptoms, indications and manifestations of medical and psychological problems in **MULLIN,** in failing to maintain adequate and proper protocols and standards for the handling of persons in the condition of **MULLIN**, in failing to maintain proper record keeping protocol; in failing to properly diagnosis **MULLIN'S** condition and failing to provide adequate care, failing to appreciate the likelihood that **MULLIN** could or would inflict harm to himself, failed to provide proper counseling and guidance, failing to properly evaluate his mental state so as to avoid the occurrence, and in otherwise failing and omitting to maintain that degree of care and treatment for sick patients that a prudent hospital and prudent doctors, interns, nurses, attendant and other medical providers would have maintained under like circumstances and like conditions.

155.    By reason of the aforesaid medical and nursing malpractice, plaintiff's decedent was caused to suffer severe, painful and permanent personal injuries, sustained severe nervous shock, mental anguish and great physical pain, was prevented from engaging in his usual activities and committed suicide.

156.    By reason of the foregoing, and as a direct and proximate result of defendants' medical negligence as aforedescribed, plaintiff's decedent **MULLIN** sustained serious and severe injuries which resulted in his death.

157.    The decedent left his surviving mother, **JOAN MULLIN**, and other next of kin.

158.    As a direct and proximate result of the medical negligence as aforedescribed, plaintiff's decedent **MULLIN** was caused to suffer severe, painful and permanent personal injuries, emotional anguish and great physical pain.

159.    As a direct and proximate result of the medical negligence as aforedescribed, plaintiff **JOAN MULLIN** has been damaged and has been permanently deprived of the services, society, care, companionship, support and guidance of plaintiff's decedent for the life expectancy of decedent.

160.    By reason of the foregoing medical negligence and wrongful death of plaintiff's decedent, plaintiff **JOAN MULLIN** has been damaged.

161.    By reason of the foregoing medical negligence and wrongful death of plaintiff's decedent plaintiff **JOAN MULLIN** has suffered pecuniary losses and has been compelled to expend and incur various sums of money for funeral and burial expenses.

162.    By reason of the foregoing and wrongful death plaintiff's decedent has suffered loss of enjoyment of life.

.    **WHEREFORE**, plaintiffs **JOAN MULLIN, as Administratrix Ad Prosequendum of the ESTATE of ROBERT MULLIN, JR.**, and **JOAN MULLIN individually,** demands judgment against defendants, **ADMINISTRATOR KAREN BALICKI, DIRECTOR ROBERT PATTERSON, DIRECTOR MARIE DUNLAP-PRYCE, CHIEF EXECUTIVE OFFICER TERESA MCQUAIDE RN, APRN-BC, JANE BYRD, L.P.N.,**

ERIN MARUSKY, R.N., BEATRICE TEEL, R.N., OFFICER DIMLER, KINTOCK GROUP, MERCER COUNTY, JOHN DOES 4-10 and ABC ENTITIES 1-10 jointly and severally for compensatory and punitive damages, funeral bills, together with interest, costs of suit and attorneys' fees.

> SHELLEY L. STANGLER, P.C.
> **Attorney for Plaintiffs**

Dated:

BY:_____

SHELLEY L. STANGLER, ESQ.

## DEMAND FOR JURY TRIAL

Plaintiffs demands a trial by jury of all issues so triable.

Dated:                          BY:_____

SHELLEY L. STANGLER, ESQ.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:24-4, **SHELLEY L. STANGLER, ESQ.** is hereby designated as trial counsel on behalf of the plaintiff in the within matter.

Dated                           BY:_____

SHELLEY L. STANGLER, ESQ.

## CERTIFICATION

SHELLEY L. STANGLER, ESQ., of full age, certifies:

1.  SHELLEY L. STANGLER, P.C. has been retained to represent plaintiffs, **JOAN MULLIN, as Administratrix of the Estate of ROBERT MULLIN, JR, and JOAN MULLIN individually** in connection with the within matter.  I am the attorney in charge of the case.

2.  The matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, and no other action or arbitration proceeding is contemplated by plaintiff.

3.  There are no other parties who should be joined in this action.

I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.


DATED:                                     _____

                                           **SHELLEY L. STANGLER**

*The Law Offices Of*

# SHELLEY L. STANGLER, P.C.

SHELLEY L. STANGLER
ATTORNEY AT LAW

MEMBER N.J. BAR & N.Y. BAR

A PROFESSIONAL CORPORATION
155 MORRIS AVENUE
SPRINGFIELD, NJ 07081
TEL: 973.379.2500
FAX: 973.379.0031
E-MAIL: SHELLEY@STANGLERLAW.COM
WWW.STANGLERLAW.COM

NEW YORK OFFICE
1 OLD COUNTRY ROAD
STE. 210
CARLE PLACE, NY 11514
TEL: 646.205.0659



+

February 10, 2012

BY ORDINARY MAIL, FACSIMILE
BYCERTIFIED MAIL, RRR
State of New Jersey
Office of the Attorney General
Division of Law
25 Market Street
P.O. Box 116
Trenton, NJ 08625-0116
Susan M. Scott, Esq.

Kevin A. Terhune, DAG
Office of the Attorney General
Division of Law
25 Market Street
P.O. Box 116
Trenton, NJ 08625-0116

John J. Welch, Esq.
2329 State Highway 43
Suite 103
Manasquan, NJ 08736-1442

Farkas & Donohue, LLC
25A Hanover Road
Florham Park, NJ 07932
Attn: David C. Donohue, Esq.

> **Re:    Estate of Robert Mullin vs. State of New Jersey, et al.**
> **Civil Action No.: 3:11-0247 (MCL/LHG)**

Dear Counsel:

This letter also constitutes formal written request for defendants, including Kintock, to release all records relating to decedent as they are necessary for expert review and preparation of an Affidavit of Merit in connection with the medical negligence claims in this case. See, N.J.S.A. 2A:53A-28.

You are required to produce these records as in a formal notice to produce within 30 days.   If there is any objection please advise immediately.  We also intend to file a motion to compel.

Thank you.

Very truly yours,

SHELLEY L. STANGLER, ESQ.

SLS/mf
Enc.

*The Law Offices Of*

# SHELLEY L. STANGLER, P.C.

A PROFESSIONAL CORPORATION

SHELLEY L. STANGLER
ATTORNEY AT LAW

MEMBER N.J. BAR & N.Y. BAR

155 MORRIS AVENUE
SPRINGFIELD, NJ 07081
TEL: 973.379.2500
FAX: 973.379.0031
E-MAIL:SHELLEY@STANGLERLAW.COM
WWW.STANGLERLAW.COM

NEW YORK OFFICE
1 OLD COUNTRY ROAD
STE. 210
CARLE PLACE, NY 11514
TEL: 646.205.0659

February 27, 2012

BY FAX & ORDINARY MAIL
John J. Welch, Esq.
2329 State Highway 43
Suite 103
Manasquan, NJ 08736-1442

        Re:    Estate of Robert Mullin vs. State of New Jersey, et al.
               Civil Action No.: 11-0247 (MCL/LHG)

Dear Mr. Welsh:

      This letter will confirm our conversation after the court's telephonic conference of February 23, 2012 and set forth the documents we are seeking relative to the Affidavit of Merit issue.

      It is our understanding that decedent was set to be released from Kintock at or around the time of the events leading to his death on or about January 17, 2009. However, we are advised that due to a deteriorating mental/emotional/psychological condition, real or perceived, that decedent was removed from Kintock. The family does not know where or under what circumstances he was released.

      We are advised that there was an incident or series of incidents involving aggressive, erratic, insubordinate or other behavioral issues and/or some event which precipitated decedent's removal or transfer from your client's care and custody.

      Our nurse expert requires the chain of events leading from Kintock to Trenton Psychiatric hospital and/or to Southwoods State Prison or the C.R.A.F. facility in order to determine issues relevant to medical negligence.

      Therefore we hereby request those records, without regard to date(s), that contain information relevant to decedent's transfer from your custody as well as the events that precipitated it along with decedent's medical chart or evaluations in your possession.

SHELLEY L. STANGLER, P.C.

I trust this gives you a better understanding of the records we need. If I fail to hear from you I will presume that we do not need to report back to the Court and that you will be providing these records within 45 days of my February 10, 2012 letter or within 30 days of the Court's conference which would be on or before March 23, 2012.

Very truly yours,

SHELLEY L. STANGLER, ESQ.

Susan M. Scott, Esq. (by mail only)
Kevin Terhune, Esq. (by mail only)
David C. Donohue, Esq. (by mail only)

*The Law Offices Of*

# SHELLEY L. STANGLER, P.C.

SHELLEY L. STANGLER
ATTORNEY AT LAW

MEMBER N.J. BAR & N.Y. BAR

A PROFESSIONAL CORPORATION
155 MORRIS AVENUE
SPRINGFIELD, NJ 07081
TEL: 973.379.2500
FAX: 973.379.0031
E-MAIL:SHELLEY@STANGLERLAW.COM
WWW.STANGLERLAW.COM

NEW YORK OFFICE
1 OLD COUNTRY ROAD
STE. 210
CARLE PLACE, NY 11514
TEL: 646.205.0659

June 20, 2012

Kevin A. Terhune, DAG
Office of the Attorney General
Division of Law
25 Market Street
P.O. Box 116
Trenton, NJ 08625-0116

John J. Welch, Esq.
2329 State Highway 43
Suite 103
Manasquan, NJ 08736-1442

> **Re:  Estate of Robert Mullin v. Administrator Karen Balicki, et al.**
> **Civil Action No.: 11-0247 (MCL/LHG)**

Dear Counsel:

Despite numerous requests we have never received the records from either Kintock or Trenton Psychiatric Hospital regarding plaintiff's descendent. Please forward the entire records within seven (7) days promptly to avoid Court intervention.

Very truly yours,

COPY

SHELLEY L. STANGLER, ESQ.

SLS/mf

cc     Joseph M. Micheletti, Esq.
       David C. Donohue, Esq.

**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| JOAN MULLIN, ADMINISTRATRIX OF THE ESTATE OF ROBERT MULLIN, deceased, and JOAN MULLIN, individually, | : : : : | CIVIL ACTION NO. 11-247 (MLC) |
|  | : | |
| Plaintiff, | : : | **O R D E R** |
| v. | : : | |
| STATE OF NEW JERSEY, et al., | : : | |
| Defendants. | : : | |

**THE PLAINTIFF** (1) purports to appeal from an order of the Magistrate Judge, entered June 19, 2012 ("June 2012 Order"), and (2) seeks leave to assert new claims based on newly-acquired information. (See dkt. entry no. 85.)  The plaintiff pursues both forms of relief under one notice of motion and in one brief. (Id.)  That is improper.

**AN APPEAL** from an order issued by a magistrate judge should be instituted by filing a separate notice of appeal before a district court judge.  See Fed.R.Civ.P. 72(a); L.Civ.R. 72.1(c)(1)(A).  An initial request for leave to assert new claims should be pursued in a separate motion before a magistrate judge. See Fed.R.Civ.P. 72(a); L.Civ.R. 72.1(a)(1).

**THE COURT** will not endeavor to parse the intertwined arguments presented by the plaintiff's brief.  Therefore, the Court will (1) dismiss the part of the motion purporting to appeal from the June 2012 Order without prejudice, (2) deny the

part of the motion seeking leave to assert new claims based on newly-acquired information without prejudice, (3) grant the plaintiff leave to file a separate notice of appeal from the June 2012 Order — and to file separate briefs and exhibits in support thereof — before this District Court Judge by July 17, 2012, and (4) grant the plaintiff leave to separately move for leave to assert new claims based on newly-acquired information — and to file separate briefs and exhibits in support thereof — before the Magistrate Judge by July 17, 2012.

**THE COURT** advises the defendants to refrain from arguing that the plaintiff's forthcoming notice of appeal is untimely, as (1) it appears that the plaintiff's original attempt to appeal from the June 2012 Order was nonetheless timely, see L.Civ.R. 72.1(c)(1)(A), and (2) the plaintiff will be filing a separate notice of appeal at the Court's direction.  See L.Civ.R. 83.2(b) ("any [Local Civil] Rule may be relaxed or dispensed with by the Court if adherence would result in surprise or injustice").

**FOR GOOD CAUSE APPEARING:**

**IT IS THEREFORE** on this        9th        day of July, 2012,
**ORDERED** that the plaintiff's motion, which (1) purports to appeal
from the Order of the Magistrate Judge, entered June 19, 2012,
and (2) seeks leave to assert new claims based on newly-acquired
information (dkt. entry no. 85), is resolved as follows:

   **DISMISSED WITHOUT PREJUDICE TO THE EXTENT** that it
purports to appeal from the Order of the Magistrate Judge,
entered June 19, 2012, and

   **DENIED WITHOUT PREJUDICE TO THE EXTENT** that it seeks
leave to assert new claims based on newly-acquired information;
and

   **IT IS FURTHER ORDERED** that the plaintiff is **GRANTED LEAVE** to
file a separate notice of appeal from the Order of the Magistrate
Judge, entered June 19, 2012, as well as separate briefs and
exhibits in support thereof, before this District Court Judge **BY
JULY 17, 2012**, and in accordance with the Federal Rules of Civil
Procedure and the Local Civil Rules; and

   **IT IS FURTHER ORDERED** that the plaintiff is **GRANTED LEAVE** to
separately move for leave to assert new claims based on newly-
acquired information, as well as separate briefs and exhibits in
support thereof, before the Magistrate Judge **BY JULY 17, 2012**,
and in accordance with the Federal Rules of Civil Procedure and
the Local Civil Rules; and

**IT IS FURTHER ORDERED** that the defendants must file new and separate briefs and exhibits in opposition to the appeal and to the motion for leave, in accordance with the Federal Rules of Civil Procedure and the Local Civil Rules, if they indeed oppose any of the relief sought by the plaintiff.

_____s/ Mary L. Cooper_____
**MARY L. COOPER**
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOAN MULLIN, ADMINISTRATRIX OF THE ESTATE OF ROBERT MULLIN, deceased and JOAN MULLIN,  individually,<br>Plaintiffs,<br><br>v.<br><br>ADMINISTRATOR KAREN BALICKI, in her personal, individual and professional capacities representing the State of New Jersey, the Department of Corrections of the State of New Jersey, South Woods State Prison, and Central Reception & Assignment Facility (C.R.A.F.), DIRECTOR ROBERT PATTERSON, in his personal, individual and professional capacities, representing the State of New Jersey, the Department of Corrections of the State of New Jersey, South Woods State Prison, and Central Reception & Assignment Facility (C.R.A.F.) DIRECTOR MARIE DUNLAP-PRYCE, in her personal, individual and professional capacities, representing the State of New Jersey, the Department of Corrections of the State of New Jersey, South Woods State Prison, and Central Reception & Assignment Facility (C.R.A.F.), JANE BYRD, L.P.N., in her personal, individual and professional capacities, ERIN MARUSKY, R.N., in her personal, individual and professional capacities, OFFICER DIMLER, in his personal, individual and professional capacities BEATRICE TEEL, R.N., in her personal, individual and professional capacities, CHIEF EXECUTIVE OFFICER TERESA MCQUAIDE, RN, APRN-BC, in her personal, individual and professional capacities representing the Trenton Psychiatric Hospital; KINTOCK GROUP, MERCER COUNTY, JOHN DOES 4-10 (as yet unidentified and unknown governmental, county, or state officials, supervisors, agents or employees) in their personal, individual and professional capacities, ABC ENTITIES 1-10 (as yet unidentified and unknown governmental entities, agencies, units or subdivisions,<br>Defendants. | Civ. No. 3:11-cv-00247 (MLS-LHG)<br><br><br>NOTICE OF APPEAL OBJECTING TO  MAGISTRATE ORDER OF JUNE 19, 2012 DENYING AMENDMENT OF THE COMPLAINT |

**ON NOTICE TO:**

U.S. District Court of Trenton
Clarkson S. Fisher Building
& U.S. Courthouse
402 East State Street Room 2020
Trenton, NJ 08608

State of New Jersey
Office of the Attorney General
Division of Law
25 Market Street
P.O. Box 116
Trenton, NJ 08625-0116
Attn: Joseph M. Micheletti, Esq.

Kevin A. Terhune, DAG
Office of the Attorney General
Division of Law
25 Market Street
P.O. Box 116
Trenton, NJ 08625-0116

John J. Welch, Esq.
2329 State Highway 43
Suite 103
Manasquan, NJ 08736-1442

Farkas & Donohue, LLC
25A Hanover Road
Florham Park, NJ 07932
Attn: David C. Donohue, Esq.

**PLEASE TAKE NOTICE,** that on August 20, 2012 at 9:00a.m. in the forenoon or as
soon thereafter as counsel may be heard, the undersigned, attorney for plaintiffs Joan Mullin,
Administratrix of the Estate of Robert Mullin will apply to the United States District Court,
District of New Jersey, before the Hon. Mary L. Cooper reversing the Order of U.S. Magistrate
Judge Louis H. Goodman dated June 19, 2012 (Docket entry #80), denying Plaintiff's request for
leave to amend the Complaint to add claims against Officer Dimler and Nurse Teel.

**PLEASE TAKE FURTHER NOTICE** that the undersigned will rely upon the

Certification of Shelley L. Stangler, Esq, and accompanying brief and exhibits in support of the

motion.

Oral argument is requested.

A form of proposed Order is enclosed.

This motion is filed pursuant to the Order of The Hon. Mary L Cooper of July 9, 2012,

Docket Entry No. 89.

**SHELLEY L. STANGLER, P.C.**
Attorney for Plaintiffs

By: _____
**SHELLEY L. STANGLER, ESQ.**

Dated: July 16, 2012

*The Law Offices Of*

# SHELLEY L. STANGLER, P.C.

A PROFESSIONAL CORPORATION
155 MORRIS AVENUE
SPRINGFIELD, NJ 07081
TEL: 973.379.2500
FAX: 973.379.0031
E-MAIL:SHELLEY@STANGLERLAW.COM
WWW.STANGLERLAW.COM

SHELLEY L. STANGLER
ATTORNEY AT LAW
MEMBER N.J. BAR & N.Y. BAR

NEW YORK OFFICE
1 OLD COUNTRY ROAD
STE. 210
CARLE PLACE, NY 11514
TEL: 646.205.0659

July 16, 2012

VIA ELECTRONIC FILING
U.S. District Court of Trenton
Clarkson S. Fisher Building
& U.S. Courthouse
402 East State Street Room 2020
Trenton, NJ 08608

> **Re: Estate of Robert Mullin vs. The State of New Jersey, et als**
> **Case No: 3:11-cv-00247-MLC -LHG**

Dear Sir/Madame:

With regard to the above matter, enclosed please find:

- Notice of Appeal Objecting to Magistrate Order of June 19, 2012
- Certification of Service
- Certification of Counsel
- Brief
- Proposed Order

Thank you.

Very truly yours,

SHELLEY L. STANGLER, ESQ.

SLS/mf
Enc.

cc:   The Hon. Judge Mary L. Cooper
      Joseph M. Micheletti, Esq.
      John J. Welsh, Esq.
      Kevin A. Terhune, DAG
      David C. Donohue, Esq.

**A460**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

JOAN MULLIN, ADMINISTRATRIX OF THE        )
ESTATE OF ROBERT MULLIN, deceased and     )
JOAN MULLIN, individually,                )
                    Plaintiffs,           )
                                          )
            v.                            )
                                          )        Civ. No. 3:11-cv-00247 (MLS-LHG)
ADMINISTRATOR KAREN BALICKI, in her       )
personal, individual and professional capacities )
representing the State of New Jersey, the  )
Department of Corrections of the State of New )
Jersey, South Woods State Prison, and Central )
Reception & Assignment Facility (C.R.A.F.), )        CERTIFICATION OF SERVICE
DIRECTOR ROBERT PATTERSON, in his         )
personal, individual and professional capacities, )
representing the State of New Jersey, the  )
Department of Corrections of the State of New )
Jersey, South Woods State Prison, and Central )
Reception & Assignment Facility (C.R.A.F.) )
DIRECTOR MARIE DUNLAP-PRYCE, in her       )
personal, individual and professional capacities, )
representing the State of New Jersey, the  )
Department of Corrections of the State of New )
Jersey, South Woods State Prison, and Central )
Reception & Assignment Facility (C.R.A.F.), )
JANE BYRD, L.P.N., in her personal, individual )
and professional capacities, ERIN MARUSKY, )
R.N., in her personal, individual and professional )
capacities, OFFICER DIMLER, in his personal, )
individual and professional capacities BEATRICE )
TEEL, R.N., in her personal, individual and )
professional capacities, CHIEF EXECUTIVE  )
OFFICER TERESA MCQUAIDE, RN, APRN-        )
BC, in her personal, individual and professional )
capacities representing the Trenton Psychiatric )
Hospital; KINTOCK GROUP, MERCER          )
COUNTY, JOHN DOES 4-10 (as yet unidentified )
and unknown governmental, county, or state )
officials, supervisors, agents or employees) in their )
personal, individual and professional capacities, )
ABC ENTITIES 1-10 (as yet unidentified and )
unknown governmental entities, agencies, units or )
subdivisions,                             )
                    Defendants.

I hereby certify that the enclosed documents: Notice of Motion, Certification of Counsel,

Brief in support of motion appealing magistrate order and proposed Order  were served with the

Clerk of the Court using the CM/ECF and the following:

Joseph M. Micheletti, DAG
Office of the Attorney General
Division of Law
25 Market Street, P.O. Box 116
Trenton, NJ 08625-0116
*Attorney for Administrator Karen Balicki, Director Robert Patterson, Director Marie*
*Dunlap-Pryce, and Jane Byrd, L.P.N.*

Kevin A. Terhune, DAG
Office of the Attorney General
Division of Law
25 Market Street, P.O. Box 116
Trenton, NJ 08625-0116
*Attorney for defendant Trenton Psychiatric Hospital*

John J. Welch, Esq.
2329 State Highway 43, Suite 103
Manasquan, NJ 08736-1442
*Attorney for Kintock Group*

David C. Donohue, Esq.
Farkas & Donohue
389 Passaic Ave., 3d Floor
Fairfield, NJ 07004
*Attorneys for Jane Byrd, LPN*

I certify that the foregoing statements made by me are true.  I am aware that if any of the

foregoing statements made by me are willfully false, I am subject to punishment.

SHELLEY L. STANGLER, ESQ.

Dated: July 16, 2012

**A462**

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOAN MULLIN, ADMINISTRATRIX OF THE ESTATE OF ROBERT MULLIN, deceased and JOAN MULLIN, individually, <br> Plaintiffs, <br><br> v. <br><br> ADMINISTRATOR KAREN BALICKI, in her personal, individual and professional capacities representing the State of New Jersey, the Department of Corrections of the State of New Jersey, South Woods State Prison, and Central Reception & Assignment Facility (C.R.A.F.), DIRECTOR ROBERT PATTERSON, in his personal, individual and professional capacities, representing the State of New Jersey, the Department of Corrections of the State of New Jersey, South Woods State Prison, and Central Reception & Assignment Facility (C.R.A.F.) DIRECTOR MARIE DUNLAP-PRYCE, in her personal, individual and professional capacities, representing the State of New Jersey, the Department of Corrections of the State of New Jersey, South Woods State Prison, and Central Reception & Assignment Facility (C.R.A.F.), JANE BYRD, L.P.N., in her personal, individual and professional capacities, ERIN MARUSKY, R.N., in her personal, individual and professional capacities, OFFICER DIMLER, in his personal, individual and professional capacities BEATRICE TEEL, R.N., in her personal, individual and professional capacities, CHIEF EXECUTIVE OFFICER TERESA MCQUAIDE, RN, APRN-BC, in her personal, individual and professional capacities representing the Trenton Psychiatric Hospital; KINTOCK GROUP, MERCER COUNTY, JOHN DOES 4-10 (as yet unidentified and unknown governmental, county, or state officials, supervisors, agents or employees) in their personal, individual and professional capacities, ABC ENTITIES 1-10 (as yet unidentified and unknown governmental entities, agencies, units or subdivisions, <br> Defendants. | Civ. No. 3:11-cv-00247 (MLS-LHG) <br><br><br> CERTIFICATION IN SUPPORT OF MOTION TO APPEAL MAGISTRATE ORDER OF JUNE 19, 2012 |

Shelley L. Stangler, Esq., hereby certifies as follows:

1.      I am an attorney at law of the State of New Jersey and represent plaintiff herein. I am fully familiar with the facts and circumstances of this case. This motion is made in support of plaintiff's appeal from the June 19, 2012 Order of the Hon. Lois H. Goodman which denied plaintiff the ability to amend the complaint to name defendants Officer Dimler and Nurse Teel and add them as defendants to the complaint (Docket Entry No. 80).

2.      As set forth in the accompanying Brief, plaintiff appeals only that part of the Order denying the amendment as to Dimler and Teel, and does not appeal that portion of the Order denying amendment as to a third defendant, Supervisory Official Theresa McQuaide or that part of the Order barring the claim asserted under 42 U.S.C. Section 1985.

3.      The Second Amended Complaint which is the subject of the June 19, 2012 Order can be found at Docket Entries Nos. 34-4 and 34-5 as well as Docket No. 46-1.

4.      On July 2, 2012, plaintiff received new information from defendant Kintock Group that was unknown to plaintiff, which establish new facts supporting plaintiff's allegations as to the failure to supervise, monitor and provide treatment for plaintiff's decedent, an addict who was found positive for cocaine and opiates immediately prior to transfer back to the defendant correctional facilities.

5.      Plaintiff received this information as she was in the process of drafting the initial motion and brief appealing the decision of the Magistrate, Docket Entry No. 85.

6.      Although counsel recognized the procedural problem of combining both the Notice of Appeal of the Magistrate Order along with a further motion to amend the complaint, in

2

**A464**

view of the fact that the new information was received the day before the appeal was due, dealt with the same parties and facts and sought simultaneous relief, counsel filed the motions together.

7.    On July 9, 2012, Judge Mary L. Cooper noted the filing to be improper, and ordered that both the Notice/Motion to Appeal and the Motion to Amend the Complaint be dismissed without prejudice, granting plaintiff the right to refile each motion individually and separately by July 17, 2012. Docket Entry No: 89.

8.    Plaintiff regrets the inconvenience to the Court.

9.    Plaintiff is filing the motion to amend the Complaint.

10.    Plaintiff relies on the accompanying Brief in support of this motion to appeal the Magistrate's Order. Because the new facts brought to light provide further basis for liability against the individually named defendants which are the subject of this Notice of Appeal, and because the Magistrate's determination as to whether to now permit an Amendment including these individuals to go forward under a Fourth Amended Complaint, filed under Docket Entry No. 85-5 and refiled with the new motion to amend, it is requested that the Court hold this notice of motion appealing the Magistrate's Order in abeyance pending the decision on the new motion, as (1) an Order permitting the amendment would moot this appeal and (2) an order denying the new amendment will result in a further Notice of Appeal which could be consolidated for purposes of judicial economy and efficiency. The Court has the power to control the docket, and under the circumstances counsel believes that would be appropriate (See Plaintiff's Brief).

3

**A465**

11.    This motion is filed pursuant to the Order of Judge Mary L. Cooper dated July 9,

2012, Docket Entry No. 89.

WHEREFORE, it is respectfully requested that the relief be granted, along with such

other relief as this Court deems just and proper.

Dated: July 16, 2012

BY: SHELLEY L. STANGLER, ESQ.

4

**A466**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOAN MULLIN, ADMINISTRATRIX OF THE ESTATE OF ROBERT MULLIN, deceased and JOAN MULLIN, individually, Plaintiffs, | ) ) ) ) ) |
| v. | ) ) |
| ADMINISTRATOR KAREN BALICKI, in her personal, individual and professional capacities representing the State of New Jersey, the Department of Corrections of the State of New Jersey, South Woods State Prison, and Central Reception & Assignment Facility (C.R.A.F.), DIRECTOR ROBERT PATTERSON, in his personal, individual and professional capacities, representing the State of New Jersey, the Department of Corrections of the State of New Jersey, South Woods State Prison, and Central Reception & Assignment Facility (C.R.A.F.) DIRECTOR MARIE DUNLAP-PRYCE, in her personal, individual and professional capacities, representing the State of New Jersey, the Department of Corrections of the State of New Jersey, South Woods State Prison, and Central Reception & Assignment Facility (C.R.A.F.), JANE BYRD, L.P.N., in her personal, individual and professional capacities, ERIN MARUSKY, R.N., in her personal, individual and professional capacities, OFFICER DIMLER, in his personal, individual and professional capacities BEATRICE TEEL, R.N., in her personal, individual and professional capacities, CHIEF EXECUTIVE OFFICER TERESA MCQUAIDE, RN, APRN-BC, in her personal, individual and professional capacities representing the Trenton Psychiatric Hospital; KINTOCK GROUP, MERCER COUNTY, JOHN DOES 4-10 (as yet unidentified and unknown governmental, county, or state officials, supervisors, agents or employees) in their personal, individual and professional capacities, ABC ENTITIES 1-10 (as yet unidentified and unknown governmental entities, agencies, units or subdivisions, Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Civ. No. 3:11-cv-00247 (MLS-LHG)  NOTICE OF MOTION TO AMEND THE COMPLAINT BASED ON NEW INFORMATION RECEIVED JULY 2, 2012 |

**ON NOTICE TO:**

U.S. District Court of Trenton
Clarkson S. Fisher Building
& U.S. Courthouse
402 East State Street Room 2020
Trenton, NJ 08608

State of New Jersey
Office of the Attorney General
Division of Law
25 Market Street
P.O. Box 116
Trenton, NJ 08625-0116
Attn: Joseph M. Micheletti, Esq.

Kevin A. Terhune, DAG
Office of the Attorney General
Division of Law
25 Market Street
P.O. Box 116
Trenton, NJ 08625-0116

John J. Welch, Esq.
2329 State Highway 43
Suite 103
Manasquan, NJ 08736-1442

Farkas & Donohue, LLC
25A Hanover Road
Florham Park, NJ 07932
Attn: David C. Donohue, Esq.

**PLEASE TAKE NOTICE,** that on August 20, 2012 at 9:00a.m. in the forenoon or as soon thereafter as counsel may be heard, the undersigned, attorney for plaintiffs Joan Mullin, Administratrix of the Estate of Robert Mullin will apply to the United States District Court, District of New Jersey, before the Hon. Lois H. Goodman for an Order permitting amendment of the complaint to name individuals and add new factual allegations.

**PLEASE TAKE FURTHER NOTICE** that the undersigned will rely upon the

Certification of Shelley L. Stangler, Esq, and accompanying brief and exhibits in support of the

motion.

Oral argument is requested.

A form of proposed Order is enclosed.

This motion is filed pursuant to the Order of the Hon. Mary L. Cooper, Docket Entry #89.

**SHELLEY L. STANGLER, P.C.**
Attorney for Plaintiffs

By: _____
**SHELLEY L. STANGLER, ESQ.**

Dated: July 16, 2012

*The Law Offices Of*

# SHELLEY L. STANGLER, P.C.

A PROFESSIONAL CORPORATION
155 MORRIS AVENUE
SPRINGFIELD, NJ 07081
TEL: 973.379.2500
FAX: 973.379.0031
E-MAIL:SHELLEY@STANGLERLAW.COM
WWW.STANGLERLAW.COM

SHELLEY L. STANGLER
ATTORNEY AT LAW
MEMBER N.J. BAR & N.Y. BAR

NEW YORK OFFICE
1 OLD COUNTRY ROAD
STE. 210
CARLE PLACE, NY 11514
TEL: 646.205.0659

July 16, 2012

VIA ELECTRONIC FILING
U.S. District Court of Trenton
Clarkson S. Fisher Building
& U.S. Courthouse
402 East State Street Room 2020
Trenton, NJ 08608

> **Re: Estate of Robert Mullin vs. The State of New Jersey, et als**
> **Case No: 3:11-cv-00247-MLC -LHG**

Dear Sir/Madame:

With regard to the above matter, enclosed please find:

- Notice of Motion to Amend the Complaint
- Certification of Service
- Certification of Counsel with Exhibits
- Brief
- Proposed Order

Thank you.

Very truly yours,

SHELLEY L. STANGLER, ESQ.

SLS/mf
Enc.

cc:   The Hon. Judge Mary L. Cooper
      Joseph M. Micheletti, Esq.
      John J. Welsh, Esq.
      Kevin A. Terhune, DAG
      David C. Donohue, Esq.

**A470**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

JOAN MULLIN, ADMINISTRATRIX OF THE ) 
ESTATE OF ROBERT MULLIN, deceased and ) 
JOAN MULLIN,  individually, ) 
          Plaintiffs, ) 
             v. ) 
                                                   )    Civ. No. 3:11-cv-00247 (MLS-LHG)
ADMINISTRATOR KAREN BALICKI, in her ) 
personal, individual and professional capacities ) 
representing the State of New Jersey, the ) 
Department of Corrections of the State of New ) 
Jersey, South Woods State Prison, and Central ) 
Reception & Assignment Facility (C.R.A.F.), )    CERTIFICATION OF SERVICE
DIRECTOR ROBERT PATTERSON, in his ) 
personal, individual and professional capacities, ) 
representing the State of New Jersey, the ) 
Department of Corrections of the State of New ) 
Jersey, South Woods State Prison, and Central ) 
Reception & Assignment Facility (C.R.A.F.) ) 
DIRECTOR MARIE DUNLAP-PRYCE, in her ) 
personal, individual and professional capacities, ) 
representing the State of New Jersey, the ) 
Department of Corrections of the State of New ) 
Jersey, South Woods State Prison, and Central ) 
Reception & Assignment Facility (C.R.A.F.), ) 
JANE BYRD, L.P.N., in her personal, individual ) 
and professional capacities, ERIN MARUSKY, ) 
R.N., in her personal, individual and professional ) 
capacities, OFFICER DIMLER, in his personal, ) 
individual and professional capacities BEATRICE ) 
TEEL, R.N., in her personal, individual and ) 
professional capacities, CHIEF EXECUTIVE ) 
OFFICER TERESA MCQUAIDE, RN, APRN- ) 
BC, in her personal, individual and professional ) 
capacities representing the Trenton Psychiatric ) 
Hospital; KINTOCK GROUP, MERCER ) 
COUNTY, JOHN DOES 4-10 (as yet unidentified ) 
and unknown governmental, county, or state ) 
officials, supervisors, agents or employees) in their ) 
personal, individual and professional capacities, ) 
ABC ENTITIES 1-10 (as yet unidentified and ) 
unknown governmental entities, agencies, units or ) 
subdivisions, ) 
               Defendants.

I hereby certify that the enclosed documents: Notice of Motion, Certification of Counsel,

Brief in support of motion amending the complaint and to file and serve a Fourth Amended

Complaint  were served with the Clerk of the Court using the CM/ECF and the following:

Joseph M. Micheletti, DAG
Office of the Attorney General
Division of Law
25 Market Street, P.O. Box 116
Trenton, NJ 08625-0116
*Attorney for Administrator Karen Balicki, Director Robert Patterson, Director Marie
Dunlap-Pryce, and Jane Byrd, L.P.N.*

Kevin A. Terhune, DAG
Office of the Attorney General
Division of Law
25 Market Street, P.O. Box 116
Trenton, NJ 08625-0116
*Attorney for defendant Trenton Psychiatric Hospital*

John J. Welch, Esq.
2329 State Highway 43, Suite 103
Manasquan, NJ 08736-1442
*Attorney for Kintock Group*

David C. Donohue, Esq.
Farkas & Donohue
389 Passaic Ave., 3d Floor
Fairfield, NJ 07004
*Attorneys for Jane Byrd, LPN*

I certify that the foregoing statements made by me are true.  I am aware that if any of the

foregoing statements made by me are willfully false, I am subject to punishment.

SHELLEY L. STANGLER, ESQ.

Dated: July 16, 2012

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JOAN MULLIN, ADMINISTRATRIX OF THE ESTATE OF ROBERT MULLIN, deceased and JOAN MULLIN, individually,<br>    Plaintiffs,<br><br>        v.<br><br>ADMINISTRATOR KAREN BALICKI, in her personal, individual and professional capacities representing the State of New Jersey, the Department of Corrections of the State of New Jersey, South Woods State Prison, and Central Reception & Assignment Facility (C.R.A.F.), DIRECTOR ROBERT PATTERSON, in his personal, individual and professional capacities, representing the State of New Jersey, the Department of Corrections of the State of New Jersey, South Woods State Prison, and Central Reception & Assignment Facility (C.R.A.F.) DIRECTOR MARIE DUNLAP-PRYCE, in her personal, individual and professional capacities, representing the State of New Jersey, the Department of Corrections of the State of New Jersey, South Woods State Prison, and Central Reception & Assignment Facility (C.R.A.F.), JANE BYRD, L.P.N., in her personal, individual and professional capacities, ERIN MARUSKY, R.N., in her personal, individual and professional capacities, OFFICER DIMLER, in his personal, individual and professional capacities BEATRICE TEEL, R.N., in her personal, individual and professional capacities, CHIEF EXECUTIVE OFFICER TERESA MCQUAIDE, RN, APRN-BC, in her personal, individual and professional capacities representing the Trenton Psychiatric Hospital; KINTOCK GROUP, MERCER COUNTY, JOHN DOES 4-10 (as yet unidentified and unknown governmental, county, or state officials, supervisors, agents or employees) in their personal, individual and professional capacities, ABC ENTITIES 1-10 (as yet unidentified and unknown governmental entities, agencies, units or subdivisions,<br>        Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civ. No. 3:11-cv-00247 (MLS-LHG)<br><br><br>**CERTIFICATION IN SUPPORT OF MOTION TO AMEND THE COMPLAINT BASED ON NEW INFORMATION RECEIVED JULY 2, 2012** |

**A473**

Shelley L. Stangler, Esq., hereby certifies as follows:

1.      I am an attorney at law of the State of New Jersey and represent plaintiff herein.  I am fully familiar with the facts and circumstances of this case.  This motion is made in support of plaintiff's motion to file a further amended complaint based on newly discovery facts previously unknown and unavailable to plaintiff.

2.      The last Order regarding amendment to the Complaint was the June 19, 2012 Order of the Hon. Lois H. Goodman which considered plaintiff's motion for Reconsideration of the motion denying plaintiff's request to name individual defendants Officer Dimler and Nurse Teel.  Docket Entry No: 80.  The lengthy procedural history of the various motions to amend and their result can be found in Plaintiff's Brief.

3.      Plaintiff filed an appeal of the Order denying the amendment as to Officer Dimler and Nurse Teel along with a motion to amend the complaint (Docket Entry No: 85).  The District Judge thereafter ruled that procedure to be improper and allowed plaintiff to refile both motions separately by July 17, 2012.  This motion follows.

4.      On July 2, 2012, plaintiff received new information from defendant Kintock Group that was unknown to plaintiff.  Because the documents contained sensitive and private information, plaintiff provided the parties and the Court with a copy designated Exhibit "A" to the motion to appeal and to amend under separate cover (Docket Entry No. 85-4)..  That letter, dated July 5, 2012 and documents are incorporated by reference as part of this motion.  These documents are described and discussed in the accompanying Brief and proposed  Fourth Amended Complaint.

5.      The proposed Fourth Amended Complaint was also filed with the motion to appeal and amend, Docket Entry No. 85-5 and 85-6 and is refiled as an exhibit to this motion as (Exhibit "A").

6.      By letters dated February 10, 2012 and February 27, 2012 plaintiff requested all records relating to the incarceration of Mullin in the possession of defendants Kintock and Trenton Psychiatric Hospital (Exhibit "B").

6.      The documents establish new facts which support plaintiff's allegations as to the failure to supervise, monitor and provide treatment for plaintiff's decedent, an addict who was found positive for cocaine and opiates immediately prior to transfer back to the defendant correctional facilities (See Plaintiff's Brief).

7.      Plaintiff relies on the accompanying Brief in support of this motion to appeal the Magistrate's Order and in support of the further motion to amend the complaint.

8.      This motion is filed pursuant to the Order and with the permission of the Court, Docket No. 89.

WHEREFORE, it is respectfully requested that the relief be granted, along with such other relief as this Court deems just and proper.

Dated: July 16, 2012

BY: SHELLEY L. STANGLER, ESQ.

# EXHIBIT A

## SECOND AMENDED COMPLAINT
*improperly designated*
## FOURTH AMENDED COMPLAINT

## DUPLICATE

## APPENDIX  262

# EXHIBIT B

## FEBRUARY 10, 2012 LETTER
## FEBRUARY 27, 2012 LETTER
## JUNE 20, 2012 LETTER

# DUPLICATE

## APPENDIX 448, 450 & 452

*The Law Offices Of*

# SHELLEY L. STANGLER, P.C.

A PROFESSIONAL CORPORATION

SHELLEY L. STANGLER
ATTORNEY AT LAW

MEMBER N.J. BAR & N.Y. BAR

155 MORRIS AVENUE
SPRINGFIELD, NJ 07081
TEL: 973.379.2500
FAX: 973.379.0031
E-MAIL:SHELLEY@STANGLERLAW.COM
WWW. STANGLERLAW.COM

NEW YORK OFFICE
1 OLD COUNTRY ROAD
STE. 210
CARLE PLACE, NY 11514
TEL: 646.205.0659

July 16, 2012

VIA ELECTRONIC FILING
U.S. District Court of Trenton
Clarkson S. Fisher Building
& U.S. Courthouse
402 East State Street Room 2020
Trenton, NJ 08608

> **Re: Estate of Robert Mullin vs. The State of New Jersey, et als**
> **Case No: 3:11-cv-00247-MLC -LHG**

Dear Sir/Madame:

With regard to the above matter, enclosed please find:

- Notice of Appeal Objecting to Magistrate Order of June 19, 2012
- Certification of Service
- Certification of Counsel
- Brief
- Proposed Order

Thank you.

Very truly yours,

SHELLEY L. STANGLER, ESQ.

SLS/mf
Enc.

cc:   The Hon. Judge Mary L. Cooper
      Joseph M. Micheletti, Esq.
      John J. Welsh, Esq.
      Kevin A. Terhune, DAG
      David C. Donohue, Esq.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOAN MULLIN, ADMINISTRATRIX OF THE ESTATE OF ROBERT MULLIN, deceased and JOAN MULLIN, individually, <br> Plaintiffs, <br><br> v. <br><br> ADMINISTRATOR KAREN BALICKI, in her personal, individual and professional capacities representing the State of New Jersey, the Department of Corrections of the State of New Jersey, South Woods State Prison, and Central Reception & Assignment Facility (C.R.A.F.), DIRECTOR ROBERT PATTERSON, in his personal, individual and professional capacities, representing the State of New Jersey, the Department of Corrections of the State of New Jersey, South Woods State Prison, and Central Reception & Assignment Facility (C.R.A.F.) DIRECTOR MARIE DUNLAP-PRYCE, in her personal, individual and professional capacities, representing the State of New Jersey, the Department of Corrections of the State of New Jersey, South Woods State Prison, and Central Reception & Assignment Facility (C.R.A.F.), JANE BYRD, L.P.N., in her personal, individual and professional capacities, ERIN MARUSKY, R.N., in her personal, individual and professional capacities, OFFICER DIMLER, in his personal, individual and professional capacities BEATRICE TEEL, R.N., in her personal, individual and professional capacities, CHIEF EXECUTIVE OFFICER TERESA MCQUAIDE, RN, APRN-BC, in her personal, individual and professional capacities representing the Trenton Psychiatric Hospital; KINTOCK GROUP, MERCER COUNTY, JOHN DOES 4-10 (as yet unidentified and unknown governmental, county, or state officials, supervisors, agents or employees) in their personal, individual and professional capacities, ABC ENTITIES 1-10 (as yet unidentified and unknown governmental entities, agencies, units or subdivisions, <br> Defendants. | Civ. No. 3:11-cv-00247 (MLS-LHG) <br><br><br> NOTICE OF APPEAL OBJECTING TO MAGISTRATE ORDER OF JUNE 19, 2012 DENYING AMENDMENT OF THE COMPLAINT |

**ON NOTICE TO:**

> U.S. District Court of Trenton
> Clarkson S. Fisher Building
> & U.S. Courthouse
> 402 East State Street Room 2020
> Trenton, NJ 08608
>
> State of New Jersey
> Office of the Attorney General
> Division of Law
> 25 Market Street
> P.O. Box 116
> Trenton, NJ 08625-0116
> Attn: Joseph M. Micheletti, Esq.
>
> Kevin A. Terhune, DAG
> Office of the Attorney General
> Division of Law
> 25 Market Street
> P.O. Box 116
> Trenton, NJ 08625-0116
>
> John J. Welch, Esq.
> 2329 State Highway 43
> Suite 103
> Manasquan, NJ 08736-1442
>
> Farkas & Donohue, LLC
> 25A Hanover Road
> Florham Park, NJ 07932
> Attn: David C. Donohue, Esq.

**PLEASE TAKE NOTICE,** that on August 20, 2012 at 9:00a.m. in the forenoon or as soon thereafter as counsel may be heard, the undersigned, attorney for plaintiffs Joan Mullin, Administratrix of the Estate of Robert Mullin will apply to the United States District Court, District of New Jersey, before the Hon. Mary L. Cooper reversing the Order of U.S. Magistrate Judge Louis H. Goodman dated June 19, 2012 (Docket entry #80), denying Plaintiff's request for leave to amend the Complaint to add claims against Officer Dimler and Nurse Teel.

**A480**

**PLEASE TAKE FURTHER NOTICE** that the undersigned will rely upon the

Certification of Shelley L. Stangler, Esq, and accompanying brief and exhibits in support of the

motion.

Oral argument is requested.

A form of proposed Order is enclosed.

This motion is filed pursuant to the Order of The Hon. Mary L Cooper of July 9, 2012,

Docket Entry No. 89.


                                        **SHELLEY L. STANGLER, P.C.**
                                        Attorney for Plaintiffs


                                        By: _____
                                            **SHELLEY L. STANGLER, ESQ.**

Dated: July 16, 2012

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOAN MULLIN, ADMINISTRATRIX OF THE ESTATE OF ROBERT MULLIN, deceased and JOAN MULLIN, individually, Plaintiffs, v. ADMINISTRATOR KAREN BALICKI, in her personal, individual and professional capacities representing the State of New Jersey, the Department of Corrections of the State of New Jersey, South Woods State Prison, and Central Reception & Assignment Facility (C.R.A.F.), DIRECTOR ROBERT PATTERSON, in his personal, individual and professional capacities, representing the State of New Jersey, the Department of Corrections of the State of New Jersey, South Woods State Prison, and Central Reception & Assignment Facility (C.R.A.F.) DIRECTOR MARIE DUNLAP-PRYCE, in her personal, individual and professional capacities, representing the State of New Jersey, the Department of Corrections of the State of New Jersey, South Woods State Prison, and Central Reception & Assignment Facility (C.R.A.F.), JANE BYRD, L.P.N., in her personal, individual and professional capacities, ERIN MARUSKY, R.N., in her personal, individual and professional capacities, OFFICER DIMLER, in his personal, individual and professional capacities BEATRICE TEEL, R.N., in her personal, individual and professional capacities, CHIEF EXECUTIVE OFFICER TERESA MCQUAIDE, RN, APRN-BC, in her personal, individual and professional capacities representing the Trenton Psychiatric Hospital; KINTOCK GROUP, MERCER COUNTY, JOHN DOES 4-10 (as yet unidentified and unknown governmental, county, or state officials, supervisors, agents or employees) in their personal, individual and professional capacities, ABC ENTITIES 1-10 (as yet unidentified and unknown governmental entities, agencies, units or subdivisions, Defendants. | Civ. No. 3:11-cv-00247 (MLS-LHG) CERTIFICATION OF SERVICE |

A482

I hereby certify that the enclosed documents: Notice of Motion, Certification of Counsel,

Brief in support of motion appealing magistrate order and proposed Order  were served with the

Clerk of the Court using the CM/ECF and the following:

Joseph M. Micheletti, DAG
Office of the Attorney General
Division of Law
25 Market Street, P.O. Box 116
Trenton, NJ 08625-0116
*Attorney for Administrator Karen Balicki, Director Robert Patterson, Director Marie
Dunlap-Pryce, and Jane Byrd, L.P.N.*

Kevin A. Terhune, DAG
Office of the Attorney General
Division of Law
25 Market Street, P.O. Box 116
Trenton, NJ 08625-0116
*Attorney for defendant Trenton Psychiatric Hospital*

John J. Welch, Esq.
2329 State Highway 43, Suite 103
Manasquan, NJ 08736-1442
*Attorney for Kintock Group*

David C. Donohue, Esq.
Farkas & Donohue
389 Passaic Ave., 3d Floor
Fairfield, NJ 07004
*Attorneys for Jane Byrd, LPN*

I certify that the foregoing statements made by me are true.  I am aware that if any of the

foregoing statements made by me are willfully false, I am subject to punishment.

_____
SHELLEY L. STANGLER, ESQ.

Dated: July 16, 2012

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW JERSEY

JOAN MULLIN, ADMINISTRATRIX OF THE
ESTATE OF ROBERT MULLIN, deceased and
JOAN MULLIN, individually,
        Plaintiffs,

      v.

ADMINISTRATOR KAREN BALICKI, in her
personal, individual and professional capacities
representing the State of New Jersey, the
Department of Corrections of the State of New
Jersey, South Woods State Prison, and Central
Reception & Assignment Facility (C.R.A.F.),
DIRECTOR ROBERT PATTERSON, in his
personal, individual and professional capacities,
representing the State of New Jersey, the
Department of Corrections of the State of New
Jersey, South Woods State Prison, and Central
Reception & Assignment Facility (C.R.A.F.)
DIRECTOR MARIE DUNLAP-PRYCE, in her
personal, individual and professional capacities,
representing the State of New Jersey, the
Department of Corrections of the State of New
Jersey, South Woods State Prison, and Central
Reception & Assignment Facility (C.R.A.F.),
JANE BYRD, L.P.N., in her personal, individual
and professional capacities, ERIN MARUSKY,
R.N., in her personal, individual and professional
capacities, OFFICER DIMLER, in his personal,
individual and professional capacities BEATRICE
TEEL, R.N., in her personal, individual and
professional capacities, CHIEF EXECUTIVE
OFFICER TERESA MCQUAIDE, RN, APRN-
BC, in her personal, individual and professional
capacities representing the Trenton Psychiatric
Hospital; KINTOCK GROUP, MERCER
COUNTY, JOHN DOES 4-10 (as yet unidentified
and unknown governmental, county, or state
officials, supervisors, agents or employees) in their
personal, individual and professional capacities,
ABC ENTITIES 1-10 (as yet unidentified and
unknown governmental entities, agencies, units or
subdivisions,
          Defendants.

Civ. No. 3:11-cv-00247 (MLS-LHG)


CERTIFICATION IN SUPPORT OF
MOTION TO APPEAL
MAGISTRATE ORDER OF
JUNE 19, 2012

Shelley L. Stangler, Esq., hereby certifies as follows:

1.      I am an attorney at law of the State of New Jersey and represent plaintiff herein. I am fully familiar with the facts and circumstances of this case. This motion is made in support of plaintiff's appeal from the June 19, 2012 Order of the Hon. Lois H. Goodman which denied plaintiff the ability to amend the complaint to name defendants Officer Dimler and Nurse Teel and add them as defendants to the complaint (Docket Entry No. 80).

2.      As set forth in the accompanying Brief, plaintiff appeals only that part of the Order denying the amendment as to Dimler and Teel, and does not appeal that portion of the Order denying amendment as to a third defendant, Supervisory Official Theresa McQuaide or that part of the Order barring the claim asserted under 42 U.S.C. Section 1985.

3.      The Second Amended Complaint which is the subject of the June 19, 2012 Order can be found at Docket Entries Nos. 34-4 and 34-5 as well as Docket No. 46-1.

4.      On July 2, 2012, plaintiff received new information from defendant Kintock Group that was unknown to plaintiff, which establish new facts supporting plaintiff's allegations as to the failure to supervise, monitor and provide treatment for plaintiff's decedent, an addict who was found positive for cocaine and opiates immediately prior to transfer back to the defendant correctional facilities.

5.      Plaintiff received this information as she was in the process of drafting the initial motion and brief appealing the decision of the Magistrate, Docket Entry No. 85.

6.      Although counsel recognized the procedural problem of combining both the Notice of Appeal of the Magistrate Order along with a further motion to amend the complaint, in

view of the fact that the new information was received the day before the appeal was due, dealt with the same parties and facts and sought simultaneous relief, counsel filed the motions together.

7.    On July 9, 2012, Judge Mary L. Cooper noted the filing to be improper, and ordered that both the Notice/Motion to Appeal and the Motion to Amend the Complaint be dismissed without prejudice, granting plaintiff the right to refile each motion individually and separately by July 17, 2012. Docket Entry No: 89.

8.    Plaintiff regrets the inconvenience to the Court.

9.    Plaintiff is filing the motion to amend the Complaint.

10.    Plaintiff relies on the accompanying Brief in support of this motion to appeal the Magistrate's Order.  Because the new facts brought to light provide further basis for liability against the individually named defendants which are the subject of this Notice of Appeal, and because the Magistrate's determination as to whether to now permit an Amendment including these individuals to go forward under a Fourth Amended Complaint, filed under Docket Entry No. 85-5 and refiled with the new motion to amend,  it is requested that the Court hold this notice of motion appealing the Magistrate's Order in abeyance pending the decision on the new motion, as (1)  an Order permitting the amendment would moot this appeal and (2) an order denying the new amendment will result in a further Notice of Appeal which could be consolidated for purposes of judicial economy and efficiency.  The Court has the power to control the docket, and under the circumstances counsel believes that would be appropriate (See Plaintiff's Brief).

11.    This motion is filed pursuant to the Order of Judge Mary L. Cooper dated July 9,

2012, Docket Entry No. 89.

WHEREFORE, it is respectfully requested that the relief be granted, along with such

other relief as this Court deems just and proper.

Dated:  July 16, 2012

_____

BY: SHELLEY L. STANGLER, ESQ.

4

**A487**

**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOAN MULLIN, ADMINISTRATRIX OF THE ESTATE OF ROBERT MULLIN, deceased, and JOAN MULLIN, individually,<br><br>    Plaintiff,<br><br>    v.<br><br>STATE OF NEW JERSEY, et al.,<br><br>    Defendants. | CIVIL ACTION NO. 11-247 (MLC)<br><br>**O P I N I O N** |

**THE PLAINTIFF**, Joan Mullin, earlier moved before the

Magistrate Judge for leave to amend the Complaint to, inter alia,

add "Officer Dimler" ("Dimler") and "Beatrice Teel, R.N." ("Teel")

as defendants to the action.  (See dkt. entry no. 31, Motion for

Leave to Amend; see also dkt. entry no. 35, Second Motion for Leave

to Amend.)  The Magistrate Judge, upon review of both the Motion

for Leave to Amend and the Second Motion for Leave to Amend ("the

Motions"), denied the Motions insofar as Mullin thereby sought to

add Dimler and Teel as defendants to the action.  (See generally

dkt. entry 43, 11-28-11 Order.)  The Magistrate Judge explained

that that Mullin failed to set forth sufficient factual allegations

to support the proposed claims raised against Dimler and Teel.

(See generally id.)

**MULLIN** timely moved for reconsideration of the 11-28-11 Order. (See dkt. entry no. 46, Motion for Reconsideration.)  The Magistrate Judge, upon reconsideration, again concluded that Mullin failed to set forth sufficient factual allegations relating to the proposed claims raised against Dimler and Teel.  (See dkt. entry no. 80, 6-19-12 Order at 13-14.)  The Magistrate Judge explained Mullin failed to set forth "factual assertions [of Dimler and/or Teel's] personal involvement or wrongdoing" in the conduct underlying the action, "let alone conduct that led to the deprivation of [Robert] Mullin's constitutional rights", and thus failed to set forth sufficient factual allegations such that the proposed claims raised Dimler and Teel were "plausible on [their] face".  (Id. at 13.)  The Magistrate Judge, concluding that Mullin "essentially ask[ed] the Court to take a leap of faith", thus again denied the Motions insofar as they sought to add Dimler and Teel as defendants to the action.  (See id. at 14, 17.)

**THE MAGISTRATE JUDGE,** however, denied the Motions without prejudice.  (See id. at 14.)  The Magistrate Judge recognized that "discovery may illuminate the circumstances surrounding [Robert] Mullin's death and provide additional information" that might support a later motion for leave to amend the Complaint to add Dimler and/or Teel as defendants to the action.  (Id.)

2

**A489**

**MULLIN** now appeals pursuant to Federal Rule of Civil Procedure 72 and Local Civil Rule 72.1(c) from the 6-19-12 Order, insofar as the Magistrate Judge denied Mullin's requests to add Dimler and Teel as defendants to the action.  (See dkt. entry nos. 94-4 & 94-5, Mullin Appeal Br.)  Mullin argues on appeal that the factual allegations set forth in the proposed amended complaint sufficiently support the proposed claims raised against Dimler and Teel.  (See id.)  It appears that the defendants oppose the Appeal. (See dkt. entry no. 93, Defs.' Opp'n);[1]

**THE COURT** resolves the Appeal without oral argument pursuant to Local Civil Rule 78.1(b).

**IT APPEARS** that a motion for leave to amend a pleading is not dispositive, and thus, may be entered by a magistrate judge.  See 28 U.S.C. § 636(b)(1)(A).  The Court, in reviewing a magistrate judge's order in a non-dispositive matter, including an order denying a motion for leave to amend a pleading, may modify, vacate, or reverse the order only if it was "clearly erroneous or contrary

---

[1] The Court acknowledges that the opposition papers docketed at entry 93 technically relate to a motion pending before the Magistrate Judge.  The Court notes, however, that the motion pending before the Magistrate Judge also seeks to amend the Complaint to add Dimler and Teel as defendants to the action.
The defendants, in those opposition papers, state that the Magistrate Judge, in the 6-19-12 Order, "properly denied plaintiff's motion to add . . . Dimler and Teel".  (Defs.' Opp'n at 2.)  The Court accordingly treats those opposition papers as relating to the Appeal.

3

**A490**

to law". Cipollone v. Liggett Grp., Inc., 785 F.2d 1108, 1113 (3d
Cir. 1986); see also Jackson v. Chubb Corp., 45 Fed.Appx. 163, 166
n.7 (3d Cir. 2002); United States v. Sensient Colors, Inc., 649
F.Supp.2d 309, 315 n.5 (D.N.J. 2009) ("the clearly erroneous or
contrary to law standard of review is applicable to a motion to
amend on appeal from a magistrate [judge's] decision"). "[A]
finding is clearly erroneous 'when although there is evidence to
support it, the reviewing court on the entire evidence is left with
the definite and firm conviction that a mistake has been
committed.'" Schering Corp. v. Mylan Pharms., Inc., No. 09-6383,
2011 WL 3651343, at *2 (D.N.J. Aug. 18, 2011) (citations omitted).
A ruling is contrary to law if a magistrate judge has
misinterpreted or misapplied applicable law. See Gunter v.
Ridgewood Energy Corp., 32 F.Supp.2d 162, 164 (D.N.J. 1998); see
also Kounelis v. Sherrer, 529 F.Supp.2d 503, 517 (D.N.J. 2008).

**THE COURT** has reviewed the Motion for Leave to Amend, the
Second Motion for Leave to Amend, Mullin's proposed amended
complaint, and the 6-19-12 Order. The Court concludes that the
Magistrate Judge neither committed an abuse of discretion nor an
error of law by denying the Motions, insofar as Mullin therein
sought to add Dimler and Teel as defendants to this action. The
few factual allegations set forth in the proposed amended complaint
that relate to Dimler and Teel, as noted by the Magistrate Judge,

do not allege "personal involvement or wrongdoing" in the conduct underlying the action, "let alone conduct that led to the deprivation of [Robert] Mullin's constitutional rights". Mullin may, pursuant to the 6-19-12 order, move anew for leave to amend the Complaint if discovery reveals such facts.

**THE COURT** will issue an appropriate Order.

                                    s/ Mary L. Cooper
                                    **MARY L. COOPER**
                                    United States District Judge

Dated:      August 2, 2012

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOAN MULLIN, ADMINISTRATRIX OF THE ESTATE OF ROBERT MULLIN, deceased, and JOAN MULLIN, individually,<br><br>    Plaintiff,<br><br>    v.<br><br>STATE OF NEW JERSEY, et al.,<br><br>    Defendants. | CIVIL ACTION NO. 11-247 (MLC)<br><br>**O R D E R** |

For the reasons stated in the Court's July 30, 2012 Opinion, **IT IS** on this    2nd    day of August, 2012, **ORDERED** that the Magistrate Judge's Order entered on June 29, 2012 (dkt. entry no. 80), from which the plaintiffs now appeal, is **AFFIRMED**; and

    **IT IS FURTHER ORDERED** that the appeal (dkt. entry no. 92) should be marked as **TERMINATED**.


                           ___s/ Mary L. Cooper___
                           **MARY L. COOPER**
                           United States District Judge

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

JOAN MULLIN, ADMINISTRATRIX OF THE
ESTATE OF ROBERT MULLIN, deceased and
JOAN MULLIN,  individually,
          Plaintiffs,

   v.

ADMINISTRATOR KAREN BALICKI, in her
personal, individual and professional capacities
representing the State of New Jersey, the
Department of Corrections of the State of New
Jersey, South Woods State Prison, and Central
Reception & Assignment Facility (C.R.A.F.),
DIRECTOR ROBERT PATTERSON, in his
personal, individual and professional capacities,
representing the State of New Jersey, the
Department of Corrections of the State of New
Jersey, South Woods State Prison, and Central
Reception & Assignment Facility (C.R.A.F.)
DIRECTOR MARIE DUNLAP-PRYCE, in her
personal, individual and professional capacities,
representing the State of New Jersey, the
Department of Corrections of the State of New
Jersey, South Woods State Prison, and Central
Reception & Assignment Facility (C.R.A.F.),
JANE BYRD, L.P.N., in her personal, individual
and professional capacities, ERIN MARUSKY,
R.N., in her personal, individual and professional
capacities, CHIEF EXECUTIVE OFFICER
TERESA MCQUAIDE, RN, APRN-BC, in her
personal, individual and professional capacities
representing the Trenton Psychiatric Hospital;
KINTOCK GROUP, MERCER COUNTY, JOHN
DOES 2-10 (as yet unidentified and unknown
governmental, county, or state officials,
supervisors, agents or employees) in their
personal, individual and professional capacities,
ABC ENTITIES 1-10 (as yet unidentified and
unknown governmental entities, agencies, units or
subdivisions,
          Defendants.

CIVIL ACTION NO. 11-00247
(MLS-LHG)

Civ. No. 3:11-cv-00247

ORDER SEALING EXHIBITS AND
LEAVE TO FILE REDACTIONS

**THIS MATTER** being opened to the Court by motion of Plaintiff Joan Mullin through

counsel, Shelley L. Stangler, P.C. (Shelley L. Stangler, Esq., appearing), for leave to Seal

Exhibits "C" and "G" under docket Entry Numbers 69-5 and 69-9 electronically filed with

plaintiff's motion to file a late notice of claim as to Jane Byrd, LPN and UMDNJ, and defendants

Administrator Karen Balicki, Director Robert Patterson, and Director Marie Dunlap-Pryce,

through counsel, in opposition (Joseph M. Micheletti, Esq., Deputy Attorney General,

appearing); defendant Jane Byrd, LPN through counsel, in opposition (David Donohue, Esq.,

appearing); defendant Kintock Group, through counsel, appearing (John J. Welch, Esq.); and

defendant Trenton Psychiatric Hospital, through counsel, appearing (Kevin A. Terhune, Esq.

Deputy Attorney General), and the Court having reviewed the papers submitted and any

opposition thereto, and Plaintiff having set for the finding of fact and conclusions of law in her

good cause having been shown, certification in support of this

IT IS ON THIS _____23d_____ day of _August_ 2012, motion [Docket Entry No. 81-3];

**ORDERED**, that plaintiff's motion is granted, and it is further:

**ORDERED**, that Exhibits "C' and "G" to the notice of motion to file a late notice of

claim, Docket Entry Numbers 69-5 and 69-9, respectively, be are and hereby sealed; and it is

further

**ORDERED**, that plaintiff shall file redacted versions of the Exhibits deleting any

personal identifying information within five (5) days of entry of this Order.

Lois H. Goodman, U.S.M.J.

2

**A495**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JOAN MULLIN, Administratix of the Estate of Robert Mullin, deceased, and individually,** | **Civil Action No. 11-247 (MLC)** |
| Plaintiff, | |
| v. | **ORDER** |
| **STATE OF NEW JERSEY, et al.,** | |
| Defendants. | |

Presently before the Court is a Motion for Leave to File a Late Notice of Claim [Docket Entry No. 69] by Plaintiff, Joan Mullin, individually and as Administratrix of the Estate of Robert Mullin, deceased, against the public entity The University of Medicine and Dentistry of New Jersey ("UMDNJ") and Nurse Jane Byrd, a UMDNJ employee. Defendant Jane Byrd opposes this motion arguing that no extraordinary circumstances exist to allow a late notice of claim, and even if extraordinary circumstances existed, Plaintiff should be barred for failing to name Nurse Byrd personally in her original notice of claim [Docket Entry No. 74].[1] This Court considers the motion on the papers, without oral argument, pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court grants Plaintiff's motion.

I.    **Background**

The parties are familiar with the background of this case. The pertinent facts for this

---

[1] Defendants Karen Balicki, Robert Paterson, and Marie Dunlap-Pryce join in Nurse Byrd's opposition [Docket Entry No. 76].

1

**A496**

motion are set forth below.[2]

Robert Mullin ("Decedent") was in state custody when he committed suicide on January 17, 2009. TAC ¶¶ 11-20. Plaintiff alleges that various state entities had control over Decedent in the days preceding his death. TAC ¶¶ 11-18. The State held Decedent at Kintock Halfway House ("Kintock") until around January 15, 2009, when Kintock transferred Decedent "to either South Woods State Prison or C.R.A.F." TAC ¶¶ 14-15.

On January 16, 2009, Nurse Byrd examined Decedent and deemed him medically clear to be released into general population. TAC ¶ 38. Decedent committed suicide the following day. TAC ¶¶ 18-20. Decedent's original death certificate states he died at Trenton Psychiatric Hospital ("TPH"). TAC ¶ 22. The New Jersey Department of Corrections' records indicate, however, that he died at South Woods State Prison or Central Reception and Assignment Facility ("C.R.A.F."), and the amended death certificate identifies C.R.A.F. as the place of death. *Id.*

Plaintiff's affidavit describes her attempt to discover more information about her son's death. Originally, Plaintiff was told that Decedent had died at C.R.A.F., but another source stated he had died at TPH. Pet'r's Aff. at 1. She was also told that South Woods State Prison had treated Decedent. *Id.* Plaintiff requested records from C.R.A.F. and South Woods State Prison, but she received no response. *Id.* at 2. She also contacted counsel for the New Jersey Department of Corrections, but again received no response. *Id.* Finally, TPH responded to Plaintiff's request for records; TPH, however, had no record of Decedent being in its custody. *Id.*

---

[2] For purposes of background, the facts are taken from the third amended complaint ("TAC") [Docket Entry No. 45]. Additionally, evidence of extraordinary circumstances and reasonable diligence are provided by the affidavit of the Petitioner [Docket Entry No. 69-4] (Pet'r's Aff.") and the certification of counsel [Docket Entry No. 69-1] submitted in support of the motion.

2

**A497**

Because Plaintiff believed Decedent died due to the public entities' failure to provide adequate medical care, Plaintiff sought and obtained leave from the Superior Court to file a late notice of claim in January 2010. *See* Plaint.'s Br., Ex. C [Docket Entry No. 69-5]; TAC ¶ 45. In the notice, Plaintiff asserted a claim against every public entity known to her, and indicated that all public employees remained "unknown at present." Plaint's Br., Ex. C. The public entities on which Plaintiff served the notice of claim included the State of New Jersey, Mercer County, the New Jersey Department of Corrections, South Woods State Prison, C.R.A.F., TPH, and Kintock (hereinafter "public entity defendants"). *Id.*

On January 14, 2011, Plaintiff filed a complaint against the above entities, various John Does and ABC Entities, as well as Prison Administrator Karen Balicki, Director Robert Paterson, Director Marie Dunlap-Pryce, Nurse Erin Marusky, and Nurse Byrd. *See* Compl. [Docket Entry No. 1]. David Donohue, of Farkas & Donohue LLC, entered an initial appearance on Nurse Byrd's behalf on March 23, 2011 [Docket Entry No. 19]. The New Jersey Office of the Attorney General (the "AG"), however, also filed motions and letters for various defendants, including Nurse Byrd. *See, e.g.,* Docket Entry Nos. 17, 25, 32, & 41. Specifically, on April 19, 2011, the AG filed a motion to dismiss on behalf of Administrator Balicki, Nurse Byrd, C.R.A.F., South Woods State Prison, the New Jersey Department of Corrections, and the State of New Jersey [Docket Entry No. 25]. On June 3, 2011, the AG replied to Plaintiff's response to the motion to dismiss on behalf of the same defendants, again including Nurse Byrd [Docket Entry No. 32]. Finally, on October 14, 2011, the AG filed a request for additional time to answer the complaint, again on behalf of the same defendants, including Byrd [Docket Entry No. 41]. The AG's office continued to submit positions on behalf of Nurse Byrd as late as February 21, 2012 [Docket

3

**A498**

Entry No. 63].

Plaintiff filed her Third Amended Complaint on December 1, 2011. On December 13,

2011, Donohue filed an answer on behalf of Nurse Byrd, stating that she was employed by

UMDNJ [Docket Entry No. 50]; the same information was disclosed through Nurse Byrd's Rule

26 Disclosure dated February 7, 2012 [Docket Entry No. 59]. By letter dated February 10, 2012

[Docket Entry No. 60], Plaintiff informally requested leave to file a motion for leave to serve a

late notice of claim; after obtaining leave, Plaintiff filed the present motion.

## II.    Analysis

### A.    Notice of Late Claim

The New Jersey Tort Claims Act (the "Tort Claims Act" or "Act") establishes limited

exceptions to the doctrine of sovereign immunity and provides the mechanism for which public

entities may be held liable for their negligence. *See* N.J.S.A. 59:1-2 ("it is hereby declared to be

the public policy of this State that public entities shall only be liable for their negligence within

the limitations of this act"). Before an injured party may bring suit against the entity, he or she

must comply with the notice requirements set forth in the Act. *See* N.J.S.A. 59:8-3; *see also*

*Feinberg v. State of New Jersey*, 137 N.J. 126, 134 (1997). These notice provision serve

important functions, including allowing the public entity time to conduct investigations and

prepare its defense, or to review and settle claims. *See Moon v. Warren Haven Nursing Home*,

182 N.J. 507, 514 (2005) (*quoting Beauchamp v. Amedio*, 164 N.J. 111, 121-22 (2000)).

The notice provisions are in themselves fairly specific. To maintain an action for

liability, the injured party must present his or her claim no later than 90 days after the date of

accrual. N.J.S.A. 59:8-8. The claim accrues once a claimant knows of his or her injury and that

4

a public entity was responsible. *Beauchamp*, 164 N.J. at 119-20. After filing a notice of claim, a claimant must wait six months before filing suit. N.J.S.A. 59:8-8. Suits against a public entity must be brought within two years, N.J.S.A. 59:8-9, and "[t]he claimant shall be forever barred from recovering against a public entity or employee if . . . [t]wo years have elapsed since the accrual of the claim." N.J.S.A. 59:8-8b.[3]

Despite these detailed procedures, the notice requirements were not intended as "a trap for the unwary." *Lowe v. Zarghami*, 158 N.J. 606, 629 (1999) (*quoting Murray v. Brown*, 259 N.J. Super. 360, 365 (Law Div. 1991)). Indeed, courts "examine more carefully cases in which permission to file a late claim has been denied than those in which it has been granted, to the end that wherever possible cases may be heard on their merits, and any doubts which may exist should be resolved in favor of application." *Feinberg*, 137 N.J. at 134 (internal citation and quotation marks omitted).

In fact, the Act provides a method in which the claimant may keep the claim alive despite the failure to file timely notice. The claimant, however, must now seek leave of court in order to file a late notice of claim after the close of the 90 day period. N.J.S.A. 59:8-9. Leave may be granted where two conditions are met. First, the claimant must show "sufficient reasons

---

[3] Although N.J.S.A. 59:8-8b was not initially addressed by the parties, the Court asked for supplemental briefing on its impact, given that both sections 8b and 9 refer to two-year periods but in different contexts: section 8 is entitled "Time for presentation of claims," whereas section 9 is "Notice of late claims." Both parties agree that N.J.S.A. 59:8-8b is a statute of limitations, citing to New Jersey decisions that so reference the section. *See Blazer Corp. v. New Jersey Sports and Exposition Auth.*, 195 N.J. Super. 542, 552 (Law Div. 1984) (N.J.S.A. 59:8-8b is a two-year statute of limitation); *see also* Harry A. Margolis & Robert Novack, *Claims Against Public Entities*, Comments on N.J.S.A. 59:8-8 (Gann 2012) (stating that N.J.S.A. 59:8-8b is a statute of limitations). As a statute of limitations, N.J.S.A. 59:8-8b has no impact on this Court's decision.

constituting extraordinary circumstances" for the failure to timely file the notice of claim in accordance with N.J.S.A. 59:8-8. *Id.* Second, the late notice must not "substantially prejudice" the public entity or public employee. *Id.*

Because the Tort Claims Act does not define what constitutes extraordinary circumstances, this determination is made on a case-by-case basis. *Lowe*, 158 N.J. at 626. A combination of factors can create extraordinary circumstances, but the focus is on the "reasonable diligence of the plaintiff in investigating the claim and determining the identity of the tortfeasor." *McDade v. Siazon*, 208 N.J. 463, 477 (2011); *see also Lamb v. Global Landfill Reclaiming*, 111 N.J. 134, 149 (1988). Further, a reasonably prompt and thorough investigation is critical to reasonable diligence. *McDade*, 208 N.J. at 478.

Courts, however, will not fault a diligent plaintiff where the identity of the tortfeasor was obscured, be it intentionally or not. These determinations are fact-intensive. For example, in *Zwirn v. County of Hudson*, 137 N.J. Super. 99 (Law Div. 1975), plaintiff's decedent was killed in a motor vehicle accident which was investigated by the county police and prosecutor. The plaintiff's counsel, after a discussion with county police, believed the road where the accident occurred was a county road, and filed the notice of tort claim with the county. It was the county's insurer that later informed the plaintiff that the road belonged to the state. The court found the conditions of N.J.S.A. 59:8-9 had been met as the plaintiff's belief that the county owned the road "though mistaken, was reasonable," given the investigation by and conversation with the county police. *See id.* at 104.

The same holds true when a plaintiff is justifiably unaware that the defendant is a public employee. *Ventola v. New Jersey Veteran's Mem'l Hosp.*, 164 N.J. 74, 77 (2000) (*citing Lowe,*

6

**A501**

158 N.J. at 629). In *Lowe*, the plaintiff instituted a medical malpractice claim against the private

hospital and the individual doctor who treated her. She discovered only after the 90 day notice

period had run, that the individual doctor was in fact a public employee of UMDNJ. The court

found the plaintiff had no reason to know the doctor's identity as a public employee given that he

practiced in a private hospital and that he stated he did not recall disclosing his status to her at the

time. *Lowe*, 158 N.J. at 629-30. Accordingly, the court found that extraordinary circumstances

existed. *Id.*

This Court finds that Plaintiff was reasonably diligent in attempting to investigate her

claim. First, Plaintiff attempted to obtain more information from the entities she believed were

involved. When Plaintiff filed her late notice in January 2010, she filed it against all public

entities of which she was aware and stated that the individual public employees were "unknown

at present." Plaint's Br. at 9 and Ex. C. Plaintiff requested additional information from C.R.A.F.,

South Woods State Prison, and TPH. Pet'r's Aff. at 1. Only TPH responded, stating it had no

records of Decedent. *Id.* at 2. Plaintiff also contacted counsel for the New Jersey Department of

Corrections, but received no answer. *Id.*

Second, while Plaintiff was aware of Nurse Byrd's identity, it was apparent she was

unaware of Byrd's status as a UMDNJ employee, and instead believed that Nurse Byrd was an

employee of a named defendant. In Plaintiff's original and amended complaints, Plaintiff named

Nurse Byrd individually and the public entities she believed were involved. *See* Compl. & TAC.

Furthermore, Plaintiff explicitly described Nurse Byrd is "a health care provider and employee,

agent or servant of the State of New Jersey, DOC, South Woods State Prison, and/or C.R.A.F."

TAC ¶ 6. At no point did Plaintiff indicate another entity is involved in Decedent's death. *See*

7

**A502**

TAC. As in *Lowe*, Plaintiff had no indication Nurse Byrd was affiliated with an entity beyond those of which Plaintiff was already aware.

Additionally, the actions of the other parties did nothing to dispel Plaintiff's belief. Although separate counsel had entered an appearance on behalf of Nurse Byrd, the AG's office filed several motions and letters on behalf of the various defendants, including Nurse Byrd without distinguishing that Byrd was not an employee of a named defendant. [Docket Entry Nos. 25, 32, & 41]. Given the combined representation, it was not unreasonable for Plaintiff to believe that Nurse Byrd was an employee of one of the public entity defendants and to undertake no further investigation.

Finally, after receiving the Answer and the Rule 26 Disclosure, Plaintiff acted with reasonable diligence to preserve her claim; Plaintiff requested leave to file a late notice of claim only three days after receiving the Rule 26 Disclosure. Leave to file the motion was granted, and Plaintiff promptly filed this motion.

Plaintiff's requests for information from the various public entities show Plaintiff's diligence and her attempts to comply with the requirements of the Tort Claims Act. When viewing the silence in response to Plaintiff's requests for information and the AG's apparent representation of Nurse Byrd, it was not unreasonable to believe one of the public entity defendants employed Nurse Byrd, and therefore forego further investigation of her employment status. In view of all of these facts, this Court finds that Plaintiff faced extraordinary circumstances.

**B.    Failure to Name the Individual Public Employee in the Notice of Claim**

Defendant argues that even if Plaintiff faced extraordinary circumstances and exercised

8

reasonable diligence, her request for leave must be denied because Plaintiff did not name Nurse

Byrd personally in the notice of claim served in January 2010. Section 59:8-4 of the Tort Claims

Act requires a claim to include:

> a. The name and post office address of the claimant;
>
> b. The post-office address to which the person presenting the claim desires the notices to be sent;
>
> c. The date, place, and other circumstances of the occurrence or transaction which gave rise to the claim asserted;
>
> d. A general description of the injury, damage or loss incurred so far as it may be known at the time of presentation of the claim;
>
> e. The name or names of the public entity, employee or employees causing the injury, damage or loss, if known; and
>
> f. The amount claimed as of the date of presentation of the claim, including the estimated amount of any prospective injury, damage, or loss, insofar as it may be known at the time of presentation of the claim, together with the basis of computation of the amount claimed.

*Id.* Although these requirements are detailed, "New Jersey courts have long recognized that

substantial compliance with N.J.S.A. 59:8-4 is sufficient to satisfy the [Tort Claim Act]'s notice

requirement." *Vargas v. Camden City Bd. of Educ.*, 2006 WL 840393 at \*4 (D.N.J. Mar. 28,

2006). "'Substantial compliance' means that 'all of the required information has been given to

those to whom the notice should be given and that it has been given in a form which should alert

the recipient to the fact that a claim is being asserted' against a public entity." *Id.* (*quoting*

*Lameiro v. West New York Bd. of Educ.*, 136 N.J. Super. 585, 587 (Law Div. 1975)). In other

words, substantial compliance is found where notice, although technically defective, is given in

such a way as to substantially satisfy the purpose of the notice requirements. *Id.*

9

Defendants argue that Plaintiff's notice of claim from January 2010 is deficient for failing to name Nurse Byrd individually. Def.'s Br. at 15. The notice provision of the Tort Claims Act does not, however, expressly require that notice of a claim name the public employee. Rather, the provision defining the content of a claim requires that the claim include "[t]he name or names of the public entity, or employee . . . *if known* . " N.J.S.A. 59:8-4 (emphasis added).

The legislative history of the Act provides additional guidance as to whether an individual public employee must be named separately in the notice. In particular, the history of the 1972 amendment of section 10c of the Act, which relates to presentation of a claim, is instructive. The original draft amendment added a new subsection, which as proposed, read: "[s]ervice of the notice required by this chapter upon the public entity shall constitute constructive service upon any employee of that entity [who is identified in the notice of claim]." L. 1972, c. 45, § 59:8-10. The legislature modified the amendment, however, deleting the proposed language in brackets that read, "who is identified in the notice of the claim," *id.*, thus eliminating any reference to the need to name the individual separately. Accordingly, the legislative history and the revised amendment do not support a requirement that the public employee must be named personally in the notice of claim.

In any event, the Court finds that Plaintiff substantially complied with the notice provisions. Section 59:8-4 details six requirements for the content of claims; Plaintiff provided as much information as was known to her for each requirement, including the name and address of the claimant; the name and address of every public entity defendant known to her at the time she filed the claim; the location of Decedent's death as best determined; the circumstances of his death known at the time Plaintiff filed the claim; the nature of the claims; and the amount

10

claimed. *See* Plaint.'s Br., Ex. C. Accordingly, Plaintiff substantially complied with N.J.S.A. 59:8-4 (a)-(d) and (f).

While Plaintiff did not provide timely notice to UMDNJ or Nurse Byrd according to N.J.S.A. 59:8-8, Nurse Byrd was, however, alerted to a claim against her as early as January 14, 2011, when Plaintiff named her as a defendant in the complaint. *See* Compl. The failure to name Nurse Byrd in the original notice of claim cannot serve as a basis to deny Plaintiff's request to file a late notice at this time.

## C.    Substantial Prejudice

Nurse Byrd will not be prejudiced by a late notice of claim. *See, e.g.*, *Lowe*, 158 N.J. at 631 (finding that because doctors are required to keep medical records, delay in providing the notice of claim did not prejudice the doctors' ability to investigate the claim); *see also Eagan v. Boyarsky*, 158 N.J. 632, 643 (1999). Furthermore, there was actual notice to Nurse Byrd of the claim against her, in light of her being named as a defendant in this case. Accordingly, the Court finds there is no prejudice arising from allowing Plaintiff to serve the late notice.

## III.    Conclusion

As stated above, the Court may allow a claimant to file a late notice of claim where she has demonstrated extraordinary circumstances and such late notice will not prejudice the other parties. *See* N.J.S.A. 59:8-9. The Court finds that Plaintiff has shown extraordinary circumstances and that no prejudice is found, and the Court shall in its discretion allow Plaintiff to file a late notice of claim.

11

For the reasons set forth above, and good cause having been shown,

**IT IS** on this **30th** day of **August, 2012**,

**ORDERED** that Plaintiff's motion for leave to serve a late notice of tort claim [Docket

Entry No. 69] be and it hereby is **GRANTED**; and it is further

**ORDERED** that Plaintiff shall serve the notice within 10 days of entry of this Order.

**LOIS H. GOODMAN**
**United States Magistrate Judge**

12

**A507**