CHRISTOPHER S. PORRINO
ATTORNEY GENERAL OF NEW JERSEY
R.J. Hughes Justice Complex
25 Market Street
P.O. Box 112
Trenton, NJ 08625-0112
*Attorney for Defendant-Appellee Nicholas Dimler*

By:   Gregory R. Bueno
      Deputy Attorney General
      (609) 633-8687
      gregory.bueno@dol.lps.state.nj.us

## UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

| | |
|---|---|
| JOAN MULLIN, et al., | **MOTION TO SEAL PLAINTIFF-APPELLANT'S CONFIDENTIAL APPENDIX** |
| Appellant, | |
| v. | Docket No.: 16-2896 |
| ADMINISTRATOR KAREN BALICKI et al., | Sat Below: Hon. Mary L. Cooper, U.S.D.J. |
| Appellees. | |

TO:   Marcia M. Waldron, Clerk
      U.S. Court of Appeals
      For the Third Circuit
      21400 United States Courthouse
      601 Market Street
      Philadelphia, PA  19106-1790

Shelley L. Stangler, Esq.
Law Offices of Shelley L. Stangler, P.C.
155 Morris Ave
Springfield, NJ 07081
Attorney for Plaintiff-Appellant Joan Mullin

PLEASE TAKE NOTICE that Defendant-Appellee, Officer Nicholas Dimler,

hereby moves before this Court to seal the documents contained in Plaintiff-Appellant

Joan Mullin's confidential appendix (Appendix Vol. IV) pursuant to Loc. App. R.

MISC. 106.0.  In support of the motion, Defendant will rely upon the accompanying

declaration of counsel.


CHRISTOPHER S. PORRINO
ATTORNEY GENERAL OF NEW JERSEY


By:      s/Gregory R. Bueno_____
         Gregory R. Bueno
         (NJ State Bar #075482013)
         Deputy Attorney General
         Attorney for Defendant-Appellee
         Nicholas Dimler


Dated: May 13, 2017

CHRISTOPHER S. PORRINO
ATTORNEY GENERAL OF NEW JERSEY
R.J. Hughes Justice Complex
25 Market Street
P.O. Box 112
Trenton, NJ 08625-0112
*Attorney for Defendant-Appellee Nicholas Dimler*

By:    Gregory R. Bueno
       Deputy Attorney General
       (609) 633-8687
       gregory.bueno@dol.lps.state.nj.us

## UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

| | |
|---|---|
| JOAN MULLIN, et al., | Docket No.: 16-2896 |
| Appellant, | Sat Below: Hon. Mary L. Cooper, U.S.D.J. |
| v. | |
| ADMINISTRATOR KAREN BALICKI et al., | **CERTIFICATION OF GREGORY R. BUENO IN SUPPORT OF MOTION TO SEAL PLAINTIFF-APPELLANT'S CONFIDENTIAL APPENDIX** |
| Appellees. | |

GREGORY R. BUENO, of full age, hereby declares as follows:

1.     I am licensed to practice law in the State of New Jersey and am admitted to practice before the United States Court of Appeals for the Third Circuit.  I am employed by the State of New Jersey, Department of Law and Public Safety, as a Deputy Attorney General.  I am assigned to the Corrections and State Police section of

the Division of Law, which provides legal representation to the New Jersey Department of Corrections (NJDOC) and its employees.  I have personal knowledge of the matters asserted herein.

2.      I represent Defendant-Appellee Officer Nicholas Dimler in this appeal. In addition to Officer Dimler, I represented Defendants Karen Balicki, Robert Paterson, and Marie Dunlap-Pryce, when this action was pending in the District Court. The District Court dismissed all claims against these Defendants with prejudice. Plaintiff-Appellant Joan Mullin has appealed the District Court's orders dismissing this matter only with regard to the dismissal of Officer Dimler.

3.      Although the materials at issue in this motion were possessed by the NJDOC, not the individual Defendants, and NJDOC was not named as a defendant, during discovery my co-counsel and/or prior counsel acquired this documentation from the NJDOC and produced the same to Plaintiff.

4.      Thus, it is respectfully submitted that each Defendant, as well as the NJDOC, as the agency that furnished the records comprising much of the confidential appendix, has an interest in ensuring that the confidential appendix filed by Plaintiff remain sealed.

5.      On January 23, 2017, plaintiff-appellant Joan Mullin filed her brief and a four-volume appendix. Mullin identified the fourth volume of the appendix as confidential, and filed it under seal as a separate entry on the docket.

4

6.     The parties agreed on the contents of the appendices in accordance with Fed. R. App. P. 30(b)(1).

7.     Mullin's counsel, Shelley L. Stangler, Esq., contacted me to express her belief that because the NJDOC produced all the documents comprising the confidential appendix, I was in the best position to provide the basis for sealing the appendix.  I concur with Ms. Stangler's position.

8.     According to the rules of this Court, "[a] motion to seal must explain the basis for sealing and specify the desired duration of the sealing order." Loc. App. R. MISC. 106.0.

9.     For the reasons that follow, Defendant respectfully submits that the confidential appendix must remain under seal indefinitely.

10.     The materials contained in the confidential appendix include (1) Plaintiff's decedent's medical and mental health records; (2) NJDOC policy documents and internal management procedures (IMPs); (3) the DOC's internal investigation of decedent Plaintiff's suicide; (4) other documents which if accessible without restriction would negatively impact the privacy interests of non-party individuals; and (5) pleadings, motion documents, correspondence, and written discovery responses which contain references to confidential information.

11.     The documents found at A916-A930, A938, A970-A972, A1012-A1013, and A1215-A1217 are the decedent plaintiff's medical and mental health records as

kept in the NJDOC's regular course of business. The Defendant submits that these records should be sealed for the purpose of maintaining Plaintiff's right to privacy in the decedent's personal medical and mental health information. See, e.g., N.J.A.C. 10A:22-2.3(a)(4).

12.     Policy MED 013.015 (A939-A943; A953-A956[1]), POLICY MED 013.016 (A944-A951; A961-A968), Policy SMI 101.001 (A973-A982), Policy MED 013.023 (A1014-A1022), Policy MED 013.037 (A1023-A1030), Policy SWSP.MED.MHS.002.009 (A1031-A1039), and Policy MED 013.038 (A1040-A0151) are policies enacted by the NJDOC which concern, and describe in detail, inmate suicide prevention, suicide risk monitoring, and the procedures for placing and then monitoring inmates in close custody status.  Unfettered public disclosure of such information would have an adverse effect on the impacted inmates and staff members responsible for the custody and care of such inmates.  The public release of such information, for example, would have the unintended effect of broadcasting the procedures employed by the NJDOC and other State agencies in the initial detection and monitoring of individuals who may be at enhanced risk for committing suicide, including those who would deny such risk factors or wish to avoid detection by others. Disclosure of such information could severely constrain the NJDOC's ability to manage and limit suicide risk in the inmate population.

---

[1] As used herein, "A" refers to Plaintiff's confidential appendix.

13.    The documents found at A982-A1008 relate to a confidential investigation of Plaintiff's decedent's suicide conducted by the Special Investigations Division.  Unfettered access to these documents could compromise the security of NJDOC correctional facilities and chill the NJDOC's ability to comprehensively investigate inmate suicides. These documents include personal information about individuals interviewed or otherwise investigated during the investigation, including other inmates and non-party corrections officers.  The public release of such information, could, for example, have the unintended effect of broadcasting the procedures employed by the NJDOC and other State agencies in investigating the circumstances surrounding attempted suicides and suicides in correctional facilities, including acts corrections officers and civilian staff, including medical staff, are required to take (and did in fact take) in responding to a suicide.  This in turn may have the unintended consequence of chilling the State's initiatives to obtain statements and evidence necessary to properly investigate inmate suicides and suicide attempts.

14.    In addition, the Duty Roster for plaintiff decedent's housing unit from January 17, 2009 to January 2009 is located at A959.  This document contains the full names of corrections officers who were neither named defendants nor identified as prospective defendants to this litigation. Unfettered public access to these documents could compromise the security of NJDOC correctional facilities and the privacy of

7

third-parties who, on information and belief, were not involved in the events underlying this litigation.

15.    The remaining documents in the confidential appendix include unredacted pleadings, motion papers, discovery responses, and correspondence between the parties ("litigation materials").  In most cases, the items discussed in paragraphs 10 through 13, supra, were attached as exhibits to the litigation materials. The litigation materials include express references to and/or otherwise rely on the confidential exhibits, in some instances at length and in detail.  Thus, the litigation materials should be sealed as well.

16.    Defendant respectfully submits that the confidential appendix should remain sealed indefinitely. The Defendants' interests (and those of non-party individuals and entities identified in this declaration) in preventing the unfettered dissemination of the documents contained therein will not diminish with the passage of time.  For instance, even assuming arguendo that the NJDOC policy documents in the appendix have been updated since 2009, they should not be unsealed in the future because they contain information regarding the NJDOC's past approaches to preventing and addressing inmate suicide which may still inform the NJDOC's present and future practices.  Similarly, the SID investigation materials will exemplify how the NJDOC conducts its internal investigations even after this matter is concluded.  Plaintiff will remain entitled to privacy with regard to her son's medical

and mental health information regardless of whether this matter is being actively litigated.

17.    For the above-stated reasons, it is respectfully submitted that good cause exists, pursuant to Loc. App. R. MISC. 106.0, to seal the joint confidential appendix in this appeal.

18.    I certify that this motion is uncontested.

19.    I declare under penalty of perjury that the foregoing is true and correct.


CHRISTOPHER S. PORRINO
ATTORNEY GENERAL OF NEW JERSEY


By: s/Gregory R. Bueno_____
Gregory R. Bueno
(NJ State Bar #075482013)
Deputy Attorney General
Attorney for Defendant-Appellee
Nicholas Dimler


Dated:  May 13, 2017

<u>CERTIFICATION OF SERVICE</u>

Gregory R. Bueno, being of full age, hereby certifies that on May 13, 2017, the within document was electronically transmitted to:

Shelley L. Stangler, Esq.
Law Offices of Shelley L. Stangler, P.C.
155 Morris Ave
Springfield, NJ 07081
Attorney for Plaintiff-Appellant Joan Mullin

s/Gregory R. Bueno_____
Gregory R. Bueno
Deputy Attorney General